**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |
|---|---|
| *In re F45 Training Holdings, Inc. Securities Litigation* | CASE NO. 1:22-CV-01291-DAE<br><br>**CLASS ACTION** |

**ANSWER AND DEFENSES TO PLAINTIFFS'**
**SECOND AMENDED CLASS ACTION COMPLAINT**

Defendants F45 Training Holdings, Inc., Michael Raymond, Darren Richman, and Mark Wahlberg (collectively, "Answering Defendants")[1] hereby answer Plaintiffs' Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") as follows:

## GENERAL RESPONSE

The Court's February 21, 2025 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (ECF 111) dismissed all of Plaintiffs' Exchange Act claims (Counts IV and V), and most of Plaintiffs' Securities Act Claims (Count III, and Counts I and II as to certain statements). Answering Defendants' counsel conferred with Plaintiffs' counsel, who have agreed that Answering Defendants need not respond to allegations supporting Counts that the Court has dismissed. On the basis that these allegations are dismissed, Answering Defendants deny them. Answering Defendants have endeavored in good faith to determine which allegations support the Counts that the Court has dismissed but reserve the right to amend this Answer to the extent the Court may in the future disagree with Answering Defendants' good faith interpretation of the Court's February 21, 2025 order. Except as otherwise expressly admitted herein, Answering Defendants deny each and every allegation set forth in the Complaint, including, without limitation, any allegations or characterizations contained in the headings, subheadings, or footnotes of the Complaint, and specifically deny any liability to Plaintiffs or to any members of the putative class that Plaintiffs purport to represent. To the extent that the Complaint purports to summarize, characterize, or quote from documents and third-party publications, Answering Defendants deny that any such characterization, quotation, or excerpt accurately states or reflects the full contents

---

[1] All claims against Defendants Kennedy Lewis Management LLC ("KLIM") and MWIG LLC ("MWIG") were dismissed. Defendants Adam Gilchrist and Christopher Payne are filing separate answers. Similarly, the Underwriter Defendants, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Robert W. Baird & Co. Incorporated, Cowen and Company, LLC, Guggenheim Securities, LLC, Macquarie Capital (USA) Inc., MUFG Securities Americas Inc., and Roth Capital Partners, LLC are filing their answer separately.

of such document, and Answering Defendants respectfully refer the Court to the original source materials for a complete and accurate statement of the contents referenced therein.  In addition, a number of allegations in the Complaint state legal conclusions that do not require a response; to the extent a response is required, all such alleged legal conclusions are denied.

Answering Defendants incorporate into each response below a denial of all allegations in the Complaint to the extent they suggest that Answering Defendants made any materially false or misleading statement or omission for which they may be liable, or that Plaintiffs suffered any damages as a consequence of any challenged conduct of Answering Defendants.  Additionally, to the extent that Answering Defendants admit that a quoted portion of documents is accurately reproduced, that admission excludes the Complaint's use of bolded and italicized emphasis to identify portions of statements Plaintiffs claim were false or misleading.

Paragraph numbers in this Answer correspond with and respond to paragraph numbers in the Complaint.  Capitalized terms used herein have the definitions set forth in the Complaint, but Answering Defendants do not admit that those definitions are accurate or proper.  Answering Defendants make this Answer based on their current knowledge and information.

Individual Answering Defendants Darren Richman and Mark Wahlberg lack knowledge about the internal operations of Defendant F45 Training Holdings, Inc. ("F45" or the "Company") after their respective separations from the company.  To the extent this Answer admits or denies facts post-dating Mr. Richman's or Mr. Wahlberg's respective separation from the company, except in the case of publicly verifiable allegations, the admission or denial is based solely on the knowledge and information of the other Answering Defendants, unless otherwise stated. Individual Answering Defendants who departed the Company before the time period at issue in any allegation lack sufficient information to form a belief as to that allegation.  Answering

Defendants expressly reserve the right to amend and/or supplement this Answer as may be necessary.

<u>**SPECIFIC RESPONSES**</u>

1.    Answering Defendants need not respond to the allegations in paragraph 1 concerning remedies under § 15 of the Securities Act of 1933 and §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, and SEC Rule 10b-5 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 1 relate to claims not dismissed, Answering Defendants admit that Plaintiffs filed this putative class action alleging violations of the Securities Act, but Answering Defendants deny that those allegations have merit, deny that the case should proceed as a class action, deny that the class period is appropriate, and otherwise deny the allegations in paragraph 1.

2.    Answering Defendants need not respond to the allegations in paragraph 2 inasmuch as they are directed at another party.  Answering Defendants need not respond to the allegations in paragraph 2 concerning the Controlling Entity Defendants inasmuch as they relate to parties that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 2 relate to claims not dismissed, Answering Defendants admit that Plaintiffs purport to bring claims against F45, Mr. Gilchrist, Mr. Payne, the Underwriter Answering Defendants, and certain individuals who were members of the Company's Board of Directors at the time of F45's IPO, but otherwise deny the allegations in paragraph 2.

3.    Answering Defendants admit that (1) F45 is a fitness franchisor; (2) the Company's largest markets include United States and Australia; and (3) F45 fitness studios' offerings include 45-minute high-intensity workouts.  Answering Defendants otherwise deny the allegations in

paragraph 3.

4.      Answering Defendants admit that (1) F45 studios are present on more than one continent; (2) F45's revenue is derived in part from fees charged to its franchisees; and (3) F45's business model involves the sale of single and multi-unit franchises to new and existing franchisees. Answering Defendants otherwise deny the allegations in paragraph 4.

5.      Answering Defendants need not respond to the allegations in paragraph 5 inasmuch as they are directed at another party.  Answering Defendants need not respond to the allegations in paragraph 5 concerning events after the IPO or concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them.  Answering Defendants need not respond to the allegations in paragraph 5 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants admit that (1) Mr. Adam Gilchrist is a former CEO of F45; (2) F45's Q2 2021 earnings call included portions of the quoted language, namely, the "bigger than McDonald's" and "bigger than Starbucks" language; (3) F45 conducted an IPO on July 15, 2021; and (4) a Guggenheim Securities analyst report dated August 9, 2021 included the quoted language attributed to it in paragraph 5.  To the extent the allegations in paragraph 5 purport to characterize public filings, other publicly available materials, and the Guggenheim Securities analyst report, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the original source materials for a complete and accurate account of the statements made.  Answering Defendants otherwise deny the allegations in paragraph 5.

6.      Answering Defendants need not respond to the allegations in paragraph 6 and footnote 2 inasmuch as they constitute legal conclusions.  To the extent that these allegations

5

require a response, Answering Defendants admit that F45 made certain statements in its IPO Registration Statement regarding its multi-unit franchise agreements, including with Club Sports Group LLC. To the extent the allegations in paragraph 6 and footnote 2 purport to characterize public filings and other publicly available materials, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 6 and footnote 2.

7. Answering Defendants need not respond to the allegations in paragraph 7 and footnote 3 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that (1) F45 issued a Registration Statement and Prospectus prior to its IPO; (2) F45's Registration Statement and Prospectus contain the quoted language in paragraph 7; and (3) Club Sports Group was an affiliate of Kennedy Lewis Management LP. To the extent allegations in paragraph 7 and footnote 3 purport to characterize the statements in the public filings, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 7 and footnote 3.

8. Answering Defendants need not respond to the allegations in paragraph 8 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 8.

9. Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to the "[f]ormer F45 employees, franchise owners,

and other individuals." Answering Defendants otherwise deny the allegations in paragraph 9 and deny that any statements attributed to these unidentified individuals support any allegation of wrongdoing or liability.

10. Answering Defendants need not respond to the allegations in paragraph 10 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 10 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 10 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 10.

11. Answering Defendants need not respond to the allegations in paragraph 11 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 11 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 11 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that (1) F45 filed a Form 8-K with the SEC on July 26, 2022; (2) F45's Form 8-K filed with the SEC contains the quoted language in paragraph 11; and (3) F45's Form 8-K provided certain updates about F45's business and leadership. To the extent allegations in paragraph 11 purport to characterize the statements in the public filing, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 11.

12. Answering Defendants need not respond to the allegations in paragraph 12

concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 12 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 12 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that (1) the price of F45's common stock closed at $3.51 per share on July 26, 2022, and closed at $1.35 per share on July 27, 2022; and (2) F45's initial public offering price was $16.00 per share. Answering Defendants otherwise deny the allegations in paragraph 12.

13. Answering Defendants need not respond to the allegations in paragraph 13 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 13 relate to claims not dismissed, Answering Defendants admit that on July 27, 2022 (1) certain analysts downgraded their guidance and reduced price targets on FXLV's stock and (2) F45 received a letter from a shareholder containing the quoted language. To the extent allegations in paragraph 13 purport to characterize the statements in analyst reports and other documents, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the original source materials for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 13.

14. Answering Defendants need not respond to the allegations in paragraph 14 inasmuch as they are directed at another party. Answering Defendants need not respond to the allegations in paragraph 14 and footnote 4 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To

the extent any remaining allegations in paragraph 14 and footnote 4 relate to claims not dismissed, Answering Defendants also need not respond to the allegations in paragraph 14 and footnote 4 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that (1) F45 released its Q2 2022 financial results on August 15, 2022, which included the number of total franchises and gross profit; and (2) Mr. Payne stated on the Q2 2022 earnings call the quoted language in paragraph 14. To the extent the allegations in paragraph 14 and footnote 4 purport to characterize F45's release of its Q2 2022 financial results or the earnings call transcript, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the original source materials and Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 14 and footnote 4.

15.    Answering Defendants need not respond to the allegations in paragraph 15 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 15 relate to claims not dismissed, Answering Defendants also need not respond to the allegations in paragraph 15 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 15.

16.    Answering Defendants need not respond to the allegations in paragraph 16 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 16 relate to claims not dismissed, Answering Defendants admit that (1) on March 16, 2023, F45 filed a Form 12b-25 stating that it required additional time to file its 10-K for the year

ended December 31, 2021; (2) on May 10, 2023, F45 filed a Form 12b-25 stating that it required additional time to file its 10-Q for the quarter ended March 31, 2023; and (3) the March 16, 2023 filing included the language quoted above in the context of this full sentence: "Based on currently available information, the Company expects to report a material weakness similar to the material weakness reported in its Annual Report on Form 10-K for the fiscal year ended December 31, 2021, filed with the U.S. Securities and Exchange Commission on March 23, 2022, related to the proper design of the Company's financial closing and reporting processes, and appropriate processes to monitor, review, and record transactions in compliance with generally accepted accounting principles." To the extent paragraph 16 purports to characterize the public filings, Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate statement of their contents. Answering Defendants otherwise deny the allegations in paragraph 16.

17.     Answering Defendants need not respond to the allegations in paragraph 17 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 17 relate to claims not dismissed, Answering Defendants admit that on July 7, 2023, F45 filed a Form 8-K stating that its "financial statements and related disclosures as of and for the year ended December 31, 2021" and "as of and for the first three quarters of the year ended December 21, 2022" would be restated. To the extent paragraph 17 purports to characterize the public filing, Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate statement of their contents. Answering Defendants otherwise deny the allegations in paragraph 17.

18.     Answering Defendants admit the allegations in paragraph 18.

19.    To the extent paragraph 19 purports to characterize the publicly available article cited in footnote 5, Answering Defendants respectfully refer the Court to the original source material for a complete and accurate statement of their contents.  Answering Defendants otherwise deny the allegations in paragraph 19 and footnote 5.

20.    Answering Defendants need not respond to the allegations in paragraph 20 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 20 relate to claims not dismissed, Answering Defendants admit that on October 23, 2023, F45 filed its Form 10-K, which included "the restatement of the Company's consolidated financial statements as of and for the year ended December 31, 2021, along with restated interim financial statements as of and for the periods ended March 31, 2022, June 30, 2022 and September 30, 2022." To the extent paragraph 20 purports to characterize the Form 10-K, Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate statement of their contents.  Answering Defendants otherwise deny the allegations in paragraph 20.

21.    Answering Defendants need not respond to the allegations in paragraph 21 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 21 relate to claims not dismissed, Answering Defendants admit that F45 restated its financial statements as of and for the year ended December 31, 2021, and the quarters ending March 31, 2022, June 30, 2022, and September 30, 2022.  To the extent paragraph 21 purports to characterize F45's Form 10-K filed October 23, 2023, Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate statement of their contents. Answering Defendants otherwise deny the allegations in paragraph 21.

11

22.   Answering Defendants need not respond to the allegations in paragraph 22 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 21 relate to claims not dismissed, Answering Defendants admit that F45 restated its financial statements as of and for the year ended December 31, 2021, and the quarters ending March 31, 2022, June 30, 2022, and September 30, 2022.  To the extent paragraph 21 purports to characterize F45's Form 10-K filed October 23, 2023, Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate statement of their contents. Answering Defendants otherwise deny the allegations in paragraph 22.

23.   Answering Defendants need not respond to the allegations in paragraph 23 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 23 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 23 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants admit that F45's Form 10-K for the year ended December 31, 2022, contained disclosures related to material weaknesses and internal controls over financial reporting.  To the extent paragraph 23 purports to characterize the Form 10-K, Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate statement of their contents.  Answering Defendants otherwise deny the allegations in paragraph 23.

