**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |
|---|---|
| *In re F45 Training Holdings, Inc.*<br>*Securities Litigation* | CASE NO. 1:22-CV-01291-DAE<br><br>CLASS ACTION |

**ANSWER AND DEFENSES OF DEFENDANT ADAM GILCHRIST TO
PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

Defendant Adam Gilchrist ("Gilchrist") by his undersigned counsel, hereby answers the

Second Amended Complaint (ECF 98, the "Complaint") as to himself, based on his present

knowledge and provides affirmative defenses as follows:

**GENERAL RESPONSE**

The Court's February 21, 2025 Order Granting in Part and Denying in Part Defendants'

Motion to Dismiss (ECF 111) dismissed all of Plaintiffs' Exchange Act claims (Counts IV & V),

and most of Plaintiffs' Securities Act claims (Count III and Counts I & II as to certain statements).

Gilchrist is not required to respond to claims and allegations that the Court has dismissed and has

endeavored in good faith to determine which allegations solely relate to dismissed claims and

allegations but reserves the right to amend this Answer if the Court disagrees with his interpretation

of the Court's February 21, 2025 Order.  Except as otherwise expressly admitted in this Answer,

Gilchrist denies each and every allegation contained or implied anywhere in the Complaint,

whether in the body, titles, headings, sub-headings, footnotes, or otherwise.[1]  For the sake of

---

[1]    For ease of reference, captions and headings used in the Complaint are included in this Answer, but Gilchrist does not thereby admit the truth of any allegation contained in the captions and headings or any inference that could be drawn from those captions or headings.

clarity, any allegations in footnotes to the Complaint are denied in their entirety and, unless otherwise expressly stated, capitalized terms not defined in this Answer have the meanings given to them in the Complaint, but Gilchrist does not concede that any such definitions are proper or accurate.  To the extent that the allegations in the Complaint concern knowledge or conduct of persons or entities other than Gilchrist, Gilchrist denies knowledge or information sufficient to form a belief as to the truth of allegations as to those persons or entities and responds solely with respect to his knowledge and conduct.  Gilchrist lacks knowledge about the operations of Defendant F45 Training Holdings, Inc. ("F45" or the "Company") after his separation from the Company and therefore denies knowledge or information sufficient to form a belief as to the truth of allegations regarding the Company post-dating his separation from the Company, including allegations regarding the Company's current business and operations.[2]

Gilchrist reserves the right to supplement his Answer and reserves the right to add additional defenses of which he becomes aware through discovery or other investigation.  Gilchrist has not knowingly or intentionally waived any applicable defenses.  Gilchrist denies that Plaintiffs have been damaged in any amount, sum, or manner whatsoever by reason of any breach or omission on the part of Gilchrist.  Gilchrist denies that Plaintiffs, or any members of the class that Plaintiffs purport to represent, are entitled to any relief, including but not limited to the relief sought in the Prayer for Relief on page 208 of the Complaint.

**SPECIFIC RESPONSES**

I.    **PRELIMINARY STATEMENT**

With respect to the numbered paragraphs in the Complaint, Gilchrist responds as follows:

---

[2]    Gilchrist resigned as an officer of the Company on June 24, 2022 and as a director on April 23, 2023.

1.      Paragraph 1 purports to characterize Plaintiffs' claims and asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist admits that the Complaint purports to assert claims based on the statutes and rules cited but denies that the asserted claims have any merit and further states that certain of the asserted claims have been dismissed pursuant to the Court's February 21, 2025 Order.

2.      Paragraph 2 purports to characterize Plaintiffs' claims and asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist admits that the Complaint purports to assert claims against the named Defendants, but otherwise denies the allegations in Paragraph 2 and further states that certain of the asserted claims and Defendants have been dismissed pursuant to the Court's February 21, 2025 Order.

3.      Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3, except admits that F45 is a fitness franchisor.

4.      Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 4.  Gilchrist admits that, during the Class Period, F45's business model included the sale of single and multi-unit franchises to new and existing franchisees and otherwise denies the allegations in the third sentence of Paragraph 4.

5.      The first, second and third sentences of Paragraph 5 assert conclusions of law to which no response is required and selectively quote and characterize the Company's public filings, which speak for themselves.  To the extent a response is required, Gilchrist respectfully refers the Court to the referenced materials, including the IPO Materials, for a complete and accurate statement of their contents and otherwise denies the allegations in the first, second and third sentences of Paragraph 5.  Gilchrist denies knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations in the fourth and fifth sentences of Paragraph 5.

6.      Paragraph 6 asserts conclusions of law to which no response is required and purports to characterize F45's public filings with the SEC.  To the extent a response is required, Gilchrist respectfully refers the Court to the referenced materials for a complete and accurate statement of their contents and otherwise denies the allegations in Paragraph 6.

7.      Paragraph 7 asserts conclusions of law to which no response is required and purports to selectively quote and characterize the Registration Statement, Prospectus and IPO Materials filed by F45 in connection with the IPO.  To the extent a response is required, Gilchrist respectfully refers the Court to the referenced materials for a complete and accurate statement of their contents and otherwise denies the allegations in Paragraph 7.

8.      Paragraph 8 asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 8.

9.      Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 regarding information provided by unnamed "[f]ormer F45 employees, franchise owners, and other individuals," and otherwise denies the allegations in Paragraph 9.

10.      No response is required to Paragraph 10 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 10.

11.      Paragraph 11 purports to selectively quote and characterize a Form 8-K and attachments filed with the SEC by F45 on July 26, 2022.  Gilchrist admits that F45 filed the Form 8-K and attachments with the SEC on July 26, 2022, respectfully refers the Court to the referenced documents for a complete and accurate statement of their contents, and otherwise denies the

allegations in Paragraph 11.

12.    Paragraph 12 asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist admits that F45's stock price closed at $3.51 on July 26, 2022, and at $1.35 on July 27, 2022.  Gilchrist otherwise denies the allegations in Paragraph 12.

13.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 13.

14.    Paragraph 14 asserts conclusions of law to which no response is required and purports to selectively quote and characterize the Company's release of its second quarter 2022 financial results on August 15, 2022 and the transcript of a related August 15, 2022 conference call, which speak for themselves.  To the extent a response is required, Gilchrist respectfully refers the Court to the referenced documents for a complete and accurate statement of their contents, and otherwise denies the allegations in Paragraph 14.

15.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 15.

16.    No response is required to Paragraph 16 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order.  To the extent a response is required, Paragraph 16 purports to selectively quote and characterize Form 12b-25s filed with the SEC by the Company on March 16, 2023 and May 10, 2023, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced documents for a complete and accurate statement of their contents and otherwise denies the allegations in Paragraph 16.

17.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 17.

18.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations described in Paragraph 18.

19. Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 19.

20. Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 20.

21. Paragraph 21 asserts conclusions of law to which no response is required. To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21.

22. Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 22.

23. Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 23.

24. Paragraph 24 asserts conclusions of law to which no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 24.

## II. JURISDICTION AND VENUE

25. Paragraph 25 purports to characterize Plaintiffs' claims and asserts conclusions of law to which no response is required. To the extent a response is required, Gilchrist admits that the Complaint purports to assert claims based on the statutes and rules cited but denies that the asserted claims have any merit and further states that certain of the asserted claims have been dismissed pursuant to the Court's February 21, 2025 Order.

26. Paragraph 26 asserts conclusions of law as to which no response is required. To the extent a response is required, Gilchrist admits that Plaintiffs purport to plead jurisdiction based on the statutes cited and further states that any claims asserted under the Exchange Act have been dismissed pursuant to the Court's February 21, 2025 Order.

27.     Paragraph 27 asserts conclusions of law as to which no response is required.  To the extent a response is required, Gilchrist admits that Plaintiffs purport to plead venue based on the statutes cited, that Plaintiffs have made a number of allegations related to acts and transactions that occurred in this District, and that F45 maintains its headquarters in Austin, Texas.  Gilchrist otherwise denies the allegations in Paragraph 27 and further states that any claims asserted under the Exchange Act have been dismissed pursuant to the Court's February 21, 2025 Order.

28.     Paragraph 28 asserts conclusions of law as to which no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 28.

## III.    THE PARTIES

### A.    Plaintiffs

#### 1.    Lead Plaintiff Pledge Capital

29.     Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of Paragraph 29.  To the extent the third sentence of Paragraph 29 purports to characterize documents previously filed with the Court, Gilchrist respectfully refers the Court to the referenced materials for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in paragraph 29.

#### 2.    Detroit P&F

30.     Gilchrist admits that the Police and Fire Retirement System of the City of Detroit is a plaintiff in this action, respectfully refers the Court to the referenced document for a complete and accurate statement of its contents, and otherwise denies the allegations in paragraph 30.

