**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |
|---|---|
| *In re F45 Training Holdings, Inc.*<br>*Securities Litigation* | CASE NO. 1:22-CV-01291-DAE<br><br>**CLASS ACTION** |

**DEFENDANT CHRISTOPHER PAYNE'S ANSWER AND DEFENSES TO**
**PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

Defendant Christopher Payne hereby answers Plaintiffs' Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") as follows:

## GENERAL RESPONSES

The Court's February 21, 2025 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (ECF 111) dismissed all of Plaintiffs' Exchange Act claims (Counts IV and V), and most of Plaintiffs' Securities Act Claims (Count III, and Counts I and II as to certain statements). Defendants' counsel conferred with Plaintiffs' counsel, and Plaintiffs' counsel have agreed that Defendants need not respond to allegations supporting Counts that the Court has dismissed. (*See* ECF 115.) On the basis that these allegations are dismissed, Mr. Payne denies them. Mr. Payne has endeavored in good faith to determine which allegations support the Counts that the Court has dismissed but reserves the right to amend this Answer to the extent the Court may in the future disagree with Mr. Payne's good faith interpretation of the Court's February 21, 2025 order. Except as otherwise expressly admitted herein, Mr. Payne denies each and every allegation set forth in the Complaint, including, without limitation, any allegations or characterizations contained in the headings, subheadings, or footnotes of the Complaint, and specifically denies any liability to Plaintiffs or to any members of the putative class that Plaintiffs purport to represent. To the extent that the Complaint purports to summarize, characterize, or quote from documents and third-party publications, Mr. Payne denies that any such characterization, quotation, or excerpt accurately reflects the full contents of such document, and Mr. Payne respectfully refers the Court to the original source or document for a complete and accurate statement of the contents referenced therein. In addition, a number of allegations in the Complaint state legal conclusions that do not require a response; to the extent a response is required, all such alleged legal conclusions are denied.

Mr. Payne incorporates into each response below a denial of all allegations in the Complaint to the extent they suggest that Mr. Payne made any materially false or misleading statement or omission for which he may be liable, or that Plaintiffs suffered any damages as a consequence of any challenged conduct. Additionally, to the extent that Mr. Payne admits that a quoted portion of documents is accurately reproduced, that admission excludes the Complaint's use of bolded and italicized emphasis to identify portions of statements that Plaintiffs claim were false or misleading.

Paragraph numbers in this Answer correspond with and respond to Paragraph numbers in the Complaint. Capitalized terms used herein have the definitions set forth in the Complaint, but Mr. Payne does not admit that those definitions are accurate or proper.

Mr. Payne makes this Answer based on his current knowledge and information. Mr. Payne resigned as CFO of F45 and from the Company's Board of Directors effective November 15, 2022, and lacks knowledge or information about the internal operations of Defendant F45 Training Holdings, Inc. ("the Company") after his separation from the Company. Of the allegations remaining following the Court's February 21, 2025 order, the following paragraphs include allegations that post-date Mr. Payne's resignation: ¶¶ 15-23; 87-89; 98; 104-107, 135-139, 141, and 186, and the following paragraphs discuss F45 in the present tense: ¶¶ 3-4, 31, 50-53, 55-57, and 60. To the extent that any of those paragraphs make allegations about events at F45 after his resignation from the Company or about the current state of the Company, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

Mr. Payne expressly reserves the right to amend and/or supplement this Answer as may be necessary.

**SPECIFIC RESPONSES**

1. Mr. Payne need not respond to the allegations in Paragraph 1 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 1 relate to claims not dismissed, Mr. Payne admits that Plaintiffs filed this putative class action alleging violations of the Securities Act, but denies that those allegations have merit, denies that the case should proceed as a class action, denies that the class period is appropriate, and otherwise denies the allegations in Paragraph 1.

2. Mr. Payne need not respond to the allegations in Paragraph 2 inasmuch as they relate to claims and parties that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 2 relate to claims not dismissed, Mr. Payne admits that Plaintiffs purport to bring claims against F45, Mr. Gilchrist, Mr. Payne, the Underwriter Defendants, and certain individuals who were members of the Company's Board of Directors at the time of F45's IPO. Mr. Payne otherwise denies the allegations in Paragraph 2.

3. Mr. Payne admits that (1) F45 is a fitness franchisor and (2) F45 fitness studios' offerings include 45-minute high-intensity workouts. Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Mr. Payne admits that (1) F45 studios are present on more than one continent; (2) F45's revenue was historically derived in part from fees charged to its franchisees; and (3) F45's business model historically involved the sale of single and multi-unit franchises to new and existing franchisees. To the extent that the allegations in Paragraph 4 relate to F45's current operations, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Payne otherwise denies the allegations in Paragraph 4.

5.      Mr. Payne need not respond to the allegations in Paragraph 5 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  Mr. Payne need not respond to the allegations in Paragraph 5 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne admits that (1) Adam Gilchrist is a former CEO of F45; (2) the transcript of F45's Q2 2021 earnings call included portions of the quoted language ("bigger than McDonald's" and "bigger than Starbucks"); and (3) F45 conducted an IPO on July 15, 2021.  Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 4 of Paragraph 5.  To the extent the allegations in Paragraph 5 purport to characterize public filings or other publicly available materials, Mr. Payne denies that such characterizations fully or accurately reflect the content of those statements, and Mr. Payne respectfully refers the Court to the referenced materials for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 5.

6.      Mr. Payne need not respond to the allegations in Paragraph 6 and footnote 2 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne admits that F45 made certain statements in its IPO Registration Statement regarding its multi-unit franchise agreements, including that "we have granted to Club Franchise the right to develop, and Club Franchise has agreed to develop, at least 300 studios in certain territories in the U.S. over 36 months[.]"  To the extent the allegations in Paragraph 6 and footnote 2 purport to characterize public filings and other publicly available materials, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the materials for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 6 and footnote 2.

7.     Mr. Payne need not respond to the allegations in Paragraph 7 and footnote 3 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne admits that (1) F45 issued a Registration Statement and Prospectus prior to its IPO; (2) F45's Registration Statement and Prospectus contain the quoted language in Paragraph 7, without the emphasis added by Plaintiffs; and (3) F45's Registration Statement and Prospectus reported that Club Sports Group was an affiliate of Kennedy Lewis Management LP.  To the extent allegations in Paragraph 7 and footnote 3 purport to characterize the statements in the public filings, Mr. Payne denies that such characterizations fully or accurately reflect the content of those statements, and Mr. Payne respectfully refers the Court to the public filings for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 7 and footnote 3.

8.     Mr. Payne need not respond to the allegations in Paragraph 8 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 8.

9.     Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to the "[f]ormer F45 employees, franchise owners, and other individuals" referenced in Paragraph 9.  Mr. Payne otherwise denies the allegations in Paragraph 9 and denies that any statements attributed to these unidentified individuals support any allegation of wrongdoing or liability.

10.    Mr. Payne need not respond to the allegations in Paragraph 10 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 10 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 10 inasmuch as they constitute legal

conclusions. To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 10.

11. Mr. Payne need not respond to the allegations in Paragraph 11 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 11 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 11 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne admits that (1) F45 filed a Form 8-K with the SEC on July 26, 2022; (2) F45's press release, attached to the Form 8-K filed with the SEC, contains the quoted language in Paragraph 11; and (3) F45's Form 8-K and attached press release provided certain updates about F45's business and leadership. To the extent allegations in Paragraph 11 purport to characterize the statements in the public filing or press release, Mr. Payne denies that such characterizations fully or accurately reflect the content of those statements, and Mr. Payne respectfully refers the Court to the referenced materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 11.

12. Mr. Payne need not respond to the allegations in Paragraph 12 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 12 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 12 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne admits that (1) the price of F45's common stock closed at $3.51 per share on July 26, 2022 and closed at $1.35 per share on July 27, 2022 and (2) F45's initial public offering price was $16.00 per share. Mr. Payne otherwise denies the allegations in Paragraph 12.

13.    Mr. Payne need not respond to the allegations in Paragraph 13 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 13 relate to claims not dismissed, Mr. Payne admits that on July 27, 2022, certain analysts downgraded their guidance and reduced price targets on FXLV's stock.  Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 13.  To the extent allegations in Paragraph 13 purport to characterize the statements in analyst reports and other documents, Mr. Payne denies that such characterizations fully or accurately reflect the content of those documents, and Mr. Payne respectfully refers the Court to those documents for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 13.

14.    Mr. Payne need not respond to the allegations in Paragraph 14 and footnote 4 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 14 and footnote 4 relate to claims not dismissed, Mr. Payne need not respond to those allegations inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne admits that (1) on August 15, 2022, F45 released its Q2 2022 financial results, which reported on the number of total franchises and gross profit; and (2) the transcript of F45's Q2 2022 earnings call contains the quoted statements by Mr. Payne, without the emphasis added by Plaintiffs.  To the extent the allegations in Paragraph 14 and footnote 4 purport to characterize F45's release of its Q2 2022 financial results or the earnings call transcript, Mr. Payne denies that such characterizations fully or accurately reflect the content of those documents, and Mr. Payne respectfully refers the Court to the release and earnings transcript for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 14 and

footnote 4.

15.    Mr. Payne need not respond to the allegations in Paragraph 15 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 15 relate to claims not dismissed, Mr. Payne need not respond to those allegations inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, and to the extent that these allegations relate to events that occurred after Mr. Payne left F45, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the allegations in Paragraph 15 purport to characterize F45's public filings, Mr. Payne denies that such characterizations fully or accurately reflect the content of those documents, and Mr. Payne respectfully refers the Court to the public filings for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 15.

16.    Mr. Payne need not respond to the allegations in Paragraph 16 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent Paragraph 16 purports to characterize F45's public filings, Mr. Payne respectfully refers the Court to the referenced materials for a complete and accurate statement of their contents.  To the extent any remaining allegations in Paragraph 16 relate to claims not dismissed, the allegations in Paragraph 16 relate to events that occurred after Mr. Payne left F45, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

17.    Mr. Payne need not respond to the allegations in Paragraph 17 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent that Paragraph 17 contains information from F45's public filing, Mr. Payne

respectfully refers the Court to the referenced material for a complete and accurate statement of its contents. To the extent any remaining allegations in Paragraph 17 relate to claims not dismissed, the allegations in Paragraph 17 relate to events that occurred after Mr. Payne left F45, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

18.    Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, other than to admit that at some point, Mr. Payne learned that F45 was no longer listed on the New York Stock Exchange.

19.    To the extent that Paragraph 19 contains publicly available information, Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate statement of its contents. The allegations in Paragraph 19 relate to events that occurred after Mr. Payne left F45, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

20.    Mr. Payne need not respond to the allegations in Paragraph 20 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent that Paragraph 20 contains information from F45's public filing, Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate statement of its contents. To the extent any remaining allegations in Paragraph 20 relate to claims not dismissed, the allegations in Paragraph 20 relate to events that occurred after Mr. Payne left F45, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

21.    Mr. Payne need not respond to the allegations in Paragraph 21 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent that Paragraph 21 contains information from F45's public filing, Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate statement of its

10

contents. To the extent any remaining allegations in Paragraph 21 relate to claims not dismissed, the allegations in Paragraph 21 relate to events that occurred after Mr. Payne left F45, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

22. Mr. Payne need not respond to the allegations in Paragraph 22 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent that Paragraph 22 contains information from F45's public filing, Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate statement of its contents. To the extent any remaining allegations in Paragraph 22 relate to claims not dismissed, the allegations in Paragraph 22 relate to events that occurred after Mr. Payne left F45, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

23. Mr. Payne need not respond to the allegations in Paragraph 23 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 23 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 23 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, and to the extent that the allegations in Paragraph 23 relate to events that occurred after Mr. Payne left F45, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent that Paragraph 23 contains information from F45's public filing, Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate statement of its contents. Mr. Payne otherwise denies the allegations in Paragraph 23.

24. Mr. Payne need not respond to the allegations in Paragraph 24 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. Mr. Payne need not respond to the allegations in Paragraph 24 inasmuch as they constitute

legal conclusions. To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 24.

25. Mr. Payne need not respond to the allegations in Paragraph 25 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 25 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 25 inasmuch as they constitute legal conclusions. To the extent a response is required, Mr. Payne admits that Plaintiffs filed this putative class action alleging violations of the Securities Act, but Mr. Payne denies that those allegations have merit and otherwise denies the allegations in Paragraph 25.

26. Mr. Payne need not respond to the allegations in Paragraph 26 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 26 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 26 inasmuch as they constitute legal conclusions. To the extent a response is required, Mr. Payne admits that Plaintiffs purport to plead jurisdiction under Section 22 of the Securities Act, 15 U.S.C. § 77v, Section 27 of the Exchange Act, 15 U.S.C.§ 78aa, and under 28 U.S.C. § 1331.

27. Mr. Payne need not respond to the allegations in Paragraph 27 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. Mr. Payne need not respond to the allegations in Paragraph 27 inasmuch as they constitute legal conclusions. To the extent a response is required, Mr. Payne admits that (1) Plaintiffs purport to plead venue under to Section 22 of the Securities Act, 15 U.S.C. § 77v, Section 17 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1391(b); (2) F45 was historically headquartered in Austin, Texas; and (3) Mr. Payne resided in the District from in or about January 2022 to in or

about February 2022, and again from in or about June 2022 to in or about November 2022. To the extent that the last sentence of Paragraph 27 relates to other Defendants, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Payne otherwise denies the allegations in Paragraph 27.