24.   Answering Defendants need not respond to the allegations in paragraph 24 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  Answering Defendants need not respond to the allegations in paragraph 24

inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 24.

25. Answering Defendants need not respond to the allegations in paragraph 25 concerning claims under § 15 of the Securities Act of 1933 and §§10(b) and 20(a) of the Securities Exchange Act of 1934, and SEC Rule 10b-5 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 25 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 25 inasmuch as they constitute legal conclusions. To the extent a response is required, Answering Defendants admit that Plaintiffs filed this putative class action alleging violations of the Securities Act, but Answering Defendants deny that those allegations have merit and otherwise deny the allegations in paragraph 25.

26. Answering Defendants need not respond to the allegations in paragraph 26 inasmuch as they constitute legal conclusions. To the extent a response is required, Answering Defendants admit that Plaintiffs purport to plead jurisdiction under Section 22 of the Securities Act, 15 U.S.C. § 77v, Section 27 of the Exchange Act, 15 U.S.C.§ 78aa, and under 28 U.S.C. § 1331.

27. Answering Defendants need not respond to the allegations in paragraph 27 inasmuch as they are directed at another party. Answering Defendants need not respond to the allegations in paragraph 27 concerning venue under Section 27 of the Securities Exchange Act inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. Answering Defendants need not respond to the allegations in paragraph 27 inasmuch as they constitute legal conclusions. To the extent a response is required, Answering Defendants admit that (1) Plaintiffs purport to plead venue under to Section 22 of the Securities

Act, 15 U.S.C. § 77v, Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1391(b); and (2) F45 is headquartered in Austin, TX. Answering Defendants otherwise deny the allegations in paragraph 27.

28. Answering Defendants need not respond to the allegations in paragraph 28 inasmuch as they constitute legal conclusions. Answering Defendants admit that F45 uses certain instrumentalities of interstate commerce in conducting its business and that shares of F45's common stock were traded on the New York Stock Exchange between July 15, 2021 and September 5, 2023. Answering Defendants otherwise deny the allegations in paragraph 28.

29. Answering Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in sentences 1 and 2 of paragraph 29. Answering Defendants further deny that Plaintiff Pledge Capital suffered legally cognizable damages for which Answering Defendants are liable. Answering Defendants otherwise deny the allegations in paragraph 29.

30. Answering Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in paragraph 30. Answering Defendants further deny that Plaintiff Detroit P&F suffered legally cognizable damages for which Answering Defendants are liable. Answering Defendants otherwise deny the allegations in paragraph 30.

31. Answering Defendants admit that (1) from July 15, 2021 until September 4, 2023, F45's common stock traded on the NYSE under the ticker symbol "FXLV"; (2) as of November 11, 2022, F45 had approximately 97,315,803 shares common stock outstanding; (3) F45 is a Delaware corporation headquartered in Austin, Texas which holds subsidiaries that conduct F45's operations and hold F45's assets and intellectual property; (4) Kennedy Lewis Management LP is a stockholder of the company; and (5) F45 franchises and licenses the F45 Training brand to

14

franchisees for fitness studios across the globe. Answering Defendants otherwise deny the allegations in paragraph 31.

32. Answering Defendants need not respond to the allegations in paragraph 32 inasmuch as they are directed at another party. Answering Defendants admit that (1) Mr. Adam Gilchrist co-founded F45 in 2013 along with Robert Deutsch; (2) Mr. Gilchrist served as Co-Chief Executive Officer from 2014, as sole Chief Executive Officer from 2019, and as the Executive Chairman of the Board of Directors effective upon the listing of F45's common stock on the NYSE on 2021, until he stepped down from these roles effective June 24, 2022; (3) Mr. Gilchrist signed the Registration Statement and Prospectus for the IPO and F45's Form 10-K for the year ended December 31, 2021; and (4) Mr. Gilchrist was a member of F45's Chief Operating Decision Maker ("CODM") group during his tenure at F45 as the Chief Executive Officer. Answering Defendants otherwise deny the allegations in paragraph 32.

33. Answering Defendants need not respond to the allegations in paragraph 33 inasmuch as they are directed at another party. Answering Defendants admit that (1) Mr. Christopher E. Payne served as F45's Chief Financial Officer from June 2018, and as Treasurer and a member of the Board of Directors from March 2019, until he stepped down from these roles in November 2022; (2) Mr. Payne signed F45's quarterly reports between July 15, 2021 and July 26, 2022, and F45's Form 10-K for the year ended December 31, 2021; and (3) Mr. Payne was a member of F45's Chief Operating Decision Maker ("CODM") group during his tenure at F45 as the Chief Financial Officer. Answering Defendants otherwise deny the allegations in paragraph 33.

34. Answering Defendants need not respond to the allegations in paragraph 34 inasmuch as they are directed at another party. Answering Defendants need not respond to the

allegations in paragraph 34 concerning events after the IPO or concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them.  Answering Defendants need not respond to the allegations in paragraph 34 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants admit that Messrs. Gilchrist and Payne were signatories of the Registration Statement, were directors of F45 at the time of the filing of the Registration Statement, and approved the Registration Statement consistent with their roles as officers and directors of the Company.  Answering Defendants otherwise deny the allegations in paragraph 34.

35.     Answering Defendants admit that (1) Mr. Raymond has served as a member of F45's Board of Directors since March 2018; (2) Mr. Raymond was appointed to F45's Board of Directors by MWIG LLC, pursuant to MWIG's director designation rights under the Stockholders' Agreement; and (3) Mr. Raymond has served as Manager of FOD Capital since December 2017. Answering Defendants also admit that MWIG is a special purpose private investment vehicle, the primary owners of which were FOD Capital and Mr. Wahlberg, and that MWIG's Stockholders' Agreement was executed on March 15, 2019, and amended on May 6, 2019, October 6, 2020, and December 30, 2020.  Answering Defendants otherwise deny the allegations in paragraph 35 and footnote 6.

36.     Answering Defendants admit that (1) Darren Richman served as a member of F45's Board of Directors from October 2020 until November 2022; (2) Mr. Richman signed the Registration Statement and Prospectus for the IPO and F45's Form 10-K for the year ended December 31, 2021; (3) Mr. Richman co-founded Kennedy Lewis with David Chene in 2017 and served as Co-Portfolio Manager of Kennedy Lewis and Co-Chair of its Investment Committee and Executive Committee; and (4) Mr. Richman resigned as a member of the Board of Directors

effective November 14, 2022.  Answering Defendants otherwise deny the allegations in paragraph 36.

37.    Answering Defendants admit that (1) Mr. Wahlberg served as a member of F45's Board of Directors from March 2019 until June 5, 2024; (2) Mr. Wahlberg was appointed to the Board of Directors by MWIG LLC; (3) Mr. Wahlberg signed the Registration Statement and Prospectus for the IPO and F45's Form 10-K for the year ended December 31, 2021; and (4) Mr. Wahlberg served as the Company's Chief Brand Officer from March 2023 until June 5, 2024. Answering Defendants otherwise deny the allegations in paragraph 37.

38.    Answering Defendants need not respond to the allegations in paragraph 38 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants admit that Mr. Raymond, Mr. Richman, and Mr. Wahlberg were signatories of the Registration Statement, were directors of F45 at the time of the filing of the Registration Statement, and reviewed and approved the Registration Statement consistent with their roles and responsibilities at the time of the IPO.  Answering Defendants otherwise deny the allegations in paragraph 38.

39.    Answering Defendants need not respond to the allegations in paragraph 39 inasmuch as they relate to a party that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

40.    Answering Defendants need not respond to the allegations in paragraph 40 and footnote 7 inasmuch as they relate to a party that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

41.    Answering Defendants need not respond to the allegations in paragraph 41 inasmuch as they are directed at another party.  To the extent a response is required, Answering

Defendants admit that Goldman Sachs & Co. served as an underwriter of the IPO.  Answering Defendants otherwise deny the allegations in paragraph 41.

42.     Answering Defendants need not respond to the allegations in paragraph 42 inasmuch as they are directed at another party.  To the extent a response is required, Answering Defendants admit that J.P. Morgan Securities LLC served as an underwriter of the IPO.  Answering Defendants otherwise deny the allegations in paragraph 42.

43.     Answering Defendants need not respond to the allegations in paragraph 43 inasmuch as they are directed at another party.  To the extent a response is required, Answering Defendants admit that Robert W. Baird & Co., Inc. served as an underwriter of the IPO.  Answering Defendants otherwise deny the allegations in paragraph 43.

44.     Answering Defendants need not respond to the allegations in paragraph 44 inasmuch as they are directed at another party.  To the extent a response is required, Answering Defendants admit that Cowen and Company, LLC served as an underwriter of the IPO.  Answering Defendants otherwise deny the allegations in paragraph 44.

45.     Answering Defendants need not respond to the allegations in paragraph 45 inasmuch as they are directed at another party.  To the extent a response is required, Answering Defendants admit that Guggenheim Securities, LLC served as an underwriter of the IPO. Answering Defendants otherwise deny the allegations in paragraph 45.

46.     Answering Defendants need not respond to the allegations in paragraph 46 inasmuch as they are directed at another party.  To the extent a response is required, Answering Defendants admit that Macquarie Capital (USA) Inc. served as an underwriter of the IPO. Answering Defendants otherwise deny the allegations in paragraph 46.

47.     Answering Defendants need not respond to the allegations in paragraph 47

inasmuch as they are directed at another party. To the extent a response is required, Answering Defendants admit that MUFG Securities Americas Inc served as an underwriter of the IPO. Answering Defendants otherwise deny the allegations in paragraph 47.

48.    Answering Defendants need not respond to the allegations in paragraph 48 inasmuch as they are directed at another party. To the extent a response is required, Answering Defendants admit that Roth Capital Partners, LLC served as an underwriter of the IPO. Answering Defendants otherwise deny the allegations in paragraph 48.

49.    Answering Defendants need not respond to the allegations in paragraph 49 inasmuch as they are directed at another party. To the extent a response is required, Answering Defendants admit that the Underwriter Answering Defendants served as underwriters of the IPO. Answering Defendants otherwise deny the allegations in paragraph 49.

50.    Answering Defendants admit that (1) F45 is a fitness franchisor that offers functional 45-minute workouts that are community driven; (2) F45 workouts include high-intensity interval, circuit, and functional training; and (3) that F45 utilizes a technology platform to create an engaging and interactive training experience. Answering Defendants otherwise deny the allegations in paragraph 50.

51.    Answering Defendants admit that F45 operates in the fitness industry and that F45 workouts incorporate high intensity interval training and functional training. Answering Defendants deny that Plaintiffs' purported characterization of F45's training and competitors and otherwise deny the allegations in paragraph 51.

52.    Answering Defendants admit that F45 enters into promotional arrangements with certain individuals, which have included Greg Norman, Magic Johnson, Cindy Crawford, Joe Montana, David Beckham, Timothy Kennedy, and Mr. Wahlberg. Answering Defendants admit

that Mr. Wahlberg was a member of the Company's board of directors during the period of March 2019 through June 5, 2024.  To the extent the allegations in paragraph 52 purport to characterize F45 motive to enter into promotional arrangements, Answering Defendants deny them.  Answering Defendants otherwise deny the allegations in paragraph 52.

53.    Answering Defendants admit that F45 has made statements regarding the scalability of its model, its digitally connected platform, and the layout of its gyms, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made.  Answering Defendants otherwise deny the allegations in paragraph 53.

54.    Answering Defendants need not respond to the allegations in paragraph 54 inasmuch as they are directed at another party.  Answering Defendants admit that (1) F45 was founded in 2013 and the first studio opened in Paddington, Australia; (2) Messrs. Robert Deutsch and Adam Gilchrist co-founded the company; and (3) F45 began franchising first in Australia and then in other countries.  Answering Defendants further admit that F45 had over 2,800 franchises worldwide by July 2021.  Answering Defendants otherwise deny the allegations in paragraph 54.

55.    Answering Defendants admit that franchise agreements and multiunit development agreements, which often include exclusive territory rights, are among the common types of contractual relationships F45 enters with its franchisees.  Answering Defendants otherwise deny the allegations in paragraph 55 and footnotes 8 and 9.

56.    Answering Defendants admit that (1) F45 reported a net loss of approximately $25 million for 2020; and (2) selling, general, and administrative expenses were approximately $57.8 million in 2020.  To the extent the allegations in paragraph 56 and footnote 10 purport to characterize F45's growth strategy or financial results, Answering Defendants respectfully refer

the Court to the Company's filings for a complete and accurate account of the company's results. Answering Defendants otherwise deny the allegations in paragraph 56 and footnote 10.

57.     Answering Defendants admit that (1) F45 franchises fitness studios; and (2) F45 receives various payments from its franchisees. Answering Defendants otherwise deny the allegations in paragraph 57.

58.     Answering Defendants admit that (1) F45 reported certain metrics and defined "Total Franchises Sold," "New Franchises Sold," "Initial Studio Openings," "Total Studios," and "Open Studios" in its public filings using the quoted language; (2) F45 changed the definition of "Initial Studio Openings" during the fourth quarter of 2021; (3) the change in the definition of "Initial Studio Openings" was disclosed in the 2021 10-K, as well as on the 2021 Year End earnings call on March 23, 2022. To the extent the allegations in paragraph 58 and footnote 11 purport to characterize F45's public filings or statements on earnings calls, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the original source material and Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 58 and footnote 11.