### B.    Defendants

#### 1.    The Corporate Defendants

31.     Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 except admits that F45 is a Delaware

corporation headquartered in Austin, Texas and that F45's common stock previously traded on the NYSE under the ticker symbol "FXLV."

32.    Gilchrist admits that F45 was founded in 2013 and that he served as CEO of F45 from 2014 to July 24, 2022; served as Executive Chairman of F45's board of directors from July 15, 2021 to July 24, 2022; signed the Registration Statement and Prospectus for the IPO and F45's Form 10-K for the year ended December 31, 2021; and was a member of F45's Chief Operating Decision Maker ("CODM") group during his tenure as CEO.   Gilchrist otherwise denies the allegations in paragraph 32.

33.    No response is required to Paragraph 33 because it is not directed towards Gilchrist. To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33, except admits that Payne served as F45's CFO, Treasurer and a member of its board of directors and signed the Registration Statement and Prospectus for the IPO, F45's Form 10-Qs between July 15, 2021 and July 26, 2022, and F45's Form 10-K for the year ended December 31, 2021.

34.    Paragraph 34 asserts conclusions of law to which no response is required.   To the extent a response is required, Gilchrist denies the allegations in Paragraph 34, except admits that he and Payne signed the Registration Statement and were directors of F45 at the time the Registration Statement was signed.

### 2.    The Director Defendants

35.    No response is required to Paragraph 35 because it is not directed towards Gilchrist. To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35, except admits that Raymond was a member of F45's Board of Directors and signed the Registration Statements and Prospectuses for the IPO and F45's Report on Form 10-K for the year ended December 31, 2021.

36.    No response is required to Paragraph 36 because it is not directed towards Gilchrist. To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36, except admits that Richman was a member of F45's Board of Directors and signed the Registration Statements and Prospectuses for the IPO and F45's Report on Form 10-K for the year ended December 31, 2021.

37.    No response is required to Paragraph 37 because it is not directed towards Gilchrist. To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37, except admits that Wahlberg was a member of F45's Board of Directors and signed the Registration Statements and Prospectuses for the IPO and F45's Report on Form 10-K for the year ended December 31, 2021.

38.    No response is required to Paragraph 38 because it is not directed towards Gilchrist and asserts conclusions of law.  To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 except admits that Raymond, Richman and Wahlberg signed the Registration Statement and were directors of F45 at the time the Registration Statement was filed.

### 3.    The Controlling Entity Defendants

39.    No response is required to Paragraph 39 because it is not directed towards Gilchrist. To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 39, except admits that MWIG is listed as a "Principal Stockholder" in the IPO Registration Statement and Prospectus.

40.    No response is required to Paragraph 40 because it is not directed towards Gilchrist. To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 40, except admits that KLIM is listed as a "Principal Stockholder" in the IPO Registration Statement and Prospectus.

**4.    The Underwriter Defendants**

41.    No response is required to Paragraph 41 because it is not directed towards Gilchrist and asserts conclusions of law.  To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41, except admits that Goldman served as an underwriter for the IPO.

42.    No response is required to Paragraph 42 because it is not directed towards Gilchrist and asserts conclusions of law.  To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42, except admits that J.P. Morgan served as an underwriter for the IPO.

43.    No response is required to Paragraph 43 because it is not directed towards Gilchrist and asserts conclusions of law.  To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43, except admits that Baird served as an underwriter for the IPO.

44.    No response is required to Paragraph 44 because it is not directed towards Gilchrist and asserts conclusions of law.  To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44, except admits that Cowen served as an underwriter for the IPO.

45.    No response is required to Paragraph 45 because it is not directed towards Gilchrist and asserts conclusions of law.  To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45, except admits that Guggenheim served as an underwriter for the IPO.

46.    No response is required to Paragraph 46 because it is not directed towards Gilchrist and asserts conclusions of law.  To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph

46, except admits that Macquarie served as an underwriter for the IPO.

47.     No response is required to Paragraph 46 because it is not directed towards Gilchrist and asserts conclusions of law.  To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46, except admits that MUFG served as an underwriter for the IPO.

48.     No response is required to Paragraph 48 because it is not directed towards Gilchrist and asserts conclusions of law.  To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48, except admits that Roth served as an underwriter for the IPO.

49.     No response is required to Paragraph 49 because it is not directed towards Gilchrist and asserts conclusions of law.  To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49, except admits that the Underwriter Defendants served as underwriters of the IPO.

## IV.     COMPANY BACKGROUND

### A.     Background of F45

50.     Gilchrist admits that F45 is a fitness franchisor and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50.

51.     Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51.

52.     Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 to the extent they relate to F45's current business and operations, except admits that, during his tenure at F45, F45 entered into promotional agreements with certain individuals, including Greg Norman, Magic Johnson, Cindy Crawford, Joe Montana, David Beckham, Timothy Kennedy, and Mark Wahlberg, and that Wahlberg was a member of

F45's board of directors.

53.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53.

54.    Gilchrist admits that F45 was co-founded in 2013 by Gilchrist and Robert Deutsch; F45's first studio opened in Paddington, Australia; and F45 began franchising in Australia. Gilchrist otherwise denies the allegations in Paragraph 54.

55.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55.

### B.    F45 Was an Unprofitable Company Focused on Exponential Growth Predominantly in the U.S.

56.    To the extent the allegations in Paragraph 56 characterize F45's public filings (including its annual and quarterly reports filed with the SEC), Gilchrist respectfully refers the Court to those materials for a complete and accurate statement of their contents and of the Company's financial results.  Gilchrist otherwise denies the allegations in Paragraph 56.

57.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57.

58.    Paragraph 58 selectively quotes and characterizes the Company's March 14, 2022 Earnings Call and 2021 Form 10-K filed with the SEC on March 23, 2022, which speak for themselves.  Gilchrist respectfully refers the Court to the March 14, 2022 Earnings Call and 2021 Form 10-K for a complete and accurate description of their contents.  Gilchrist otherwise denies the allegations in Paragraph 58, except admits that the Company reported certain metrics and used the terms "Total Franchises Sold," "New Franchises Sold," "Initial Studio Openings," "Total Studios," and "Open Studios."

59.    No response is required to Paragraph 59 because it relates to claims that have been

dismissed pursuant to the Court's February 21, 2025 Order.  To the extent a response is required, Paragraph 59 purports to selectively quote and characterize statements made on F45's Q2 2021 earnings call, which speak for themselves.  Gilchrist respectfully refers the Court to the transcript for the referenced earnings call, and otherwise denies the allegations in Paragraph 59.

60.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60.

61.    Paragraph 61 selectively quotes and characterizes the IPO Registration Statement and the Company's public filings during the Class Period, which speak for  themselves.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and public filings for complete and accurate descriptions of their contents.  Gilchrist otherwise denies the allegations in Paragraph 61.

62.    Paragraph 62 selectively quotes and characterizes the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for complete and accurate descriptions of their contents.  Gilchrist otherwise denies the allegations in Paragraph 62.

**C.    F45's Business Model Was Unsustainable**

63.    Paragraph 63 asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist admits that Functional HIIT Fitness, LLC commenced an action against the Company, respectfully refers the Court to the filings in that action for a complete and accurate statement of their contents, and otherwise denies the allegations in Paragraph 63.

64.    Paragraph 64 purports to quote and characterize filings in the action commenced by Functional HIIT Fitness, LLC against the Company.  Gilchrist respectfully refers the Court to the filings in that action for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 64.

65.    Paragraph 65 purports to characterize filings in the action commenced by Functional HIIT Fitness, LLC against the Company.  Gilchrist respectfully refers the Court to the filings in that action for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 65.

**D.    The Pandemic Delayed F45's Initial Public Offering**

66.    Gilchrist denies the allegations in Paragraph 66.

67.    Gilchrist admits that the COVID-19 pandemic led to the shutdown of gyms in 2020 and 2021, and otherwise denies the allegations in Paragraph 67.

68.    Gilchrist admits that F45 studios had to pause operations for stretches of time due to outbreaks of COVID-19, and otherwise denies the allegations in Paragraph 68.

69.    Gilchrist admits that F45's business was impacted by the global COVID-19 pandemic, and otherwise denies the allegations in Paragraph 69.

**E.    F45 Completes Its Initial Public Offering in July 2021**

70.    Gilchrist admits the allegations in Paragraph 70.

71.    Paragraph 71 selectively quotes and characterizes the IPO Registration Statement, which speaks for itself.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement for a complete and accurate descriptions of its contents.  Gilchrist otherwise denies the allegations in Paragraph 71.