28. Mr. Payne need not respond to the allegations in Paragraph 28 inasmuch as they constitute legal conclusions. Mr. Payne admits that F45 used certain instrumentalities of interstate commerce in conducting its business and that shares of F45's common stock were traded on the New York Stock Exchange between July 15, 2021 and September 5, 2023. Mr. Payne otherwise denies the allegations in Paragraph 28.

29. Mr. Payne denies that Plaintiff Pledge Capital suffered legally cognizable damages for which Mr. Payne is liable. To the extent Paragraph 29 purports to characterize and quote public filings and other publicly available materials, Mr. Payne respectfully refers the Court to the referenced materials for a complete and accurate statement of their contents. Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

30. Mr. Payne denies that Plaintiff Detroit P&F suffered legally cognizable damages for which Mr. Payne is liable. To the extent Paragraph 30 purports to characterize and quote public filings and other publicly available materials, Mr. Payne respectfully refers the Court to the referenced materials for a complete and accurate statement of their contents. Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30.

31. To the extent the allegations in Paragraph 31 contain publicly available information, based on that publicly available information, Mr. Payne admits that (1) F45's common stock

previously traded on the NYSE under the ticker symbol "FXLV;" (2) F45's public filings reported that as of November 11, 2022, F45 had approximately 97,315,803 shares of common stock outstanding; (3) F45 is a Delaware corporation historically headquartered in Austin, Texas which holds subsidiaries that conduct F45's operations and hold F45's assets and intellectual property; (4) Kennedy Lewis Management LP is a stockholder of the company; and (5) F45 franchises and licenses the F45 Training brand to franchisees for fitness studios across the globe.  To the extent Paragraph 31 purports to characterize F45's public filings and other publicly available materials, Mr. Payne respectfully refers the Court to the referenced materials for a complete and accurate statement of their contents.  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.    Mr. Payne admits that (1) Adam Gilchrist co-founded F45 in 2013 along with Robert Deutsch; (2) F45's IPO Registration Statement stated that Mr. Gilchrist served as Co-Chief Executive Officer beginning in 2014, as sole Chief Executive Officer beginning in 2019, and as Executive Chairman of the Board of Directors effective upon the listing of F45's common stock on the NYSE; (3) F45 reported on July 26, 2022 that Mr. Gilchrist had stepped down as CEO and as Executive Chairman effective July 24, 2022; (4) Mr. Gilchrist signed the Registration Statement and Prospectus for the IPO and F45's Form 10-K for the year ended December 31, 2021; and (5) F45's Form 10-K for the year ended December 31, 2021 stated that Mr. Gilchrist was a member of F45's "Chief Operating Decision Maker ('CODM') group." Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.    Mr. Payne admits that (1) Mr. Payne served as F45's Chief Financial Officer from June 2018, and as Treasurer and a member of the Board of Directors from March 2019, until he

stepped down from these roles in November 2022; (2) Mr. Payne signed the IPO Registration Statement and Prospectus for F45, F45's quarterly reports between July 15, 2021 and July 26, 2022, and F45's Form 10-K for the year ended December 31, 2021; and (3) F45's Form 10-K for the year ended December 31, 2021 stated that Mr. Payne was a member of F45's "Chief Operating Decision Maker ('CODM') group." Mr. Payne otherwise denies the allegations in Paragraph 33.

34. Mr. Payne need not respond to the allegations in Paragraph 34 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. Mr. Payne need not respond to the allegations in Paragraph 34 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne admits that he and Mr. Gilchrist (1) were signatories of the IPO Registration Statement; (2) were directors of F45 at the time of the filing of the Registration Statement; and (3) reviewed the Registration Statement consistent with their roles as officers and directors of the Company. Mr. Payne otherwise denies the allegations in Paragraph 34.

35. To the extent that Paragraph 35 contains publicly available information, based on this publicly available information, Mr. Payne admits that F45's IPO Registration Statement stated that: (1) Mr. Raymond served as a member of F45's Board of Directors starting in March 2019; (2) Mr. Raymond was appointed to F45's Board of Directors by MWIG LLC, pursuant to MWIG's director designation rights under the Stockholders' Agreement; (3) MWIG is a special purpose private investment vehicle led by FOD Capital and Mr. Wahlberg; and (4) Mr. Raymond served as a Manager of FOD Capital beginning December 2017. Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and footnote 6.

36. To the extent that Paragraph 36 contains publicly available information, based on

this publicly available information, Mr. Payne admits that (1) Darren Richman served as a member of F45's Board of Directors from October 2020 until November 2022; (2) Mr. Richman signed the Registration Statement and Prospectus for the IPO and F45's Form 10-K for the year ended December 31, 2021; and (3) Mr. Richman resigned as a member of the Board of Directors effective November 14, 2022.  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.     To the extent that Paragraph 37 contains publicly available information, based on this publicly available information, Mr. Payne admits that (1) Mr. Wahlberg served as a member of F45's Board of Directors beginning in March 2019; (2) Mr. Wahlberg was appointed to the Board of Directors by MWIG LLC; and (3) Mr. Wahlberg signed the Registration Statement and Prospectus for the IPO and F45's Form 10-K for the year ended December 31, 2021.  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38.     Mr. Payne need not respond to the allegations in Paragraph 38 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne admits that Mr. Raymond, Mr. Richman, and Mr. Wahlberg (1) were signatories of the Registration Statement and (2) were directors of F45 at the time of the filing of the Registration Statement.  Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph 38.  Mr. Payne otherwise denies the allegations in Paragraph 38.

39.     Mr. Payne need not respond to the allegations in Paragraph 39 inasmuch as they relate to a party that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 39 relate to claims not dismissed, and to the extent that these allegations are based on publicly available information, based on this

publicly available information, Mr. Payne admits that MWIG is a special purpose private investment fund that has invested in F45 and was listed as a "Principal Stockholder" in the IPO Registration Statement and Prospectus. Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40.     Mr. Payne need not respond to the allegations in Paragraph 40 and footnote 7 inasmuch as they relate to a party that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 40 and footnote 7 relate to claims not dismissed, and to the extent that these allegations are based on publicly available information, based on this publicly available information, Mr. Payne admits that KLIM is an investment manager that has invested in F45 and was listed as a "Principal Stockholder" in the IPO Registration Statement and Prospectus.  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and footnote 7.

41.     Mr. Payne need not respond to the allegations in Paragraph 41 inasmuch as they are directed at another party.  To the extent a response is required, Mr. Payne admits that (1) Goldman Sachs & Co. LLC served as an underwriter of the IPO; (2) the IPO Materials stated: "Goldman Sachs & Co. LLC and J.P. Morgan Securities LLC are the representatives of the underwriters"; and (3) the IPO materials stated: "Goldman Sachs & Co. LLC is serving as a qualified independent underwriter and will assume the customary responsibilities of acting as a qualified independent underwriter in conducting due diligence and reviewing and participating in the preparation of this registration statement."  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.     Mr. Payne need not respond to the allegations in Paragraph 42 inasmuch as they

17

are directed at another party. To the extent a response is required, Mr. Payne admits that (1) J.P. Morgan Securities LLC served as an underwriter of the IPO; (2) the IPO Materials stated: "Goldman Sachs & Co. LLC and J.P. Morgan Securities LLC are the representatives of the underwriters"; and (3) the IPO Materials stated: "[W]e expect that more than 5% of the proceeds of this offering will be received by affiliates of J.P. Morgan Securities LLC, each of which is a lender under the Term Facility and Revolving Facility[.]" Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.    Mr. Payne need not respond to the allegations in Paragraph 43 inasmuch as they are directed at another party. To the extent a response is required, Mr. Payne admits that Robert W. Baird & Co., Inc. served as an underwriter of the IPO. Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.    Mr. Payne need not respond to the allegations in Paragraph 44 inasmuch as they are directed at another party. To the extent a response is required, Mr. Payne admits that Cowen and Company, LLC served as an underwriter of the IPO. Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.    Mr. Payne need not respond to the allegations in Paragraph 45 inasmuch as they are directed at another party. To the extent a response is required, Mr. Payne admits that Guggenheim Securities, LLC served as an underwriter of the IPO. Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.    Mr. Payne need not respond to the allegations in Paragraph 46 inasmuch as they are directed at another party. To the extent a response is required, Mr. Payne admits that Macquarie Capital (USA) Inc. served as an underwriter of the IPO. Mr. Payne otherwise lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47.     Mr. Payne need not respond to the allegations in Paragraph 47 inasmuch as they are directed at another party.  To the extent a response is required, Mr. Payne admits that MUFG Securities Americas Inc. served as an underwriter of the IPO.  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.     Mr. Payne need not respond to the allegations in Paragraph 48 inasmuch as they are directed at another party.  To the extent a response is required, Mr. Payne admits that Roth Capital Partners, LLC served as an underwriter of the IPO.  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49.     Mr. Payne need not respond to the allegations in Paragraph 49 inasmuch as they are directed at another party.  To the extent a response is required, Mr. Payne admits that the Underwriter Defendants served as underwriters of the IPO.  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50.     Mr. Payne admits that (1) F45 is a fitness franchisor that offers functional 45-minute workouts; (2) F45 workouts include high-intensity interval, circuit, and functional training; and (3) F45 utilizes a technology platform.  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51.     Mr. Payne admits that F45 operates in the fitness industry and that F45 workouts incorporate high intensity interval training and functional training.  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52.     Mr. Payne admits that F45 historically entered into promotional arrangements with

certain individuals, which have included Greg Norman, Magic Johnson, Cindy Crawford, Joe Montana, David Beckham, Timothy Kennedy, and Mr. Wahlberg. Mr. Payne admits that Mr. Wahlberg was a member of the Company's board of directors beginning in March 2019. Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53.     Mr. Payne admits that F45 has made statements regarding the scalability of its model, its digitally connected platform, and the layout of its gyms, and Mr. Payne respectfully refers the Court to F45's prospectus and other public statements for a complete and accurate account of the statements made. Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54.     Mr. Payne admits that (1) F45 was founded in 2013 and the first studio opened in Paddington, Australia; (2) Robert Deutsch and Adam Gilchrist co-founded the company; (3) F45 began franchising first in Australia and then in other countries; and (4) F45's IPO Registration Statement stated that F45 had 2,801 Total Franchises Sold by July 2021. Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55.     Mr. Payne admits that franchise agreements and multiunit development agreements were historically among the common types of contractual relationships F45 entered into with its franchisees. Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and footnotes 8 and 9.

56.     To the extent that the allegations in Paragraph 56 relate to events that occurred after Mr. Payne left F45, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Payne admits that F45 reported (1) a net loss of approximately $25

million for 2020 and (2) selling, general, and administrative expenses of approximately $57.8 million in 2020.  To the extent the allegations in Paragraph 56 and footnote 10 purport to characterize F45's growth strategy or financial results, Mr. Payne respectfully refers the Court to F45's publicly filed annual and quarterly reports for a complete and accurate account of the company's results.  Mr. Payne otherwise denies the allegations in Paragraph 56 and footnote 10.

57.     Mr. Payne admits that F45 (1) franchises fitness studios and (2) receives various payments from its franchisees.  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58.     Mr. Payne admits that F45 (1) reported certain metrics and defined "Total Franchises Sold," "New Franchises Sold," "Initial Studio Openings," "Total Studios," and "Open Studios" in its IPO Materials using the quoted language; (2) reported that it had changed the definition of "Initial Studio Openings" during the fourth quarter of 2021;  and (3) reported the change in the definition of "Initial Studio Openings" in its 2021 10-K, as well as on its 2021 year-end earnings call.  To the extent the allegations in Paragraph 58 and footnote 11 purport to characterize F45's public filings or statements on earnings calls, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the referenced materials for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 58 and footnote 11.

59.     Mr. Payne need not respond to the allegations in Paragraph 59 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 59 relate to claims not dismissed, Mr. Payne admits that the transcript of the Q2 2021 earnings call included portions of the quoted language by Mr. Gilchrist, including that he "believe[d] we can be bigger than Starbucks. We can

be bigger than McDonald's." To the extent the allegations in Paragraph 59 purport to characterize these or other public statements, Mr. Payne denies that such characterizations fully or accurately reflect the content of those statements, and Mr. Payne respectfully refers the Court to those statements for a complete and accurate account of them. Mr. Payne otherwise denies the allegations in Paragraph 59.

60. To the extent that the allegations in Paragraph 60 relate to F45's current operations, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Payne admits that F45's growth strategy historically included selling franchises and opening more studios. Mr. Payne otherwise denies the allegations in Paragraph 60.

61. Mr. Payne need not respond to the allegations in Paragraph 61 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 61 relate to claims not dismissed, Mr. Payne admits that F45's IPO Registration Statement included the quoted language. To the extent the allegations in Paragraph 61 purport to characterize F45's IPO Materials, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 61.

62. Mr. Payne need not respond to the allegations in Paragraph 62 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 62 relate to claims not dismissed, Mr. Payne admits that F45's IPO Materials included the quoted language. To the extent the allegations in Paragraph 62 purport to characterize F45's IPO Materials, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne

respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 62.

63. Mr. Payne need not respond to the allegations in Paragraph 63 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 63 relate to claims not dismissed, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentences 3 and 4 of Paragraph 63. Mr. Payne otherwise denies the allegations in Paragraph 63.

64. Mr. Payne need not respond to the allegations in Paragraph 64 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 64 relate to claims not dismissed, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65. Mr. Payne need not respond to the allegations in Paragraph 65 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 65 relate to claims not dismissed, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66. Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67. Mr. Payne admits that F45's business was impacted by the global COVID-19 pandemic, which forced the closure of many locations in compliance with federal, state, and local public health mandates. Mr. Payne otherwise denies the allegations in Paragraph 67.