59.     Answering Defendants need not respond to the allegations in paragraph 59 inasmuch as they are directed at another party. Answering Defendants need not respond to the allegations in paragraph 59 concerning events after the IPO or concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 59 relate to claims not dismissed, Answering Defendants admit that Mr. Gilchrist stated on the Q2 2021 earnings call portions of the quoted language including that he "believe[d] we can be bigger than Starbucks.

We can be bigger than McDonald's." To the extent the allegations in paragraph 59 purport to otherwise characterize public statements, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to those statements for a complete and accurate account of them. Answering Defendants otherwise deny the allegations in paragraph 59.

60. Answering Defendants admit that F45's growth strategy includes selling franchises and opening more studios. Answering Defendants otherwise deny the allegations in paragraph 60.

61. Answering Defendants need not respond to the allegations in paragraph 61 concerning events after the IPO or concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 61 relate to claims not dismissed, Answering Defendants admit that the IPO Registration Statement included the quoted language, but to the extent the allegations in paragraph 61 purport to characterize F45's IPO Materials, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 61.

62. Answering Defendants need not respond to the allegations in paragraph 62 concerning events after the IPO or concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 62 relate to claims not dismissed, Answering Defendants admit that the IPO Registration Statement included the quoted language, but to the extent the allegations in paragraph 62 purport to characterize F45's IPO Materials, Answering

Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 62.

63. Answering Defendants need not respond to the allegations in paragraph 63 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 63 relate to claims not dismissed, Answering Defendants admit that the company was named as a defendant in a lawsuit brought by Functional HIIT Fitness, LLC, and respectfully refer the Court to the complaint in that action for the content of that complaint, but otherwise deny the allegations in paragraph 63.

64. Answering Defendants need not respond to the allegations in paragraph 64 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 64 relate to claims not dismissed, Answering Defendants admit that the company was named as a defendant in a lawsuit brought by Functional HIIT Fitness, LLC, and that the complaint in that matter includes the quoted language. To the extent the allegations in paragraph 64 purport to characterize the court filings, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the complaint in that action for the content of that complaint. Answering Defendants otherwise deny the allegations in paragraph 64.

65. Answering Defendants need not respond to the allegations in paragraph 65 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its

February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 65 relate to claims not dismissed, Answering Defendants admit that the company was named as a defendant in a lawsuit brought by Functional HIIT Fitness, LLC, and respectfully refer the Court to the complaint in that action for the content of that complaint, but otherwise deny the allegations in paragraph 65.

66.    Answering Defendants deny the allegations in paragraph 66.

67.    Answering Defendants admit that F45's business was impacted by the global COVID-19 pandemic, which forced the closure of many locations in compliance with federal, state, and local public health mandates.  Answering Defendants otherwise deny the allegations in paragraph 67.

68.    Answering Defendants admit that F45's business was impacted by the global COVID-19 pandemic, which forced the closure of many locations in compliance with federal, state, and local public health mandates.  Answering Defendants otherwise deny the allegations in paragraph 68.

69.    Answering Defendants admit that F45's business was impacted by the global COVID-19 pandemic, which forced the closure of many locations in compliance with federal, state, and local public health mandates.  Answering Defendants otherwise deny the allegations in paragraph 69.

70.    Answering Defendants admit the allegations in paragraph 70.

71.    Answering Defendants admit that (1) Franchisor Club Sports Group was formerly known as Club Franchise Group LLC; and (2) the IPO Registration Statement included the quoted language and that prior to the IPO F45 entered into two multi-unit franchise agreements with terms including the development of at least 70 studios over a seven-year period for one and development

of at least 87 studios over six years for the other.  To the extent the allegations in paragraph 71 and footnotes 12 and 13 purport to characterize F45's IPO Materials, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made.  Answering Defendants otherwise deny the allegations in paragraph 71 and footnotes 12 and 13.

72.     Answering Defendants admit the allegations in paragraph 72.

73.     Answering Defendants need not respond to the allegations in paragraph 73 inasmuch as they are directed at another party.  Answering Defendants admit that (1) F45 filed a Prospectus for the IPO on Form 424(b)4 incorporating the IPO Registration Statement and agreeing to a 180-day lock up period following the effective date of the IPO; (2) the IPO Registration Statement was signed by Messrs. Gilchrist, Payne, Raymond, Richman, and Wahlberg; and (3) Mr. Armstrong sold 100,000 shares on March 17, 2022, Mr. Payne sold 2,017 shares on March 16, 2022, and Mr. Wahlberg sold 556,988 shares between March 16 and March 31, 2022.  To the extent the allegations in paragraph 73 and footnote 14 purport to characterize F45's IPO public filings or certain transactions by officers and directors, Answering Defendants deny that such characterizations fully or accurately reflect those disclosures and transactions, and Answering Defendants respectfully refer the Court to Company's filings for a complete and accurate account of the transactions.  Answering Defendants otherwise deny the allegations in paragraph 73 and footnote 14.

74.     Answering Defendants admit the allegations in paragraph 74, except for the last sentence, which is admitted only as to Defendant F45.  Answering Defendants otherwise deny the allegations in paragraph 74.

75.    Answering Defendants admit that F45's IPO Registration Statement contained the graphic included in paragraph 75, but to the extent the allegations in paragraph 75 purport to characterize F45's IPO Registration Statement, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made.  Answering Defendants otherwise deny the allegations in paragraph 75.

76.    Answering Defendants admit that F45's IPO Registration Statement contained the graphic included in paragraph 76, but to the extent the allegations in paragraph 76 purport to characterize F45's IPO Registration Statement, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made.  Answering Defendants otherwise deny the allegations in paragraph 76.

77.    Answering Defendants admit that F45's IPO Registration Statement contained the graphic included in paragraph 77, but to the extent the allegations in paragraph 77 purport to characterize F45's IPO Registration Statement, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made.  Answering Defendants otherwise deny the allegations in paragraph 77.

78.    Answering Defendants admit that at the time of the IPO, F45 reported it had 1,379 franchises sold and 556 Total Studios in the United States and 785 franchises sold and 628 Total

Studios in Australia.  Answering Defendants otherwise deny the allegations in paragraph 78.

79.    Answering Defendants admit that F45 sought to expand its presence in the United States and admit that the IPO Registration Statement included the quoted language.  To the extent the allegations in paragraph 79 purport to characterize F45's IPO Registration Statement, Answering Defendants deny that such characterizations fully or accurately reflect the content of that document, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made.  Answering Defendants otherwise deny the allegations in paragraph 79.

80.    Answering Defendants admit that F45 has pursued potential opportunities to partner with a variety of partners.  Answering Defendants otherwise deny the allegations in paragraph 80.

81.    Answering Defendants admit that on July 26, 2022, F45 filed an 8-K detailing a strategic update to the business.  To the extent the allegations in paragraph 81 purport to characterize F45's July 26, 2022 8-K, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 81.

82.    Answering Defendants need not respond to the allegations in paragraph 82 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 82 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 82 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants admit that (1) the price of F45's common

stock closed at $3.51 per share on July 26, 2022, and closed at $1.35 per share on July 27, 2022; and (2) F45's initial public offering price was $16.00 per share. Answering Defendants otherwise deny the allegations in paragraph 82.

83. Answering Defendants need not respond to the allegations in paragraph 83 inasmuch as they are directed at another party. Answering Defendants admit that Mr. Gilchrist's resignation as an executive of F45 was announced on July 26, 2022, and that Mr. Gilchrist remained on the Company's Board of Directors until April 21, 2023. Answering Defendants otherwise deny the allegations in paragraph 83.

84. Answering Defendants admit the allegations in paragraph 84.

85. Answering Defendants admit the allegations in paragraph 85.

86. Answering Defendants admit that on November 21, 2022, the Company announced that Mr. Payne had stepped down as F45's CFO and member of its Board of Directors, effective November 15, 2022, but would continue to support the Company in an advisory capacity to facilitate the transition. Answering Defendants otherwise deny the allegations in paragraph 86.

87. Answering Defendants admit the allegations in paragraph 87.

88. Answering Defendants admit the allegations in paragraph 88.

89. Answering Defendants admit the allegations in paragraph 89.

90. Answering Defendants need not respond to the allegations in paragraph 90 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 90 relate to claims not dismissed, Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to former employees and franchisees. Answering Defendants otherwise deny the allegations in paragraph 90, and deny that any statements attributed to

Confidential Witnesses support any allegation of wrongdoing or liability.

91.     Answering Defendants need not respond to the allegations in paragraph 91 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 91 relate to claims not dismissed, Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Answering Defendants otherwise deny the allegations in paragraph 91, and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

92.     Answering Defendants need not respond to the allegations in paragraph 92 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 92 relate to claims not dismissed, Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Answering Defendants otherwise deny the allegations in paragraph 92, and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

93.     Answering Defendants need not respond to the allegations in paragraph 93 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 93 relate to claims not dismissed, Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Answering Defendants otherwise deny the allegations in paragraph 93, and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

94.     Answering Defendants need not respond to the allegations in paragraph 94

inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 94 relate to claims not dismissed, Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Answering Defendants otherwise deny the allegations in paragraph 94, and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

95.    Answering Defendants need not respond to the remaining allegations in paragraph 95 and footnote 15 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 95 and footnote 15 relate to claims not dismissed, Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Answering Defendants otherwise deny the allegations in paragraph 95 and footnote 15, and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

96.    Answering Defendants need not respond to the allegations in paragraph 96 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 96 relate to claims not dismissed, Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Answering Defendants otherwise deny the allegations in paragraph 96, and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

97.    Answering Defendants need not respond to the allegations in paragraph 97 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.  To the extent any remaining allegations in paragraph 97 relate to claims not dismissed, Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Answering Defendants otherwise deny the allegations in paragraph 97, and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

98.     Answering Defendants need not respond to the allegations in paragraph 98 concerning events after the IPO or concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 98 relate to claims not dismissed, Answering Defendants admit that (1) F45's IPO Materials disclosed that the company had identified certain material weaknesses; (2) F45 continued to make disclosures about material weaknesses; and (3) the IPO Registration Statement and Prospectus contained the language quoted in paragraph 98.  To the extent the allegations in paragraph 98 purport to characterize F45's disclosures of material weaknesses, Answering Defendants deny that such characterizations fully or accurately reflect the content of those disclosures, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made.  Answering Defendants otherwise deny the allegations in paragraph 98.

99.     Answering Defendants need not respond to the allegations in paragraph 99 concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 99 relate to claims not dismissed, Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the bulleted language in paragraph 99 regarding materials weaknesses.  To the extent the allegations in paragraph 99 purport to characterize the

31

IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made.    Answering Defendants otherwise deny the allegations in paragraph 99.

100.    Answering Defendants need not respond to the allegations in paragraph 100 concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 100 relate to claims not dismissed, Answering Defendants admit that F45's IPO Registration Statement and Prospectus contained the language quoted in paragraph 100.  To the extent the allegations in paragraph 100 purport to characterize the IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made.  Answering Defendants otherwise deny the allegations in paragraph 100.

101.    Answering Defendants need not respond to the allegations in paragraph 101 concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 101 relate to claims not dismissed, Answering Defendants admit that F45's IPO Registration Statement and Prospectus contained the bulleted language in paragraph 101.  To the extent the allegations in paragraph 101 purport to characterize the IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the

Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 101.

102. Answering Defendants need not respond to the allegations in paragraph 102 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 102 relate to claims not dismissed, Answering Defendants admit that F45's Form 10-K for the year ended December 31, 2021 included the quoted language in paragraph 102 as well as the bulleted language in paragraph 102. To the extent the allegations in paragraph 102 purport to characterize Form 10-K for the year ended December 31, 2021, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 102.

103. Answering Defendants need not respond to the allegations in paragraph 103 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 103 relate to claims not dismissed, Answering Defendants admit that F45's report on Form 10-K for the year ended December 31, 2021 included the bulleted language in paragraph 103. To the extent the allegations in paragraph 103 purport to characterize Form 10-K for the year ended December 31, 2021, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 103.

104. Answering Defendants need not respond to the allegations in paragraph 104 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 104 relate to claims not dismissed, Answering Defendants otherwise deny the allegations in paragraph 104.

105. Answering Defendants need not respond to the allegations in paragraph 105 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 105 relate to claims not dismissed, Answering Defendants admit that on March 16, 2023, F45 filed its Form 12b-25, which included the quoted language in paragraph 105. To the extent paragraph 105 purports to characterize the public filings, Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate statement of their contents. Answering Defendants otherwise deny the allegations in paragraph 105.

106. Answering Defendants need not respond to the allegations in paragraph 106 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 106 relate to claims not dismissed, Answering Defendants admit that on May 10, 2023, F45 filed its Form 12b-25, which included the quoted language in paragraph 106. To the extent paragraph 106 purports to characterize the public filings, Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate statement of their contents. Answering Defendants otherwise deny the allegations in paragraph 106.