72.    Gilchrist admits the allegations in paragraph 72.

73.    Paragraph 73 selectively quotes and characterizes the Form 424(b) filed by F45 with the SEC on July 16, 2021, which speaks for itself.  Gilchrist respectfully refers the Court to the referenced Form 424(b) for a complete and accurate statement of its contents.  Gilchrist otherwise denies the allegations in Paragraph 73 except admits that he, Payne, Raymond, Richman, and Wahlberg signed the IPO Registration Statement and that F45 filed a Form 424(b) on July 16,

2021.

74.     Paragraph 74 purports to characterize the IPO Materials, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced IPO Materials for a complete and accurate statement of their contents, and otherwise denies the allegations in Paragraph 74.

75.     Paragraph 75 selectively quotes and characterizes the IPO Registration Statement, which speaks for itself.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement for a complete and accurate description of its contents.  Gilchrist otherwise denies the allegations in Paragraph 75.

76.     Paragraph 76 selectively quotes and characterizes the IPO Registration Statement, which speaks for itself.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement for a complete and accurate description of its contents.  Gilchrist otherwise denies the allegations in Paragraph 76.

77.     Paragraph 77 selectively quotes and characterizes the IPO Registration Statement, which speaks for itself.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement for a complete and accurate description of its contents.  Gilchrist otherwise denies the allegations in Paragraph 77.

78.     Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 78.  Gilchrist admits the allegations in the second sentence of Paragraph 78.

79.     Paragraph 79 selectively quotes and characterizes the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for complete and accurate descriptions of their contents.  Gilchrist otherwise denies the allegations in Paragraph 79.

80.    Gilchrist admits that the Company sought to enter into partnerships with various entities, and otherwise denies the allegations in Paragraph 80.

**F.    F45 Issues Strategic Update Including A Significant Decrease in New Franchises Sold And CEO Departs Company: July 26, 2022**

81.    Paragraph 81 purports to selectively quote and characterize a Form 8-K and attachments filed with the SEC by F45 on July 26, 2022.  Gilchrist admits that F45 filed the Form 8-K and attachments with the SEC on July 26, 2022, respectfully refers the Court to the referenced documents for a complete and accurate statement of their contents, and otherwise denies the allegations in Paragraph 81.

82.    Paragraph 82 asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist admits that F45's stock price closed at $3.51 on July 26, 2022, and at $1.35 on July 27, 2022, and otherwise denies the allegations in Paragraph 82.

**G.    Shake-Up of F45's Executive Team**

83.    Gilchrist admits that his resignation as an executive of F45 was announced on July 26, 2022, and that he remained on the Company's Board of Directors until April 21, 2023. Gilchrist otherwise denies the allegations in paragraph 83.

84.    The allegations in Paragraph 84 are not directed towards Gilchrist, and no response is required.  To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84.

85.    The allegations in Paragraph 85 are not directed towards Gilchrist, and no response is required.  To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85.

86.    The allegations in Paragraph 86 are not directed towards Gilchrist, and no response is required.  To the extent a response is required, Gilchrist denies knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86.

87.    The allegations in Paragraph 87 are not directed towards Gilchrist, and no response is required.  To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87.

88.    The allegations in Paragraph 88 are not directed towards Gilchrist, and no response is required.  To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88.

89.    The allegations in Paragraph 89 are not directed towards Gilchrist, and no response is required.  To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89.

## V.    DESCRIPTION OF CONFIDENTIAL WITNESSES

90.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90.

91.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91.

92.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92.

93.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93.

94.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94.

95.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95.

96.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in Paragraph 96.

97.     Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97.

**VI.   F45 CONSISTENTLY FAILED TO MAINTAIN EFFECTIVE ICFR AND DCP DURING THE CLASS PERIOD**

**A.      Material Weakness in Internal Controls Over Financial Reporting Disclosed, But Still Not Remediated More Than Two Years Later**

98.     No response is required to Paragraph 98 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order.  To the extent a response is required, Paragraph 98 purports to selectively quote and characterize the IPO Materials, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced IPO Materials for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 98.

99.     No response is required to Paragraph 99 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order.  To the extent a response is required, Paragraph 99 purports to selectively quote and characterize the IPO Registration Statement and Prospectus which speak for themselves.  Gilchrist respectfully refers the Court to the referenced documents for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 99.

100.    No response is required to Paragraph 100 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order.  To the extent a response is required, Paragraph 100 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced documents for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 100.

101.     No response is required to Paragraph 101 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order.  To the extent a response is required, Paragraph 101 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced documents for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 101.

102.     No response is required to Paragraph 102 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order.  To the extent a response is required, Paragraph 102 purports to selectively quote and characterize F45's Form 10-K for the year ended December 31, 2021, which speaks for itself.  Gilchrist respectfully refers the Court to the referenced Form 10-K for a complete and accurate statement of its contents.  Gilchrist otherwise denies the allegations in Paragraph 102.

103.     No response is required to Paragraph 103 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order.  To the extent a response is required, Paragraph 103 purports to selectively quote and characterize F45's Form 10-K for the year ended December 31, 2021, which speaks for itself.  Gilchrist respectfully refers the Court to the referenced Form 10-K for a complete and accurate statement of its contents.  Gilchrist otherwise denies the allegations in Paragraph 103.

104.     No response is required to Paragraph 104 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 104.

105.     No response is required to Paragraph 105 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order.  To the extent a response is required,

Paragraph 105 selectively quotes and characterizes the Form 12b-25 filed with the SEC by F45 on March 16, 2023, which speaks for itself.  Gilchrist respectfully refers the Court to the referenced Form 12b-25 for a complete and accurate statement of its contents.  Gilchrist otherwise denies the allegations in Paragraph 105.

106.    No response is required to Paragraph 106 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order.  To the extent a response is required, Paragraph 106 selectively quotes and characterizes the Form 12b-25 filed with the SEC by F45 on May 10, 2023, which speaks for itself.  Gilchrist respectfully refers the Court to the referenced Form 12b-25 for a complete and accurate statement of its contents.  Gilchrist otherwise denies the allegations in Paragraph 106.

107.    No response is required to Paragraph 107 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order.  To the extent a response is required, Paragraph 107 purports to characterize F45's Form 10-K for the year ended December 31, 2022, which speaks for itself.  Gilchrist respectfully refers the Court to the referenced Form 10-K for a complete and accurate statement of its contents.  Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107.

B.    Internal Controls Over Financial Reporting

108.    No response is required to Paragraph 108 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 108.

109.    No response is required to Paragraph 109 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 109.

110.    No response is required to Paragraph 110 because it relates to claims that have been

dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law. To the extent a response is required, Gilchrist denies the allegations in Paragraph 110.

111.    No response is required to Paragraph 111 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law. To the extent a response is required, Gilchrist denies the allegations in Paragraph 111.

112.    No response is required to Paragraph 112 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law. To the extent a response is required, Gilchrist denies the allegations in Paragraph 112.

113.    No response is required to Paragraph 113 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law. To the extent a response is required, Gilchrist denies the allegations in Paragraph 113.

114.    No response is required to Paragraph 114 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law. To the extent a response is required, Gilchrist denies the allegations in Paragraph 114.

115.    No response is required to Paragraph 115 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law. To the extent a response is required, Gilchrist denies the allegations in Paragraph 115.

116.    No response is required to Paragraph 116 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law. To the extent a response is required, Gilchrist denies the allegations in Paragraph 116.

117.    No response is required to Paragraph 117 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law. To the extent a response is required, Gilchrist denies the allegations in Paragraph 117.

118.     No response is required to Paragraph 118 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 118.

119.     No response is required to Paragraph 119 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 119.

   C.    **F45 Is Required to Design and Implement Two Kinds of Control Systems: ICFR and DCP**

120.     No response is required to Paragraph 120 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 120.

121.     No response is required to Paragraph 121 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 121.

122.     No response is required to Paragraph 122 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 122.

123.     No response is required to Paragraph 123 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 123.

124.     No response is required to Paragraph 124 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 124.

125.     No response is required to Paragraph 125 because it relates to claims that have been

dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law. To the extent a response is required, Gilchrist denies the allegations in Paragraph 125.

126.    No response is required to Paragraph 126 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law. To the extent a response is required, Gilchrist denies the allegations in Paragraph 126.

127.    No response is required to Paragraph 127 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law. To the extent a response is required, Gilchrist denies the allegations in Paragraph 127.

128.    No response is required to Paragraph 128 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law. To the extent a response is required, Gilchrist denies the allegations in Paragraph 128.

129.    No response is required to Paragraph 129 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law. To the extent a response is required, Gilchrist denies the allegations in Paragraph 129.