68. Mr. Payne admits that F45's business was impacted by the global COVID-19

pandemic, which forced the closure of many locations in compliance with federal, state, and local public health mandates. Mr. Payne otherwise denies the allegations in Paragraph 68.

69.     Mr. Payne admits that F45's business was impacted by the global COVID-19 pandemic, which forced the closure of many locations in compliance with federal, state, and local public health mandates. Mr. Payne otherwise denies the allegations in Paragraph 69.

70.     Mr. Payne admits the allegations in Paragraph 70.

71.     Mr. Payne admits that (1) Franchisor Club Sports Group was formerly known as Club Franchise Group LLC; (2) F45's IPO Registration Statement included the quoted language; and (3) F45 reported in its IPO Registration Statement that it had entered into two multi-unit franchise agreements with terms including the development of at least 70 studios over a 7-year period for one and development of at least 87 studios over 6 years for the other. To the extent the allegations in Paragraph 71 and footnotes 12 and 13 purport to characterize F45's IPO Materials, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 71 and footnotes 12 and 13.

72.     Mr. Payne admits the allegations in Paragraph 72.

73.     Mr. Payne admits that (1) F45 filed a Prospectus for the IPO on Form 424(b)4 incorporating the IPO Registration Statement and agreeing to a 180 day lock up period following the effective date of the IPO and (2) the IPO Registration Statement was signed by Messrs. Gilchrist, Payne, Raymond, Richman, and Wahlberg. To the extent the allegations in Paragraph 73 and footnote 14 purport to characterize F45's IPO public filings or certain transactions by officers and directors, Mr. Payne denies that such characterizations fully or accurately reflect those

disclosures and transactions, and Mr. Payne respectfully refers the Court to F45's public filings for a complete and accurate account of the transactions.  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and footnote 14.

74.    Mr. Payne admits that F45 priced the IPO at $16.00 per share.  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

75.    Mr. Payne admits that F45's IPO Registration Statement contained the graphic included in Paragraph 75.  To the extent the allegations in Paragraph 75 purport to characterize F45's IPO Registration Statement, Mr. Payne denies that such characterizations fully or accurately reflect the content of that document, and Mr. Payne respectfully refers the Court to the Registration Statement for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 75.

76.    Mr. Payne admits that F45's IPO Registration Statement contained the graphic referenced in Paragraph 76.  To the extent the allegations in Paragraph 76 purport to characterize F45's IPO Registration Statement, Mr. Payne denies that such characterizations fully or accurately reflect the content of that document, and Mr. Payne respectfully refers the Court to the IPO Registration Statement for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 76.

77.    Mr. Payne admits that F45's IPO Registration Statement contained the graphic included in Paragraph 77.  To the extent the allegations in Paragraph 77 purport to characterize F45's IPO Registration Statement, Mr. Payne denies that such characterizations fully or accurately reflect the content of that document, and Mr. Payne respectfully refers the Court to the Registration

Statement for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 77.

78. Mr. Payne admits that at the time of the IPO, F45 reported that it had 1,379 franchises sold and 556 Total Studios in the United States and 785 franchises sold and 628 Total Studios in Australia. Mr. Payne otherwise denies the allegations in Paragraph 78.

79. Mr. Payne admits that F45 sought to expand its presence in the United States and admits that the IPO Registration Statement included the quoted language. To the extent the allegations in Paragraph 79 purport to characterize F45's IPO Registration Statement, Mr. Payne denies that such characterizations fully or accurately reflect the content of that document, and Mr. Payne respectfully refers the Court to the IPO Registration Statement for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 79.

80. Mr. Payne admits that F45 historically pursued potential opportunities to partner with a variety of partners. Mr. Payne otherwise denies the allegations in Paragraph 80.

81. Mr. Payne admits that on July 26, 2022, F45 filed an 8-K, attaching a press release, detailing a strategic update to the business. To the extent the allegations in Paragraph 81 purport to characterize F45's July 26, 2022 8-K or the attached press release, Mr. Payne denies that such characterizations fully or accurately reflect the content of that document, and Mr. Payne respectfully refers the Court to the referenced materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 81.

82. Mr. Payne need not respond to the allegations in Paragraph 82 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 82 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 82 inasmuch as they constitute legal

26

conclusions.  To the extent that these allegations require a response, Mr. Payne admits that (1) the price of F45's common stock closed at $3.51 per share on July 26, 2022 and closed at $1.35 per share on July 27, 2022 and (2) F45's initial public offering price was $16.00 per share.  Mr. Payne otherwise denies the allegations in Paragraph 82.

83.  Mr. Payne admits that F45 reported that Mr. Gilchrist's resignation as an executive of F45 was effective on July 24, 2022 and was announced on July 26, 2022.  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.  Mr. Payne admits that F45 reported that Ben Coates was appointed as interim CEO on July 24, 2020.  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

85.  Mr. Payne admits that F45 reported that Mr. Richman's resignation was announced on October 12, 2022, to be effective upon the appointment of his replacement, to be nominated by KLIM.  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86.  Mr. Payne admits that on November 21, 2022, the Company announced that Mr. Payne had stepped down as F45's CFO and as a member of its Board of Directors, effective November 15, 2022, but would continue to support the Company in an advisory capacity to facilitate the transition.

87.  The allegations in Paragraph 87 relate to events that occurred after Mr. Payne left F45, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

88.  The allegations in Paragraph 88 relate to events that occurred after Mr. Payne left

F45, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

89.     The allegations in Paragraph 89 relate to events that occurred after Mr. Payne left F45, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

90.     Mr. Payne need not respond to the allegations in Paragraph 90 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 90 relate to claims not dismissed, Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to former employees and franchisees. Mr. Payne otherwise denies the allegations in Paragraph 90 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

91.     Mr. Payne need not respond to the allegations in Paragraph 91 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 91 relate to claims not dismissed, Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Mr. Payne otherwise denies the allegations in Paragraph 91 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

92.     Mr. Payne need not respond to the allegations in Paragraph 92 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 92 relate to claims not dismissed, Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and

statements attributed to Confidential Witnesses. Mr. Payne otherwise denies the allegations in Paragraph 92 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

93.     Mr. Payne need not respond to the allegations in Paragraph 93 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 93 relate to claims not dismissed, Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Mr. Payne otherwise denies the allegations in Paragraph 93 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

94.     Mr. Payne need not respond to the allegations in Paragraph 94 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 94 relate to claims not dismissed, Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Mr. Payne otherwise denies the allegations in Paragraph 94 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

95.     Mr. Payne need not respond to the remaining allegations in Paragraph 95 and footnote 15 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 95 and footnote 15 relate to claims not dismissed, Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Mr. Payne otherwise denies the allegations in Paragraph 95 and footnote 15 and denies that any

statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

96. Mr. Payne need not respond to the allegations in Paragraph 96 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 96 relate to claims not dismissed, Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Mr. Payne otherwise denies the allegations in Paragraph 96 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

97. Mr. Payne need not respond to the allegations in Paragraph 97 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 97 relate to claims not dismissed, Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Mr. Payne otherwise denies the allegations in Paragraph 97 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

98. Mr. Payne need not respond to the allegations in Paragraph 98 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 98 relate to claims not dismissed, Mr. Payne admits that (1) the IPO Materials disclosed that the company had identified certain material weaknesses; (2) F45 continued to make disclosures about material weaknesses; and (3) the IPO Materials contained the language quoted in Paragraph 98, without the emphasis added by Plaintiffs. To the extent the allegations in Paragraph 98 purport to characterize F45's disclosures of material weaknesses, Mr. Payne denies that such characterizations fully or accurately reflect the content of

30

those disclosures, and Mr. Payne respectfully refers the Court to the IPO Materials and F45's public filings for a complete and accurate account of the statements made. To the extent the allegations in Paragraph 98 relate to events that occurred after Mr. Payne left F45, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Payne otherwise denies the allegations in Paragraph 98.

99.    Mr. Payne need not respond to the allegations in Paragraph 99 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 99 relate to claims not dismissed, Mr. Payne admits that the IPO Materials included the bulleted language in Paragraph 99. To the extent the allegations in Paragraph 99 purport to characterize the IPO Materials, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 99.

100.    Mr. Payne need not respond to the allegations in Paragraph 100 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 100 relate to claims not dismissed, Mr. Payne admits that F45's IPO Materials contained the language quoted in Paragraph 100. To the extent the allegations in Paragraph 100 purport to characterize the IPO Materials, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 100.

101.    Mr. Payne need not respond to the allegations in Paragraph 101 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

31

them.  To the extent any remaining allegations in Paragraph 101 relate to claims not dismissed, Mr. Payne admits that the IPO Materials contained the bulleted language in Paragraph 101.  To the extent the allegations in Paragraph 101 purport to characterize the IPO Materials, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 101.

102.    Mr. Payne need not respond to the allegations in Paragraph 102 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 102 relate to claims not dismissed, Mr. Payne admits that F45's Form 10-K for the year ended December 31, 2021 included the quoted language in Paragraph 102 as well as the bulleted language in Paragraph 102, without the emphasis added by Plaintiffs.  To the extent the allegations in Paragraph 102 purport to characterize F45's Form 10-K for the year ended December 31, 2021, Mr. Payne denies that such characterizations fully or accurately reflect the content of that document, and Mr. Payne respectfully refers the Court to that document for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 102.

103.    Mr. Payne need not respond to the allegations in Paragraph 103 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 103 relate to claims not dismissed, Mr. Payne admits that F45's Form 10-K for the year ended December 31, 2021 included the quoted and bulleted language in Paragraph 103.  To the extent the allegations in Paragraph 103 purport to characterize the Form 10-K for the year ended December 31, 2021, Mr. Payne denies that such characterizations fully or accurately reflect the content of that document, and Mr. Payne

respectfully refers the Court to that document for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 103.

104.    Mr. Payne need not respond to the allegations in Paragraph 104 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 104 relate to claims not dismissed, and to the extent that the allegations in Paragraph 104 relate to events that occurred after Mr. Payne left F45, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Payne otherwise denies the allegations in Paragraph 104.

105.    Mr. Payne need not respond to the allegations in Paragraph 105 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent that Paragraph 105 contains information from F45's public filing, Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate statement of its contents.  To the extent any remaining allegations in Paragraph 105 relate to claims not dismissed, the allegations in Paragraph 105 relate to events that occurred after Mr. Payne left F45, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

106.    Mr. Payne need not respond to the allegations in Paragraph 106 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent that Paragraph 106 contains information from F45's public filing, Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate statement of its contents.  To the extent any remaining allegations in Paragraph 106 relate to claims not dismissed, the allegations in Paragraph 106 relate to events that occurred after Mr. Payne left F45, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

107.    Mr. Payne need not respond to the allegations in Paragraph 107 inasmuch as they

relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 107 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 107 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, and to the extent that the allegations in Paragraph 107 relate to events that occurred after Mr. Payne left F45, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent that Paragraph 107 contains information from F45's public filing, Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate statement of its contents. Mr. Payne otherwise denies the allegations in Paragraph 107.

108.    Mr. Payne need not respond to the allegations in Paragraph 108 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 108 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 108 inasmuch as they constitute legal conclusions. Paragraph 108 otherwise represents Plaintiffs' own paraphrasing and/or interpretation of federal law, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

109.    Mr. Payne need not respond to the allegations in Paragraph 109 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 109 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 109 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Paragraph 109 represents Plaintiffs' own paraphrasing and/or interpretation of Section 302 and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Payne respectfully

34

refers the Court to the referenced material for a complete and accurate statement of its contents.

110.    Mr. Payne need not respond to the allegations in Paragraph 110 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 110 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 110 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Paragraph 110 represents Plaintiffs' own paraphrasing and/or interpretation of Section 404 and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate statement of its contents.

111.    Mr. Payne need not respond to the allegations in Paragraph 111 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 111 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 111 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Paragraph 111 represents Plaintiffs' own paraphrasing and/or interpretation of the referenced materials and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Payne respectfully refers the Court to the referenced materials for complete and accurate statements of their contents.

112.    Mr. Payne need not respond to the allegations in Paragraph 112 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 112 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 112 inasmuch as they constitute legal conclusions.  To the extent a response is required, Mr. Payne admits that the Company reported in

its Form S-1 that it had adopted the Committee of Sponsoring Organizations of the Treadway Commission (COSO) Internal Control Framework for internal controls. Paragraph 112 otherwise represents Plaintiffs' own paraphrasing and/or interpretation of the referenced materials and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Payne respectfully refers the Court to the referenced materials for a complete and accurate statement of their contents.

113.    Mr. Payne need not respond to the allegations in Paragraph 113 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 113 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 113 inasmuch as they constitute legal conclusions. To the extent Paragraph 113 purports to quote and characterize the COSO Framework, Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate account of its contents. To the extent a response is required, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113.

114.    Mr. Payne need not respond to the allegations in Paragraph 114 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 114 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 114 inasmuch as they constitute legal conclusions. To the extent Paragraph 114 purports to quote and characterize the COSO Framework, Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate account of its contents. To the extent a response is required, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114.

115.    Mr. Payne need not respond to the allegations in Paragraph 115 inasmuch as they

relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 115 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 115 inasmuch as they constitute legal conclusions. To the extent Paragraph 115 purports to quote and characterize the COSO Framework, Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate account of its contents. To the extent a response is required, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115.