107. Answering Defendants need not respond to the allegations in paragraph 107 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in

34

paragraph 107 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 107 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that (1) on October 23, 2023, F45 filed its Form 10-K, which restated the Company's consolidated financial statements as of and for the year ended December 31, 2021, and restated interim financial statements as of and for the periods ended March 31, 2022, June 30, 2022, and September 30, 2022; and (2) F45's Form 10-K for the year ended December 31, 2022, stated: "In connection with the restatement of the previously issued financial statements, management has assessed the effectiveness of our internal controls over financial reporting as of December 31, 2022. Based on this assessment, management has identified material weaknesses in our internal control over financial reporting as of December 31, 2022. As a result, the Company's disclosure controls and procedures were not effective as of December 31, 2022." To the extent paragraph 107 purports to characterize the Form 10-K, Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate statement of their contents. Answering Defendants otherwise deny the allegations in paragraph 107.

108. Answering Defendants need not respond to the allegations in paragraph 108 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 108 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 108 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 108.

109. Answering Defendants need not respond to the allegations in paragraph 109 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.  To the extent any remaining allegations in paragraph 109 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 109 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 109.

110.    Answering Defendants need not respond to the allegations in paragraph 110 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 110 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 110 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 110.

111.    Answering Defendants need not respond to the allegations in paragraph 111 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 111 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 111 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 111.

112.    Answering Defendants need not respond to the allegations in paragraph 112 concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 112 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 112 inasmuch as they constitute legal conclusions.  Answering Defendants admit that the Company adopted the Committee of Sponsoring Organizations of the Treadway Commission (COSO) Internal Control Framework for internal controls.  Answering Defendants

otherwise deny the allegations in paragraph 112.

113. Answering Defendants need not respond to the allegations in paragraph 113 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 113 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 113 inasmuch as they constitute legal conclusions. To the extent paragraph 113 purports to quote and characterize the COSO Framework, Answering Defendants respectfully refer the Court to the original source materials for a complete and accurate account of their contents. Answering Defendants otherwise deny the allegations in paragraph 113.

114. Answering Defendants need not respond to the allegations in paragraph 114 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 114 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 114 inasmuch as they constitute legal conclusions. To the extent paragraph 114 purports to quote and characterize the COSO Framework, Answering Defendants respectfully refer the Court to the original source materials for a complete and accurate account of their contents. Answering Defendants otherwise deny the allegations in paragraph 114.

115. Answering Defendants need not respond to the allegations in paragraph 115 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 115 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 115 inasmuch as they constitute legal conclusions. To the extent paragraph 115 purports to quote and characterize the COSO Framework, Answering Defendants respectfully refer the Court to the

original source materials for a complete and accurate account of their contents. Answering Defendants otherwise deny the allegations in paragraph 115.

116. Answering Defendants need not respond to the allegations in paragraph 116 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 116 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 116 inasmuch as they constitute legal conclusions. To the extent paragraph 116 purports to quote and characterize the COSO Framework, Answering Defendants respectfully refer the Court to the original source materials for a complete and accurate account of their contents. Answering Defendants otherwise deny the allegations in paragraph 116.

117. Answering Defendants need not respond to the allegations in paragraph 117 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 117 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 117 inasmuch as they constitute legal conclusions. To the extent paragraph 117 purports to quote and characterize the COSO Framework, Answering Defendants respectfully refer the Court to the original source materials for a complete and accurate account of their contents. Answering Defendants otherwise deny the allegations in paragraph 117.

118. Answering Defendants need not respond to the allegations in paragraph 118 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 118 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 118 inasmuch as they constitute legal conclusions. To the extent paragraph 118 purports to quote and

characterize the COSO Framework, Answering Defendants respectfully refer the Court to the original source materials for a complete and accurate account of their contents. Answering Defendants otherwise deny the allegations in paragraph 118.

119. Answering Defendants need not respond to the allegations in paragraph 119 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 119 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 119 inasmuch as they constitute legal conclusions. To the extent paragraph 119 purports to quote and characterize the COSO Framework, Answering Defendants respectfully refer the Court to the original source materials for a complete and accurate account of their contents. Answering Defendants otherwise deny the allegations in paragraph 119.

120. Answering Defendants need not respond to the allegations in paragraph 120 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 120 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 120 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 120.

121. Answering Defendants need not respond to the allegations in paragraph 121 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 121 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 121 inasmuch as they constitute legal conclusions. Answering Defendants otherwise deny the allegations in paragraph 121.

122.   Answering Defendants need not respond to the allegations in paragraph 122 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 122 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 122 inasmuch as they constitute legal conclusions. Answering Defendants otherwise deny the allegations in paragraph 122.

123.   Answering Defendants need not respond to the allegations in paragraph 123 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 123 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 123 inasmuch as they constitute legal conclusions. Answering Defendants otherwise deny the allegations in paragraph 123.

124.   Answering Defendants need not respond to the allegations in paragraph 124 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 124 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 124 inasmuch as they constitute legal conclusions. Answering Defendants otherwise deny the allegations in paragraph 124.

125.   Answering Defendants need not respond to the allegations in paragraph 125 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 125 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 125 inasmuch as they constitute legal conclusions. Answering Defendants otherwise deny the

allegations in paragraph 125.

126.    Answering Defendants need not respond to the allegations in paragraph 126 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 126 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 126 inasmuch as they constitute legal conclusions.  Answering Defendants otherwise deny the allegations in paragraph 126.

127.    Answering Defendants need not respond to the allegations in paragraph 127 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 127 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 127 inasmuch as they constitute legal conclusions.  Answering Defendants otherwise deny the allegations in paragraph 127.

128.    Answering Defendants need not respond to the allegations in paragraph 128 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 128 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 128 inasmuch as they constitute legal conclusions.  Answering Defendants otherwise deny the allegations in paragraph 128.

129.    Answering Defendants need not respond to the allegations in paragraph 129 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 129 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 129

inasmuch as they constitute legal conclusions. Answering Defendants otherwise deny the allegations in paragraph 129.

130. Answering Defendants need not respond to the allegations in paragraph 130 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 130 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 130 inasmuch as they constitute legal conclusions. Answering Defendants otherwise deny the allegations in paragraph 130.

131. Answering Defendants need not respond to the allegations in paragraph 131 concerning events after the IPO or concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 131 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 131 inasmuch as they constitute legal conclusions. Answering Defendants admit that F45's July 13, 2021 Form S-1 filed with the SEC contains the quoted language in paragraph 131. To the extent allegations in paragraph 131 purport to characterize the statements in the public filing, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 131.

132. Answering Defendants need not respond to the allegations in paragraph 132 concerning events after the IPO or concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them. To

the extent any remaining allegations in paragraph 132 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 132 inasmuch as they constitute legal conclusions. To the extent these allegations require a response, Answering Defendants admit that F45's July 13, 2021 Form S-1 filed with the SEC discussed risks associated with internal controls on pages 58 and 106. To the extent allegations in paragraph 132 purport to characterize the statements in the public filing, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 132.

133. Answering Defendants need not respond to the allegations in paragraph 133 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 133 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 133 inasmuch as they constitute legal conclusions. To the extent allegations in paragraph 133 purport to characterize statements in public filings, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 133.

134. Answering Defendants need not respond to the allegations in paragraph 134 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 134 relate to claims not dismissed, Answering Defendants admit that F45 filed its 2021 Form 10-K on March 23, 2022. To the extent allegations in paragraph 134 purport to characterize the statements in the public filing,

Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made.  Answering Defendants otherwise deny the allegations in paragraph 134.

135.   Answering Defendants need not respond to the allegations in paragraph 135 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 135 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 135 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants admit that F45 filed a Form 12b-25 with SEC on March 16, 2023 stating that it required additional time to file its 10-K for the year ended December 31, 2021.  To the extent allegations in paragraph 135 purport to characterize the statements in the public filing, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made.  Answering Defendants otherwise deny the allegations in paragraph 135.

136.   Answering Defendants need not respond to the allegations in paragraph 136 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 136 relate to claims not dismissed, Answering Defendants admit that on July 7, 2023, F45 filed a Form 8-K.  To the extent allegations in paragraph 136 purport to characterize the statements in the public filing, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the

Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 136.

137.    Answering Defendants need not respond to the allegations in paragraph 137 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 137 relate to claims not dismissed, Answering Defendants admit that on October 23, 2023, F45 filed its Form 10-K for the year ended December 31, 2022, which contained the language quoted in paragraph 137.  To the extent allegations in paragraph 137 purport to characterize the statements in the public filing, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made.  Answering Defendants otherwise deny the allegations in paragraph 137.

138.    Answering Defendants admit that F45 filed its Registration Statement with the SEC on July 13, 2021, its Form 10-K for the year ended December 31, 2021 on March 23, 2022, and its Form 10-K for the year ended December 31, 2022 on October 23, 2023.  To the extent allegations in paragraph 138 purport to characterize the statements in those public filings, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made.  Answering Defendants otherwise deny the allegations in paragraph 138.

139.    Answering Defendants need not respond to the allegations in paragraph 139 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its

February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 139 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 139 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants admit that F45 filed its 2022 Form 10-K on October 23, 2023.  To the extent allegations in paragraph 139 purport to characterize the statements in the public filing, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 139.

140.    Answering Defendants need not respond to the allegations in paragraph 140 and footnote 16 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 140 and footnote 16 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 140 and footnote 16 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants lack sufficient information to form a belief as to their truth.  To the extent paragraph 140 and footnote 16 purport to characterize publicly available material, Answering Defendants respectfully refer the Court to the original source materials for a complete and accurate statement of their contents.  Answering Defendants otherwise deny the allegations in paragraph 140 and footnote 16.

141.    Answering Defendants need not respond to the allegations in paragraph 141 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 141 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 141

inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 141.

142.    Answering Defendants need not respond to the allegations in paragraph 142 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants admit that Plaintiffs purport to assert a series of claims based on the Securities Act but deny that those claims have any basis and otherwise deny the allegations in paragraph 142.

143.    Answering Defendants need not respond to the allegations in paragraph 143 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 143.

144.    Answering Defendants need not respond to the allegations in paragraph 144 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 144.

145.    Answering Defendants need not respond to the allegations in paragraph 145 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 145.

146.    Answering Defendants admit the allegations in paragraph 146.

147.    Answering Defendants admit the allegations in paragraph 147.

148.    Answering Defendants need not respond to the allegations in paragraph 148 inasmuch as they are directed at another party.  Answering Defendants admit that (1) on July 16, 2021, F45 filed a Prospectus for the IPO on Form 424(b)(4), which stated "Our directors, executive officers and substantially all of our stockholders, including the selling stockholder, have entered into lock-up agreements with the underwriters, pursuant to which each of these persons or entities,

subject to certain limited exceptions, for a period through and including the date that is 180 days after the date of this prospectus, agree that they will not, and shall not cause or direct any of their respective affiliates to, … offer, sell, contract to sell, pledge, grant any option to purchase, lend or otherwise transfer or dispose of, directly or indirectly, any shares of common stock"; and (2) the IPO Registration Statement was signed by Messrs. Gilchrist, Payne, Raymond, Richman, and Wahlberg.   To the extent paragraph 148 purports to characterize public filings, Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate statement of their contents.  Answering Defendants otherwise deny the allegations in paragraph 148.

149.    Answering Defendants need not respond to the allegations in paragraph 149 concerning MWIG LLC inasmuch as they relate to a party that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 149 relate to claims not dismissed, Answering Defendants admit that F45's Form 10-Q filed with the SEC on August 30, 2021, stated "In the initial public offering, we sold 19,057,889 shares of our common stock (including 307,889 shares that were sold on August 17, 2021 to the underwriters pursuant to exercise of their overallotment option) and MWIG LLC sold 2,794,055 shares of our common stock (including 1,231,555 shares that were sold on August 17, 2021 to the underwriters pursuant to the exercise of their overallotment option) at a public offering price of $16.00 per share, resulting in aggregate gross proceeds to us of approximately $304.9 million and aggregate gross proceeds to MWIG LLC of approximately $44.7 million."  To the extent paragraph 149 purports to characterize F45's public filings, Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate statement of their contents.  Answering Defendants otherwise deny the allegations in paragraph 149.

150. Answering Defendants need not respond to the allegations in paragraph 150 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 150.

151. Answering Defendants need not respond to the allegations in paragraph 151 and footnote 17 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 151. To the extent the allegations in paragraph 151 and footnote 17 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 151 and footnote 17.

152. Answering Defendants need not respond to the allegations in paragraph 152 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 152. To the extent the allegations in paragraph 152 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 152.

153. Answering Defendants need not respond to the allegations in paragraph 153 inasmuch as they constitute legal conclusions. To the extent that these allegations require a

49

response, Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 153. To the extent the allegations in paragraph 153 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 153.

154.    Answering Defendants need not respond to the allegations in paragraph 154 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 154. To the extent the allegations in paragraph 154 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 154.

155.    Answering Defendants need not respond to the allegations in paragraph 155 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 155. To the extent the allegations in paragraph 155 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and

accurate account of the statements made.  Answering Defendants otherwise deny the allegations in paragraph 155.

156.    Answering Defendants need not respond to the allegations in paragraph 156 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 156.  To the extent the allegations in paragraph 156 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made.  Answering Defendants otherwise deny the allegations in paragraph 156.