130.    No response is required to Paragraph 130 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law. To the extent a response is required, Gilchrist denies the allegations in Paragraph 130.

**D.    F45 Identified the Need for Internal Control Procedures, But Failed to Set an Appropriate Tone at the Top and Maintain an Effective Control Environment**

131.    No response is required to Paragraph 131 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law. To the extent a response is required, Gilchrist denies the allegations in Paragraph 131.

132.    No response is required to Paragraph 132 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order. To the extent a response is required,

Paragraph 132 purports to characterize the IPO Registration Statement filed with the SEC by F45 on July 13, 2021, which speaks for itself.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement for a complete and accurate statement of its contents.  Gilchrist otherwise denies the allegations in Paragraph 132.

133.    No response is required to Paragraph 133 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Paragraph 133 purports to characterize the IPO Registration Statement filed with the SEC by F45 on July 13, 2021, which speaks for itself.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement for a complete and accurate statement of its contents.  Gilchrist otherwise denies the allegations in Paragraph 133.

134.    No response is required to Paragraph 134 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Paragraph 134 purports to characterize F45's 2021 Form 10-K filed with the SEC on March 23, 2022, which speaks for itself.  Gilchrist respectfully refers the Court to the referenced Form 10-K for a complete and accurate statement of its contents.  Gilchrist otherwise denies the allegations in Paragraph 134.

135.    No response is required to Paragraph 135 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Paragraph 135 purports to characterize F45's public filings with the SEC, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced materials for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 135.

136.    No response is required to Paragraph 136 because it relates to claims that have been

dismissed pursuant to the Court's February 21, 2025 Order.  To the extent a response is required, Paragraph 136 purports to characterize F45's Form 8-K filed with the SEC on July 7, 2023, which speaks for itself.  Gilchrist respectfully refers the Court to the referenced Form 8-K for a complete and accurate statement of its contents.  Gilchrist otherwise denies the allegations in Paragraph 136.

137.    No response is required to Paragraph 137 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Paragraph 137 purports to selectively quote and characterize F45's Form 10-K for the year ended December 31, 2022, which speaks for itself.  Gilchrist respectfully refers the Court to the referenced Form 10-K for a complete and accurate statement of its contents. Gilchrist otherwise denies the allegations in Paragraph 137.

138.    No response is required to Paragraph 138 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order.  To the extent a response is required, Paragraph 138 purports to characterize F45's public filings with the SEC, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced materials for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 138.

139.    No response is required to Paragraph 139 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 139.

140.    No response is required to Paragraph 140 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 140.

141.    No response is required to Paragraph 141 because it relates to claims that have been

dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law. To the extent a response is required, Gilchrist denies the allegations in Paragraph 141.

## VII.    SECURITIES ACT ALLEGATIONS

### A.    Background of the Securities Act Claims

142.    Paragraph 142 purports to characterize Plaintiffs' claims and states conclusions of law to which no response is required. To the extent a response is required, Gilchrist admits that the Complaint purports to assert claims based on the Securities Act but denies that the asserted claims have any merit and otherwise denies the allegations in Paragraph 142.

143.    Paragraph 143 asserts conclusions of law to which no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 143.

144.    Paragraph 144 asserts conclusions of law to which no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 144.

145.    Paragraph 145 asserts conclusions of law to which no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 145.

146.    Gilchrist admits the allegations in Paragraph 146.

147.    Gilchrist admits the allegations in Paragraph 147.

148.    Gilchrist admits that F45 filed a prospectus on Form 424(b)(4) on July 16, 2021, and that Gilchrist, Payne, Raymond, Richman, and Wahlberg signed the IPO Registration Statement. To the extent the allegations in Paragraph 148 purport to characterize the Form 424(b)(4) and the IPO Registration Statement, Gilchrist respectfully refers the Court to the referenced materials for a complete and accurate statement of their contents. Gilchrist otherwise denies the allegations in Paragraph 148.

149.    To the extent the allegations in Paragraph 149 selectively quote and characterize F45's public filings (including its Form 10-Q filed with the SEC on August 30, 2021), Gilchrist

respectfully refers the Court to those materials for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 149.

**B.      The IPO Materials Contained Material Misstatements and Omissions**

**1.      Misstatements and Omissions About F45's Unit-Economic Model**

150.    Paragraph 150 asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 150.

151.    The first sentence of Paragraph 151 asserts conclusions of law to which no response is required but, to the extent a response is required, Gilchrist denies the allegations in the first sentence of Paragraph 151.  The remainder of Paragraph 151 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus materials for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 151.

152.    Paragraph 152 purports to selectively quote and characterize the IPO Prospectus, which speaks for itself.  Gilchrist respectfully refers the Court to the referenced Prospectus for a complete and accurate statement of its contents.  Gilchrist otherwise denies the allegations in Paragraph 152.

153.    Paragraph 153 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 153.

154.    Paragraph 154 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement

of their contents.  Gilchrist otherwise denies the allegations in Paragraph 154.

155.    Paragraph 155 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 155.

156.    Paragraph 156 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 156.

157.    No response is required to Paragraph 157 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 157.

158.    The first sentence of Paragraph 158 asserts conclusions of law to which no response is required but, to the extent a response is required, Gilchrist denies the allegations in the first sentence of Paragraph 158.  The second sentence of Paragraph 158 purports to characterize a lawsuit filed by Functional HIIT Fitness, LLC.  Gilchrist respectfully refers the Court to the documents filed in that lawsuit for a complete and accurate statement of their contents and otherwise denies the allegations in the second sentence of Paragraph 158.

159.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 159 regarding "additional franchise owners," and otherwise denies the allegations in Paragraph 159.

160.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 160.

161.   Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 161.

162.   Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162.

163.   Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 163.

164.   Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 164.

### 2.   Misstatements and Omissions Related to the Increasing Percentage of Multi-Unit Franchise Systems Being Sold

165.   Paragraph 165 asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 165.

166.   Paragraph 166 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 166.

167.   Paragraph 167 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 167.

168.   Paragraph 168 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 168.

169.    No response is required to Paragraph 169 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  To the extent a response is required, Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents, and otherwise denies the allegations in Paragraph 169.

170.    No response is required to Paragraph 170 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  To the extent a response is required, Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents, and otherwise denies the allegations in Paragraph 170.

171.    Paragraph 171 asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 171.

172.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 172 regarding "former F45 employees," and otherwise denies the allegations in Paragraph 172.

173.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 173.

174.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 174.

### 3.    Misstatements and Omissions About F45's Potential for Growth in the U.S.

175.    Paragraph 175 purports to selectively quote and characterize the IPO Registration

Statement and Prospectus, which speak for themselves. Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents. Gilchrist otherwise denies the allegations in Paragraph 175.

176. Paragraph 176 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves. Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents. Gilchrist otherwise denies the allegations in Paragraph 176.

177. Paragraph 177 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves. Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents. Gilchrist otherwise denies the allegations in Paragraph 177.

178. Paragraph 178 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves. Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents. Gilchrist otherwise denies the allegations in Paragraph 178.

179. Paragraph 179 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves. Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents. Gilchrist otherwise denies the allegations in Paragraph 179.

180. Paragraph 180 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves. Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents. Gilchrist otherwise denies the allegations in Paragraph 180.

181.    Paragraph 181 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 181.

182.    Paragraph 182 asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 182.

183.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 183 regarding "former F45 employees and franchises," and otherwise denies the allegations in Paragraph 183.

184.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 184.

185.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 185.

186.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 186.

### 4.    Misstatements and Omissions About the Quality of F45's Franchisees

187.    Paragraph 187 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 187.

188.    Paragraph 188 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 188.

189.    Paragraph 189 asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 189.

190.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 190 regarding "former F45 employees," and otherwise denies the allegations in Paragraph 190.

191.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 191.

192.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 192.

193.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 193.

194.    Gilchrist denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 194.

### 5.    Misstatements and Omissions About F45's Deficient Internal Controls Over Financial Reporting

195.    Paragraph 195 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents.  Gilchrist otherwise denies the allegations in Paragraph 195.

196.    No response is required to Paragraph 196 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  To the extent a response is required, Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents, and

otherwise denies the allegations in Paragraph 196.

197.    Paragraph 197 asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 197.

**6.    The IPO Risk Warnings Were Inadequate and Contained Material Misstatements and Omissions**

198.    No response is required to Paragraph 198 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 198.

199.    No response is required to Paragraph 199 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 199.

200.    No response is required to Paragraph 200 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 200.

201.    No response is required to Paragraph 201 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order.  To the extent a response is required, Paragraph 201 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents. Gilchrist otherwise denies the allegations in Paragraph 201.