116.    Mr. Payne need not respond to the allegations in Paragraph 116 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 116 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 116 inasmuch as they constitute legal conclusions. To the extent Paragraph 116 purports to quote and characterize the COSO Framework, Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate account of its contents. To the extent a response is required, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116.

117.    Mr. Payne need not respond to the allegations in Paragraph 117 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 117 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 117 inasmuch as they constitute legal conclusions. To the extent Paragraph 117 purports to quote and characterize the COSO Framework, Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate account of its contents. To the extent a response is required, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117.

118.    Mr. Payne need not respond to the allegations in Paragraph 118 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 118 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 118 inasmuch as they constitute legal conclusions.  To the extent Paragraph 118 purports to quote and characterize the COSO Framework, Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate account of its contents.  To the extent a response is required, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118.

119.    Mr. Payne need not respond to the allegations in Paragraph 119 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 119 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 119 inasmuch as they constitute legal conclusions.  To the extent Paragraph 119 purports to quote and characterize the COSO Framework, Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate account of its contents.  To the extent a response is required, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119.

120.    Mr. Payne need not respond to the allegations in Paragraph 120 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 120 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 120 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Paragraph 120 represents Plaintiffs' own paraphrasing and/or interpretation of federal law, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

121.    Mr. Payne need not respond to the allegations in Paragraph 121 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 121 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 121 inasmuch as they constitute legal conclusions.  To the extent these allegations require a response, Paragraph 121 represents Plaintiffs' own paraphrasing and/or interpretation of the referenced material, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate statement of its contents.

122.    Mr. Payne need not respond to the allegations in Paragraph 122 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 122 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 122 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Paragraph 122 represents Plaintiffs' own paraphrasing and/or interpretation of the referenced material, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate statement of its contents.

123.    Mr. Payne need not respond to the allegations in Paragraph 123 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 123 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 123 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Paragraph 123 represents Plaintiffs' own paraphrasing and/or interpretation of the referenced material, and Mr. Payne lacks

knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate statement of its contents.

124. Mr. Payne need not respond to the allegations in Paragraph 124 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 124 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 124 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Paragraph 124 represents Plaintiffs' own paraphrasing and/or interpretation of the referenced material, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate statement of its contents.

125. Mr. Payne need not respond to the allegations in Paragraph 125 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 125 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 125 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Paragraph 125 contains Plaintiffs' own paraphrasing and/or interpretation of the referenced material and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate statement of its contents.

126. Mr. Payne need not respond to the allegations in Paragraph 126 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.  To the extent any remaining allegations in Paragraph 126 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 126 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Paragraph 126 contains Plaintiffs' own paraphrasing and/or interpretation of the referenced material and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate statement of its contents.

127.    Mr. Payne need not respond to the allegations in Paragraph 127 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 127 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 127 inasmuch as they constitute legal conclusions.  To the extent a response is required, Paragraph 127 represents Plaintiffs' own paraphrasing and/or interpretation of the referenced material, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate statement of its contents.

128.    Mr. Payne need not respond to the allegations in Paragraph 128 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 128 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 128 inasmuch as they constitute legal conclusions.  To the extent a response is required, Paragraph 128 represents Plaintiffs' own paraphrasing and/or interpretation of the referenced materials, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Payne respectfully refers the Court to the referenced materials for complete and accurate statements of their contents.

129.     Mr. Payne need not respond to the allegations in Paragraph 129 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 129 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 129 inasmuch as they constitute legal conclusions.  To the extent a response is required, Paragraph 129 represents Plaintiffs' own paraphrasing and/or interpretation of the referenced material and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Payne respectfully refers the Court to the referenced material for a complete and accurate statement of its contents.

130.     Mr. Payne need not respond to the allegations in Paragraph 130 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 130 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 130 inasmuch as they constitute legal conclusions.  To the extent a response is required, Paragraph 130 represents Plaintiffs' own paraphrasing and/or interpretation of the referenced materials and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Payne respectfully refers the Court to the referenced materials for complete and accurate statements of their contents.

131.     Mr. Payne need not respond to the allegations in Paragraph 131 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 131 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 131 inasmuch as they constitute legal conclusions.  To the extent a response is required, Mr. Payne admits that F45's July 13, 2021 Form S-1 filed with the SEC contains the quoted language in Paragraph 131.  To the extent that the allegations in Paragraph 131 purport to characterize the public filing, Mr. Payne denies that such

characterizations fully or accurately reflect the content of that document, and Mr. Payne respectfully refers the Court to the public filing for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 131.

132.    Mr. Payne need not respond to the allegations in Paragraph 132 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 132 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 132 inasmuch as they constitute legal conclusions.  To the extent these allegations require a response, Mr. Payne admits that F45's July 13, 2021 Form S-1 filed with the SEC discussed risks associated with internal controls on pages 58 and 106.  To the extent allegations in Paragraph 132 purport to characterize the statements in the public filing, Mr. Payne denies that such characterizations fully or accurately reflect the content of that document, and Mr. Payne respectfully refers the Court to the public filing for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 132.

133.    Mr. Payne need not respond to the allegations in Paragraph 133 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 133 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 133 inasmuch as they constitute legal conclusions.  To the extent allegations in Paragraph 133 purport to characterize statements in public filings, Mr. Payne denies that such characterizations fully or accurately reflect the content of those documents, and Mr. Payne respectfully refers the Court to the public filings for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 133.

134.    Mr. Payne need not respond to the allegations in Paragraph 134 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 134 relate to claims not dismissed, Mr. Payne admits that (1) F45 filed its 2021 Form 10-K on March 23, 2022 and (2) the Form 10-K included a discussion of a material weakness in the context of the financial close process.  To the extent that the allegations in Paragraph 134 purport to characterize the statements in the public filing, Mr. Payne denies that such characterizations fully or accurately reflect the content of that document, and Mr. Payne respectfully refers the Court to the public filing for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 134.

135.    Mr. Payne need not respond to the allegations in Paragraph 135 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 135 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 135 inasmuch as they constitute legal conclusions.  To the extent that Paragraph 135 contains information from F45's public filing, Mr. Payne respectfully refers the Court to the public filing for a complete and accurate account of the statements made.  To the extent that these allegations require a response, and to the extent that the allegations in Paragraph 135 relate to events that occurred after Mr. Payne left F45, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Payne otherwise denies the allegations in Paragraph 135.

136.    Mr. Payne need not respond to the allegations in Paragraph 136 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent that Paragraph 136 contains information from F45's public filings, Mr. Payne

respectfully refers the Court to the public filings for a complete and accurate account of the statements made. To the extent any remaining allegations in Paragraph 136 relate to claims not dismissed, the allegations in Paragraph 136 relate to events that occurred after Mr. Payne left F45, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

137. Mr. Payne need not respond to the allegations in Paragraph 137 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent that Paragraph 137 contains information from F45's public filing, Mr. Payne respectfully refers the Court to the public filing for a complete and accurate account of the statements made. To the extent any remaining allegations in Paragraph 137 relate to claims not dismissed, the allegations in Paragraph 137 relate to events that occurred after Mr. Payne left F45, and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

138. Mr. Payne need not respond to the allegations in Paragraph 138 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 138 relate to claims not dismissed, and to the extent that the allegations in Paragraph 138 relate to events that occurred after Mr. Payne left F45, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the allegations in Paragraph 138 purport to characterize F45's public filings, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the referenced materials for a complete and accurate account of the statements made. Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138.

139.    Mr. Payne need not respond to the allegations in Paragraph 139 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 139 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 139 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, and to the extent that the allegations in Paragraph 139 relate to events that occurred after Mr. Payne left F45, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent that Paragraph 139 contains information from F45's public filings, Mr. Payne respectfully refers the Court to the public filings for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 139.

140.    Mr. Payne need not respond to the allegations in Paragraph 140 and footnote 16 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 140 and footnote 16 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 140 and footnote 16 inasmuch as they constitute legal conclusions.  To the extent Paragraph 140 and footnote 16 purport to characterize publicly available materials, Mr. Payne respectfully refers the Court to the referenced materials for a complete and accurate statement of their contents.  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and footnote 16.

141.    Mr. Payne need not respond to the allegations in Paragraph 141 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 141 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 141 inasmuch as they constitute legal

conclusions. To the extent these allegations require a response, with respect to sentences one and two of Paragraph 141, it is not clear what Plaintiffs are quoting and Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent that the allegations in Paragraph 141 relate to events that occurred after his departure from F45, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Mr. Payne otherwise denies the allegations in Paragraph 141.

142. Mr. Payne need not respond to the allegations in Paragraph 142 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne admits that Plaintiffs purport to assert a series of claims based on the Securities Act but denies that those claims have any basis and otherwise denies the allegations in Paragraph 142.

143. Mr. Payne need not respond to the allegations in Paragraph 143 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 143.

144. Mr. Payne need not respond to the allegations in Paragraph 144 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 144.

145. Mr. Payne need not respond to the allegations in Paragraph 145 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 145.

146. Mr. Payne admits the allegations in Paragraph 146.

147. Mr. Payne admits the allegations in Paragraph 147.

148. Mr. Payne admits that (1) on July 16, 2021, F45 filed a Prospectus for the IPO on Form 424(b)(4), which stated "Our directors, executive officers and substantially all of our

stockholders, including the selling stockholder, have entered into lock-up agreements with the underwriters, pursuant to which each of these persons or entities, subject to certain limited exceptions, for a period through and including the date that is 180 days after the date of this prospectus, agree that they will not, and shall not cause or direct any of their respective affiliates to, … offer, sell, contract to sell, pledge, grant any option to purchase, lend or otherwise transfer or dispose of, directly or indirectly, any shares of common stock"; and (2)  the IPO Registration Statement was signed by Messrs. Gilchrist, Payne, Raymond, Richman, and Wahlberg.  To the extent Paragraph 148 purports to characterize public filings, Mr. Payne respectfully refers the Court to the referenced materials for a complete and accurate statement of their contents.  Mr. Payne otherwise denies the allegations in Paragraph 148.

149.   Mr. Payne need not respond to the allegations in Paragraph 149 inasmuch as they relate to parties that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 149 relate to claims not dismissed, Mr. Payne admits that F45's Form 10-Q filed with the SEC on August 30, 2021 stated: "In the initial public offering, we sold 19,057,889 shares of our common stock (including 307,889 shares that were sold on August 17, 2021 to the underwriters pursuant to exercise of their overallotment option) and MWIG LLC sold 2,794,055 shares of our common stock (including 1,231,555 shares that were sold on August 17, 2021 to the underwriters pursuant to the exercise of their overallotment option) at a public offering price of $16.00 per share, resulting in aggregate gross proceeds to us of approximately $304.9 million and aggregate gross proceeds to MWIG LLC of approximately $44.7 million."  To the extent Paragraph 149 purports to characterize F45's public filings, Mr. Payne respectfully refers the Court to the public filings for a complete and accurate statement of their contents.  Mr. Payne otherwise denies the allegations in Paragraph 149.

150.    Mr. Payne need not respond to the allegations in Paragraph 150 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 150.

151.    Mr. Payne need not respond to the allegations in Paragraph 151 and footnote 17 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne admits that F45's IPO Registration Statement and Prospectus included the quoted language in Paragraph 151, without the emphasis added by Plaintiffs.  To the extent the allegations in Paragraph 151 and footnote 17 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 151 and footnote 17.

152.    Mr. Payne need not respond to the allegations in Paragraph 152 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne admits that F45's IPO Registration Statement and Prospectus included the quoted language in Paragraph 152, without the emphasis added by Plaintiffs.  To the extent the allegations in Paragraph 152 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 152.

153.    Mr. Payne need not respond to the allegations in Paragraph 153 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne admits that F45's IPO Registration Statement and Prospectus included the quoted language in

Paragraph 153, without the emphasis added by Plaintiffs. To the extent the allegations in Paragraph 153 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 153.

154. Mr. Payne need not respond to the allegations in Paragraph 154 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne admits that F45's IPO Registration Statement and Prospectus included the quoted language in Paragraph 154, without the emphasis added by Plaintiffs. To the extent the allegations in Paragraph 154 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 154.

155. Mr. Payne need not respond to the allegations in Paragraph 155 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne admits that F45's IPO Registration Statement and Prospectus included the quoted language in Paragraph 155, without the emphasis added by Plaintiffs. To the extent the allegations in Paragraph 155 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 155.

156. Mr. Payne need not respond to the allegations in Paragraph 156 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne

admits that F45's IPO Registration Statement and Prospectus included the quoted language in Paragraph 156, without the emphasis added by Plaintiffs. To the extent the allegations in Paragraph 156 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 156.

157. Mr. Payne need not respond to the allegations in Paragraph 157 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 157 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 157 inasmuch as they constitute legal conclusions. Mr. Payne otherwise denies the allegations in Paragraph 157 and incorporates his responses to Paragraphs 151-56 into this response.

158. Mr. Payne need not respond to the allegations in Paragraph 158 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158.

159. Mr. Payne need not respond to the allegations in Paragraph 159 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159.

160. Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Mr. Payne otherwise denies the allegations in Paragraph 160 and denies that any statements attributed to Confidential

Witnesses support any allegation of wrongdoing or liability.

161.    Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Mr. Payne otherwise denies the allegations in Paragraph 161 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

162.    Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Mr. Payne otherwise denies the allegations in Paragraph 162 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

163.    Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Mr. Payne otherwise denies the allegations in Paragraph 163 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

164.    Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Mr. Payne otherwise denies the allegations in Paragraph 164 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

165.    Mr. Payne need not respond to the allegations in Paragraph 165 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 165.