157.    Answering Defendants need not respond to the allegations in paragraph 157 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 157.

158.    Answering Defendants need not respond to the allegations in paragraph 158 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response Answering Defendants admit that Functional HIIT Fitness, LLC filed a lawsuit against F45, alleging various claims (*Functional HIIT Fitness, LLC v. F45 Training Inc.*, Case No. 4:22-cv-10168 (E.D. Mich.)).  To the extent paragraph 158 purports to characterize publicly available materials, Answering Defendants respectfully refer the Court to the original source materials for a complete and accurate statement of their contents.  Answering Defendants otherwise deny the allegations in paragraph 158.

159.    Answering Defendants need not respond to the allegations in paragraph 159

inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants lack sufficient information to form a belief as to the allegations in paragraph 159.

160. Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Answering Defendants otherwise deny the allegations in paragraph 160 and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

161. Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Answering Defendants otherwise deny the allegations in paragraph 161 and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

162. Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Answering Defendants otherwise deny the allegations in paragraph 162 and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

163. Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Answering Defendants otherwise deny the allegations in paragraph 163 and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

164. Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Answering Defendants otherwise deny the allegations in paragraph 164 and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

165. Answering Defendants need not respond to the allegations in paragraph 165 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 165.

166. Answering Defendants need not respond to the allegations in paragraph 166 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 166. To the extent the allegations in paragraph 166 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 166.

167. Answering Defendants need not respond to the allegations in paragraph 167 inasmuch as they constitute legal conclusions. Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 167. To the extent the allegations in paragraph 167 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 167.

168. Answering Defendants need not respond to the allegations in paragraph 168 inasmuch as they constitute legal conclusions. Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 168. To the

extent the allegations in paragraph 168 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 168.

169. Answering Defendants need not respond to the allegations in paragraph 169 concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 169 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 169 inasmuch as they constitute legal conclusions. Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 169. To the extent the allegations in paragraph 169 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 169.

170. Answering Defendants need not respond to the allegations in paragraph 170 concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 170 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 170 inasmuch as they constitute legal conclusions. Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 170. To the extent the allegations in paragraph 170 purport to characterize F45's IPO

Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 170.

171. Answering Defendants need not respond to the allegations in paragraph 171 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. Answering Defendants need not respond to the allegations in paragraph 171 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 171 and incorporate their response to paragraph 157 into these responses.

172. Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Answering Defendants otherwise deny the allegations in paragraph 172 and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

173. Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Answering Defendants otherwise deny the allegations in paragraph 173 and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

174. Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Answering Defendants otherwise deny the allegations in paragraph 174 and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

175. Answering Defendants need not respond to the allegations in paragraph 175

inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 175. To the extent the allegations in paragraph 175 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 175.

176. Answering Defendants need not respond to the allegations in paragraph 176 concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 176 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 176 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 176. To the extent the allegations in paragraph 176 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 176.

177. Answering Defendants need not respond to the allegations in paragraph 177 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that F45's IPO Registration Statement and Prospectus

included the quoted language in paragraph 177. To the extent the allegations in paragraph 177 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 177.

178. Answering Defendants need not respond to the allegations in paragraph 178 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 178. To the extent the allegations in paragraph 178 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 178.

179. Answering Defendants need not respond to the allegations in paragraph 179 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 179. To the extent the allegations in paragraph 179 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations

in paragraph 179.

180. Answering Defendants need not respond to the allegations in paragraph 180 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 180. To the extent the allegations in paragraph 180 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 180.

181. Answering Defendants need not respond to the allegations in paragraph 181 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 181. To the extent the allegations in paragraph 181 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 181.

182. Answering Defendants need not respond to the allegations in paragraph 182 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 182 and incorporate their response to paragraph 157 into this response.

58

183.    Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Answering Defendants otherwise deny the allegations in paragraph 183 and deny that any statements attributed to Confidential Witnesses support any allegations of wrongdoing or liability.

184.    Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Answering Defendants otherwise deny the allegations in paragraph 184 and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

185.    Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Answering Defendants otherwise deny the allegations in paragraph 185 and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

186.    Answering Defendants deny the allegations in paragraph 186.

187.    Answering Defendants need not respond to the allegations in paragraph 187 concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 187 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 187 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 187.  To the extent the allegations in paragraph 187 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the

Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 187.

188. Answering Defendants need not respond to the allegations in paragraph 188 concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 188 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 188 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that F45's IPO Registration Statement and Prospectus included the quoted language in paragraph 188. To the extent the allegations in paragraph 188 purport to characterize F45's IPO Registration Statement and Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 188.

189. Answering Defendants need not respond to the allegations in paragraph 189 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 189 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 189 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 189 and incorporate their response to paragraph 157 into this response.

190. Answering Defendants need not respond to the allegations in paragraph 190 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.  To the extent any remaining allegations in paragraph 190 relate to claims not dismissed, Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Answering Defendants otherwise deny the allegations in paragraph 190 and deny that any statements attributed to Confidential Witnesses support any allegations of wrongdoing or liability.

191.    Answering Defendants need not respond to the allegations in paragraph 191 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 191 relate to claims not dismissed, Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Answering Defendants otherwise deny the allegations in paragraph 191 and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

192.    Answering Defendants need not respond to the allegations in paragraph 192 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 192 relate to claims not dismissed, Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Answering Defendants otherwise deny the allegations in paragraph 192 and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

193    Answering Defendants need not respond to the allegations in paragraph 193 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 193 relate to claims not dismissed, Answering Defendants lack sufficient information to form a belief as to the

purported identities and statements attributed to Confidential Witnesses. Answering Defendants otherwise deny the allegations in paragraph 193 and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

194. Answering Defendants need not respond to the allegations in paragraph 194 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 194 relate to claims not dismissed, Answering Defendants lack sufficient information to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Answering Defendants otherwise deny the allegations in paragraph 194 and deny that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

195. Answering Defendants need not respond to the allegations in paragraph 195 concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 195 relate to claims not dismissed, Answering Defendants admit that F45's IPO Registration Statement and Prospectus contained the quoted language in paragraph 195. To the extent the allegations in paragraph 195 purport to characterize F45's IPO Registration Statement or Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 195.

196. Answering Defendants need not respond to the allegations in paragraph 196 concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations

in paragraph 196 relate to claims not dismissed, Answering Defendants admit that F45's IPO Registration Statement and Prospectus contained the quoted language in paragraph 196. To the extent the allegations in paragraph 196 purport to characterize F45's IPO Registration Statement or Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 196.

197. Answering Defendants need not respond to the allegations in paragraph 197 and footnote 18 concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 197 and footnote 18 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 197 and footnote 18 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants admit that Deloitte & Touche LLP served as F45's independent auditor for the Registration Statement and Prospectus and its report included the standard language quoted, but to the extent the allegations in paragraph 197 and footnote 18 seek to characterize the contents of the auditor report, Answering Defendants respectfully refer the Court to Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 197 and footnote 18 and incorporate their response to paragraph 157 into this response.

198. Answering Defendants need not respond to the allegations in paragraph 198 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 198 relate to claims

not dismissed, Answering Defendants need not respond to the allegations in paragraph 198 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 198.

199.    Answering Defendants need not respond to the allegations in paragraph 199 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 199 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 199 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 199.

200.    Answering Defendants need not respond to the allegations in paragraph 200 concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 200 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 200 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants admit that the IPO Materials did include a section entitled "Summary of Risk Factors."  Answering Defendants otherwise deny the allegations in paragraph 200.

201.    Answering Defendants need not respond to the allegations in paragraph 201 concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them.  To the extent any remaining allegations in paragraph 201 relate to claims not dismissed, Answering Defendants admit that F45's IPO Registration Statement and Prospectus included a "Summary of Risk Factors" which included the quoted language in paragraph 201.  To the extent the allegations in paragraph 201 purport to

characterize F45's IPO Registration Statement or Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 201.

202. Answering Defendants need not respond to the allegations in paragraph 202 concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 202 relate to claims not dismissed, Answering Defendants admit that F45's IPO Registration Statement included a section on "Risks Related to Our Franchise Business Model and Strategy" which included the quoted language in paragraph 202. To the extent the allegations in paragraph 202 purport to characterize F45's IPO Registration Statement or Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 202.

203. Answering Defendants need not respond to the allegations in paragraph 203 concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 203 relate to claims not dismissed, Answering Defendants admit that F45's IPO Registration Statement included the quoted language in paragraph 203. However, to the extent the allegations in paragraph 203 purport to characterize F45's IPO Registration Statement or Prospectus, Answering Defendants deny that such characterizations fully or accurately reflect the

content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 203.

204. Answering Defendants need not respond to the allegations in paragraph 204 concerning statements found not to be false or misleading by the Court and therefore dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 204 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 204 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 204 and incorporate their response to paragraphs 98-151 and 157 into this response.

205. Answering Defendants admit that on July 26, 2022, (1) F45 filed an 8-K detailing a strategic update to the business; and (2) the company issued a press release including the language quoted in paragraph 205 on strategic updates to align the Company. To the extent the allegations in paragraph 205 purport to characterize F45's July 26, 2022 8-K or press release, Answering Defendants deny that such characterizations fully or accurately reflect the content of those materials, and Answering Defendants respectfully refer the Court to the Company's filings for a complete and accurate account of the statements made. Answering Defendants otherwise deny the allegations in paragraph 205.

206. Answering Defendants need not respond to the allegations in paragraph 206 concerning events after the IPO inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. To the extent any remaining allegations in paragraph 206 relate to claims not dismissed, Answering Defendants need not respond to the allegations in paragraph 206 inasmuch as they constitute legal conclusions. To the extent that

these allegations require a response, Answering Defendants admit that F45's stock closed at $3.51 on July 26, 2022, and closed at $1.35 on July 27, 2022. Answering Defendants otherwise deny the allegations in paragraph 206.

207. Answering Defendants need not respond to the allegations in paragraph 207 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, inasmuch as the allegations in paragraph 207 relate to the Underwriter Answering Defendants, Answering Defendants lack sufficient information to form a belief as to the truth of those allegations. Answering Defendants otherwise deny the allegations in paragraph 207.

208. Answering Defendants need not respond to the allegations in paragraph 208 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants lack sufficient information to form a belief as to the truth of those allegations.

209. Answering Defendants need not respond to the allegations in paragraph 209 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them. Answering Defendants need not respond to the allegations in paragraph 209 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 209.

210. Answering Defendants need not respond to the allegations in paragraph 210 inasmuch as they are directed at another party. Answering Defendants need not respond to the allegations in paragraph 210 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants lack sufficient information to form a belief as to the truth of those allegations.

211. Answering Defendants need not respond to the allegations in paragraph 211

inasmuch as they are directed at another party.  Answering Defendants need not respond to the allegations in paragraph 211 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants lack sufficient information to form a belief as to the truth of those allegations.

212.    Answering Defendants need not respond to the allegations in paragraph 212 inasmuch as they are directed at another party.  Answering Defendants need not respond to the allegations in paragraph 212 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response Answering Defendants admit that Messrs. Raymond, Richman, and Wahlberg were signatories of the IPO Registration Statement.  Answering Defendants otherwise deny the allegations in paragraph 212.

213.    Answering Defendants need not respond to the allegations in paragraph 213 inasmuch as they are directed at another party.  Answering Defendants need not respond to the allegations in paragraph 213 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants lack sufficient information to form a belief as to the truth of those allegations.

214.    To the extent that the first sentence of paragraph 214 references prior allegations, Answering Defendants refer the Court to the above responses to those allegations.  Answering Defendants need not respond to the allegations in paragraph 214 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 214.

215.    Answering Defendants need not respond to the allegations in paragraph 215 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 215.

216. Answering Defendants need not respond to the allegations in paragraph 216 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 216.

217. Answering Defendants need not respond to the allegations in paragraph 217 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 217.

218. Answering Defendants need not respond to the allegations in paragraph 218 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response Answering Defendants admit that the Company is the registrant of the IPO. Answering Defendants otherwise deny the allegations in paragraph 218.

219. Answering Defendants need not respond to the allegations in paragraph 219 inasmuch as they are directed at another party. Answering Defendants need not respond to the allegations in paragraph 219 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response Answering Defendants admit that Messrs. Raymond, Richman, and Wahlberg were signatories of the IPO Materials. Answering Defendants otherwise deny the allegations in paragraph 219.

220. Answering Defendants need not respond to the allegations in paragraph 220 inasmuch as they are directed at another party. Answering Defendants need not respond to the allegations in paragraph 220 inasmuch as they constitute legal conclusions. Answering Defendants otherwise deny the allegations in paragraph 220.

221. Answering Defendants need not respond to the allegations in paragraph 221 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 221.

222.    Answering Defendants need not respond to the allegations in paragraph 222 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 222.

223.    Answering Defendants need not respond to the allegations in paragraph 223 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 223.

224.    Answering Defendants need not respond to the allegations in paragraph 224 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 224 as they relate to the Plaintiffs' actions.  Answering Defendants otherwise deny the allegations in paragraph 224.

225.    Answering Defendants need not respond to the allegations in paragraph 225 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 225.

226.    Answering Defendants need not respond to the allegations in paragraph 226 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Answering Defendants deny the allegations in paragraph 226.