202.    No response is required to Paragraph 202 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order.  To the extent a response is required, Paragraph 202 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced

IPO Registration Statement and Prospectus for a complete and accurate statement of their contents. Gilchrist otherwise denies the allegations in Paragraph 202.

203.    No response is required to Paragraph 203 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order.  To the extent a response is required, Paragraph 203 purports to selectively quote and characterize the IPO Registration Statement and Prospectus, which speak for themselves.  Gilchrist respectfully refers the Court to the referenced IPO Registration Statement and Prospectus for a complete and accurate statement of their contents. Gilchrist otherwise denies the allegations in Paragraph 203.

204.    No response is required to Paragraph 204 because it relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and asserts conclusions of law.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 204.

### C.    F45 Issues Strategic Update On July 26, 2022

205.    Paragraph 205 purports to selectively quote and characterize a Form 8-K and attachments filed with the SEC by F45 on July 26, 2022, which speak for themselves.  Gilchrist admits that F45 filed the Form 8-K and attachments with the SEC on July 26, 2022, respectfully refers the Court to the referenced documents for a complete and accurate statement of their contents, and otherwise denies the allegations in Paragraph 205.

206.    Paragraph 206 asserts conclusions of law to which no response is required.  To the extent a response is required.  To the extent a response is required, Gilchrist admits that F45's stock price closed at $3.51 on July 26, 2022 and at $1.35 on July 27, 2022, and otherwise denies the allegations in Paragraph 206.

### D.    The Corporate Defendants, Director Defendants, and Underwriter Defendants Failed to Exercise Reasonable Care or Conduct a Reasonable Investigation in Connection with the IPO

207.    Paragraph 207 asserts conclusions of law to which no response is required.  To the

extent a response is required, Gilchrist denies the allegations in Paragraph 207.

210.    Paragraph 208 asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 208.

209.    Paragraph 209 asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 209.

210.    No response is required to Paragraph 210 because it asserts conclusions of law and is not directed towards Gilchrist.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 210.

211.    No response is required to Paragraph 211 because it asserts conclusions of law and is not directed towards Gilchrist.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 211.

212.    Paragraph 212 asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist admits that Gilchrist, Payne, Raymond, Richman and Wahlberg were signatories of the IPO Registration Statemen, and otherwise denies the allegations in Paragraph 212.

213.    No response is required to Paragraph 213 because it asserts conclusions of law and is not directed towards Gilchrist.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 213.

## VIII.    CLAIMS FOR RELIEF UNDER THE SECURITIES ACT

### COUNT I
### For Violation of Section 11 of the Securities Act
### Against the Corporate Defendants, the Director Defendants, and
### the Underwriter Defendants

214.    Gilchrist adopts and re-alleges the responses to Plaintiffs' allegations set forth above with the same force and effect as if fully set forth herein.  No further response is required to

Paragraph 214 because it asserts conclusions of law. To the extent a response is required, Gilchrist denies the allegations in Paragraph 214.

215. Paragraph 215 asserts conclusions of law to which no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 215.

216. Paragraph 216 asserts conclusions of law to which no response is required. To the extent a response is required, Gilchrist admits that the Complaint purports to assert claims based on the statute cited but denies that the asserted claims have any merit.

217. Paragraph 217 asserts conclusions of law to which no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 217.

218. Paragraph 218 asserts conclusions of law to which no response is required. To the extent a response is required, Gilchrist admits that the Company was the registrant for the IPO, and otherwise denies the allegations in Paragraph 218.

219. Paragraph 219 asserts conclusions of law to which no response is required. To the extent a response is required, Gilchrist admits that Gilchrist, Payne, Raymond, Richman and Wahlberg were signatories of the IPO Materials, and otherwise denies the allegations in Paragraph 219.

220. No response is required to Paragraph 220 because it asserts conclusions of law and is not directed towards Gilchrist. To the extent a response is required, Gilchrist denies the allegations in Paragraph 220.

221. Paragraph 221 asserts conclusions of law to which no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 221.

222. Paragraph 222 asserts conclusions of law to which no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 222.

223.    Paragraph 223 asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 223.

224.    Paragraph 224 asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 224.

225.    Paragraph 225 asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 225.

226.    Paragraph 226 asserts conclusions of law to which no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 226.

## COUNT II
### For Violation of Section 12(a)(2) of the Securities Act
### Against the Underwriter Defendants

227.    Gilchrist adopts and re-alleges the responses to Plaintiffs' allegations set forth above with the same force and effect as if fully set forth herein.  No further response is required to Paragraph 227 because it asserts conclusions of law and is not directed towards Gilchrist.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 227.

228.    No response is required to Paragraph 228 because it asserts conclusions of law and is not directed towards Gilchrist.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 228.

229.    No response is required to Paragraph 229 because it asserts conclusions of law and is not directed towards Gilchrist.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 229.

230.    No response is required to Paragraph 230 because it asserts conclusions of law and is not directed towards Gilchrist.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 230.

231. No response is required to Paragraph 231 because it asserts conclusions of law and is not directed towards Gilchrist. To the extent a response is required, Gilchrist denies the allegations in Paragraph 231.

232. No response is required to Paragraph 232 because it asserts conclusions of law and is not directed towards Gilchrist. To the extent a response is required, Gilchrist denies the allegations in Paragraph 232.

233. No response is required to Paragraph 233 because it asserts conclusions of law and is not directed towards Gilchrist. To the extent a response is required, Gilchrist denies the allegations in Paragraph 233.

234. No response is required to Paragraph 234 because it asserts conclusions of law and is not directed towards Gilchrist. To the extent a response is required, Gilchrist denies the allegations in Paragraph 234.

235. No response is required to Paragraph 235 because it asserts conclusions of law and is not directed towards Gilchrist. To the extent a response is required, Gilchrist denies the allegations in Paragraph 235.

236. No response is required to Paragraph 236 because it asserts conclusions of law and is not directed towards Gilchrist. To the extent a response is required, Gilchrist denies the allegations in Paragraph 236.

237. No response is required to Paragraph 237 because it asserts conclusions of law and is not directed towards Gilchrist. To the extent a response is required, Gilchrist denies the allegations in Paragraph 237.

238. No response is required to Paragraph 238 because it asserts conclusions of law and is not directed towards Gilchrist. To the extent a response is required, Gilchrist denies the

allegations in Paragraph 238.

239.    No response is required to Paragraph 239 because it asserts conclusions of law and is not directed towards Gilchrist.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 239.

## COUNT III
### For Violation of Section 15 of the Securities Act
### Against Defendants Gilchrist, Payne, the Director Defendants, and the Controlling Entity Defendants

240.    Paragraph 240 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 240.

241.    Paragraph 241 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 241.

242.    Paragraph 242 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 242.

243.    Paragraph 243 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 243.

244.    Paragraph 244 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 244.

245.    Paragraph 245 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required,

Gilchrist denies the allegations in Paragraph 245.

246. Paragraph 246 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 246.

247. Paragraph 247 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 247.

248. Paragraph 248 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 248.

249. Paragraph 249 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 249.

250. Paragraph 250 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 250.

251. Paragraph 251 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 251.

252. Paragraph 252 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 252.

253. Paragraph 253 relates to claims that have been dismissed pursuant to the Court's

February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 253.

## IX.    EXCHANGE ACT ALLEGATIONS

254.    Paragraph 254 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 254.

### A.    Background of the Exchange Act Claims

255.    Paragraph 255 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 255.

256.    Paragraph 256 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 256.

257.    Paragraph 257 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 257.

258.    Paragraph 258 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 258.

259.    Paragraph 259 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 259.

260.    Paragraph 260 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required,

Gilchrist denies the allegations in Paragraph 260.

261.    Paragraph 261 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 261.

262.    Paragraph 262 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 262.

263.    Paragraph 263 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 263.

264.    Paragraph 264 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 264.

265.    Paragraph 265 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 265.

266.    Paragraph 266 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 266.

267.    Paragraph 267 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 267.

268.    Paragraph 268 relates to claims that have been dismissed pursuant to the Court's

February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 268.

269.    Paragraph 269 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 269.

270.    Paragraph 270 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 270.

271.    Paragraph 271 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 271.

272.    Paragraph 272 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 272.

273.    Paragraph 273 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 273.

274.    Paragraph 274 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 274.

### 1.    F45 Was Selling Franchises "to Anyone"

275.    Paragraph 275 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 275.

276.    Paragraph 276 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 276.

277.    Paragraph 277 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 277.

## 2.    F45 Prioritized Multi-Unit Franchisees

278.    Paragraph 278 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 278.

279.    Paragraph 279 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 279.

280.    Paragraph 280 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 280.

281.    Paragraph 281 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 281.

282.    Paragraph 282 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 282.

283.    Paragraph 283 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required,

Gilchrist denies the allegations in Paragraph 283.