166.    Mr. Payne need not respond to the allegations in Paragraph 166 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne admits that F45's IPO Registration Statement and Prospectus included the quoted language in

Paragraph 166, without the emphasis added by Plaintiffs. To the extent the allegations in Paragraph 166 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 166.

167. Mr. Payne need not respond to the allegations in Paragraph 167 inasmuch as they constitute legal conclusions. Mr. Payne admits that F45's IPO Registration Statement and Prospectus included the quoted language in Paragraph 167, without the emphasis added by Plaintiffs. To the extent the allegations in Paragraph 167 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 167.

168. Mr. Payne need not respond to the allegations in Paragraph 168 inasmuch as they constitute legal conclusions. Mr. Payne admits that F45's IPO Registration Statement and Prospectus included the quoted language in Paragraph 168, without the emphasis added by Plaintiffs. To the extent the allegations in Paragraph 168 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 168.

169. Mr. Payne need not respond to the allegations in Paragraph 169 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.  To the extent any remaining allegations in Paragraph 169 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 169 inasmuch as they constitute legal conclusions.  Mr. Payne admits that F45's IPO Registration Statement and Prospectus included the quoted language in Paragraph 169, without the emphasis added by Plaintiffs.  To the extent the allegations in Paragraph 169 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 169.

170.    Mr. Payne need not respond to the allegations in Paragraph 170 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 170 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 170 inasmuch as they constitute legal conclusions.  Mr. Payne admits that F45's IPO Registration Statement and Prospectus included the quoted language in Paragraph 170, without the emphasis added by Plaintiffs.  To the extent the allegations in Paragraph 170 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 170.

171.    Mr. Payne need not respond to the allegations in Paragraph 171 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  Mr. Payne need not respond to the allegations in Paragraph 171 inasmuch as they constitute

legal conclusions. To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 171 and incorporates his responses to Paragraphs 157 and 166-170 into this response.

172. Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Mr. Payne otherwise denies the allegations in Paragraph 172 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

173. Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Mr. Payne otherwise denies the allegations in Paragraph 173 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

174. Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses. Mr. Payne otherwise denies the allegations in Paragraph 174 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

175. Mr. Payne need not respond to the allegations in Paragraph 175 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. Mr. Payne need not respond to the allegations in Paragraph 175 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne admits that F45's IPO Registration Statement and Prospectus included the quoted language in Paragraph 175, without the emphasis added by Plaintiffs. To the extent the allegations in Paragraph 175 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne

respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 175.

176. Mr. Payne need not respond to the allegations in Paragraph 176 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 176 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 176 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne admits that F45's IPO Registration Statement and Prospectus included the quoted language in Paragraph 176, without the emphasis added by Plaintiffs. To the extent the allegations in Paragraph 176 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 176.

177. Mr. Payne need not respond to the allegations in Paragraph 177 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne admits that F45's IPO Registration Statement and Prospectus included the quoted language in Paragraph 177, without the emphasis added by Plaintiffs. To the extent the allegations in Paragraph 177 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 177.

178. Mr. Payne need not respond to the allegations in Paragraph 178 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne

admits that F45's IPO Registration Statement and Prospectus included the quoted language in Paragraph 178, without the emphasis added by Plaintiffs. To the extent the allegations in Paragraph 178 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 178.

179. Mr. Payne need not respond to the allegations in Paragraph 179 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne admits that F45's IPO Registration Statement and Prospectus included the quoted language in Paragraph 179, without the emphasis added by Plaintiffs. To the extent the allegations in Paragraph 179 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 179.

180. Mr. Payne need not respond to the allegations in Paragraph 180 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 180 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 180 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne admits that F45's IPO Registration Statement and Prospectus included the quoted language in Paragraph 180, without the emphasis added by Plaintiffs. To the extent the allegations in Paragraph 180 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne

57

respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 180.

181.    Mr. Payne need not respond to the allegations in Paragraph 181 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne admits that F45's IPO Registration Statement and Prospectus included the quoted language in Paragraph 181, without the emphasis added by Plaintiffs.  To the extent the allegations in Paragraph 181 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 181.

182.    Mr. Payne need not respond to the allegations in Paragraph 182 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 182 and incorporates his responses to Paragraphs 157 and 175-181 into this response.

183.    Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Mr. Payne otherwise denies the allegations in Paragraph 183 and denies that any statements attributed to Confidential Witnesses support any allegations of wrongdoing or liability.

184.    Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Mr. Payne otherwise denies the allegations in Paragraph 184 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

185.    Mr. Payne lacks knowledge or information sufficient to form a belief as to the

purported identities and statements attributed to Confidential Witnesses.  Mr. Payne otherwise denies the allegations in Paragraph 185 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

186.    Mr. Payne need not respond to the allegations in Paragraph 186 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 186 relate to claims not dismissed, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186.

187.    Mr. Payne need not respond to the allegations in Paragraph 187 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 187 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 187 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne admits that F45's IPO Registration Statement and Prospectus included the quoted language in Paragraph 187, without the emphasis added by Plaintiffs.  To the extent the allegations in Paragraph 187 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 187.

188.    Mr. Payne need not respond to the allegations in Paragraph 188 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 188 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 188 inasmuch as they constitute legal

conclusions.  To the extent that these allegations require a response, Mr. Payne admits that F45's IPO Registration Statement and Prospectus included the quoted language in Paragraph 188, without the emphasis added by Plaintiffs.  To the extent the allegations in Paragraph 188 purport to characterize F45's IPO Registration Statement and Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 188.

189.    Mr. Payne need not respond to the allegations in Paragraph 189 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 189 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 189 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 189 and incorporates his responses to Paragraphs 157 and 187-188 into this response.

190.    Mr. Payne need not respond to the allegations in Paragraph 190 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 190 relate to claims not dismissed, Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Mr. Payne otherwise denies the allegations in Paragraph 190 and denies that any statements attributed to Confidential Witnesses support any allegations of wrongdoing or liability.

191.    Mr. Payne need not respond to the allegations in Paragraph 191 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.  To the extent any remaining allegations in Paragraph 191 relate to claims not dismissed, Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Mr. Payne otherwise denies the allegations in Paragraph 191 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

192.     Mr. Payne need not respond to the allegations in Paragraph 192 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 192 relate to claims not dismissed, Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Mr. Payne otherwise denies the allegations in Paragraph 192 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

193     Mr. Payne need not respond to the allegations in Paragraph 193 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 193 relate to claims not dismissed, Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities and statements attributed to Confidential Witnesses.  Mr. Payne otherwise denies the allegations in Paragraph 193 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

194.     Mr. Payne need not respond to the allegations in Paragraph 194 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 194 relate to claims not dismissed, Mr. Payne lacks knowledge or information sufficient to form a belief as to the purported identities

and statements attributed to Confidential Witnesses. Mr. Payne otherwise denies the allegations in Paragraph 194 and denies that any statements attributed to Confidential Witnesses support any allegation of wrongdoing or liability.

195. Mr. Payne need not respond to the allegations in Paragraph 195 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 195 relate to claims not dismissed, Mr. Payne admits that F45's IPO Registration Statement and Prospectus contained the quoted language in Paragraph 195, without the emphasis added by Plaintiffs. To the extent the allegations in Paragraph 195 purport to characterize F45's IPO Registration Statement or Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 195.

196. Mr. Payne need not respond to the allegations in Paragraph 196 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 196 relate to claims not dismissed, Mr. Payne admits that F45's IPO Registration Statement and Prospectus contained the quoted and bulleted language in Paragraph 196, without the emphasis added by Plaintiffs. To the extent the allegations in Paragraph 196 purport to characterize F45's IPO Registration Statement or Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 196.

197. Mr. Payne need not respond to the allegations in Paragraph 197 and footnote 18

inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 197 and footnote 18 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 197 and footnote 18 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne admits that (1) Deloitte & Touche LLP ("Deloitte") served as F45's independent auditor for the Registration Statement and Prospectus; and (2) Deloitte's report included the standard language quoted in footnote 18, but to the extent the allegations in Paragraph 197 and footnote 18 seek to characterize the contents of the auditor report, Mr. Payne respectfully refers the Court to F45's IPO Registration Statement and Prospectus for a complete and accurate account of the statements made. Mr. Payne otherwise denies the allegations in Paragraph 197 and footnote 18 and incorporates his responses to Paragraphs 91-141, 157, and 195-196 into this response.

198. Mr. Payne need not respond to the allegations in Paragraph 198 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 198 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 198 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 198.

199. Mr. Payne need not respond to the allegations in Paragraph 199 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them. To the extent any remaining allegations in Paragraph 199 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 199 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne denies the

allegations in Paragraph 199 and incorporates his response to Paragraph 146 into this response.

200.    Mr. Payne need not respond to the allegations in Paragraph 200 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 200 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 200 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne admits that the IPO Materials did include a section entitled "Summary of Risk Factors."  Mr. Payne otherwise denies the allegations in Paragraph 200.

201.    Mr. Payne need not respond to the allegations in Paragraph 201 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 201 relate to claims not dismissed, Mr. Payne admits that F45's IPO Registration Statement and Prospectus included a "Summary of Risk Factors" which included the quoted language in Paragraph 201, without the emphasis added by Plaintiffs.  To the extent the allegations in Paragraph 201 purport to characterize F45's IPO Registration Statement or Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 201.

202.    Mr. Payne need not respond to the allegations in Paragraph 202 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 202 relate to claims not dismissed, Mr. Payne admits that F45's IPO Registration Statement included the quoted language in Paragraph 202, without the emphasis added by Plaintiffs.  To the extent the allegations in

Paragraph 202 purport to characterize F45's IPO Registration Statement or Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 202.

203.     Mr. Payne need not respond to the allegations in Paragraph 203 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 203 relate to claims not dismissed, Mr. Payne admits that F45's IPO Registration Statement included the quoted language in Paragraph 203, without the emphasis added by Plaintiffs.  However, to the extent the allegations in Paragraph 203 purport to characterize F45's IPO Registration Statement or Prospectus, Mr. Payne denies that such characterizations fully or accurately reflect the content of those statements, and Mr. Payne respectfully refers the Court to the IPO Materials for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 203.

204.     Mr. Payne need not respond to the allegations in Paragraph 204 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 204 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 204 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 204 and incorporates his responses to Paragraphs 98-151, 157, and 201-203 into this response.

205.      Mr. Payne admits that on July 26, 2022, F45 filed an 8-K detailing a strategic update to the business and attaching a press release containing the quoted language.  To the extent the allegations in Paragraph 205 purport to characterize F45's July 26, 2022 8-K or the press

release, Mr. Payne denies that such characterizations fully or accurately reflect the content of those materials, and Mr. Payne respectfully refers the Court to the filing and press release for a complete and accurate account of the statements made.  Mr. Payne otherwise denies the allegations in Paragraph 205.

206.   Mr. Payne need not respond to the allegations in Paragraph 206 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  To the extent any remaining allegations in Paragraph 206 relate to claims not dismissed, Mr. Payne need not respond to the allegations in Paragraph 206 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne admits that F45's stock closed at $3.51 on July 26, 2022 and closed at $1.35 on July 27, 2022.  Mr. Payne otherwise denies the allegations in Paragraph 206.

207.   Mr. Payne need not respond to the allegations in Paragraph 207 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, inasmuch as the allegations in Paragraph 207 relate to other Defendants, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Payne otherwise denies the allegations in Paragraph 207.

208.   Mr. Payne need not respond to the allegations in Paragraph 208 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

209.   Mr. Payne need not respond to the allegations in Paragraph 209 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.  Mr. Payne need not respond to the allegations in Paragraph 209 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne denies the

allegations in Paragraph 209.

210.    Mr. Payne need not respond to the allegations in Paragraph 210 inasmuch as they are directed at another party.  Mr. Payne need not respond to the allegations in Paragraph 210 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

211.    Mr. Payne need not respond to the allegations in Paragraph 211 inasmuch as they are directed at another party.  Mr. Payne need not respond to the allegations in Paragraph 211 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, and inasmuch as these allegations relate to other Defendants, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Payne otherwise denies the allegations in Paragraph 211.

212.    Mr. Payne need not respond to the allegations in Paragraph 212 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne admits that Messrs. Gilchrist, Payne, Raymond, Richman, and Wahlberg were signatories of the IPO Registration Statement.  Mr. Payne otherwise denies the allegations in Paragraph 212.

213.    Mr. Payne need not respond to the allegations in Paragraph 213 inasmuch as they are directed at another party.  Mr. Payne need not respond to the allegations in Paragraph 213 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

214.    To the extent that the first sentence of Paragraph 214 references prior allegations, Mr. Payne refers the Court to the above responses to those allegations.  Mr. Payne need not respond

to the allegations in Paragraph 214 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 214.

215. Mr. Payne need not respond to the allegations in Paragraph 215 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 215.

216. Mr. Payne need not respond to the allegations in Paragraph 216 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 216.

217. Mr. Payne need not respond to the allegations in Paragraph 217 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 217.

218. Mr. Payne need not respond to the allegations in Paragraph 218 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne admits that the Company is the registrant of the IPO. Mr. Payne otherwise denies the allegations in Paragraph 218.

219. Mr. Payne need not respond to the allegations in Paragraph 219 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne admits that Messrs. Gilchrist, Payne, Raymond, Richman and Wahlberg were signatories of the IPO Materials. Mr. Payne otherwise denies the allegations in Paragraph 219.