227.    To the extent that the first sentence of paragraph 227 references prior allegations, Answering Defendants refer the Court to the above responses to those allegations.  Answering Defendants need not respond to the allegations in paragraph 227 inasmuch as they are directed at another party.  Answering Defendants need not respond to the allegations in paragraph 227 inasmuch as they constitute legal conclusions.  Answering Defendants otherwise deny the allegations in paragraph 227.

228.    Answering Defendants need not respond to the allegations in paragraph 228 inasmuch as they are directed at another party.  Answering Defendants need not respond to the allegations in paragraph 228 inasmuch as they constitute legal conclusions.  Answering Defendants otherwise deny the allegations in paragraph 228.

229.    Answering Defendants need not respond to the allegations in paragraph 229 inasmuch as they are directed at another party.  Answering Defendants need not respond to the allegations in paragraph 229 inasmuch as they constitute legal conclusions.  Answering Defendants otherwise deny the allegations in paragraph 229.

230.    Answering Defendants need not respond to the allegations in paragraph 230 inasmuch as they are directed at another party.  Answering Defendants need not respond to the allegations in paragraph 230 inasmuch as they constitute legal conclusions.  Answering Defendants otherwise deny the allegations in paragraph 230.

231.    Answering Defendants need not respond to the allegations in paragraph 231 inasmuch as they are directed at another party.  Answering Defendants need not respond to the allegations in paragraph 231 inasmuch as they constitute legal conclusions.  Answering Defendants otherwise deny the allegations in paragraph 231.

232.    Answering Defendants need not respond to the allegations in paragraph 232 inasmuch as they are directed at another party.  Answering Defendants need not respond to the allegations in paragraph 232 inasmuch as they constitute legal conclusions.  To the extent the allegations in paragraph 232 purport to describe Plaintiff and its actions, Answering Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 232. Answering Defendants otherwise deny the allegations in paragraph 232.

233.   Answering Defendants need not respond to the allegations in paragraph 233 inasmuch as they are directed at another party.  Answering Defendants need not respond to the allegations in paragraph 233 inasmuch as they constitute legal conclusions.  To the extent the allegations in paragraph 233 purport to describe Plaintiff and its actions, Answering Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 233. Answering Defendants otherwise deny the allegations in paragraph 233.

234.   Answering Defendants need not respond to the allegations in paragraph 234 inasmuch as they are directed at another party.  Answering Defendants need not respond to the allegations in paragraph 234 inasmuch as they constitute legal conclusions.  Answering Defendants otherwise deny the allegations in paragraph 234.

235.   Answering Defendants need not respond to the allegations in paragraph 235 inasmuch as they are directed at another party.  Answering Defendants need not respond to the allegations in paragraph 235 inasmuch as they constitute legal conclusions.  Answering Defendants otherwise deny the allegations in paragraph 235.

236.   Answering Defendants need not respond to the allegations in paragraph 236 inasmuch as they are directed at another party.  Answering Defendants need not respond to the allegations in paragraph 236 inasmuch as they constitute legal conclusions.  To the extent the allegations in paragraph 236 purport to describe Plaintiff and its actions, Answering Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 236. Answering Defendants otherwise deny the allegations in paragraph 236.

237.   Answering Defendants need not respond to the allegations in paragraph 237 inasmuch as they are directed at another party.  Answering Defendants need not respond to the

allegations in paragraph 237 inasmuch as they constitute legal conclusions.  Answering Defendants otherwise deny the allegations in paragraph 237.

238.    Answering Defendants need not respond to the allegations in paragraph 238 inasmuch as they are directed at another party.  Answering Defendants need not respond to the allegations in paragraph 238 inasmuch as they constitute legal conclusions.  Answering Defendants otherwise deny the allegations in paragraph 238.

239.    Answering Defendants need not respond to the allegations in paragraph 239 inasmuch as they are directed at another party.  Answering Defendants need not respond to the allegations in paragraph 239 inasmuch as they constitute legal conclusions.  Answering Defendants otherwise deny the allegations in paragraph 239.

240.    To the extent that the first sentence of paragraph 240 references prior allegations, Answering Defendants refer the Court to the above responses to those allegations.  Answering Defendants need not respond to the allegations in paragraph 240 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

241.    Answering Defendants need not respond to the allegations in paragraph 241 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

242.    Answering Defendants need not respond to the allegations in paragraph 242 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

243.    Answering Defendants need not respond to the allegations in paragraph 243 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

244. Answering Defendants need not respond to the allegations in paragraph 244 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

245. Answering Defendants need not respond to the allegations in paragraph 245 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

246. Answering Defendants need not respond to the allegations in paragraph 246 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

247. Answering Defendants need not respond to the allegations in paragraph 247 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

248. Answering Defendants need not respond to the allegations in paragraph 248 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

249. Answering Defendants need not respond to the allegations in paragraph 249 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

250. Answering Defendants need not respond to the allegations in paragraph 250 and footnote 19 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

251. Answering Defendants need not respond to the allegations in paragraph 251 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.

252.    Answering Defendants need not respond to the allegations in paragraph 252 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

253.    Answering Defendants need not respond to the allegations in paragraph 253 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

254.    Answering Defendants need not respond to the allegations in paragraph 254 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

255.    Answering Defendants need not respond to the allegations in paragraph 255 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

256.    Answering Defendants need not respond to the allegations in paragraph 256 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

257.    Answering Defendants need not respond to the allegations in paragraph 257 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

258.    Answering Defendants need not respond to the allegations in paragraph 258 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

259.    Answering Defendants need not respond to the allegations in paragraph 259

inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

260. Answering Defendants need not respond to the allegations in paragraph 260 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

261. Answering Defendants need not respond to the allegations in paragraph 261 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

262. Answering Defendants need not respond to the allegations in paragraph 262 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

263. Answering Defendants need not respond to the allegations in paragraph 263 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

264. Answering Defendants need not respond to the allegations in paragraph 264 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

265. Answering Defendants need not respond to the allegations in paragraph 265 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

266. Answering Defendants need not respond to the allegations in paragraph 266 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

267. Answering Defendants need not respond to the allegations in paragraph 267 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

268. Answering Defendants need not respond to the allegations in paragraph 268 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

269. Answering Defendants need not respond to the allegations in paragraph 269 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

270. Answering Defendants need not respond to the allegations in paragraph 270 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

271. Answering Defendants need not respond to the allegations in paragraph 271 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

272. Answering Defendants need not respond to the allegations in paragraph 272 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

273. Answering Defendants need not respond to the allegations in paragraph 273 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

274. Answering Defendants need not respond to the allegations in paragraph 274 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.

275.   Answering Defendants need not respond to the allegations in paragraph 275 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

276.   Answering Defendants need not respond to the allegations in paragraph 276 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

277.   Answering Defendants need not respond to the allegations in paragraph 277 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

278.   Answering Defendants need not respond to the allegations in paragraph 278 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

279.   Answering Defendants need not respond to the allegations in paragraph 279 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

280.   Answering Defendants need not respond to the allegations in paragraph 280 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

281.   Answering Defendants need not respond to the allegations in paragraph 281 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

282.   Answering Defendants need not respond to the allegations in paragraph 282

inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

283.   Answering Defendants need not respond to the allegations in paragraph 283 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

284.   Answering Defendants need not respond to the allegations in paragraph 284 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

285.   Answering Defendants need not respond to the allegations in paragraph 285 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

286.   Answering Defendants need not respond to the allegations in paragraph 286 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

287.   Answering Defendants need not respond to the allegations in paragraph 287 and footnote 20 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

288.   Answering Defendants need not respond to the allegations in paragraph 288 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

289.   Answering Defendants need not respond to the allegations in paragraph 289 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

290.    Answering Defendants need not respond to the allegations in paragraph 290 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

291.    Answering Defendants need not respond to the allegations in paragraph 291 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

292.    Answering Defendants need not respond to the allegations in paragraph 292 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

293.    Answering Defendants need not respond to the allegations in paragraph 293 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

294.    Answering Defendants need not respond to the allegations in paragraph 294 and footnote 21 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

295.    Answering Defendants need not respond to the allegations in paragraph 295 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

296.    Answering Defendants need not respond to the allegations in paragraph 296 and footnote 22 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

297.    Answering Defendants need not respond to the allegations in paragraph 297 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.

298. Answering Defendants need not respond to the allegations in paragraph 298 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

299. Answering Defendants need not respond to the allegations in paragraph 299 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

300. Answering Defendants need not respond to the allegations in paragraph 300 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

301. Answering Defendants need not respond to the allegations in paragraph 301 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

302. Answering Defendants need not respond to the allegations in paragraph 302 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

303. Answering Defendants need not respond to the allegations in paragraph 303 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

304. Answering Defendants need not respond to the allegations in paragraph 304 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

305. Answering Defendants need not respond to the allegations in paragraph 305

inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

306. Answering Defendants need not respond to the allegations in paragraph 306 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

307. Answering Defendants need not respond to the allegations in paragraph 307 and footnote 23 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

308. Answering Defendants need not respond to the allegations in paragraph 308 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

309. Answering Defendants need not respond to the allegations in paragraph 309 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

310. Answering Defendants need not respond to the allegations in paragraph 310 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

311. Answering Defendants need not respond to the allegations in paragraph 311 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

312. Answering Defendants need not respond to the allegations in paragraph 312 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

313.   Answering Defendants need not respond to the allegations in paragraph 313 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

314.   Answering Defendants need not respond to the allegations in paragraph 314 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

315.   Answering Defendants need not respond to the allegations in paragraph 315 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

316.   Answering Defendants need not respond to the allegations in paragraph 316 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

317.   Answering Defendants need not respond to the allegations in paragraph 317 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

318.   Answering Defendants need not respond to the allegations in paragraph 318 and footnote 24 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

319.   Answering Defendants need not respond to the allegations in paragraph 319 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

320.   Answering Defendants need not respond to the allegations in paragraph 320 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.

321.    Answering Defendants need not respond to the allegations in paragraph 321 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

322.    Answering Defendants need not respond to the allegations in paragraph 322 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

323.    Answering Defendants need not respond to the allegations in paragraph 323 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

324.    Answering Defendants need not respond to the allegations in paragraph 324 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

325.    Answering Defendants need not respond to the allegations in paragraph 325 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

326.    Answering Defendants need not respond to the allegations in paragraph 326 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

327.    Answering Defendants need not respond to the allegations in paragraph 327 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

328.    Answering Defendants need not respond to the allegations in paragraph 328 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

329.    Answering Defendants need not respond to the allegations in paragraph 329 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

330.    Answering Defendants need not respond to the allegations in paragraph 330 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

331.    Answering Defendants need not respond to the allegations in paragraph 331 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

332.    Answering Defendants need not respond to the allegations in paragraph 332 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

333.    Answering Defendants need not respond to the allegations in paragraph 333 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

334.    Answering Defendants need not respond to the allegations in paragraph 334 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

335.    Answering Defendants need not respond to the allegations in paragraph 335 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.

336.   Answering Defendants need not respond to the allegations in paragraph 336 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

337.   Answering Defendants need not respond to the allegations in paragraph 337 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

338.   Answering Defendants need not respond to the allegations in paragraph 338 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

339.   Answering Defendants need not respond to the allegations in paragraph 339 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

340.   Answering Defendants need not respond to the allegations in paragraph 340 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

341.   Answering Defendants need not respond to the allegations in paragraph 341 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

342.   Answering Defendants need not respond to the allegations in paragraph 342 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

343.   Answering Defendants need not respond to the allegations in paragraph 343

inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

344.    Answering Defendants need not respond to the allegations in paragraph 344 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

345.    Answering Defendants need not respond to the allegations in paragraph 345 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

346.    Answering Defendants need not respond to the allegations in paragraph 346 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

347.    Answering Defendants need not respond to the allegations in paragraph 347 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

348.    Answering Defendants need not respond to the allegations in paragraph 348 and footnote 25 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

349.    Answering Defendants need not respond to the allegations in paragraph 349 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

350.    Answering Defendants need not respond to the allegations in paragraph 350 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

351. Answering Defendants need not respond to the allegations in paragraph 351 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

352. Answering Defendants need not respond to the allegations in paragraph 352 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

353. Answering Defendants need not respond to the allegations in paragraph 353 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

354. Answering Defendants need not respond to the allegations in paragraph 354 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

355. Answering Defendants need not respond to the allegations in paragraph 355 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

356. Answering Defendants need not respond to the allegations in paragraph 356 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

357. Answering Defendants need not respond to the allegations in paragraph 357 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

358. Answering Defendants need not respond to the allegations in paragraph 358 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.