284. Paragraph 284 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 284.

285. Paragraph 285 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 285.

286. Paragraph 286 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 286.

### 3. F45 Inks Deal With Large Multi-Unit Franchisees Right Before IPO to Inflate Franchise Sales

287. Paragraph 287 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 287.

288. Paragraph 288 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 288.

289. Paragraph 289 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 289.

290. Paragraph 290 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 290.

291.    Paragraph 291 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 291.

292.    Paragraph 292 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 292.

293.    Paragraph 293 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 293.

294.    Paragraph 294 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 294.

295.    Paragraph 295 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 295.

296.    Paragraph 296 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 296.

297.    Paragraph 297 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 297.

298.    Paragraph 298 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required,

Gilchrist denies the allegations in Paragraph 298.

299.    Paragraph 299 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 299.

### 4.    F45 Changes Definition of "Initial Studio Openings" to Artificially Inflate Growth Metric

300.    Paragraph 300 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 300.

301.    Paragraph 301 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 301.

302.    Paragraph 302 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 302.

303.    Paragraph 303 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 303.

304.    Paragraph 304 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 304.

### 5.    F45 Obtains Additional Financing Facilities and Hosts "All Star" Event In Las Vegas to Squeeze Contingent Multi-Unit Franchise "Deals" Out of Current Franchisees

305.    Paragraph 305 relates to claims that have been dismissed pursuant to the Court's

February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 305.

306.    Paragraph 306 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 306.

307.    Paragraph 307 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 307.

308.    Paragraph 308 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 308.

309.    Paragraph 309 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 309.

310.    Paragraph 310 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 310.

311.    Paragraph 311 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 311.

312.    Paragraph 312 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 312.

313. Paragraph 313 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 313.

314. Paragraph 314 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 314.

315. Paragraph 315 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 315.

316. Paragraph 316 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 316.

317. Paragraph 317 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 317.

**6.    Fortress Financing Is Pulled and Multi-Unit "Deals" Made at All-Start Event Ultimately Evaporate**

318. Paragraph 318 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 318.

319. Paragraph 319 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 319.

320. Paragraph 320 relates to claims that have been dismissed pursuant to the Court's

February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 320.

321.    Paragraph 321 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 321.

**B.    Nearly 15 Months After the End of the Class Period, F45 Issues a Restatement for Financial Quarters Within the Class Period**

**1.    Background on F45's Revenue**

322.    Paragraph 322 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 322.

323.    Paragraph 323 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 323.

**2.    The 2023 Restatement**

324.    Paragraph 324 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 324.

325.    Paragraph 325 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 325.

326.    Paragraph 326 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 326.

### 3.    GAAP Applicable to F45's Revenue Recognition

327.    Paragraph 327 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 327.

328.    Paragraph 328 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 328.

329.    Paragraph 329 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 329.

330.    Paragraph 330 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 330.

331.    Paragraph 331 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 331.

332.    Paragraph 332 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 332.

333.    Paragraph 333 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 333.

### 4. F45 Also Boosted Earnings by Prematurely Recognizing Income from a Vendor Rebate

334. Paragraph 334 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 334.

335. Paragraph 335 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 335.

### 5. F45's Key Performance Metris – Originally Issued Financial Statements

336. Paragraph 336 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 336.

337. Paragraph 337 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 337.

### 6. The Restatement Reduced F45's Previously Reported Revenue and Earnings

338. Paragraph 338 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 338.

339. Paragraph 339 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 339.

340. Paragraph 340 relates to claims that have been dismissed pursuant to the Court's

February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 340.

341. Paragraph 341 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 341.

342. Paragraph 342 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 342.

343. Paragraph 343 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 343.

344. Paragraph 344 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 344.

345. Paragraph 345 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 345.

346. Paragraph 346 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 346.

347. Paragraph 347 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 347.

348.    Paragraph 348 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 348.

349.    Paragraph 349 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 349.

## X.    DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS

350.    Paragraph 350 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 350.

### A.    July 2021 Statements in the IPO Materials

#### 1.    Misstatements and Omissions About F45's Unit-Economic Model

351.    Paragraph 351 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 351.

352.    Paragraph 352 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 352.

353.    Paragraph 353 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 353.

354.    Paragraph 354 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required,

Gilchrist denies the allegations in Paragraph 354.

355.    Paragraph 355 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 355.

356.    Paragraph 356 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 356.

357.    Paragraph 357 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 357.

358.    Paragraph 358 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 358.

359.    Paragraph 359 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 359.

360.    Paragraph 360 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 360.

361.    Paragraph 361 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 361.

362.    Paragraph 362 relates to claims that have been dismissed pursuant to the Court's

February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 362.

363. Paragraph 363 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 363.

364. Paragraph 364 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 364.

365. Paragraph 365 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 365.

### 2. Misstatements and Omissions Related to the Increasing Percentage of Multi-Unit Franchisee Systems Being Sold

366. Paragraph 366 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 366.

367. Paragraph 367 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 367.

368. Paragraph 368 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 368.

369. Paragraph 369 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required,

Gilchrist denies the allegations in Paragraph 369.

370.    Paragraph 370 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 370.

371.    Paragraph 371 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 371.

372.    Paragraph 372 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 372.

373.    Paragraph 373 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 373.

374.    Paragraph 374 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 374.

375.    Paragraph 375 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 375.

### 3.    Misstatements and Omissions About F45's Potential for Growth in the U.S.

376.    Paragraph 376 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 376.

377. Paragraph 377 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 377.

378. Paragraph 378 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 378.

379. Paragraph 379 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 379.

380. Paragraph 380 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 380.

381. Paragraph 381 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 381.

382. Paragraph 382 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 382.

383. Paragraph 383 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 383.

384. Paragraph 384 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required,

Gilchrist denies the allegations in Paragraph 384.

385.    Paragraph 385 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 385.

386.    Paragraph 386 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 386.

387.    Paragraph 387 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 387.

### 4.    Misstatements and Omissions About the Quality of F45's Franchisees

388.    Paragraph 388 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 388.

389.    Paragraph 389 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 389.

390.    Paragraph 390 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 390.

391.    Paragraph 391 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 391.

392.    Paragraph 392 relates to claims that have been dismissed pursuant to the Court's

February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 392.

393. Paragraph 393 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 393.

394. Paragraph 394 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 394.

### 5. Misstatements and Omissions About F45's Deficient Internal Controls Over Financial Reporting

395. Paragraph 395 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 395.

396. Paragraph 396 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 396.

397. Paragraph 397 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 397.

### 6. The IPO Risk Warnings Were Inadequate and Contained Material Misstatements and Omissions

398. Paragraph 398 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 398.

399. Paragraph 399 relates to claims that have been dismissed pursuant to the Court's

February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 399.

400.    Paragraph 400 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 400.

401.    Paragraph 401 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 401.

402.    Paragraph 402 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 402.

403.    Paragraph 403 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 403.

404.    Paragraph 404 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 404.

405.    Paragraph 405 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 405.

**B.    July 2021 Interviews**

406.    Paragraph 406 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 406.

407.    Paragraph 407 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 407.

408.    Paragraph 408 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 408.

409.    Paragraph 409 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 409.

410.    Paragraph 410 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 410.

411.    Paragraph 411 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 411.

412.    Paragraph 412 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 412.

413.    Paragraph 413 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 413.

414.    Paragraph 414 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required,

Gilchrist denies the allegations in Paragraph 414.

### C.    2Q 2021 Results

415.    Paragraph 415 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 415.

416.    Paragraph 416 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 416.

417.    Paragraph 417 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 417.

418.    Paragraph 418 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 418.

419.    Paragraph 419 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 419.

420.    Paragraph 420 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 420.

421.    Paragraph 421 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 421.

422.    Paragraph 422 relates to claims that have been dismissed pursuant to the Court's

February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 422.

423.    Paragraph 423 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 423.

424.    Paragraph 424 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 424.

425.    Paragraph 425 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 425.

426.    Paragraph 426 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 426.

427.    Paragraph 427 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 427.

428.    Paragraph 428 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 428.

429.    Paragraph 429 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 429.

430.    Paragraph 430 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 430.

431.    Paragraph 431 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 431.

432.    Paragraph 432 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 432.

433.    Paragraph 433 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 433.

434.    Paragraph 434 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 434.

435.    Paragraph 435 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 435.

436.    Paragraph 436 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 436.

437.    Paragraph 437 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required,

Gilchrist denies the allegations in Paragraph 437.