220. Mr. Payne need not respond to the allegations in Paragraph 220 inasmuch as they are directed at another party. Mr. Payne need not respond to the allegations in Paragraph 220 inasmuch as they constitute legal conclusions. To the extent that these allegations require a response, Mr. Payne admits that the Underwriter Defendants served as the underwriters for the

F45 IPO.  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220.

221.    Mr. Payne need not respond to the allegations in Paragraph 221 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, inasmuch as the allegations in Paragraph 221 relate to the other Defendants, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Payne otherwise denies the allegations in Paragraph 221.

222.    Mr. Payne need not respond to the allegations in Paragraph 222 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, inasmuch as the allegations in Paragraph 222 relate to the other Defendants, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Payne otherwise denies the allegations in Paragraph 222.

223.    Mr. Payne need not respond to the allegations in Paragraph 223 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 223.

224.    Mr. Payne need not respond to the allegations in Paragraph 224 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 as they relate to the Plaintiffs' actions.  Mr. Payne otherwise denies the allegations in Paragraph 224.

225.    Mr. Payne need not respond to the allegations in Paragraph 225 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 225.

226.   Mr. Payne need not respond to the allegations in Paragraph 226 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne denies the allegations in Paragraph 226.

227.   To the extent that the first sentence of Paragraph 227 references prior allegations, Mr. Payne refers the Court to the above responses to those allegations.  Mr. Payne need not respond to the allegations in Paragraph 227 inasmuch as they are directed at another party.  Mr. Payne need not respond to the allegations in Paragraph 227 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227.

228.   Mr. Payne need not respond to the allegations in Paragraph 228 inasmuch as they are directed at another party.  Mr. Payne need not respond to the allegations in Paragraph 228 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228.

229.   Mr. Payne need not respond to the allegations in Paragraph 229 inasmuch as they are directed at another party.  Mr. Payne need not respond to the allegations in Paragraph 229 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229.

230.   Mr. Payne need not respond to the allegations in Paragraph 230 inasmuch as they are directed at another party.  Mr. Payne need not respond to the allegations in Paragraph 230 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne admits that the Underwriter Defendants served as underwriters for the F45

IPO.  Mr. Payne otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230.

231.    Mr. Payne need not respond to the allegations in Paragraph 231 inasmuch as they are directed at another party.  Mr. Payne need not respond to the allegations in Paragraph 231 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231.

232.    Mr. Payne need not respond to the allegations in Paragraph 232 inasmuch as they are directed at another party.  Mr. Payne need not respond to the allegations in Paragraph 232 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232.

233.    Mr. Payne need not respond to the allegations in Paragraph 233 inasmuch as they are directed at another party.  Mr. Payne need not respond to the allegations in Paragraph 233 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233.

234.    Mr. Payne need not respond to the allegations in Paragraph 234 inasmuch as they are directed at another party.  Mr. Payne need not respond to the allegations in Paragraph 234 inasmuch as they constitute legal conclusions.  To the extent these allegations require a response, Mr. Payne admits that the Underwriter Defendants served as underwriters for the F45 IPO.  Mr. Payne otherwise denies the allegations in Paragraph 234.

235.     Mr. Payne need not respond to the allegations in Paragraph 235 inasmuch as they are directed at another party.  Mr. Payne need not respond to the allegations in Paragraph 235 inasmuch as they constitute legal conclusions.  To the extent that these allegations require a response, Mr. Payne admits that the Underwriter Defendants served as underwriters for the F45 IPO.  Mr. Payne otherwise denies the allegations in Paragraph 235.

236.     Mr. Payne need not respond to the allegations in Paragraph 236 inasmuch as they are directed at another party.  Mr. Payne need not respond to the allegations in Paragraph 236 inasmuch as they constitute legal conclusions.  To the extent the allegations in Paragraph 236 purport to describe Plaintiff and its actions, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236.  Mr. Payne otherwise denies the allegations in Paragraph 236.

237.     Mr. Payne need not respond to the allegations in Paragraph 237 inasmuch as they are directed at another party.  Mr. Payne need not respond to the allegations in Paragraph 237 inasmuch as they constitute legal conclusions.  To the extent these allegations require a response, Mr. Payne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237.

238.     Mr. Payne need not respond to the allegations in Paragraph 238 inasmuch as they are directed at another party.  Mr. Payne need not respond to the allegations in Paragraph 238 inasmuch as they constitute legal conclusions.  Mr. Payne otherwise denies the allegations in Paragraph 238.

239.     Mr. Payne need not respond to the allegations in Paragraph 239 inasmuch as they are directed at another party.  Mr. Payne need not respond to the allegations in Paragraph 239 inasmuch as they constitute legal conclusions.  Mr. Payne otherwise denies the allegations in

Paragraph 239.

240.    To the extent that Paragraph 240 references prior allegations, Mr. Payne refers the Court to the above responses to those allegations.  Mr. Payne need not respond to the allegations in Paragraph 240 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

241.    Mr. Payne need not respond to the allegations in Paragraph 241 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

242.    Mr. Payne need not respond to the allegations in Paragraph 242 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

243.    Mr. Payne need not respond to the allegations in Paragraph 243 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

244.    Mr. Payne need not respond to the allegations in Paragraph 244 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

245.    Mr. Payne need not respond to the allegations in Paragraph 245 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

246.    Mr. Payne need not respond to the allegations in Paragraph 246 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

247.    Mr. Payne need not respond to the allegations in Paragraph 247 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

248.    Mr. Payne need not respond to the allegations in Paragraph 248 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

249.    Mr. Payne need not respond to the allegations in Paragraph 249 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

250.    Mr. Payne need not respond to the allegations in Paragraph 250 and footnote 19 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

251.    Mr. Payne need not respond to the allegations in Paragraph 251 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

252.    Mr. Payne need not respond to the allegations in Paragraph 252 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

253.    Mr. Payne need not respond to the allegations in Paragraph 253 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

254.    Mr. Payne need not respond to the allegations in Paragraph 254 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.

255.    Mr. Payne need not respond to the allegations in Paragraph 255 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

256.    Mr. Payne need not respond to the allegations in Paragraph 256 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

257.    Mr. Payne need not respond to the allegations in Paragraph 257 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

258.    Mr. Payne need not respond to the allegations in Paragraph 258 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

259.    Mr. Payne need not respond to the allegations in Paragraph 259 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

260.    Mr. Payne need not respond to the allegations in Paragraph 260 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

261.    Mr. Payne need not respond to the allegations in Paragraph 261 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

262.    Mr. Payne need not respond to the allegations in Paragraph 262 inasmuch as they

relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

263. Mr. Payne need not respond to the allegations in Paragraph 263 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

264. Mr. Payne need not respond to the allegations in Paragraph 264 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

265. Mr. Payne need not respond to the allegations in Paragraph 265 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

266. Mr. Payne need not respond to the allegations in Paragraph 266 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

267. Mr. Payne need not respond to the allegations in Paragraph 267 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

268. Mr. Payne need not respond to the allegations in Paragraph 268 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

269. Mr. Payne need not respond to the allegations in Paragraph 269 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

270. Mr. Payne need not respond to the allegations in Paragraph 270 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

271. Mr. Payne need not respond to the allegations in Paragraph 271 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

272. Mr. Payne need not respond to the allegations in Paragraph 272 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

273. Mr. Payne need not respond to the allegations in Paragraph 273 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

274. Mr. Payne need not respond to the allegations in Paragraph 274 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

275. Mr. Payne need not respond to the allegations in Paragraph 275 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

276. Mr. Payne need not respond to the allegations in Paragraph 276 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

277. Mr. Payne need not respond to the allegations in Paragraph 277 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.

278.     Mr. Payne need not respond to the allegations in Paragraph 278 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

279.     Mr. Payne need not respond to the allegations in Paragraph 279 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

280.     Mr. Payne need not respond to the allegations in Paragraph 280 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

281.     Mr. Payne need not respond to the allegations in Paragraph 281 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

282.     Mr. Payne need not respond to the allegations in Paragraph 282 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

283.     Mr. Payne need not respond to the allegations in Paragraph 283 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

284.     Mr. Payne need not respond to the allegations in Paragraph 284 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

285.     Mr. Payne need not respond to the allegations in Paragraph 285 inasmuch as they

relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

286.    Mr. Payne need not respond to the allegations in Paragraph 286 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

287.    Mr. Payne need not respond to the allegations in Paragraph 287 and footnote 20 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

288.    Mr. Payne need not respond to the allegations in Paragraph 288 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

289.    Mr. Payne need not respond to the allegations in Paragraph 289 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

290.    Mr. Payne need not respond to the allegations in Paragraph 290 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

291.    Mr. Payne need not respond to the allegations in Paragraph 291 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

292.    Mr. Payne need not respond to the allegations in Paragraph 292 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

293.     Mr. Payne need not respond to the allegations in Paragraph 293 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

294.     Mr. Payne need not respond to the allegations in Paragraph 294 and footnote 21 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

295.     Mr. Payne need not respond to the allegations in Paragraph 295 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

296.     Mr. Payne need not respond to the allegations in Paragraph 296 and footnote 22 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

297.     Mr. Payne need not respond to the allegations in Paragraph 297 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

298.     Mr. Payne need not respond to the allegations in Paragraph 298 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

299.     Mr. Payne need not respond to the allegations in Paragraph 299 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

300.     Mr. Payne need not respond to the allegations in Paragraph 300 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.

301.    Mr. Payne need not respond to the allegations in Paragraph 301 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

302.    Mr. Payne need not respond to the allegations in Paragraph 302 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

303.    Mr. Payne need not respond to the allegations in Paragraph 303 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

304.    Mr. Payne need not respond to the allegations in Paragraph 304 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

305.    Mr. Payne need not respond to the allegations in Paragraph 305 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

306.    Mr. Payne need not respond to the allegations in Paragraph 306 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

307.    Mr. Payne need not respond to the allegations in Paragraph 307 and footnote 23 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

308.     Mr. Payne need not respond to the allegations in Paragraph 308 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

309.     Mr. Payne need not respond to the allegations in Paragraph 309 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

310.     Mr. Payne need not respond to the allegations in Paragraph 310 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

311.     Mr. Payne need not respond to the allegations in Paragraph 311 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

312.     Mr. Payne need not respond to the allegations in Paragraph 312 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

313.     Mr. Payne need not respond to the allegations in Paragraph 313 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

314.     Mr. Payne need not respond to the allegations in Paragraph 314 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

315.     Mr. Payne need not respond to the allegations in Paragraph 315 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.

316.    Mr. Payne need not respond to the allegations in Paragraph 316 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

317.    Mr. Payne need not respond to the allegations in Paragraph 317 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

318.    Mr. Payne need not respond to the allegations in Paragraph 318 and footnote 24 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

319.    Mr. Payne need not respond to the allegations in Paragraph 319 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

320.    Mr. Payne need not respond to the allegations in Paragraph 320 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

321.    Mr. Payne need not respond to the allegations in Paragraph 321 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

322.    Mr. Payne need not respond to the allegations in Paragraph 322 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

323.    Mr. Payne need not respond to the allegations in Paragraph 323 inasmuch as they

relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

324. Mr. Payne need not respond to the allegations in Paragraph 324 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

325. Mr. Payne need not respond to the allegations in Paragraph 325 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

326. Mr. Payne need not respond to the allegations in Paragraph 326 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

327. Mr. Payne need not respond to the allegations in Paragraph 327 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

328. Mr. Payne need not respond to the allegations in Paragraph 328 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

329. Mr. Payne need not respond to the allegations in Paragraph 329 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

330. Mr. Payne need not respond to the allegations in Paragraph 330 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

331.     Mr. Payne need not respond to the allegations in Paragraph 331 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

332.     Mr. Payne need not respond to the allegations in Paragraph 332 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

333.     Mr. Payne need not respond to the allegations in Paragraph 333 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

334.     Mr. Payne need not respond to the allegations in Paragraph 334 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

335.     Mr. Payne need not respond to the allegations in Paragraph 335 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

336.     Mr. Payne need not respond to the allegations in Paragraph 336 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

337.     Mr. Payne need not respond to the allegations in Paragraph 337 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

338.     Mr. Payne need not respond to the allegations in Paragraph 338 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.

339.    Mr. Payne need not respond to the allegations in Paragraph 339 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

340.    Mr. Payne need not respond to the allegations in Paragraph 340 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

341.    Mr. Payne need not respond to the allegations in Paragraph 341 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

342.    Mr. Payne need not respond to the allegations in Paragraph 342 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

343.    Mr. Payne need not respond to the allegations in Paragraph 343 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

344.    Mr. Payne need not respond to the allegations in Paragraph 344 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

345.    Mr. Payne need not respond to the allegations in Paragraph 345 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

346.    Mr. Payne need not respond to the allegations in Paragraph 346 inasmuch as they

relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

347.    Mr. Payne need not respond to the allegations in Paragraph 347 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

348.    Mr. Payne need not respond to the allegations in Paragraph 348 and footnote 25 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

349.    Mr. Payne need not respond to the allegations in Paragraph 349 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

350.    Mr. Payne need not respond to the allegations in Paragraph 350 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

351.    Mr. Payne need not respond to the allegations in Paragraph 351 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

352.    Mr. Payne need not respond to the allegations in Paragraph 352 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

353.    Mr. Payne need not respond to the allegations in Paragraph 353 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

354. Mr. Payne need not respond to the allegations in Paragraph 354 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

355. Mr. Payne need not respond to the allegations in Paragraph 355 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

356. Mr. Payne need not respond to the allegations in Paragraph 356 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

357. Mr. Payne need not respond to the allegations in Paragraph 357 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

358. Mr. Payne need not respond to the allegations in Paragraph 358 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

359. Mr. Payne need not respond to the allegations in Paragraph 359 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

360. Mr. Payne need not respond to the allegations in Paragraph 360 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

361. Mr. Payne need not respond to the allegations in Paragraph 361 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.