359.    Answering Defendants need not respond to the allegations in paragraph 359 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

360.    Answering Defendants need not respond to the allegations in paragraph 360 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

361.    Answering Defendants need not respond to the allegations in paragraph 361 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

362.    Answering Defendants need not respond to the allegations in paragraph 362 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

363.    Answering Defendants need not respond to the allegations in paragraph 363 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

364.    Answering Defendants need not respond to the allegations in paragraph 364 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

365.    Answering Defendants need not respond to the allegations in paragraph 365 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

366.    Answering Defendants need not respond to the allegations in paragraph 366

inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

367. Answering Defendants need not respond to the allegations in paragraph 367 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

368. Answering Defendants need not respond to the allegations in paragraph 368 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

369. Answering Defendants need not respond to the allegations in paragraph 369 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

370. Answering Defendants need not respond to the allegations in paragraph 370 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

371. Answering Defendants need not respond to the allegations in paragraph 371 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

372. Answering Defendants need not respond to the allegations in paragraph 372 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

373. Answering Defendants need not respond to the allegations in paragraph 373 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

374.    Answering Defendants need not respond to the allegations in paragraph 374 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

375.    Answering Defendants need not respond to the allegations in paragraph 375 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

376.    Answering Defendants need not respond to the allegations in paragraph 376 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

377.    Answering Defendants need not respond to the allegations in paragraph 377 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

378.    Answering Defendants need not respond to the allegations in paragraph 378 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

379.    Answering Defendants need not respond to the allegations in paragraph 379 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

380.    Answering Defendants need not respond to the allegations in paragraph 380 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

381.    Answering Defendants need not respond to the allegations in paragraph 381 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.

382. Answering Defendants need not respond to the allegations in paragraph 382 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

383. Answering Defendants need not respond to the allegations in paragraph 383 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

384. Answering Defendants need not respond to the allegations in paragraph 384 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

385. Answering Defendants need not respond to the allegations in paragraph 385 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

386. Answering Defendants need not respond to the allegations in paragraph 386 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

387. Answering Defendants need not respond to the allegations in paragraph 387 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

388. Answering Defendants need not respond to the allegations in paragraph 388 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

389. Answering Defendants need not respond to the allegations in paragraph 389

inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

390. Answering Defendants need not respond to the allegations in paragraph 390 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

391. Answering Defendants need not respond to the allegations in paragraph 391 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

392. Answering Defendants need not respond to the allegations in paragraph 392 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

393. Answering Defendants need not respond to the allegations in paragraph 393 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

394. Answering Defendants need not respond to the allegations in paragraph 394 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

395. Answering Defendants need not respond to the allegations in paragraph 395 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

396. Answering Defendants need not respond to the allegations in paragraph 396 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

397.    Answering Defendants need not respond to the allegations in paragraph 397 and footnote 26 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

398.    Answering Defendants need not respond to the allegations in paragraph 398 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

399.    Answering Defendants need not respond to the allegations in paragraph 399 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

400.    Answering Defendants need not respond to the allegations in paragraph 400 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

401.    Answering Defendants need not respond to the allegations in paragraph 401 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

402.    Answering Defendants need not respond to the allegations in paragraph 402 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

403.    Answering Defendants need not respond to the allegations in paragraph 403 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

404.    Answering Defendants need not respond to the allegations in paragraph 404 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.

405.    Answering Defendants need not respond to the allegations in paragraph 405 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

406.    Answering Defendants need not respond to the allegations in paragraph 406 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

407.    Answering Defendants need not respond to the allegations in paragraph 407 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

408.    Answering Defendants need not respond to the allegations in paragraph 408 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

409.    Answering Defendants need not respond to the allegations in paragraph 409 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

410.    Answering Defendants need not respond to the allegations in paragraph 410 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

411.    Answering Defendants need not respond to the allegations in paragraph 411 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

412.    Answering Defendants need not respond to the allegations in paragraph 412

inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

413. Answering Defendants need not respond to the allegations in paragraph 413 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

414. Answering Defendants need not respond to the allegations in paragraph 414 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

415. Answering Defendants need not respond to the allegations in paragraph 415 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

416. Answering Defendants need not respond to the allegations in paragraph 416 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

417. Answering Defendants need not respond to the allegations in paragraph 417 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

418. Answering Defendants need not respond to the allegations in paragraph 418 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

419. Answering Defendants need not respond to the allegations in paragraph 419 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

420. Answering Defendants need not respond to the allegations in paragraph 420 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

421. Answering Defendants need not respond to the allegations in paragraph 421 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

422. Answering Defendants need not respond to the allegations in paragraph 422 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

423. Answering Defendants need not respond to the allegations in paragraph 423 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

424. Answering Defendants need not respond to the allegations in paragraph 424 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

425. Answering Defendants need not respond to the allegations in paragraph 425 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

426. Answering Defendants need not respond to the allegations in paragraph 426 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

427. Answering Defendants need not respond to the allegations in paragraph 427 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.

428. Answering Defendants need not respond to the allegations in paragraph 428 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

429. Answering Defendants need not respond to the allegations in paragraph 429 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

430. Answering Defendants need not respond to the allegations in paragraph 430 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

431. Answering Defendants need not respond to the allegations in paragraph 431 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

432. Answering Defendants need not respond to the allegations in paragraph 432 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

433. Answering Defendants need not respond to the allegations in paragraph 433 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

434. Answering Defendants need not respond to the allegations in paragraph 434 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

435. Answering Defendants need not respond to the allegations in paragraph 435

inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

436. Answering Defendants need not respond to the allegations in paragraph 436 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

437. Answering Defendants need not respond to the allegations in paragraph 437 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

438. Answering Defendants need not respond to the allegations in paragraph 438 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

439. Answering Defendants need not respond to the allegations in paragraph 439 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

440. Answering Defendants need not respond to the allegations in paragraph 440 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

441. Answering Defendants need not respond to the allegations in paragraph 441 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

442. Answering Defendants need not respond to the allegations in paragraph 442 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

443.    Answering Defendants need not respond to the allegations in paragraph 443 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

444.    Answering Defendants need not respond to the allegations in paragraph 444 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

445.    Answering Defendants need not respond to the allegations in paragraph 445 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

446.    Answering Defendants need not respond to the allegations in paragraph 446 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

447.    Answering Defendants need not respond to the allegations in paragraph 447 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

448.    Answering Defendants need not respond to the allegations in paragraph 448 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

449.    Answering Defendants need not respond to the allegations in paragraph 449 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

450.    Answering Defendants need not respond to the allegations in paragraph 450 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.

451.    Answering Defendants need not respond to the allegations in paragraph 451 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

452.    Answering Defendants need not respond to the allegations in paragraph 452 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

453.    Answering Defendants need not respond to the allegations in paragraph 453 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

454.    Answering Defendants need not respond to the allegations in paragraph 454 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

455.    Answering Defendants need not respond to the allegations in paragraph 455 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

456.    Answering Defendants need not respond to the allegations in paragraph 456 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

457.    Answering Defendants need not respond to the allegations in paragraph 457 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

458.    Answering Defendants need not respond to the allegations in paragraph 458

inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

459.    Answering Defendants need not respond to the allegations in paragraph 459 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

460.    Answering Defendants need not respond to the allegations in paragraph 460 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

461.    Answering Defendants need not respond to the allegations in paragraph 461 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

462.    Answering Defendants need not respond to the allegations in paragraph 462 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

463.    Answering Defendants need not respond to the allegations in paragraph 463 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

464.    Answering Defendants need not respond to the allegations in paragraph 464 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

465.    Answering Defendants need not respond to the allegations in paragraph 465 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

466. Answering Defendants need not respond to the allegations in paragraph 466 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

467. Answering Defendants need not respond to the allegations in paragraph 467 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

468. Answering Defendants need not respond to the allegations in paragraph 468 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

469. Answering Defendants need not respond to the allegations in paragraph 469 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

470. Answering Defendants need not respond to the allegations in paragraph 470 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

471. Answering Defendants need not respond to the allegations in paragraph 471 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

472. Answering Defendants need not respond to the allegations in paragraph 472 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

473. Answering Defendants need not respond to the allegations in paragraph 473 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.

474. Answering Defendants need not respond to the allegations in paragraph 474 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

475. Answering Defendants need not respond to the allegations in paragraph 475 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

476. Answering Defendants need not respond to the allegations in paragraph 476 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

477. Answering Defendants need not respond to the allegations in paragraph 477 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

478. Answering Defendants need not respond to the allegations in paragraph 478 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

479. Answering Defendants need not respond to the allegations in paragraph 479 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

480. Answering Defendants need not respond to the allegations in paragraph 480 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

481. Answering Defendants need not respond to the allegations in paragraph 481

inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

482. Answering Defendants need not respond to the allegations in paragraph 482 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

483. Answering Defendants need not respond to the allegations in paragraph 483 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

484. Answering Defendants need not respond to the allegations in paragraph 484 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

485. Answering Defendants need not respond to the allegations in paragraph 485 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

486. Answering Defendants need not respond to the allegations in paragraph 486 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

487. Answering Defendants need not respond to the allegations in paragraph 487 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

488. Answering Defendants need not respond to the allegations in paragraph 488 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

489.    Answering Defendants need not respond to the allegations in paragraph 489 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

490.    Answering Defendants need not respond to the allegations in paragraph 490 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

491.    Answering Defendants need not respond to the allegations in paragraph 491 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

492.    Answering Defendants need not respond to the allegations in paragraph 492 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

493.    Answering Defendants need not respond to the allegations in paragraph 493 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

494.    Answering Defendants need not respond to the allegations in paragraph 494 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

495.    Answering Defendants need not respond to the allegations in paragraph 495 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

496.    Answering Defendants need not respond to the allegations in paragraph 496 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.

497. Answering Defendants need not respond to the allegations in paragraph 497 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

498. Answering Defendants need not respond to the allegations in paragraph 498 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

499. Answering Defendants need not respond to the allegations in paragraph 499 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

500. Answering Defendants need not respond to the allegations in paragraph 500 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

501. Answering Defendants need not respond to the allegations in paragraph 501 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

502. Answering Defendants need not respond to the allegations in paragraph 502 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

503. Answering Defendants need not respond to the allegations in paragraph 503 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

504. Answering Defendants need not respond to the allegations in paragraph 504

inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

505.    Answering Defendants need not respond to the allegations in paragraph 505 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

506.    Answering Defendants need not respond to the allegations in paragraph 506 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

507.    Answering Defendants need not respond to the allegations in paragraph 507 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

508.    Answering Defendants need not respond to the allegations in paragraph 508 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

509.    Answering Defendants need not respond to the allegations in paragraph 509 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

510.    Answering Defendants need not respond to the allegations in paragraph 510 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

511.    Answering Defendants need not respond to the allegations in paragraph 511 and footnotes 27 and 28 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

512.    Answering Defendants need not respond to the allegations in paragraph 512 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

513.    Answering Defendants need not respond to the allegations in paragraph 513 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

514.    Answering Defendants need not respond to the allegations in paragraph 514 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

515.    Answering Defendants need not respond to the allegations in paragraph 515 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

516.    Answering Defendants need not respond to the allegations in paragraph 516 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

517.    Answering Defendants need not respond to the allegations in paragraph 517 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

518.    Answering Defendants need not respond to the allegations in paragraph 518 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

519.    Answering Defendants need not respond to the allegations in paragraph 519 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.

520.    Answering Defendants need not respond to the allegations in paragraph 520 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

521.    Answering Defendants need not respond to the allegations in paragraph 521 and footnote 29 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

522.    Answering Defendants need not respond to the allegations in paragraph 522 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

523.    Answering Defendants need not respond to the allegations in paragraph 523 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

524.    Answering Defendants need not respond to the allegations in paragraph 524 and footnote 30 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

525.    Answering Defendants need not respond to the allegations in paragraph 525 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

526.    Answering Defendants need not respond to the allegations in paragraph 526 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

527.    Answering Defendants need not respond to the allegations in paragraph 527

inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

528.    Answering Defendants need not respond to the allegations in paragraph 528 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

529.    Answering Defendants need not respond to the allegations in paragraph 529 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

530.    Answering Defendants need not respond to the allegations in paragraph 530 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

531.    Answering Defendants need not respond to the allegations in paragraph 531 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

532.    Answering Defendants need not respond to the allegations in paragraph 532 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

533.    Answering Defendants need not respond to the allegations in paragraph 533 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

534.    Answering Defendants need not respond to the allegations in paragraph 534 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

535. Answering Defendants need not respond to the allegations in paragraph 535 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

536. Answering Defendants need not respond to the allegations in paragraph 536 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

537. Answering Defendants need not respond to the allegations in paragraph 537 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

538. Answering Defendants need not respond to the allegations in paragraph 538 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

539. Answering Defendants need not respond to the allegations in paragraph 539 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

540. Answering Defendants need not respond to the allegations in paragraph 540 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

541. Answering Defendants need not respond to the allegations in paragraph 541 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

542. Answering Defendants need not respond to the allegations in paragraph 542 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.

543.    Answering Defendants need not respond to the allegations in paragraph 543 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

544.    Answering Defendants need not respond to the allegations in paragraph 544 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

545.    Answering Defendants need not respond to the allegations in paragraph 545 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

546.    Answering Defendants need not respond to the allegations in paragraph 546 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

547.    Answering Defendants need not respond to the allegations in paragraph 547 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

548.    Answering Defendants need not respond to the allegations in paragraph 548 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

549.    Answering Defendants need not respond to the allegations in paragraph 549 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

550.    Answering Defendants need not respond to the allegations in paragraph 550

inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

551. Answering Defendants need not respond to the allegations in paragraph 551 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

552. Answering Defendants need not respond to the allegations in paragraph 552 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

553. Answering Defendants need not respond to the allegations in paragraph 553 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

554. Answering Defendants need not respond to the allegations in paragraph 554 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

555. Answering Defendants need not respond to the allegations in paragraph 555 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

556. Answering Defendants need not respond to the allegations in paragraph 556 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

557. Answering Defendants need not respond to the allegations in paragraph 557 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

558.    Answering Defendants need not respond to the allegations in paragraph 558 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

559.    Answering Defendants need not respond to the allegations in paragraph 559 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

560.    Answering Defendants need not respond to the allegations in paragraph 560 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

561.    Answering Defendants need not respond to the allegations in paragraph 561 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

562.    Answering Defendants need not respond to the allegations in paragraph 562 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

563.    Answering Defendants need not respond to the allegations in paragraph 563 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

564.    Answering Defendants need not respond to the allegations in paragraph 564 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

565.    Answering Defendants need not respond to the allegations in paragraph 565 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.