### D.    3Q 2021 Results

438.    Paragraph 438 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 438.

439.    Paragraph 439 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 439.

440.    Paragraph 440 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 440.

441.    Paragraph 441 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 441.

442.    Paragraph 442 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 442.

443.    Paragraph 443 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 443.

444.    Paragraph 444 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 444.

445.    Paragraph 445 relates to claims that have been dismissed pursuant to the Court's

February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 445.

446. Paragraph 446 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 446.

447. Paragraph 447 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 447.

448. Paragraph 448 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 448.

449. Paragraph 449 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 449.

450. Paragraph 450 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 450.

451. Paragraph 451 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 451.

452. Paragraph 452 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 452.

453. Paragraph 453 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 453.

454. Paragraph 454 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 454.

**E.    ICR Conference January 10, 2022**

455. Paragraph 455 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 455.

456. Paragraph 456 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 456.

457. Paragraph 457 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 457.

458. Paragraph 458 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 458.

459. Paragraph 459 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 459.

460. Paragraph 460 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required,

Gilchrist denies the allegations in Paragraph 460.

461.    Paragraph 461 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 461.

462.    Paragraph 462 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 462.

F.      **4Q and Full Year 2022 Results**

463.    Paragraph 463 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 463.

464.    Paragraph 464 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 464.

465.    Paragraph 465 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 465.

466.    Paragraph 466 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 466.

467.    Paragraph 467 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 467.

468.    Paragraph 468 relates to claims that have been dismissed pursuant to the Court's

February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 468.

469.    Paragraph 469 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 469.

470.    Paragraph 470 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 470.

471.    Paragraph 471 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 471.

472.    Paragraph 472 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 472.

473.    Paragraph 473 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 473.

474.    Paragraph 474 concerns allegations that have been dismissed and stricken from the Complaint pursuant to the Court's February 21, 2025 Order to which no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 474.

475.    Paragraph 475 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 475.

476.    Paragraph 476 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 476.

477.    Paragraph 477 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 477.

478.    Paragraph 478 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 478.

479.    Paragraph 479 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 479.

480.    Paragraph 480 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 480.

481.    Paragraph 481 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 481.

482.    Paragraph 482 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 482.

483.    Paragraph 483 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required,

Gilchrist denies the allegations in Paragraph 483.

484.    Paragraph 484 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 484.

485.    Paragraph 485 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 485.

486.    Paragraph 486 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 486.

**G.    1Q 2022 Results**

487.    Paragraph 487 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 487.

488.    Paragraph 488 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 488.

489.    Paragraph 489 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 489.

490.    Paragraph 490 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 490.

491.    Paragraph 491 relates to claims that have been dismissed pursuant to the Court's

February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 491.

492.   Paragraph 492 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 492.

493.   Paragraph 493 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 493.

494.   Paragraph 494 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 494.

495.   Paragraph 495 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 495.

496.   Paragraph 496 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 496.

497.   Paragraph 497 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 497.

498.   Paragraph 498 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 498.

499.    Paragraph 499 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 499.

500.    Paragraph 500 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in 500.

501.    Paragraph 501 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 501.

502.    Paragraph 502 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 502.

503.    Paragraph 503 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 503.

504.    Paragraph 504 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 504.

505.    Paragraph 505 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 505.

506.    Paragraph 506 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required,

Gilchrist denies the allegations in Paragraph 506.

507.    Paragraph 507 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 507.

508.    Paragraph 508 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 508.

509.    Paragraph 509 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 509.

## XI.    THE TRUTH IS DISCLOSED

510.    Paragraph 510 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 510.

511.    Paragraph 511 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 511.

512.    Paragraph 512 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 512.

513.    Paragraph 513 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 513.

514.    Paragraph 514 relates to claims that have been dismissed pursuant to the Court's

February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 514.

515.    Paragraph 515 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 515.

## XII.    SUBSEQUENT EVENTS

516.    Paragraph 516 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 516.

517.    Paragraph 517 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 517.

518.    Paragraph 518 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 518.

519.    Paragraph 519 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 519.

520.    Paragraph 520 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 520.

521.    Paragraph 521 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 521.

522.    Paragraph 522 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 522.

523.    Paragraph 523 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 523.

524.    Paragraph 524 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 524.

525.    Paragraph 525 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 525.

526.    Paragraph 526 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 526.

527.    Paragraph 527 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 527.

528.    Paragraph 528 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 528.

529.    Paragraph 529 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required,

Gilchrist denies the allegations in Paragraph 529.

530.   Paragraph 530 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.   To the extent a response is required, Gilchrist denies the allegations in Paragraph 530.

## XIII.   ADDITIONAL ALLEGATIONS OF SCIENTER

531.   Paragraph 531 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.   To the extent a response is required, Gilchrist denies the allegations in Paragraph 531.

532.   Paragraph 532 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.   To the extent a response is required, Gilchrist denies the allegations in Paragraph 532.

533.   Paragraph 533 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.   To the extent a response is required, Gilchrist denies the allegations in Paragraph 533.

534.   Paragraph 534 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.   To the extent a response is required, Gilchrist denies the allegations in Paragraph 534.

### A.   Defendants Gilchrist and Payne Controlled the Company's Messaging to the Investing Public

535.   Paragraph 535 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.   To the extent a response is required, Gilchrist denies the allegations in Paragraph 535.

536.   Paragraph 536 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.   To the extent a response is required,

Gilchrist denies the allegations in Paragraph 536.

537.    Paragraph 537 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 537.

538.    Paragraph 538 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 538.

539.    Paragraph 539 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 539.

540.    Paragraph 540 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 540.

### B.    Defendants' Ability to Maintain Substantial Growth by Selling Franchises and Opening New Studios Was Critical to the Company's Core Operations

541.    Paragraph 541 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 541.

542.    Paragraph 542 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 542.

543.    Paragraph 543 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 543.

544.   Paragraph 544 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 544.

545.   Paragraph 545 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 545.

546.   Paragraph 546 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 546.

547.   Paragraph 547 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 547.

**C.    F45, Gilchrist, and Payne Closely Monitored Franchise Sales, Studio Openings, and the performance of Opened Studios**

548.   Paragraph 548 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 548.

549.   Paragraph 549 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 549.

550.   Paragraph 550 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 550.

551.   Paragraph 551 relates to claims that have been dismissed pursuant to the Court's

February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 551.

552. Paragraph 552 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 552.

553. Paragraph 553 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 553.

554. Paragraph 554 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 554.

555. Paragraph 555 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 555.

556. Paragraph 556 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 556.

557. Paragraph 557 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 557.

558. Paragraph 558 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 558.

559.    Paragraph 559 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 559.

560.    Paragraph 560 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 560.

561.    Paragraph 561 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 561.

**D.      Defendants Gilchrist And Payne Spoke Repeatedly To Investors About The Sustainability of F45's Business Model And the Company's Ability to Maintain Substantial And Rapid Growth**

562.    Paragraph 562 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 562.

563.    Paragraph 563 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 563.

564.    Paragraph 564 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 564.

**E.      The Departures of Defendants Gilchrist and Payne Support a Strong Inference of Scienter**

565.    Paragraph 565 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required,

Gilchrist denies the allegations in Paragraph 565.

566.    Paragraph 566 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 566.

567.    Paragraph 567 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 567.

568.    Paragraph 568 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 568.

## XIV.    LOSS CAUSATION

569.    Paragraph 569 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 569.

570.    Paragraph 570 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 570.

571.    Paragraph 571 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 571.

## XV.    INAPPLICABILITY OF THE STATUTORY SAFE HARBOR

572.    Paragraph 572 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 572.

573.    Paragraph 573 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 573.

574.    Paragraph 574 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 574.

XVI.    PRESUMPTION OF RELIANCE

575.    Paragraph 575 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 575.

576.    Paragraph 576 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 576.

577.    Paragraph 577 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 577.

XVII.    CLASS ACTION ALLEGATIONS

578.    Paragraph 578 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 578.

579.    Paragraph 579 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 579.

580.    Paragraph 580 relates to claims that have been dismissed pursuant to the Court's

February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 580.

581.    Paragraph 581 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 581.

582.    Paragraph 582 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 582.

## XVIII.    CLAIMS FOR RELIEF

### COUNT IV
### For Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against the Corporate Defendants

583.    Paragraph 583 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 583.

584.    Paragraph 584 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 584.

585.    Paragraph 585 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 585.

586.    Paragraph 586 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 586.

587.    Paragraph 587 relates to claims that have been dismissed pursuant to the Court's

February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 587.

588. Paragraph 588 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 588.

589. Paragraph 589 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 589.

590. Paragraph 590 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 590.

591. Paragraph 591 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 591.

592. Paragraph 592 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 592.

593. Paragraph 593 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 593.

594. Paragraph 594 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required. To the extent a response is required, Gilchrist denies the allegations in Paragraph 594.