362.    Mr. Payne need not respond to the allegations in Paragraph 362 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

363.    Mr. Payne need not respond to the allegations in Paragraph 363 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

364.    Mr. Payne need not respond to the allegations in Paragraph 364 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

365.    Mr. Payne need not respond to the allegations in Paragraph 365 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

366.    Mr. Payne need not respond to the allegations in Paragraph 366 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

367.    Mr. Payne need not respond to the allegations in Paragraph 367 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

368.    Mr. Payne need not respond to the allegations in Paragraph 368 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

369.    Mr. Payne need not respond to the allegations in Paragraph 369 inasmuch as they

relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

370.    Mr. Payne need not respond to the allegations in Paragraph 370 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

371.    Mr. Payne need not respond to the allegations in Paragraph 371 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

372.    Mr. Payne need not respond to the allegations in Paragraph 372 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

373.    Mr. Payne need not respond to the allegations in Paragraph 373 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

374.    Mr. Payne need not respond to the allegations in Paragraph 374 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

375.    Mr. Payne need not respond to the allegations in Paragraph 375 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

376.    Mr. Payne need not respond to the allegations in Paragraph 376 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

377.    Mr. Payne need not respond to the allegations in Paragraph 377 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

378.    Mr. Payne need not respond to the allegations in Paragraph 378 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

379.    Mr. Payne need not respond to the allegations in Paragraph 379 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

380.    Mr. Payne need not respond to the allegations in Paragraph 380 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

381.    Mr. Payne need not respond to the allegations in Paragraph 381 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

382.    Mr. Payne need not respond to the allegations in Paragraph 382 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

383.    Mr. Payne need not respond to the allegations in Paragraph 383 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

384.    Mr. Payne need not respond to the allegations in Paragraph 384 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.

385. Mr. Payne need not respond to the allegations in Paragraph 385 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

386. Mr. Payne need not respond to the allegations in Paragraph 386 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

387. Mr. Payne need not respond to the allegations in Paragraph 387 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

388. Mr. Payne need not respond to the allegations in Paragraph 388 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

389. Mr. Payne need not respond to the allegations in Paragraph 389 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

390. Mr. Payne need not respond to the allegations in Paragraph 390 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

391. Mr. Payne need not respond to the allegations in Paragraph 391 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

392. Mr. Payne need not respond to the allegations in Paragraph 392 inasmuch as they

relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

393.   Mr. Payne need not respond to the allegations in Paragraph 393 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

394.   Mr. Payne need not respond to the allegations in Paragraph 394 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

395.   Mr. Payne need not respond to the allegations in Paragraph 395 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

396.   Mr. Payne need not respond to the allegations in Paragraph 396 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

397.   Mr. Payne need not respond to the allegations in Paragraph 397 and footnote 26 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

398.   Mr. Payne need not respond to the allegations in Paragraph 398 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

399.   Mr. Payne need not respond to the allegations in Paragraph 399 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

400.   Mr. Payne need not respond to the allegations in Paragraph 400 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

401.   Mr. Payne need not respond to the allegations in Paragraph 401 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

402.   Mr. Payne need not respond to the allegations in Paragraph 402 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

403.   Mr. Payne need not respond to the allegations in Paragraph 403 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

404.   Mr. Payne need not respond to the allegations in Paragraph 404 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

405.   Mr. Payne need not respond to the allegations in Paragraph 405 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

406.   Mr. Payne need not respond to the allegations in Paragraph 406 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

407.   Mr. Payne need not respond to the allegations in Paragraph 407 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.

408.    Mr. Payne need not respond to the allegations in Paragraph 408 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

409.    Mr. Payne need not respond to the allegations in Paragraph 409 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

410.    Mr. Payne need not respond to the allegations in Paragraph 410 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

411.    Mr. Payne need not respond to the allegations in Paragraph 411 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

412.    Mr. Payne need not respond to the allegations in Paragraph 412 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

413.    Mr. Payne need not respond to the allegations in Paragraph 413 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

414.    Mr. Payne need not respond to the allegations in Paragraph 414 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

415.    Mr. Payne need not respond to the allegations in Paragraph 415 inasmuch as they

relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

416. Mr. Payne need not respond to the allegations in Paragraph 416 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

417. Mr. Payne need not respond to the allegations in Paragraph 417 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

418. Mr. Payne need not respond to the allegations in Paragraph 418 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

419. Mr. Payne need not respond to the allegations in Paragraph 419 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

420. Mr. Payne need not respond to the allegations in Paragraph 420 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

421. Mr. Payne need not respond to the allegations in Paragraph 421 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

422. Mr. Payne need not respond to the allegations in Paragraph 422 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

423.     Mr. Payne need not respond to the allegations in Paragraph 423 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

424.     Mr. Payne need not respond to the allegations in Paragraph 424 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

425.     Mr. Payne need not respond to the allegations in Paragraph 425 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

426.     Mr. Payne need not respond to the allegations in Paragraph 426 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

427.     Mr. Payne need not respond to the allegations in Paragraph 427 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

428.     Mr. Payne need not respond to the allegations in Paragraph 428 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

429.     Mr. Payne need not respond to the allegations in Paragraph 429 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

430.     Mr. Payne need not respond to the allegations in Paragraph 430 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.

431. Mr. Payne need not respond to the allegations in Paragraph 431 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

432. Mr. Payne need not respond to the allegations in Paragraph 432 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

433. Mr. Payne need not respond to the allegations in Paragraph 433 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

434. Mr. Payne need not respond to the allegations in Paragraph 434 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

435. Mr. Payne need not respond to the allegations in Paragraph 435 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

436. Mr. Payne need not respond to the allegations in Paragraph 436 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

437. Mr. Payne need not respond to the allegations in Paragraph 437 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

438. Mr. Payne need not respond to the allegations in Paragraph 438 inasmuch as they

relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

439. Mr. Payne need not respond to the allegations in Paragraph 439 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

440. Mr. Payne need not respond to the allegations in Paragraph 440 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

441. Mr. Payne need not respond to the allegations in Paragraph 441 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

442. Mr. Payne need not respond to the allegations in Paragraph 442 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

443. Mr. Payne need not respond to the allegations in Paragraph 443 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

444. Mr. Payne need not respond to the allegations in Paragraph 444 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

445. Mr. Payne need not respond to the allegations in Paragraph 445 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

446.    Mr. Payne need not respond to the allegations in Paragraph 446 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

447.    Mr. Payne need not respond to the allegations in Paragraph 447 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

448.    Mr. Payne need not respond to the allegations in Paragraph 448 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

449.    Mr. Payne need not respond to the allegations in Paragraph 449 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

450.    Mr. Payne need not respond to the allegations in Paragraph 450 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

451.    Mr. Payne need not respond to the allegations in Paragraph 451 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

452.    Mr. Payne need not respond to the allegations in Paragraph 452 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

453.    Mr. Payne need not respond to the allegations in Paragraph 453 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies t

454.    Mr. Payne need not respond to the allegations in Paragraph 454 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

455.    Mr. Payne need not respond to the allegations in Paragraph 455 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

456.    Mr. Payne need not respond to the allegations in Paragraph 456 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

457.    Mr. Payne need not respond to the allegations in Paragraph 457 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

458.    Mr. Payne need not respond to the allegations in Paragraph 458 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

459.    Mr. Payne need not respond to the allegations in Paragraph 459 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

460.    Mr. Payne need not respond to the allegations in Paragraph 460 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

461.    Mr. Payne need not respond to the allegations in Paragraph 461 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.

462.   Mr. Payne need not respond to the allegations in Paragraph 462 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

463.   Mr. Payne need not respond to the allegations in Paragraph 463 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

464.   Mr. Payne need not respond to the allegations in Paragraph 464 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

465.   Mr. Payne need not respond to the allegations in Paragraph 465 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

466.   Mr. Payne need not respond to the allegations in Paragraph 466 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

467.   Mr. Payne need not respond to the allegations in Paragraph 467 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

468.   Mr. Payne need not respond to the allegations in Paragraph 468 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

469.   Mr. Payne need not respond to the allegations in Paragraph 469 inasmuch as they

relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

470.    Mr. Payne need not respond to the allegations in Paragraph 470 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

471.    Mr. Payne need not respond to the allegations in Paragraph 471 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

472.    Mr. Payne need not respond to the allegations in Paragraph 472 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

473.    Mr. Payne need not respond to the allegations in Paragraph 473 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

474.    Mr. Payne need not respond to the allegations in Paragraph 474 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

475.    Mr. Payne need not respond to the allegations in Paragraph 475 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

476.    Mr. Payne need not respond to the allegations in Paragraph 476 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

477.    Mr. Payne need not respond to the allegations in Paragraph 477 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

478.    Mr. Payne need not respond to the allegations in Paragraph 478 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

479.    Mr. Payne need not respond to the allegations in Paragraph 479 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

480.    Mr. Payne need not respond to the allegations in Paragraph 480 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

481.    Mr. Payne need not respond to the allegations in Paragraph 481 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

482.    Mr. Payne need not respond to the allegations in Paragraph 482 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

483.    Mr. Payne need not respond to the allegations in Paragraph 483 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

484.    Mr. Payne need not respond to the allegations in Paragraph 484 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.

485.    Mr. Payne need not respond to the allegations in Paragraph 485 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

486.    Mr. Payne need not respond to the allegations in Paragraph 486 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

487.    Mr. Payne need not respond to the allegations in Paragraph 487 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

488.    Mr. Payne need not respond to the allegations in Paragraph 488 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

489.    Mr. Payne need not respond to the allegations in Paragraph 489 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

490.    Mr. Payne need not respond to the allegations in Paragraph 490 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

491.    Mr. Payne need not respond to the allegations in Paragraph 491 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

492.    Mr. Payne need not respond to the allegations in Paragraph 492 inasmuch as they

relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

493. Mr. Payne need not respond to the allegations in Paragraph 493 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

494. Mr. Payne need not respond to the allegations in Paragraph 494 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

495. Mr. Payne need not respond to the allegations in Paragraph 495 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

496. Mr. Payne need not respond to the allegations in Paragraph 496 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

497. Mr. Payne need not respond to the allegations in Paragraph 497 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

498. Mr. Payne need not respond to the allegations in Paragraph 498 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

499. Mr. Payne need not respond to the allegations in Paragraph 499 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

500. Mr. Payne need not respond to the allegations in Paragraph 500 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

501. Mr. Payne need not respond to the allegations in Paragraph 501 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

502. Mr. Payne need not respond to the allegations in Paragraph 502 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

503. Mr. Payne need not respond to the allegations in Paragraph 503 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

504. Mr. Payne need not respond to the allegations in Paragraph 504 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

505. Mr. Payne need not respond to the allegations in Paragraph 505 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

506. Mr. Payne need not respond to the allegations in Paragraph 506 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

507. Mr. Payne need not respond to the allegations in Paragraph 507 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.

508.    Mr. Payne need not respond to the allegations in Paragraph 508 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

509.    Mr. Payne need not respond to the allegations in Paragraph 509 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

510.    Mr. Payne need not respond to the allegations in Paragraph 510 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

511.    Mr. Payne need not respond to the allegations in Paragraph 511 and footnotes 27 and 28 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

512.    Mr. Payne need not respond to the allegations in Paragraph 512 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

513.    Mr. Payne need not respond to the allegations in Paragraph 513 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

514.    Mr. Payne need not respond to the allegations in Paragraph 514 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

515.    Mr. Payne need not respond to the allegations in Paragraph 515 inasmuch as they

relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

516.    Mr. Payne need not respond to the allegations in Paragraph 516 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

517.    Mr. Payne need not respond to the allegations in Paragraph 517 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

518.    Mr. Payne need not respond to the allegations in Paragraph 518 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

519.    Mr. Payne need not respond to the allegations in Paragraph 519 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

520.    Mr. Payne need not respond to the allegations in Paragraph 520 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

521.    Mr. Payne need not respond to the allegations in Paragraph 521 and footnote 29 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

522.    Mr. Payne need not respond to the allegations in Paragraph 522 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

523.    Mr. Payne need not respond to the allegations in Paragraph 523 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

524.    Mr. Payne need not respond to the allegations in Paragraph 524 and footnote 30 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

525.    Mr. Payne need not respond to the allegations in Paragraph 525 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

526.    Mr. Payne need not respond to the allegations in Paragraph 526 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

527.    Mr. Payne need not respond to the allegations in Paragraph 527 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

528.    Mr. Payne need not respond to the allegations in Paragraph 528 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

529.    Mr. Payne need not respond to the allegations in Paragraph 529 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

530.    Mr. Payne need not respond to the allegations in Paragraph 530 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.