566.    Answering Defendants need not respond to the allegations in paragraph 566 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

567.    Answering Defendants need not respond to the allegations in paragraph 567 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

568.    Answering Defendants need not respond to the allegations in paragraph 568 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

569.    Answering Defendants need not respond to the allegations in paragraph 569 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

570.    Answering Defendants need not respond to the allegations in paragraph 570 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

571.    Answering Defendants need not respond to the allegations in paragraph 571 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

572.    Answering Defendants need not respond to the allegations in paragraph 572 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

573.    Answering Defendants need not respond to the allegations in paragraph 573

inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

574. Answering Defendants need not respond to the allegations in paragraph 574 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

575. Answering Defendants need not respond to the allegations in paragraph 575 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

576. Answering Defendants need not respond to the allegations in paragraph 576 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

577. Answering Defendants need not respond to the allegations in paragraph 577 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

578. Answering Defendants deny that this case is appropriate for class action treatment and deny all other allegations in paragraph 578.

579. Answering Defendants deny that this case is appropriate for class action treatment and deny all other allegations in paragraph 579.

580. Answering Defendants deny that this case is appropriate for class action treatment and deny all other allegations in paragraph 580.

581. Answering Defendants deny that this case is appropriate for class action treatment and deny all other allegations in paragraph 581.

582. Answering Defendants deny that this case is appropriate for class action treatment

and deny all other allegations in paragraph 582.

583.    Answering Defendants need not respond to the allegations in paragraph 583 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

584.    Answering Defendants need not respond to the allegations in paragraph 584 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

585.    Answering Defendants need not respond to the allegations in paragraph 585 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

586.    Answering Defendants need not respond to the allegations in paragraph 586 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

587.    Answering Defendants need not respond to the allegations in paragraph 587 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

588.    Answering Defendants need not respond to the allegations in paragraph 588 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

589.    Answering Defendants need not respond to the allegations in paragraph 589 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

590.    Answering Defendants need not respond to the allegations in paragraph 590

inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

591.   Answering Defendants need not respond to the allegations in paragraph 591 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

592.   Answering Defendants need not respond to the allegations in paragraph 592 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

593.   Answering Defendants need not respond to the allegations in paragraph 593 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

594.   Answering Defendants need not respond to the allegations in paragraph 594 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

595.   Answering Defendants need not respond to the allegations in paragraph 595 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

596.   Answering Defendants need not respond to the allegations in paragraph 596 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

597.   Answering Defendants need not respond to the allegations in paragraph 597 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

598. Answering Defendants need not respond to the allegations in paragraph 598 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

599. Answering Defendants need not respond to the allegations in paragraph 599 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

600. Answering Defendants need not respond to the allegations in paragraph 600 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

601. Answering Defendants need not respond to the allegations in paragraph 601 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

602. Answering Defendants need not respond to the allegations in paragraph 602 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

603. Answering Defendants need not respond to the allegations in paragraph 603 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

604. Answering Defendants need not respond to the allegations in paragraph 604 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

605. Answering Defendants need not respond to the allegations in paragraph 605 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on

that basis deny them.

606.    Answering Defendants need not respond to the allegations in paragraph 606 and footnote 31 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

607.    Answering Defendants need not respond to the allegations in paragraph 607 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

608.    Answering Defendants need not respond to the allegations in paragraph 608 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

609.    Answering Defendants need not respond to the allegations in paragraph 609 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis deny them.

Answering Defendants need not respond to the allegations in the Prayer for Relief inasmuch as they constitute legal conclusions.  To the extent a response is required, Answering Defendants deny them and deny that Plaintiffs are entitled to any relief.

610.    No response from Answering Defendants is required to Plaintiff's Jury Trial Demand.

## DEFENSES

Without admitting any wrongful conduct, and without admitting that Plaintiffs or the members of the purported class have suffered any loss, damage, or injury, Answering Defendants allege the below additional defenses to the allegations set forth in the Complaint.

By designating the following defenses, Answering Defendants do not in any way waive or

limit any defenses raised by the denials, allegations, and averments set forth elsewhere in this Answer. Answering Defendants also do not, by designating any defense, admit that Plaintiffs do not have the burden of proof for that issue, nor do Answering Defendants assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiffs.

These defenses are raised to preserve Answering Defendants' right to assert such defenses, and are made without prejudice to Answering Defendants' ability to raise other and further defenses. Answering Defendants expressly reserve the right to amend and/or supplement these defenses as may be necessary.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs lack standing to maintain the claims alleged in the Complaint, including that Plaintiffs or other members of the class lack standing to assert them to the extent they did not purchase F45 stock in or traceable to F45's Initial Public Offering.

## THIRD DEFENSE

Answering Defendants did not make misrepresentations or omissions actionable under the securities laws.

## FOURTH DEFENSE

Answering Defendants acted in good faith at all times, including, but not limited to, by reasonably relying in good faith upon the presence, involvement, work, judgment, and advice of professionals and any alleged misrepresentation or omission by Answering Defendants was based on good faith and in reasonable reliance upon information provided by others upon whom

Answering Defendants were entitled to rely.

## FIFTH DEFENSE

The alleged misstatements or omissions were not material to the investment decisions of a reasonable investor in view of the circumstances and the totality of available information.

## SIXTH DEFENSE

Any alleged misrepresentations by Answering Defendants were forward-looking, prospective statements accompanied by meaningful cautionary language, contingency warnings, and/or risk disclosures and are not actionable under the bespeaks caution doctrine or the safe harbor provisions of the Private Securities Litigation Reform Act of 1995.

## SEVENTH DEFENSE

Any allegedly undisclosed material facts were publicly known.

## EIGHTH DEFENSE

Any alleged misstatements or omissions did not impact the market price of the relevant securities.

## NINTH DEFENSE

Any increase or decrease in the market value of the stock held by Plaintiffs and/or any putative class members was the result of market factors or other economic factors separate from the alleged wrongful conduct of Answering Defendants.

## TENTH DEFENSE

None of the alleged conduct or inaction of Answering Defendants caused the losses for which Plaintiffs seek to recover damages.

## ELEVENTH DEFENSE

The damages suffered by Plaintiffs and/or by putative class members, if any, were caused by independent, intervening, and/or superseding events beyond Answering Defendants' control

and unrelated to Answering Defendants' conduct, and/or by the policies, practices, acts, or omissions of independent persons or entities other than Answering Defendants over which Answering Defendants have no control.

## TWELFTH DEFENSE

Plaintiffs' claims cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## THIRTEENTH DEFENSE

This action cannot be maintained as a class action, because plaintiffs cannot satisfy the requirements to proceed under Rule 23 of the Federal Rules of Civil Procedure.

## FOURTEENTH DEFENSE

This action cannot be maintained as a class action because the interests of the putative class members are in conflict with each other.

## FIFTEENTH DEFENSE

Plaintiffs failed to mitigate, reduce, or otherwise avoid any alleged damages.

## SIXTEENTH DEFENSE

Plaintiffs knowingly and/or recklessly assumed risks when purchasing the securities described in the Complaint.

## SEVENTEENTH DEFENSE

Plaintiffs' claim for damages is speculative.

## EIGHTEENTH DEFENSE

Plaintiffs' claims fail to the extent they seek damages exceeding those permitted under the law or any applicable statute, rule, or regulation.

## NINETEENTH DEFENSE

Plaintiffs' claims against each Defendant fail to the extent that they seek damages exceeding each Defendant's proportionate liability.

## TWENTIETH DEFENSE

Answering Defendants are entitled to recover contribution from third parties for any liability they incur as a result of any of the alleged misrepresentations, omissions, and conduct attributable to such third parties.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part because the substance of the allegedly omitted or misrepresented material information was disclosed in the Registration Statement, F45's own public filings and announcements, and/or in other sources that were publicly available or widely known to the market, the investing community, Plaintiffs, and members of the class.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because Answering Defendants acted in good faith, including by acting in conformity with the law and rules and regulations of the U.S. Securities and Exchange Commission, and did not directly or indirectly induce the act or acts constituting the alleged violations and/or because Answering Defendants had no knowledge of or reasonable grounds to believe in the existence of facts by reason of which liability is alleged to exist.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs and/or other members of the class had actual or constructive knowledge of the risks involved and thus assumed the risk that the value of F45 stock would decline if such risks materialized.

## TWENTY-FOURTH DEFENSE

125

Plaintiffs' claims against the non-issuer Answering Defendants are barred under 15 U.S.C. § 77k(b)(3) because the non-issuer Answering Defendants exercised due diligence and conducted a reasonable investigation with regard to the information contained or incorporated in non-expert portions of the IPO Materials.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims against the non-issuer Answering Defendants are barred under 15 U.S.C. § 77k(b)(3) because the non-issuer Answering Defendants relied in good faith on the work of relevant experts with regard to the information contained or incorporated in the expert portions of the IPO Materials.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the damages sought exceed those permitted under the law or any applicable statute, rule, or regulation.

### TWENTY-SEVENTH DEFENSE

Plaintiffs are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law, including under 15 U.S.C. section 77k(e).

### TWENTY-EIGHTH DEFENSE

Without conceding liability, Answering Defendants are entitled to offset the amount of any tax benefits or other benefits received by Plaintiffs in connection with their ownership of F45 shares, including but not limited to the profits retained by Plaintiffs from the alleged false and materially misleading statements made by Answering Defendants in the IPO Materials.

### TWENTY-NINTH DEFENSE

Without conceding liability, Plaintiff's requests, and the requests of the putative class that Plaintiff purports to represent, for equitable relief are improper because Plaintiff have an adequate

remedy at law.

## THIRTIETH DEFENSE

Plaintiffs' claims are barred in whole or in part because by the actions, omissions, and/or comparative fault and contributory negligence of Plaintiffs, other members of the class, or other third parties, including the failure to undertake their own due diligence.

## RESERVATION OF RIGHTS

Answering Defendants reserve the right to amend these affirmative defenses and to assert additional affirmative defenses as the facts of this matter become known through litigation and discovery.  Answering Defendants further reserve the right to amend this Answer to raise any additional cross-claims or third-party claims not asserted herein as may be warranted by the revelation of information during discovery and investigation.

## PRAYER FOR RELIEF

Wherefore, Answering Defendants pray as follows:

1. That Plaintiffs take nothing by the Second Amended Complaint ("SAC");

2. That the SAC be dismissed with prejudice;

3. That the Court enter judgment in favor of Answering Defendants and against Plaintiffs with respect to all causes of action in the SAC;

4. That the Court award Answering Defendants attorneys' fees and costs reasonably incurred in the defense of this action, including but not limited to under 15 U.S.C. section 77k(e); and

5. For such other and further relief as the Court may deem just and proper.

Dated:  May 6, 2025

**GIBSON, DUNN & CRUTCHER LLP**

_/s/ Gregg J. Costa_
Gregg J. Costa
Texas Bar No. 24028160
811 Main Street Suite 3000
Houston, TX 77002
Tel: (346) 718-6600
Fax (346) 718-6620
gcosta@gibsondunn.com

Craig Varnen (_pro hac vice_)
California Bar No. 170263
333 South Grand Avenue, 46th Floor
Los Angeles, CA 90071
Tel: (213) 229-7922
Fax: (213) 229-6922
cvarnen@gibsondunn.com

Lissa Percopo (_pro hac vice_)
Washington, D.C. Bar No. 985736
1700 M Street, N.W.
Washington, DC 20036
Tel: (202) 887-3770
Fax: (202) 530-9528
lpercopo@gibsondunn.com

_Counsel for Defendant F45 Training Holdings, Inc._

**AKIN GUMP STRAUSS HAUER & FELD LLP**

_/s/ Stephen M. Baldini_ (_by permission_)
M. Scott Barnard
Texas Bar No. 24001690
2300 N. Field St., Suite 1800
Dallas, TX 75201
Tel: (214) 969-2800
Fax: (214) 969-4343
sbarnard@akingump.com

128

Stephen M. Baldini (*pro hac vice*)
New York Bar No. 2428381
Andrew A. McWhorter (*pro hac vice* forthcoming)
New York Bar No. 5802822

One Bryant Park, 44th Floor
New York, NY 10036
Tel: (212) 872-1062
Fax: (212) 872-1002
sbaldini@akingump.com
amcwhorter@akingump.com

*Counsel for Answering Defendants Darren Richman, Mark Wahlberg, and Michael Raymond*

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

/s/ Gregg J. Costa
Gregg J. Costa

*Attorney for Defendant F45 Training Holdings, Inc.*