595.     Paragraph 595 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 595.

**COUNT V**
**For Violation of Section 20(a) of the Exchange Act**
**Against the Corporate Defendants, Director Defendants, and Controlling Entity Defendants**

596.     Paragraph 596 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 596.

597.     Paragraph 597 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 597.

598.     Paragraph 598 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 598.

599.     Paragraph 599 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 599.

600.     Paragraph 600 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 600.

601.     Paragraph 601 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 601.

602.    Paragraph 602 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 602.

603.    Paragraph 603 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 603.

604.    Paragraph 604 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 604.

605.    Paragraph 605 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 605.

606.    Paragraph 606 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 606.

607.    Paragraph 607 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 607.

608.    Paragraph 608 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required, Gilchrist denies the allegations in Paragraph 608.

609.    Paragraph 609 relates to claims that have been dismissed pursuant to the Court's February 21, 2025 Order and no response is required.  To the extent a response is required,

Gilchrist denies the allegations in Paragraph 609.

## XIX.    PRAYER FOR RELIEF

Gilchrist need not respond to the allegations in the Prayer for Relief to the extent they constitute conclusions of law.  To the extent a response is required, Gilchrist denies that Plaintiffs are entitled to the relief requested in the Prayer for Relief.

## XX.    JURY DEMAND

610.    Plaintiffs' Jury Trial Demand requires no response.

### AFFIRMATIVE AND OTHER DEFENSES

Gilchrist asserts the following defenses with respect to the causes of action alleged against him in the Complaint without assuming the burden of proof or persuasion where such burden rests on Plaintiffs.  Gilchrist reserves the right to supplement his defenses and/or raise additional defenses that may be available or appropriate.

### FIRST DEFENSE

The Complaint fails to state a claim against Gilchrist upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs lack standing to prosecute this action.

### THIRD DEFENSE

This action, in whole or in part, is not maintainable as a class action under Federal Rule of Civil Procedure 23.

### FOURTH DEFENSE

Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 11 of the Securities Act: (1) the registration statement contained a materially untrue statement or misleading omission and (2) Plaintiffs purchased a registered security in or traceable to the offering.

**FIFTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred because Gilchrist acted in good faith.

**SIXTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred because the allegedly false and misleading statements and omissions were immaterial.

**SEVENTH DEFENSE**

Any alleged misrepresentations were forward-looking, prospective statements accompanied by meaningful cautionary language, contingency warnings, and/or risk disclosures and are not actionable under the bespeaks caution doctrine or the safe harbor provisions of the Private Securities Litigation Reform Act of 1995.

**EIGHTH DEFENSE**

Any alleged misstatements or omissions did not impact the market price of the relevant securities.

**NINTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred based on the truth and sufficiency of all statements upon which their alleged claims are based.

**TENTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred because Gilchrist had no duty of disclosure with respect to the alleged misrepresentations or omissions.

**ELEVENTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred because Gilchrist's actions or alleged omissions were not the direct or proximate cause of Plaintiffs' or the putative

class's averred damages and requisite "loss causation" is lacking.

## TWELFTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because there is no causal link between the alleged misrepresentations and the harm alleged to have occurred.

## THIRTEENTH DEFENSE

Any alleged misstatements or omissions did not impact the market price of the relevant securities.

## FOURTEENTH DEFENSE

Any increase or decrease in the market value of the stock held by Plaintiffs and/or any putative class members was the result of market factors or other economic factors separate from the alleged wrongful conduct.

## FIFTEENTH DEFENSE

Any decline in the value in F45 shares was caused by intervening and superseding causes.

## SIXTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred to the extent that they are based on statements that are not attributable to Gilchrist.

## SEVENTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Plaintiffs cannot prove reliance on any alleged statement or omission.

## EIGHTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Gilchrist did not employ any device, scheme, or artifice to defraud and did not engage in any act, practice, or course of conduct that operates or would operate as a fraud or deceit in connection with the

purchase or sale of securities.

## NINETEENTH DEFENSE

The Complaint fails to state a claim based upon "fraud-on-the-market" principles for any class member who did not trade shares between the time the alleged misstatements were made and the time the purported truth was revealed.

## TWENTIETH DEFENSE

The Complaint fails to state a claim based upon "fraud-on-the-market" principles because the alleged misrepresentations and omissions would not have induced a reasonable investor to misjudge the value of F45.

## TWENTY-FIRST DEFENSE

To the extent Gilchrist failed to disclose material information, which Gilchrist denies, the "truth-on-the-market" doctrine precludes Plaintiffs' claims because the information at issue was credibly made available to the market by other sources.

## TWENTY-SECOND DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Gilchrist did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Plaintiffs.

## TWENTY-THIRD DEFENSE

To the extent Gilchrist was in possession of any of the information the Plaintiffs claim he failed to disclose, he did not assimilate and comprehend the significance of that information.

## TWENTY-FOURTH DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the putative class that Plaintiffs purport to represent, for equitable relief are improper because Plaintiffs have an adequate

remedy at law.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claim for damages is speculative.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims fail to the extent they seek damages exceeding those permitted under the law or any applicable statute, rule, or regulation.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims against Gilchrist fail to the extent that they seek damages exceeding his proportionate liability.

## TWENTY-EIGHTH DEFENSE

Gilchrist is entitled to recover contribution from third parties for any liability he incurs as a result of any of the alleged misrepresentations, omissions, and conduct attributable to such third parties.

## TWENTY-NINTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred by Plaintiffs' failure to mitigate damages as required by law and/or to the extent any alleged damages are not attributable to alleged violations of law.

## THIRTIETH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred based on the doctrines of contributory negligence, comparative negligence and/or assumption of the risk. Plaintiffs knew, or in the exercise of reasonable care should have known, the risks inherent in investing in the securities at issue and thus assumed the risk of a decline in value of their investments.

## THIRTY-FIRST DEFENSE

Plaintiffs are not entitled to recover attorneys' fees in this action, experts' fees, and/or costs under applicable provisions of law, including under 15 U.S.C. section 77k(e).

## THIRTY-SECOND DEFENSE

Any recovery by Plaintiffs and the putative class would constitute unjust enrichment.

## THIRTY-THIRD DEFENSE

Without conceding liability, Gilchrist is entitled to offset the amount of any tax benefits or other benefits received by Plaintiffs in connection with their ownership of F45 shares, including but not limited to the profits retained by Plaintiffs from the alleged false and materially misleading statements made in the IPO Materials.

## THIRTY-FOURTH DEFENSE

This action cannot be maintained as a class action because the interests of the putative class members are in conflict with each other.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims against Gilchrist are barred under 15 U.S.C. § 77k(b)(3) because Gilchrist exercised due diligence and conducted a reasonable investigation with regard to the information contained or incorporated in non-expert portions of the IPO Materials.

## THIRTY-SIXTH DEFENSE

Plaintiff's claims against Gilchrist are barred under 15 U.S.C. § 77k(b)(3) because Gilchrist relied in good faith on the work of relevant experts with regard to the information contained or incorporated in the expert portions of the IPO Materials.

## THIRTY-SEVENTH DEFENSE

Additional facts that are currently unknown to Gilchrist may be revealed through the course of discovery and further investigation that will support additional defenses.  Gilchrist reserves the

right to assert such defenses in the future.

## PRAYER FOR RELIEF

Wherefore, Gilchrist prays as follows:

1. That the Complaint be dismissed with prejudice;

3. That the Court enter judgment in favor of Gilchrist and against Plaintiffs with respect to all causes of action in the Complaint.

4. That the Court award Gilchrist attorneys' fees and costs reasonably incurred in the defense of this action, including but not limited to under 15 U.S.C. section 77k(e); and

5. For such other and further relief as the Court may deem just and proper.

Dated: May 6, 2025                    **HUGHES HUBBARD & REED LLP**


_/s/ Eric Blumenfeld_

Eric Blumenfeld
New York Bar No. 4044137
Shahzeb Lari (admitted pro hac vice)
New York Bar No. 4119624
One Battery Park Plaza
New York, NY 10004
Tel: (212) 837-6118
Fax: (212) 422-4726
Email: eric.blumenfeld@hugheshubbard.com
Email: shahzeb.lari@hugheshubbard.com

_Attorneys for Defendant Adam Gilchrist_

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer and Defenses of Defendant Adam Gilchrist to Plaintiffs' Second Amended Class Action Complaint was served on all counsel of record via the Court's CM/ECF system on May 6, 2025.

/s/ *Eric Blumenfeld*

Eric Blumenfeld