531.    Mr. Payne need not respond to the allegations in Paragraph 531 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

532.    Mr. Payne need not respond to the allegations in Paragraph 532 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

533.    Mr. Payne need not respond to the allegations in Paragraph 533 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

534.    Mr. Payne need not respond to the allegations in Paragraph 534 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

535.    Mr. Payne need not respond to the allegations in Paragraph 535 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

536.    Mr. Payne need not respond to the allegations in Paragraph 536 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

537.    Mr. Payne need not respond to the allegations in Paragraph 537 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

538.    Mr. Payne need not respond to the allegations in Paragraph 538 inasmuch as they

relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

539.    Mr. Payne need not respond to the allegations in Paragraph 539 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

540.    Mr. Payne need not respond to the allegations in Paragraph 540 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

541.    Mr. Payne need not respond to the allegations in Paragraph 541 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

542.    Mr. Payne need not respond to the allegations in Paragraph 542 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

543.    Mr. Payne need not respond to the allegations in Paragraph 543 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

544.    Mr. Payne need not respond to the allegations in Paragraph 544 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

545.    Mr. Payne need not respond to the allegations in Paragraph 545 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

546.    Mr. Payne need not respond to the allegations in Paragraph 546 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

547.    Mr. Payne need not respond to the allegations in Paragraph 547 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

548.    Mr. Payne need not respond to the allegations in Paragraph 548 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

549.    Mr. Payne need not respond to the allegations in Paragraph 549 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

550.    Mr. Payne need not respond to the allegations in Paragraph 550 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

551.    Mr. Payne need not respond to the allegations in Paragraph 551 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

552.    Mr. Payne need not respond to the allegations in Paragraph 552 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

553.    Mr. Payne need not respond to the allegations in Paragraph 553 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.

554.    Mr. Payne need not respond to the allegations in Paragraph 554 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

555.    Mr. Payne need not respond to the allegations in Paragraph 555 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

556.    Mr. Payne need not respond to the allegations in Paragraph 556 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

557.    Mr. Payne need not respond to the allegations in Paragraph 557 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

558.    Mr. Payne need not respond to the allegations in Paragraph 558 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

559.    Mr. Payne need not respond to the allegations in Paragraph 559 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

560.    Mr. Payne need not respond to the allegations in Paragraph 560 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

561.    Mr. Payne need not respond to the allegations in Paragraph 561 inasmuch as they

relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

562. Mr. Payne need not respond to the allegations in Paragraph 562 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

563. Mr. Payne need not respond to the allegations in Paragraph 563 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

564. Mr. Payne need not respond to the allegations in Paragraph 564 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

565. Mr. Payne need not respond to the allegations in Paragraph 565 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

566. Mr. Payne need not respond to the allegations in Paragraph 566 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

567. Mr. Payne need not respond to the allegations in Paragraph 567 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

568. Mr. Payne need not respond to the allegations in Paragraph 568 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

569.    Mr. Payne need not respond to the allegations in Paragraph 569 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

570.    Mr. Payne need not respond to the allegations in Paragraph 570 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

571.    Mr. Payne need not respond to the allegations in Paragraph 571 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

572.    Mr. Payne need not respond to the allegations in Paragraph 572 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

573.    Mr. Payne need not respond to the allegations in Paragraph 573 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

574.    Mr. Payne need not respond to the allegations in Paragraph 574 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

575.    Mr. Payne need not respond to the allegations in Paragraph 575 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

576.    Mr. Payne need not respond to the allegations in Paragraph 576 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.

577.    Mr. Payne need not respond to the allegations in Paragraph 577 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

578.    Mr. Payne need not respond to the allegations in Paragraph 578 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

579.    Mr. Payne need not respond to the allegations in Paragraph 579 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

580.    Mr. Payne need not respond to the allegations in Paragraph 580 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

581.    Mr. Payne need not respond to the allegations in Paragraph 581 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

582.    Mr. Payne need not respond to the allegations in Paragraph 582 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

583.    Mr. Payne need not respond to the allegations in Paragraph 583 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

584.    Mr. Payne need not respond to the allegations in Paragraph 584 inasmuch as they

relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

585.    Mr. Payne need not respond to the allegations in Paragraph 585 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

586.    Mr. Payne need not respond to the allegations in Paragraph 586 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

587.    Mr. Payne need not respond to the allegations in Paragraph 587 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

588.    Mr. Payne need not respond to the allegations in Paragraph 588 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

589.    Mr. Payne need not respond to the allegations in Paragraph 589 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

590.    Mr. Payne need not respond to the allegations in Paragraph 590 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

591.    Mr. Payne need not respond to the allegations in Paragraph 591 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

592.    Mr. Payne need not respond to the allegations in Paragraph 592 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

593.    Mr. Payne need not respond to the allegations in Paragraph 593 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

594.    Mr. Payne need not respond to the allegations in Paragraph 594 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

595.    Mr. Payne need not respond to the allegations in Paragraph 595 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

596.    Mr. Payne need not respond to the allegations in Paragraph 596 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

597.    Mr. Payne need not respond to the allegations in Paragraph 597 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

598.    Mr. Payne need not respond to the allegations in Paragraph 598 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

599.    Mr. Payne need not respond to the allegations in Paragraph 599 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies

them.

600.    Mr. Payne need not respond to the allegations in Paragraph 600 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

601.    Mr. Payne need not respond to the allegations in Paragraph 601 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

602.    Mr. Payne need not respond to the allegations in Paragraph 602 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

603.    Mr. Payne need not respond to the allegations in Paragraph 603 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

604.    Mr. Payne need not respond to the allegations in Paragraph 604 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

605.    Mr. Payne need not respond to the allegations in Paragraph 605 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

606.    Mr. Payne need not respond to the allegations in Paragraph 606 and footnote 31 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

607.    Mr. Payne need not respond to the allegations in Paragraph 607 inasmuch as they

relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

608.    Mr. Payne need not respond to the allegations in Paragraph 608 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

609.    Mr. Payne need not respond to the allegations in Paragraph 609 inasmuch as they relate to claims that the Court dismissed in its February 21, 2025 order, and on that basis denies them.

Mr. Payne need not respond to the allegations in the Prayer for Relief inasmuch as they constitute legal conclusions. To the extent a response is required, Mr. Payne denies them and denies that Plaintiffs are entitled to any relief.

610.    No response from Mr. Payne is required to Plaintiffs' Jury Trial Demand.

## DEFENSES

Without admitting any wrongful conduct, and without admitting that Plaintiffs or the members of the purported class have suffered any loss, damage, or injury, Mr. Payne alleges the below additional defenses to the allegations set forth in the Complaint.

By designating the following defenses, Mr. Payne does not in any way waive or limit any defenses raised by the denials, allegations, and averments set forth elsewhere in this Answer.  Mr. Payne also does not, by designating any defense, admit that Plaintiffs do not have the burden of proof for that issue, nor does Mr. Payne assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiffs.

These defenses are raised to preserve Mr. Payne's right to assert such defenses and are made without prejudice to Mr. Payne's ability to raise other and further defenses. Mr. Payne

121

expressly reserves the right to amend and/or supplement these defenses as may be necessary.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs lack standing to maintain the claims alleged in the Complaint, including that Plaintiffs or other members of the class lack standing to assert them to the extent they did not purchase F45 stock in or traceable to F45's Initial Public Offering.

## THIRD DEFENSE

Mr. Payne did not make misrepresentations or omissions actionable under the securities laws.

## FOURTH DEFENSE

Mr. Payne  acted in good faith at all times, including, but not limited to, by reasonably relying in good faith upon the presence, involvement, work, judgment, and advice of professionals and any alleged misrepresentation or omission by Mr. Payne was based on good faith and in reasonable reliance upon information provided by others upon whom Mr. Payne was entitled to rely.

## FIFTH DEFENSE

The alleged misstatements or omissions were not material to the investment decisions of a reasonable investor in view of the circumstances and the totality of available information.

## SIXTH DEFENSE

Any alleged misrepresentations were forward-looking, prospective statements accompanied by meaningful cautionary language, contingency warnings, and/or risk disclosures and are not actionable under the bespeaks caution doctrine or the safe harbor provisions of the

122

Private Securities Litigation Reform Act of 1995.

## SEVENTH DEFENSE

Any allegedly undisclosed material facts were publicly known.

## EIGHTH DEFENSE

Any alleged misstatements or omissions did not impact the market price of the relevant securities.

## NINTH DEFENSE

Any increase or decrease in the market value of the stock held by Plaintiffs and/or any putative class members was the result of market factors or other economic factors separate from the alleged wrongful conduct of Mr. Payne.

## TENTH DEFENSE

None of the alleged conduct or inaction of Mr. Payne caused the losses for which Plaintiffs seek to recover damages.

## ELEVENTH DEFENSE

The damages suffered by Plaintiffs and/or by putative class members, if any, were caused by independent, intervening, and/or superseding events beyond Mr. Payne's control and unrelated to Mr. Payne's conduct, and/or by the policies, practices, acts, or omissions of independent persons or entities other than Mr. Payne over which Mr. Payne has no control.

## TWELFTH DEFENSE

Plaintiffs' claims cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## THIRTEENTH DEFENSE

This action cannot be maintained as a class action because Plaintiffs cannot satisfy the

requirements to proceed under Rule 23 of the Federal Rules of Civil Procedure.

## FOURTEENTH DEFENSE

This action cannot be maintained as a class action because the interests of the putative class members are in conflict with each other.

## FIFTEENTH DEFENSE

Plaintiffs failed to mitigate, reduce, or otherwise avoid any alleged damages.

## SIXTEENTH DEFENSE

Plaintiffs knowingly and/or recklessly assumed risks when purchasing the securities described in the Complaint.

## SEVENTEENTH DEFENSE

Plaintiffs' claim for damages is speculative.

## EIGHTEENTH DEFENSE

Plaintiffs' claims fail to the extent they seek damages exceeding those permitted under the law or any applicable statute, rule, or regulation.

## NINETEENTH DEFENSE

Plaintiffs' claims against Mr. Payne fail to the extent that they seek damages exceeding Mr. Payne's proportionate liability.

## TWENTIETH DEFENSE

Mr. Payne is entitled to recover contribution from third parties for any liability he incurs as a result of any of the alleged misrepresentations, omissions, and conduct attributable to such third parties.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part because the substance of the allegedly

124

omitted or misrepresented material information was disclosed in the Registration Statement, F45's own public filings and announcements, and/or in other sources that were publicly available or widely known to the market, the investing community, Plaintiffs, and members of the class.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because Mr. Payne acted in good faith, including by acting in conformity with the law and rules and regulations of the U.S. Securities and Exchange Commission, and did not directly or indirectly induce the act or acts constituting the alleged violations and/or because Mr. Payne had no knowledge of or reasonable grounds to believe in the existence of facts by reason of which liability is alleged to exist

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs and/or other members of the class had actual or constructive knowledge of the risks involved and thus assumed the risk that the value of F45 stock would decline if such risks materialized.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims against the Mr. Payne are barred under 15 U.S.C. § 77k(b)(3) because Mr. Payne exercised due diligence and conducted a reasonable investigation with regard to the information contained or incorporated in non-expert portions of the IPO Materials.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims against Mr. Payne are barred under 15 U.S.C. § 77k(b)(3) because Mr. Payne relied in good faith on the work of relevant experts with regard to the information contained or incorporated in the expert portions of the IPO Materials.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the damages sought exceed

those permitted under the law or any applicable statute, rule, or regulation.

## TWENTY-SEVENTH DEFENSE

Plaintiffs are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law, including under 15 U.S.C. section 77k(e).

## TWENTY-EIGHTH DEFENSE

Without conceding liability, Mr. Payne is entitled to offset the amount of any tax benefits or other benefits received by Plaintiffs in connection with their ownership of F45 shares, including but not limited to the profits retained by Plaintiffs from the alleged false and materially misleading statements made by Mr. Payne in the IPO Materials.

## TWENTY-NINTH DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the putative class that Plaintiffs purport to represent, for equitable relief are improper because Plaintiffs have an adequate remedy at law.

## THIRTIETH DEFENSE

Plaintiffs' claims are barred in whole or in part because by the actions, omissions, and/or comparative fault and contributory negligence of Plaintiffs, other members of the class, or other third parties, including the failure to undertake their own due diligence.

## RESERVATION OF RIGHTS

Mr. Payne reserves the right to amend these affirmative defenses and to assert additional affirmative defenses as the facts of this matter become known through litigation and discovery. Mr. Payne further reserves the right to amend this Answer to raise any additional cross-claims or third-party claims not asserted herein as may be warranted by the revelation of information during discovery and investigation.

126

## **PRAYER FOR RELIEF**

Wherefore, Mr. Payne prays as follows:

1. That Plaintiffs take nothing by the Second Amended Complaint ("SAC");

2. That the SAC be dismissed with prejudice;

3. That the Court enter judgment in favor of Mr. Payne and against Plaintiffs with respect to all causes of action in the SAC.

4. That the Court award Mr. Payne attorneys' fees and costs reasonably incurred in the defense of this action, including but not limited to under 15 U.S.C. section 77k(e); and

5. For such other and further relief as the Court may deem just and proper.

Dated: May 6, 2025

**BLANKROME**

*/s/ Linda Imes*

Linda Imes (*pro hac vice*)
New York Bar No. 1917848
Rebecca Orel (*pro hac vice*)
New York Bar No. 5203799
1271 Avenue of the Americas
New York, NY 10020
Phone: (212) 885-5537
Linda.Imes@blankrome.com
Rebecca.Orel@blankrome.com

**RMWBH PC**

*/s/ Gregory Godkin*

Gregory Godkin
Texas State Bar No. 24002146
317 Grace Lane
Austin, TX 78746
(512) 279-7344
ggodkin@rmwbh.com

*Counsel for Christopher Payne*

128

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

_/s/ Linda Imes_