**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | § | |
|---|---|---|
| *In re F45 Training Holdings, Inc.* | § | CASE NO. 1:22-CV-01291-DAE |
| *Securities Litigation* | § | |
| | § | CLASS ACTION |
| | § | |
| | § | **Jury Demand** |
| | § | |

**THE UNDERWRITER DEFENDANTS' ANSWER TO THE AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Defendants Goldman Sachs & Co., J.P. Morgan Securities LLC, Robert W. Baird & Co. Incorporated, Cowen and Company, LLC, Guggenheim Securities LLC, Macquarie Capital (USA) Inc., MUFG Securities Americas Inc., and Roth Capital Partners, LLC (collectively, the "Underwriter Defendants"), by their attorneys, hereby answer the Second Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint").

**RESPONSES TO NUMBERED PARAGRAPHS**

In collectively responding to the Complaint's allegations, the Underwriter Defendants: (i) incorporate into each such response a denial of all allegations in the Complaint (including those outside the Underwriter Defendants' knowledge or information) to the extent they assert or suggest that F45's July 2021 initial public offering (the "IPO") materials (i.e., the June 21, 2021 Registration Statement (the "Registration Statement") and the July 16, 2021 Prospectus (the "Prospectus"), together, the "Offering Documents") were false or misleading in any respect, or to the extent they assert any factual allegations that are inconsistent with or contrary to the Offering Documents, to which the Underwriter Defendants refer for a complete and accurate statement of their contents; (ii) deny any allegations in the headings and subheadings of the Complaint; and (iii) in all events, intend to respond only as to allegations directed at each of them individually, and none of them should be deemed to be responding to allegations that are directed solely to

1

other defendants (including without limitation other Underwriter Defendants), or responding to claims based on Sections 10(b) and 20(a) the Exchange Act, or the Complaint's allegations that the Court found to be inactionable under the Securities Act, which the Court has dismissed, *see* ECF No. 111 at 23, 27, 33, 44, or Section 20(a) of the Securities Act, which is not directed at the Underwriter Defendants.[1]

Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint. The Underwriter Defendants further respond to the specific allegations in the Complaint as follows:

## I. PRELIMINARY STATEMENT

1. No response to Paragraph 1 is required from the Underwriter Defendants because Paragraph 1 contains no factual allegations. Further, no response to Paragraph 1 is required to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable or (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 1.

2. Because Paragraph 2 contains no factual allegations, no response is required. To the extent a response to Paragraph 2 is required, the Underwriter Defendants admit that the Complaint seeks to allege claims against F45, Mr. Gilchrist, Mr. Payne, the Underwriter Defendants, and certain individuals who were members of F45's Board of Directors when the IPO occurred, but otherwise deny the allegations of Paragraph 2.

---

[1] Plaintiffs have agreed that the Underwriter Defendants need not respond to the Complaint's Exchange Act allegations (Paragraphs 254–577 and 583–609) because (i) those allegations are not directed at the Underwriter Defendants and (ii) the Exchange Act claims have been dismissed. *See* ECF No. 111 at 73.

3.      The Underwriter Defendants deny that Paragraph 3 completely and accurately describes F45's business and operations at the time of the IPO, except admit that F45 is a fitness franchisor that offers 45-minute-long workouts containing "elements of high-intensity interval" training, and whose largest markets include the United States and Australia, and respectfully refer the Court to the Offering Documents for a complete, accurate, and in-context description of F45's business.

4.      No response to Paragraph 4 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable or (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 4 completely and accurately describe F45's business and operations and respectfully refer the Court to the Offering Documents and F45's public filings with the SEC for a complete, accurate, and in-context description of that business.

5.      No response to Paragraph 5 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable or (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 5, except admit that (i) Mr. Gilchrist is a former CEO of F45; (ii) F45's Q2 2021 earnings call included portions of the quoted language—namely, "bigger than McDonald's" and "bigger than Starbucks," and respectfully refer the Court to the transcript for that earnings call for a complete and accurate and in-context description of its contents; (iii) the Offering Documents state that F45's "long-term growth will

depend in part on [its] continued ability to open new studios," and otherwise respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents; and (iv) on August 9, 2021, Guggenheim issued a report titled "FXLV - BUY - Rapidly Scaling a Differentiated, Global Specialty Fitness Brand—Initiating Coverage with a Buy Rating and a $19 PT," and respectfully refer the Court to that report for a complete and accurate description of its contents.

6.      No responses to Paragraph 6 and footnote 2 are required from the Underwriter Defendants to the extent they concern (i) any of the alleged misstatements that the Court found inactionable or (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent responses are required, the Underwriter Defendants deny the allegations in Paragraph 6 and footnote 2, except admit that "Club Franchise Group LLC [was] an affiliate of KLIM," and respectfully refer the Court to F45's public filings with the SEC for a complete and accurate description of their contents.

7.      No responses to Paragraph 7 and footnote 3 are required from the Underwriter Defendants to the extent they concern any of the alleged misstatements that the Court found inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent responses are required, the Underwriter Defendants deny the allegations in Paragraph 7, except admit (i) that Paragraph 7 quotes portions of the Offering Documents and (ii) "Club Franchise Group LLC . . . an affiliate of KLIM" entered into a "multi-unit studio development agreement" with F45 on June 15, 2021, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

8. No response to Paragraph 8 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 8.

9. No response to Paragraph 9 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable or (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 9, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding what unidentified F45 "former employees, franchise owners, and other individuals" might at some unspecified date or dates have said or "confirmed."

10. No response to Paragraph 10 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 10.

11. No response to Paragraph 11 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 11, except admit that on July 26, 2022, F45 filed a Form 8-K with the SEC attaching a press release providing a "Strategic

Update," and respectfully refer the Court to F45's July 26, 2022 filings for a complete and accurate description of their contents.

12.     The Underwriter Defendants deny the allegations in Paragraph 12 except admit that (i) the offering price for F45's IPO was $16.00 per share; (ii) F45's stock price closed at $3.51 per share on July 26, 2022; and (iii) F45's stock price closed at $1.35 on July 27, 2022.

13.     No response to Paragraph 13 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13, except admit that more than one analyst changed its rating or price target for F45 on or after July 27, 2022.

14.     No response to Paragraph 14 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 14, except admit that (i) on August 15, 2022, F45 filed a Form 10-Q with the SEC, and respectfully refer the Court to that document for its complete and accurate contents; and (ii) on August 15, 2022, F45 held an earnings call, and respectfully refer the Court to the transcript of that call for a complete and accurate description of its contents.

15.     No response to Paragraph 15 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and

(ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 15, except admit that F45's Form 10-Q for the period ending June 30, 2022, states that F45's (i) "cash, cash equivalents, and restricted cash" was approximately $11 million; and (ii) net accounts receivable was approximately $40 million, and respectfully refer the Court to F45's Form 10-Q for the period ending June 30, 2022, for a complete and accurate and in-context description of its contents.

16.    No response to Paragraph 16 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 16, except admit that on March 16, 2023, and May 10, 2023, F45 filed with the SEC reports on Form 12b-25, that Paragraph 16 quotes portions of the contents of those filings, and respectfully refer the Court to those filings for a complete and accurate and in-context description of their contents.

17.    No response to Paragraph 17 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 17 except admit that on July 6, 2023, F45 filed a Form 8-K with the SEC, and respectfully refer the Court to that filing for a complete and accurate description of its contents.

18.    No response to Paragraph 18 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants admit the allegations in Paragraph 18.

19.    No responses to Paragraph 19 and footnote 5 are required from the Underwriter Defendants to the extent they concern (i) any of the alleged misstatements that the Court found to be inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent responses are required, the Underwriter Defendants deny the allegations in Paragraph 19 and footnote 5, except admit that Colin Kruger published an article regarding F45 on September 3, 2023, and respectfully refer the Court to that article for a complete and accurate description of its contents.

20.    No response to Paragraph 20 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 20, except admit that on October 23, 2023, F45 issued its Form 10-K for the year ended December 31, 2022, and respectfully refer the Court to that Form 10-K for a complete and accurate description of its contents.

21.    No response to Paragraph 21 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been

dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 21, except admit that on October 23, 2023, F45 issued its Form 10-K for the year ended December 31, 2022, and respectfully refer the Court to that Form 10-K for a complete and accurate description of its contents.

22.     No response to Paragraph 22 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 22 except admit that on October 23, 2023, F45 issued its Form 10-K for the year ended December 31, 2022, and respectfully refer the Court to that Form 10-K for a complete and accurate description of its contents.

23.     No response to Paragraph 23 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants admit that on October 23, 2023, F45 issued its Form 10-K for the year ended December 31, 2022, deny that the allegations of Paragraph 23 provide a complete, accurate, and in-context description of that Form 10-K, and respectfully refer the Court to that Form 10-K for a complete and accurate description of its contents.

24.     The Underwriter Defendants deny the allegations in Paragraph 24.

## II.    JURISDICTION AND VENUE

25.     Paragraph 25 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 25, except admit that Plaintiffs maintain that they bring this action under the statutes cited therein.

26.    Paragraph 26 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 26, except admit that Plaintiffs claim this Court has jurisdiction over the action under the statutes cited therein.

27.    Paragraph 27 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 27, except admit that (i) Plaintiffs maintain that venue is proper under the statutes cited therein; and (ii) F45 is headquartered in Austin, Texas.

28.    The Underwriter Defendants deny the allegations in Paragraph 28, except admit that F45 (i) uses certain instrumentalities of interstate commerce in conducting its business; and (ii) traded its shares of common stock on the New York Stock Exchange between July 15, 2021, and September 5, 2023.

## III.    THE PARTIES

### A.    PLAINTIFFS

29.    The Underwriter Defendants deny the allegations in Paragraph 29 except (i) admit that Plaintiff Pledge Capital was appointed by the Court as Lead Plaintiff and that Pledge Capital claims to have purchased F45 common stock; and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 regarding Plaintiff Pledge Capital's business affairs.

30.    The Underwriter Defendants deny the allegations in Paragraph 30.

### B.    DEFENDANTS

31.    The Underwriter Defendants deny that the allegations of Paragraph 31 provide a complete and accurate description of F45 and its ownership, and respectfully refer the Court to the Offering Documents for a complete and accurate description of those matters, except admit

that (i) as of its latest filing with the SEC, F45 was located at 3601 South Congress Avenue, Building E, Austin, Texas, 78704; and (ii) as of the date of the Complaint F45 common stock traded publicly on the NYSE under the ticker symbol "FXLV," but no longer trades publicly on the NYSE.

32.     No response to Paragraph 32 is required from the Underwriter Defendants because it is directed to other Defendants.  To the extent a response is required, the Underwriter Defendants admit that (i) Mr. Gilchrist co-founded F45 in 2013 along with Mr. Deutsch; (ii) Mr. Gilchrist served as Co-Chief Executive Officer from 2014, as sole Chief Executive Officer from 2019, and as the Executive Chairman of the Board of Directors effective upon the listing of F45's common stock on the NYSE on 2021, until he stepped down from these roles effective July 24, 2022; (iii) Mr. Gilchrist signed the Registration Statement and Prospectus for the IPO and F45's Form 10-K for the year ended December 31, 2021; and (iv) Mr. Gilchrist was a member of F45's Chief Operating Decision Maker ("CODM") group during his tenure at F45 as the Chief Executive Officer.

33.     No response to Paragraph 33 is required from the Underwriter Defendants because it is directed to other Defendants.  To the extent a response is required, the Underwriter Defendants admit that (i) Mr. Payne served as F45's Chief Financial Officer from June 2018, and as Treasurer and a member of the Board of Directors from March 2019, until he stepped down from these roles in November 2022; (ii) Mr. Payne signed F45's quarterly reports between July 15, 2021 and July 26, 2022, and F45's Form 10-K for the year ended December 31, 2021; and (iii) Mr. Payne was a member of F45's Chief Operating Decision Maker ("CODM") group during his tenure at F45 as the Chief Financial Officer.

34.    No response to Paragraph 34 is required from the Underwriter Defendants because it is directed to other Defendants.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 34, except admit that Mr. Gilchrist and Mr. Payne were signatories of the Registration Statement, were directors of F45 at the time of the filing of the Registration Statement, and reviewed and approved the Registration Statement consistent with their roles as officers and directors of the Company.

35.    No responses to Paragraph 35 and footnote 6 are required from the Underwriter Defendants because they are directed at other Defendants.  To the extent responses are required, the Underwriter Defendants deny the allegations in Paragraph 35 and footnote 6, except admit that (i) Mr. Raymond has served as a member of F45's Board of Directors since March 2019; (ii) Mr. Raymond was appointed to F45's Board of Directors by MWIG LLC, pursuant to MWIG's director designation rights under the Stockholders' Agreement; (iii) Mr. Raymond has served as Manager of FOD Capital since December 2017; (iv) MWIG is a special purpose private investment vehicle led by FOD capital and Mr. Wahlberg; and (v) MWIG's Stockholders' Agreement was executed on March 15, 2019, and amended on May 6, 2019, October 6, 2020, and December 30, 2020.

36.    No response to Paragraph 36 is required from the Underwriter Defendants because it is directed to other Defendants.  To the extent a response is required, the Underwriter Defendants admit that Mr. Richman (i) served as a member of F45's Board of Directors from October 2020 until October 2022; (ii) signed the Registration Statement and Prospectus for the IPO and F45's Form 10-K for the year ended December 31, 2021; (iii) co-founded Kennedy Lewis with David Chene in 2017 and served as Co-Portfolio Manager of Kennedy Lewis and

Co-Chair of its Investment Committee and Executive Committee; and (iv) resigned as a member of the Board of Directors on October 12, 2022.

37.     No response to Paragraph 37 is required from the Underwriter Defendants because it is directed to other Defendants.  To the extent a response is required, the Underwriter Defendants admit that Mr. Wahlberg (i) has served as a member of F45's Board of Directors since March 2019; (ii) was appointed to the Board of Directors by MWIG LLC; (iii) signed the Registration Statement and Prospectus for the IPO and F45's Form 10-K for the year ended December 31, 2021; and (iv) has served as the Company's Chief Brand Officer since March 2023.

38.     No response to Paragraph 38 is required from the Underwriter Defendants because it is directed at other Defendants.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 38, except admit that Messrs. Raymond, Richman, and Wahlberg (i) were signatories of the Registration Statement; (ii) were directors of F45 at the time of the filing of the Registration Statement; and (iii) reviewed and approved the Registration Statement consistent with their roles and responsibilities at the time of the IPO.

39.     No response to Paragraph 39 is required from the Underwriter Defendants because it is directed at other Defendants.  To the extent a response is required, the Underwriter Defendants admit that MWIG (i) is a special purpose private investment fund vehicle led by FOD Capital LLC, a family office investment fund and Mr. Walberg; (ii) acquired a minority interest in F45 in March 2019 through an acquisition of F45's convertible preferred stock; (iii) is located in Key West, Florida; (iv) owned 38.3% of F45 shares before the IPO and 28.2% of F45 stock post-offering; and (iv) is listed as a "Principal Stockholder" in the Registration Statement and Prospectus.

40.     No responses to Paragraph 40 and footnote 7 are required from the Underwriter Defendant because they are directed at other Defendants.  To the extent responses are required, the Underwriter Defendants admit that "entities affiliated with KLIM . . . a global investment manager," (i) are listed as a "Principal Stockholder" of F45; (ii) owned 11.4% of F45 stock post-offering; and (iii) have an address in New York, New York, and that footnote 7 quotes from the Prospectus, and respectfully refer the Court to the Prospectus for a complete and accurate description of KLIM.

41.     The Underwriter Defendants deny that the allegations of Paragraph 41 provide a complete and accurate description of Goldman's role and due diligence in the IPO and respectfully refer the Court to the Offering Documents for those matters, except admit that (i) Goldman was an underwriter in the IPO and, among other things, performed reasonable and appropriate due diligence; and (ii) Goldman was allocated 7,718,750 shares in F45's IPO; and (iii) deny the allegations of the last sentence of Paragraph 41.

42.     The Underwriter Defendants deny that the allegations of Paragraph 42 provide a complete and accurate description of J.P. Morgan's role and due diligence in the IPO and respectfully refer the Court to  the Offering Documents for those matters, except admit that (i) J.P. Morgan was an underwriter in the IPO and, among other things, performed reasonable and appropriate due diligence; and (ii) J.P. Morgan was allocated 7,718,750 shares in F45's IPO; and (iii) deny the allegations of the last sentence of Paragraph 42.

43.     The Underwriter Defendants deny that the allegations of Paragraph 43 provide a complete and accurate description of Baird's role and due diligence in the IPO and respectfully refer the Court to the Offering Documents for those matters, except admit that (i) Baird was an

underwriter in the IPO; and (ii) Baird was allocated 812,500 shares in F45's IPO; and (iii) deny the allegations of the second sentence of Paragraph 43.

44.    The Underwriter Defendants deny that the allegations of Paragraph 44 provide a complete and accurate description of Cowen's role and due diligence in the IPO and respectfully refer the Court to the Offering Documents for those matters, except admit that (i) Cowen was an underwriter in the IPO; and (ii) Cowen was allocated 812,500 shares in F45's IPO; and (iii) deny the allegations of the second sentence of Paragraph 44.

45.    The Underwriter Defendants deny that the allegations of Paragraph 45 provide a complete and accurate description of Guggenheim's role and due diligence in the IPO and respectfully refer the Court to the Offering Documents for those matters, except admit that (i) Guggenheim was an underwriter in the IPO; and (ii) Guggenheim was allocated 812,500 shares in F45's IPO; and (iii) deny the allegations of the second sentence of Paragraph 45.

46.    The Underwriter Defendants deny that the allegations of Paragraph 46 provide a complete and accurate description of Macquarie's role and due diligence in the IPO and respectfully refer the Court to the Offering Documents for those matters, except admit that (i) Macquarie was an underwriter in the IPO; and (ii) Macquarie was allocated 812,500 shares in F45's IPO; and (iii) deny the allegations of the second sentence of Paragraph 46.

47.    The Underwriter Defendants deny that the allegations of Paragraph 47 provide a complete and accurate description of MUFG's role and due diligence in the IPO and respectfully refer the Court to the Offering Documents for those matters, except admit that (i) MUFG was an underwriter in the IPO; and (ii) MUFG was allocated 812,500 shares in F45's IPO; and (iii) deny the allegations of the second sentence of Paragraph 47.

48.     The Underwriter Defendants deny that the allegations of Paragraph 48 provide a complete and accurate description of Roth's role and due diligence in the IPO and respectfully refer the Court to the Offering Documents for those matters, except admit that (i) Roth was an underwriter in the IPO; and (ii) Roth was allocated 812,500 shares in F45's IPO; and (iii) deny the allegations of the second sentence of Paragraph 48.

49.     The Underwriter Defendants deny that the allegations in Paragraph 49 completely and accurately describe the business of the Underwriter Defendants, except admit that the Underwriter Defendants (i) are investment banks that, among other things, underwrite public offerings of securities; and (ii) collectively underwrote the IPO.  The Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of the Underwriter Defendants' roles in the IPO and the fees earned.

## IV.    COMPANY BACKGROUND

### A.    Background of F45

50.     The Underwriter Defendants deny that Paragraph 50 completely and accurately describes F45's business and operations when the IPO occurred, and respectfully refer the Court to the Offering Materials for a complete and accurate description.

51.     The Underwriter Defendants deny that Paragraph 51 completely and accurately describes F45's business and operations, and respectfully refer the Court to the Offering Documents for a complete and accurate description, except admit that (i) F45's competitors include CrossFit, Orange Theory, Barry's, and Body Fit Training; and (ii) F45 and its competitors compete in the same type of boutique fitness—high intensity interval training (HIIT) and functional strength workouts.

52.     The Underwriter Defendants deny that Paragraph 52 completely and accurately describes F45's business and operations, except admit that (i) F45 has entered into promotional

16

arrangements with various individuals, including Greg Norman, Magic Johnson, Cindy Crawford, Joe Montana, David Beckham, Timothy Kennedy, and Mr. Wahlberg; and (ii) Mr. Wahlberg was a member of the Company's board of directors when the IPO occurred. The Underwriter Defendants otherwise respectfully refer the Court to the Offering Documents and F45's public filings with the SEC for a complete and accurate description of F45's promotional activities.

53. The Underwriter Defendants deny that the allegations in Paragraph 53 provide a complete and accurate description of F45 and its business and operations, and otherwise respectfully refer the Court to the Offering Documents and F45's public filings with the SEC for a description of F45's franchise model.

54. The Underwriter Defendants deny that the allegations in Paragraph 54 provide a complete and accurate description of F45 and its business and operations, and respectfully refer the Court to the Offering Documents for a complete and accurate description of these matters, except admit that (i) F45 was founded in 2013 in Sydney, Australia by Robert Deutsch and Adam Gilchrist; and (ii) by the time of the IPO, F45 had sold over 2,800 franchises worldwide.

55. The Underwriter Defendants deny that the allegations in Paragraph 55 and footnotes 8 and 9 provide a complete and accurate description of F45 and its business and operations, and respectfully refer the Court to the Offering Documents and F45's public filings with the SEC for a complete and accurate description of F45's categories of franchise sales.

**B. F45 Was an Unprofitable Company Focused on Exponential Growth Predominantly in the U.S.**

56. The Underwriter Defendants deny that the allegations in Paragraph 56 and footnote 10 provide a complete and accurate description of F45 and its business and operations, except (i) admit that (a) in fiscal year 2020, F45 reported a net loss of approximately $25 million

and (b) in fiscal year 2021, F45 reported a net loss of approximately $182 million; and (ii) otherwise respectfully refer the Court to the Offering Documents and F45's public filings with the SEC for a description of its annual revenues and expenses.

57.    The Underwriter Defendants deny that the allegations in Paragraph 57 provide a complete and accurate description of F45 and its business and operations, respectfully refer the Court to the Offering Documents and F45's public filings with the SEC for a complete and accurate description of F45's business model.

58.    The Underwriter Defendants deny the allegations of Paragraph 58 and footnote 11, except admit that (i) F45's 2020 Form 10-K reported metrics to investors using the defined terms, "Total Franchisees Sold," "New Franchises Sold," "Initial Studio Openings," "Total Studios," and "Open Studios," and (ii) footnote 11 quotes from F45's Form 10-K filed on March 23, 2022, and respectfully refer the Court to the Offering Documents and F45's public filings with the SEC for a complete and accurate description of the quoted defined terms and F45's reporting of its growth metrics.

59.    The Underwriter Defendants deny the allegations in Paragraph 59, except admit that Mr. Gilchrist stated during F45's Q2 2021 earnings call portions of the quoted language, including that he "believe[d] we can be bigger than Starbucks. We can be bigger than McDonald's," and respectfully refer the Court to the transcript of that earnings call for a complete and accurate and in-context description of its contents.

60.    The Underwriter Defendants deny that the allegations in Paragraph 60 provide a complete and accurate description of F45 and its business and operations, and respectfully refer the Court to the Offering Documents and F45's public filings with the SEC for a complete and accurate description of F45's business model and operations.

18

61.     No response to Paragraph 61 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 61, except admit that the Offering Documents warned investors that, "If we fail to successfully implement our growth strategy, which includes new studio development by existing and new franchisees, our brand and ability to increase our revenue and operating profits could be materially and adversely affected," and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

62.     No response to Paragraph 62 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 62, except admit that the Offering Documents stated that "only 64.2 million Americans ages six and older having health club memberships according to IHRSA, we believe there is significant opportunity for further growth in fitness engagement and membership in the United States," and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

### C.     F45's Business Model Was Unsustainable

63.     No response to Paragraph 63 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the

Underwriter Defendants deny the allegations in Paragraph 63 provide a complete, accurate, and in-context description of F45's business model or the FHF complaint, and respectfully refer the Court to (i) the Offering Documents and F45's public filings with the SEC for a complete and accurate description of F45's business model and (ii) the complaint in the FHF lawsuit for a complete and accurate description of its contents.

64.    No response to Paragraph 64 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 64, except admit that the FHF complaint alleges that "representations and commitments that were being made were outdated and otherwise inaccurate, incomplete, unfair, deceptive, and/or misleading on account of, among other things: (i) its experience with franchising in Australia; (ii) its experience with franchising in the European Union; and (iii) its experience with franchising in the United States," and respectfully refer the Court to the complaint in the FHF lawsuit for a complete and accurate description of its contents.

65.    No response to Paragraph 65 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 65 and respectfully refer the Court to the complaint in the FHF lawsuit for a complete and accurate description of its contents.

**D.    The Pandemic Delayed F45's Initial Public Offering**

66.    The Underwriter Defendants admit the allegations in Paragraph 66.

67. The Underwriter Defendants deny the allegations of Paragraph 67, except admit that F45's business was adversely affected by the global COVID-19 pandemic, which forced the closure of many locations from time to time in compliance with federal, state, and local public health mandates.

68. The Underwriter Defendants deny the allegations in Paragraph 68, except admit that F45's business was adversely affected by the global COVID-19 pandemic, which forced the closure of many locations from time to time in compliance with federal, state, and local public health mandates.

69. The Underwriter Defendants deny the allegations in Paragraph 69, except admit that F45's business was adversely affected by the global COVID-19 pandemic, which in part delayed F45's plans to go public.

**E.      F45 Completes Its Initial Public Offering in July 2021**

70. The Underwriter Defendants admit the allegations in Paragraph 70.

71. The Underwriter Defendants deny that the allegations of Paragraph 71 and footnotes 12 and 13 present a complete, accurate, and in-context description of the Registration Statement's contents, except admit that the Registration Statement (i) contains the quoted language in Paragraph 71; and (ii) discloses two multi-unit studio development agreements with terms including the development of at least 70 studios within 7 years for one and 87 studios in 6 years for the other, and otherwise refer to the Registration Statement for a complete and accurate description of its contents.

72. The Underwriter Defendants admit the allegations in Paragraph 72.

73. The Underwriter Defendants (i) admit that (a) on July 16, 2021, F45 filed a Prospectus for the IPO on Form 424(b)4; (b) the lockup period for F45 stock expired 180 days after the prospectus's date; and (c) the Registration Statement was signed by Messrs. Gilchrist,

Payne, Richman, and Wahlberg; and (ii) otherwise deny that the allegations of Paragraph 73 present a complete, accurate, and in-context description of the Prospectus's contents and otherwise refer to the Prospectus for a complete and accurate description of its contents.  The Underwriter Defendants also admit that Messrs. Armstrong, Payne, and Wahlberg sold shares in March 2022 as disclosed on Form 4s filed with the SEC, and respectfully refer the Court to F45's Form 4s for a complete and accurate description of their contents.

74.     The Underwriter Defendants admit the allegation in Paragraph 74.

75.     No response to Paragraph 75 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found inactionable. *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 75, except admit that the graph pictured in Paragraph 75 appeared in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete and accurate and in-context description of its contents.

76.     No response to Paragraph 76 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants admit that the graph in Paragraph 75 appeared in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete and accurate description of its contents.

77.     No response to Paragraph 77 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 77, except admit that the picture excerpted appeared in the

Registration Statement, and respectfully refer the Court to the Registration Statement for a complete and accurate and in-context description of its contents.

78.     No response to Paragraph 78 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found inactionable. *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 78 provide a complete and accurate description of F45's business, admit that the Offering Documents state that as of the IPO, F45's core markets were the United States and Australia, and that as of June 30, 2021, F45 had 1,379 franchises sold and 556 total studios in the United States, and otherwise respectfully refer the Court to the Offering Documents for a complete and accurate description of their contents.

79.     No response to Paragraph 79 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 79 present a complete, accurate, in-context description of the Offering Documents, except admit that the Offering Documents stated that, "[t]he fitness industry represents a large market that has historically exhibited attractive growth characteristics due to various secular consumer trends. According to IHRSA, the global health club market size was estimated to be $97 billion in 2019, with the U.S. segment of this market representing $35 billion" and "we believe there is a long-term studio potential for us to open over 7,000 studios in the United States," and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

80.     No response to Paragraph 80 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found inactionable. *See* ECF

No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 80 present a complete and accurate description of F45's business plan, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of those matters.

**F.    F45 Issues Strategic Update Including A Significant Decrease in New Franchises Sold And CEO Departs Company: July 26, 2022**

81.    No response to Paragraph 81 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 81, except admit that on July 26, 2022, F45 filed a Form 8-K with the SEC, attaching a press release providing a "Strategic Update," and respectfully refer the Court to F45's July 26, 2022 filings for a complete and accurate description of their contents.

82.    No response to Paragraph 82 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 82, except admit that (i) the IPO price was $16.00 per share; and (ii) F45's stock price closed at $3.51 per share on July 26, 2022, and $1.35 on July 27, 2022.

**G.    Shake-Up of F45's Executive Team**

83.    No response to Paragraph 83 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and

(ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants admit that (i) on July 26, 2022, F45 issued a press release providing a "Strategic Update," which included an announcement of the departure of CEO Adam Gilchrist, effective July 24, 2022, and respectfully refer the Court to that press release for a complete and accurate description of its contents; and (ii) on April 21, 2023, F45 issued a press release announcing that Mr. Gilchrist had resigned from F45's Board of Directors, and respectfully refer the Court to that press release for a complete and accurate description of its contents.

84. No response to Paragraph 84 is required from the Underwriter Defendants because (i) Paragraph 84 is not alleged against the Underwriter Defendants and (ii) the Exchange Act claims concerning Paragraph 84 have been dismissed, *see* ECF No. 111 at 73. To the extent a response is required, the Underwriter Defendants admit the allegations of Paragraph 84.

85. No response to Paragraph 85 is required from the Underwriter Defendants because (i) Paragraph 85 is not alleged against the Underwriter Defendants and (ii) the Exchange Act claims concerning Paragraph 85 have been dismissed, *see* ECF No. 111 at 73. To the extent a response is required, the Underwriter Defendants admit the allegations of Paragraph 85.

86. No response to Paragraph 86 is required from the Underwriter Defendants because (i) Paragraph 86 is not alleged against the Underwriter Defendants and (ii) the Exchange Act claims concerning Paragraph 86 have been dismissed, *see* ECF No. 111 at 73. To the extent a response is required, the Underwriter Defendants admit that in November 2022, F45 announced in a press release that Chris Payne, F45's CFO, Treasurer, and member of the Board of Directors, was leaving F45, and respectfully refer the Court to that press release for a complete and accurate description of its contents.

87.    No response to Paragraph 87 is required from the Underwriter Defendants because (i) Paragraph 87 is not alleged against the Underwriter Defendants and (ii) the Exchange Act claims concerning Paragraph 87 have been dismissed, *see* ECF No. 111 at 73.  To the extent a response is required, the Underwriter Defendants admit the allegations of Paragraph 87.

88.    No response to Paragraph 88 is required from the Underwriter Defendants because (i) Paragraph 88 is not alleged against the Underwriter Defendants and (ii) the Exchange Act claims concerning Paragraph 88 have been dismissed, *see* ECF No. 111 at 73.  To the extent a response is required, the Underwriter Defendants admit the allegations of Paragraph 88.

89.    No response to Paragraph 89 is required from the Underwriter Defendants because (i) Paragraph 89 is not alleged against the Underwriter Defendants and (ii) the Exchange Act claims concerning Paragraph 89 have been dismissed, *see* ECF No. 111 at 73.  To the extent a response is required, the Underwriter Defendants admit the allegations of Paragraph 89.

## V.    DESCRIPTION OF CONFIDENTIAL WITNESSES

90.    No response to Paragraph 90 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 90, except deny knowledge or information sufficient to form a belief as to the truth or falsity of what, if any, information former F45 employees, franchise owners and affiliates, and former Club Sports Group employees have provided to Plaintiffs.

91.    No response to Paragraph 91 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been

dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91.

92.    No response to Paragraph 92 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92.

93.    No response to Paragraph 93 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93.

94.    No response to Paragraph 94 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94.

95.    No responses to Paragraph 95 or footnote 15 are required from the Underwriter Defendants to the extent they concern (i) any of the alleged misstatements that the Court found

inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent responses are required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95 and the second sentence of footnote 15. The first sentence of footnote 15 contains no factual allegations, and therefore no response is required.

96. No response to Paragraph 96 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96.

97. No response to Paragraph 97 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97.

## VI.    F45 CONSISTENTLY FAILED TO MAINTAIN EFFECTIVE ICFR AND DCP DURING THE CLASS PERIOD

### A.    Material Weakness in Internal Controls Over Financial Reporting Disclosed, But Still Not Remediated More Than Two Years Later

98. No response to Paragraph 98 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the

allegations of Paragraph 98, except admit that (i) the Offering Documents disclosed that, "We have identified certain material weaknesses in our internal control over financial reporting and if our remediation of such material weaknesses is not effective, or if we fail to develop and maintain an effective system of disclosure controls and internal control over financial reporting, our ability to produce timely and accurate financial statements or comply with applicable laws and regulations could be impaired," and respectfully refer the Court to the Offering Documents for a complete, accurate and in-context description of their contents; and (ii) F45 continued to make disclosures concerning material weaknesses in its internal controls through November 2023, and respectfully refer the Court to F45's public filings with the SEC for complete and accurate and in-context descriptions of their contents.

99.     No response to Paragraph 99 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 99, except admit that Paragraph 99's bullet points quote from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

100.    No response to Paragraph 100 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 100, except admit that the Offering Documents state, "because, prior to this offering, we were a private company and did not have the necessary business processes, systems, personnel and related internal controls necessary to satisfy the accounting and financial

reporting requirements of a public company," and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

101. No response to Paragraph 101 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 101, except admit that Paragraph 101's bullet points quote from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

102. No response to Paragraph 102 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 102, except admit the first sentence of Paragraph 102 and bullet points in Paragraph 102 quote from F45's Form 10-K for the year ended December 31, 2021, and respectfully refer the Court to the Form 10-K for a complete and accurate and in-context description of its contents.

103. No response to Paragraph 103 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants admit that Paragraph 103 quotes from F45's Form 10-K for the year ended December 31, 2021, and respectfully refer the Court to the Form 10-K for a complete and accurate and in-context description of its contents.

104. No response to Paragraph 104 is required because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To

the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 104.

105. No response to Paragraph 105 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 105, except admit that (i) on March 16, 2023, F45 filed a Report on Form 12b-25 disclosing that the Company's Form 10-K for the year ended December 31, 2022, would not be timely filed and (ii) Paragraph 105 quotes from the Form 12b-25, and respectfully refer the Court to the Report on Form 12b-25 for a complete and accurate and in-context description of its contents.

106. No response to Paragraph 106 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 106, except admit that (i) on May 10, 2023, F45 filed a Report on Form 12b-25 and (ii) Paragraph 106 quotes from the Form 12b-25, and respectfully refer the Court to that filing for a complete and accurate and in-context description of its contents.

107. No response to Paragraph 107 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 107, except admit that on October 23, 2023, F45 filed its Form 10-K for the year ended December 31, 2022, and respectfully refer the Court to the Form 10-K for a complete and accurate and in-context description of its contents.

### B.    Internal Controls Over Financial Reporting

108.    No response to Paragraph 108 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations to the extent they suggest that the Defendants did not comply with federal law.

109.    No response to Paragraph 109 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 109 provide a complete, accurate, and in-context description of the Sarbanes-Oxley Act of 2002, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of its contents.

110.    No response to Paragraph 110 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 110 provide a complete, accurate, in-context description of Section 404 of the Sarbanes-Oxley Act of 2002, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of its contents.

111.    No response to Paragraph 111 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations to the extent they suggest that the defendants did not comply with Section 404 of the Sarbanes-Oxley Act of 2002, except admit that Paragraph 111 quotes from SEC Release 33-8810 and Item 308 of Regulation S-K, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of their contents.

112.    No response to Paragraph 112 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  Further, no response to the first sentence of Paragraph 112 is required because it states a legal conclusion.  To the extent any response is required, the Underwriter Defendants (i) deny that the allegations of Paragraph 112 provide a complete, accurate, in-context description of Section 404 of the Sarbanes-Oxley Act of 2002, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of its contents; (ii) admit that F45 adopted the Committee of Sponsoring Organizations of the Treadway Commission (COSO) Internal Control Framework for internal controls; and (iii) admit that Paragraph 112 quotes from F45's June 21, 2021 Form S-1, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate and in-context description of its contents.

113.    No response to Paragraph 113 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants admit that Paragraph 113 quotes from and characterizes the COSO Framework, and respectfully refer the Court to the COSO Framework for a complete and accurate and in-context description of its contents.

114.    No response to Paragraph 114 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants admit that Paragraph 114 quotes from and characterizes the COSO Framework, and respectfully refer the Court to the COSO Framework for a complete and accurate and in-context description of its contents.

115.    No response to Paragraph 115 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants admit that Paragraph 115 quotes from and characterizes the COSO Framework, and respectfully refer the

Court to the COSO Framework for a complete and accurate and in-context description of its contents.

116.    No response to Paragraph 116 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants admit that Paragraph 116 quotes from and characterizes the COSO Framework, and respectfully refer the Court to the COSO Framework for a complete and accurate and in-context description of its contents.

117.    No response to Paragraph 117 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants admit that Paragraph 117 quotes from and characterizes the COSO Framework, and respectfully refer the Court to the COSO Framework for a complete and accurate and in-context description of its contents.

118.    No response to Paragraph 118 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants admit that

Paragraph 118 quotes from and characterizes the COSO Framework, and respectfully refer the Court to the COSO Framework for a complete and accurate and in-context description of its contents.

119.    No response to Paragraph 119 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants admit that Paragraph 119 quotes from and characterizes the COSO Framework, and respectfully refer the Court to the COSO Framework for a complete and accurate and in-context description of its contents.

### C.    F45 Is Required to Design and Implement Two Kinds of Control Systems: ICFR And DCP

120.    No response to Paragraph 120 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 120 to the extent they suggest that the Defendants did not comply with federal law.

121.    No response to Paragraph 121 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33,

44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 121 to the extent they suggest that the Defendants did not comply with federal law, except admit that Paragraph 121 quotes from and characterizes 17 C.F.R. § 240.13a-15(e), to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of its contents.

122.    No response to Paragraph 122 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 122 to the extent they suggest that the Defendants did not comply with federal law, except admit that Paragraph 122 quotes from 17 C.F.R. § 240.13a-15(f), to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of its contents.

123.    No response to Paragraph 123 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 123 to the extent they suggest that the Defendants did not comply with the Exchange Act, except admit that Paragraph 123 quotes from and characterizes the Exchange Act, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of its contents.

124.    No response to Paragraph 124 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 124 to the extent they suggest that the Defendants did not comply with federal law, except admit that Paragraph 124 quotes from and characterizes SEC Release No. 33-8810, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of its contents.

125.    No response to Paragraph 125 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 125 to the extent they suggest that the Defendants did not comply with federal law, except admit that Paragraph 125 quotes from and characterizes SEC Release No. 33-8810, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of its contents.

126.    No response to Paragraph 126 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the

allegations in Paragraph 126 to the extent they suggest that the Defendants did not comply with federal law, except admit that Paragraph 126 quotes from and characterizes SEC Release No. 33-8810, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of its contents.

127.    No response to Paragraph 127 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 127 to the extent they suggest that the Defendants did not comply with federal law, except admit that Paragraph 127 characterizes SEC Release No. 33-8810, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of its contents.

128.    No response to Paragraph 128 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 128 to the extent they suggest that the Defendants did not comply with federal law, except admit that Paragraph 128 characterizes SEC Release No. 33-8810 and quotes from and characterizes the COSO Framework, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of their contents.

129.    No response to Paragraph 129 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 129 to the extent they suggest that the Defendants did not comply with federal law, except admit that Paragraph 129 characterizes SEC Release No. 33-8810, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of its contents.

130.    No response to Paragraph 130 is required from the Underwriter Defendants (i) because it states legal conclusions and (ii) to the extent it concerns (a) any of the alleged misstatements that the Court found inactionable, or (b) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 130 to the extent they suggest that the Defendants did not comply with federal law, except admit that Paragraph 130 quotes from and characterizes SEC Release Nos. 33-8238 and 33-8124, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of their contents.

**D.      F45 Identified the Need for Internal Control Procedures, But Failed to Set an Appropriate Tone at the Top and Maintain an Effective Control Environment**

131.    No response to Paragraph 131 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the

Underwriter Defendants deny the allegations in Paragraph 131, except (i) admit that (a) internal controls over financial reporting support a public company's operations and (b) Paragraph 131 quotes from F45's July 13, 2021 Form S-1, and respectfully refer the Court to the Form S-1 for a complete and accurate description of its contents; and (ii) deny knowledge or information sufficient to form a belief about the effects of rapid growth in the internal controls of every business.

132.    No response to Paragraph 132 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 132, except admit that F45 filed the Registration Statement on July 13, 2021, and respectfully refer the Court to the Registration Statement for a complete and accurate and in-context description of its contents.

133.    No response to Paragraph 133 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 133.

134.    No response to Paragraph 134 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 134, except admit that on March 23,

2022, F45 filed its 2021 Form 10-K, and respectfully refer the Court to that filing for a complete and accurate and in-context description of its contents.

135.    No response to Paragraph 135 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 135, except admit that F45 filed a Form 12b-25 with the SEC on March 16, 2023, and respectfully refer the Court to that filing for a complete and accurate and in-context description of its contents.

136.    No response to Paragraph 136 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 136, except admit that on July 7, 2023, F45 filed a Form 8-K, and respectfully refer the Court to that filing for a complete and accurate and in-context description of its contents.

137.    No response to Paragraph 137 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 137, except admit that on October 23, 2023, F45 filed a Form 10-K for the year ended December 31, 2022, and respectfully refer the Court to that filing for a complete and accurate and in-context description of its contents.

138.    No response to Paragraph 138 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 138, and respectfully refer the Court to F45's public filings for a complete and accurate and in-context description of F45's disclosures concerning its ICFR in July 2021, and as of December 31, 2021, and December 31, 2022.

139.    No response to Paragraph 139 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 139.

140.    No response to Paragraph 140 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been dismissed.  *See* ECF No. 111 at 23, 27, 33, 44, and 73.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 140, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the third and fourth sentences in Paragraph 140.

141.    No response to Paragraph 141 is required from the Underwriter Defendants to the extent it concerns (i) any of the alleged misstatements that the Court found inactionable and (ii) the Exchange Act claims, in which the Underwriter Defendants are not named and have been

43

dismissed. *See* ECF No. 111 at 23, 27, 33, 44, and 73. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 141, except admit that the first and second sentences of Paragraph 141 quote from and characterizes the COSO Framework, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of its contents.

## VII.    SECURITIES ACT ALLEGATIONS

### A.    Background of the Securities Act claims

142.    Paragraph 142 contains a legal conclusion to which no response in required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 142, except admit that Plaintiffs assert Securities Act claims on behalf of a putative class.

143.    Paragraph 143 contains a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 143.

144.    The Underwriter Defendants deny the allegations in Paragraph 144.

145.    The Underwriter Defendants deny the allegations in Paragraph 145.

146.    The Underwriter Defendants admit the allegations in Paragraph 146.

147.    The Underwriter Defendants admit the allegations in Paragraph 147.

148.    The Underwriter Defendants (i) admit that (a) on July 16, 2021, F45 filed a Prospectus for the IPO on Form 424(b)4; (b) the lockup period for F45 stock expired 180 days after the prospectus's date; and (c) the Registration Statement was signed by Messrs. Gilchrist, Payne, Richman, and Wahlberg; and (ii) otherwise deny that the allegations of Paragraph 148 present a complete, accurate, and in-context description of the Prospectus's contents and otherwise refer to the Prospectus for a complete and accurate description of its contents.

149.    The Underwriter Defendants admit that (i) the first sentence of Paragraph 149 quotes from F45's Form 10-Q filed with the SEC on August 31, 2021, and respectfully refer the Court to that filing for a complete and accurate and in-context description of its contents; and (ii) F45's IPO priced at $16.00 per share.

**B.    The IPO Materials Contained Material Misstatements and Omissions**

1.    <u>**Misstatements and Omissions About F45's Unit-Economic Model**</u>

150.    The Underwriter Defendants deny the allegations in Paragraph 150.

151.    No response to Paragraph 151 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 151, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.  The Underwriter Defendants further deny the allegations of footnote 17.

152.    No response to Paragraph 152 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny any allegations that the Offering Documents were materially false or misleading, except admit that Paragraph 152 quotes from the IPO Prospectus, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

153.    The Underwriter Defendants deny any allegations that the Offering Documents were materially false or misleading, except admit that Paragraph 153 quotes from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate description of their contents.

154.    The Underwriter Defendants deny any allegations that the Offering Documents were materially false or misleading, except admit that Paragraph 154 quotes from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

155.    No response to Paragraph 155 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny any allegations that the Offering Documents were materially false or misleading, except admit that Paragraph 155 quotes from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

156.    No response to Paragraph 156 is required from the Underwriter Defendants because it concerns the alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny any allegations that the Offering Documents were materially false or misleading, except admit that Paragraph 156 quotes from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

157.    No response to Paragraph 157 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 157 and incorporate by reference their responses to Paragraph 151–56.

158.    No response to Paragraph 158 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found to be inactionable.  *See*

ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 158 provide a complete, accurate, and in-context description of the FHF complaint, and respectfully refer the Court to the complaint in the FHF lawsuit for a complete and accurate description of its contents.

159.    No response to Paragraph 159 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 159, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding what, if anything, unidentified franchise owners might have told Plaintiffs.

160.    No response to Paragraph 160 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 160, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 160 regarding who CW-2 is and what, if anything CW-2 might have told Plaintiffs.

161.    No response to Paragraph 161 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 161, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 161 regarding who CW-2 is and what, if anything CW-2 might have told Plaintiffs.

162.   No response to Paragraph 162 is required to the extent it concerns any of the alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 162, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162 regarding who CW-2 is and what, if anything CW-2 might have told Plaintiffs.

163.   No response to Paragraph 163 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 163, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 163 regarding who CW-2 is and what, if anything CW-2 might have told Plaintiffs.

164.   No response to Paragraph 164 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 164, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 164 regarding who CW-2 is and what, if anything CW-2 might have told Plaintiffs.

### 2.   **Misstatements and Omissions Related to the Increasing Percentage of Multi-Unit Franchisee Systems Being Sold**

165.   The Underwriter Defendants deny the allegations in Paragraph 165.

166.   No response to Paragraph 166 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny any

allegations that the Registration Statement and Prospectus were materially false or misleading, except admit that Paragraph 166 quotes from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

167.   No response to Paragraph 167 is required from  the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny any allegations that the Registration Statement and Prospectus were materially false or misleading, except admit that Paragraph 167 quotes from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

168.   No response to Paragraph 168 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny any allegations that the Registration Statement and Prospectus were materially false or misleading, except admit that Paragraph 168 quotes from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

169.   No response to Paragraph 169 is required from the Underwriter Defendants because it concerns the alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny any allegations that the Registration Statement and Prospectus were materially false or misleading, except admit that Paragraph 169 quotes from the Offering Documents, and

respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

170.    No response to Paragraph 170 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny any allegations that the Registration Statement and Prospectus were materially false or misleading, except admit that Paragraph 170 quotes from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

171.    No response to Paragraph 171 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 171 and incorporate by reference their responses to Paragraphs 157(f) and (g).

172.    No response to Paragraph 172 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 172, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 172 regarding what, if anything, unidentified former F45 employees might have told Plaintiffs.

173.    No response to Paragraph 173 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the

allegations of Paragraph 173, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 173 regarding what, if anything, CW-1 might have told Plaintiffs.

174.    No response to Paragraph 174 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 174, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 174 regarding what, if anything, CW-5 might have told Plaintiffs.

> 3.    **<u>Misstatements and Omissions About F45's Potential for Growth in the U.S.</u>**

175.    No response to Paragraph 175 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny any allegations that the Registration Statement and Prospectus were materially false or misleading, except admit that Paragraph 175 quotes from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

176.    No response to Paragraph 176 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny any allegations that the Registration Statement and Prospectus were materially false or misleading, except admit that Paragraph 176 quotes from the Offering Documents, and respectfully refer the

Court to the Offering Documents for a complete and accurate and in-context description of their contents.

177.    No response to Paragraph 177 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny any allegations that the Registration Statement and Prospectus were materially false or misleading, except admit that Paragraph 177 quotes from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

178.    No response to Paragraph 178 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny any allegations that the Registration Statement and Prospectus were materially false or misleading, except admit that Paragraph 178 quotes from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

179.    No response to Paragraph 179 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny any allegations that the Registration Statement and Prospectus were materially false or misleading, except admit that Paragraph 179 quotes from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

180.    No response to Paragraph 180 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny any allegations that the Registration Statement and Prospectus were materially misleading, except admit that Paragraph 180 quotes from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate description of their contents.

181.    The Underwriter Defendants deny any allegations that the Registration Statement and Prospectus were materially false or misleading, except admit that Paragraph 181 quotes from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

182.    No response to Paragraph 182 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 182 and incorporate by reference their responses to paragraph 157(a) and (c)–(g).

183.    No response to Paragraph 183 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 183, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning what, if anything, unidentified former F45 employees and franchises might have told Plaintiffs.

184.    No response to Paragraph 184 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found to be inactionable.  *See*

ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 184, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 184 regarding what, if anything, CW-1 might have told Plaintiffs.

185.    No response to Paragraph 185 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 185, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 185 regarding what, if anything, CW-1 might have told Plaintiffs.

186.    No response to Paragraph 186 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 186.

### 4.    Misstatements and Omissions About the Quality of F45's Franchisees

187.    No response to Paragraph 187 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny any allegations that the Registration Statement and Prospectus were materially false or misleading, except admit that Paragraph 187 quotes from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

188. No response to Paragraph 188 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny any allegations that the Registration Statement and Prospectus were materially false or misleading, except admit that Paragraph 188 quotes from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

189. No response to Paragraph 189 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 189 and incorporate by reference their responses to Paragraphs 157(b), (e), and (g).

190. No response to Paragraph 190 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 190, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding what, if anything, unidentified former F45 employees might have told Plaintiffs.

191. No response to Paragraph 191 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 191, except deny knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations in Paragraph 191 regarding what, if anything, CW-2 might have told Plaintiffs.

192.    No response to Paragraph 192 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 192, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 192 regarding what, if anything, CW-3 might have told Plaintiffs.

193.    No response to Paragraph 193 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 193, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 193 regarding what, if anything, CW-3 might have told Plaintiffs.

194.    No response to Paragraph 194 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 194, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 194 regarding what, if anything, CW-3 might have told Plaintiffs.

     5.    **Misstatements and Omissions About F45's Deficient Internal Controls Over Financial Reporting**

195.    No response to Paragraph 195 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No.

111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 195, except admit that (i) the Registration Statement and Prospectus disclosed that F45 had identified a material weakness in its internal controls over financial reporting; and (ii) Paragraph 195 quotes from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

196.    No response to Paragraph 196 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 196 present a complete, accurate and in-context of the Offering Documents, except admit that Paragraph 196's bullet points quote from the Offering Documents' section titled "Internal Control Over Financial Reporting," and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

197.    No response to Paragraph 197 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 197 and incorporate by reference their responses to Paragraphs 98–141 and 157(h).  The Underwriter Defendants admit that footnote 18 quotes from Deloitte & Touche LLP's audit letter filed with the SEC as an exhibit to the Offering Documents, and respectfully refer to the Court to that letter for an accurate and complete and in-context description of its contents.

6.    **The IPO Risk Warnings Were Inadequate and Contained Material Misstatements and Omissions**

198.    No response to Paragraph 198 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 198.

199.    No response to Paragraph 199 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 199.

200.    No response to Paragraph 200 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 200, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

201.    No response to Paragraph 201 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny any allegations that the Registration Statement and Prospectus were materially false or misleading, except admit that Paragraph 201's bullet points quote from the Offering Documents' section titled "Summary of Risk Factors," and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

202.    No response to Paragraph 202 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable.  *See* ECF No.

111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny any allegations that the Registration Statement and Prospectus were materially false or misleading, except admit that Paragraph 202 quotes from the Registration Statement's section titled "Risks Related to Our Franchise Business Model and Strategy," and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

203. No response to Paragraph 203 is required from the Underwriter Defendants because it concerns alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny any allegations that the Registration Statement and Prospectus were materially false or misleading, except admit that Paragraph 203 quotes from the Offering Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate and in-context description of their contents.

204. No response to Paragraph 204 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 204 and incorporate by reference their responses to Paragraphs 98–141 and 157.

### C.    F45 Issues Strategic Update On July 26, 2022

205. No response to Paragraph 205 is required to the extent it concerns any of the alleged misstatements that the Court found to be inactionable. *See* ECF No. 111 at 23, 27, 33, 44. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 205, except admit that on July 26, 2022, F45 filed a Form 8-K with the SEC, attaching a press release providing a "Strategic Update," and respectfully refer the Court to F45's July 26, 2022 filings for a complete and accurate and in-context description of their contents.

206.    No response to Paragraph 206 is required to the extent it concerns any of the alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 206, except admit that F45's stock price closed at (i) $3.51 per share on July 26, 2022, and (ii) $1.35 on July 27, 2022.

**D.    The Corporate Defendants, Director Defendants, and Underwriter Defendants Failed to Exercise Reasonable Care or Conduct a Reasonable Investigation in Connection with the IPO**

207.    The Underwriter Defendants deny the allegations in Paragraph 207.

208.    The Underwriter Defendants deny that the allegations in Paragraph 208 present a complete and accurate description of what underwriter due diligence involves.

209.    No response to Paragraph 209 is required from the Underwriter Defendants to the extent it concerns any of the alleged misstatements that the Court found to be inactionable.  *See* ECF No. 111 at 23, 27, 33, 44.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 209.

210.    The Underwriter Defendants deny the allegations in Paragraph 210.

211.    The Underwriter Defendants deny the allegations in Paragraph 211, except deny that the first and second sentences of Paragraph 211 present a complete and accurate description of what underwriter due diligence involves.

212.    No response to Paragraph 212 is required from the Underwriter Defendants because it is not directed at the Underwriter Defendants.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 212, except admit that Messrs. Gilchrist, Payne, Raymond, Richman, and Wahlberg signed the Registration Statement.

213.    The Underwriter Defendants deny the allegations in Paragraph 213, except admit that they are sophisticated in finance issues.

## VIII.   CLAIMS FOR RELIEF UNDER THE SECURITIES ACT

### COUNT I

**For Violation of Section 11 of the Securities Act Against the Corporate Defendants, the Director Defendants, and the Underwriter Defendants**

214.   The Underwriter Defendants incorporate by reference their responses to every allegation contained above as if fully set forth herein.

215.   Paragraph 215 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 215.

216.   The Underwriter Defendants deny the allegations in Paragraph 216, except admit that Plaintiffs purport to bring claims under the Securities Act on behalf of a putative class.

217.   The Underwriter Defendants deny the allegations in Paragraph 217.

218.   No response to Paragraph 218 is required from the Underwriter Defendants because it is not directed at the Underwriter Defendants.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 218, except admit that F45 was the IPO registrant.

219.   No response to Paragraph 219 is required from the Underwriter Defendants because it is not directed at the Underwriter Defendants.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 219, except admit that Mr. Gilchrist, Mr. Payne, and the Director Defendants signed the Offering Documents.

220.   Paragraph 220 contains a legal conclusion to which no response in required.  To the extent a response is required, the Underwriter Defendants admit that they served as underwriters for the IPO, except deny that Paragraph 220 fully and accurately describes the Underwriter Defendants' role with respect to the IPO.

221.   The Underwriter Defendants deny the allegations in Paragraph 221.

222.    The Underwriter Defendants deny the allegations in Paragraph 222.

223.    The Underwriter Defendants deny the allegations in Paragraph 223.

224.    The Underwriter Defendants deny the allegations of Paragraph 224.

225.    The Underwriter Defendants deny the allegations in Paragraph 225.

226.    The Underwriter Defendants deny the allegations in Paragraph 226, except admit that this suit was brought less than three years after the IPO.

## COUNT II

### For Violation of Section 12(a)(2) of the Securities Act Against the Underwriter Defendants

227.    The Underwriter Defendants incorporate by reference their responses to every allegation contained above as if fully set forth herein.

228.    Paragraph 228 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 228.

229.    The Underwriter Defendants deny the allegations in Paragraph 229, except admit that Plaintiffs purport to bring claims under the Securities Act on behalf of a putative class.

230.    Paragraph 230 contains a legal conclusion to which no response in required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 230, except admit that they served as underwriters in the IPO.

231.    Paragraph 231 contains a legal conclusion to which no response in required.  To the extent a response is required, the Underwriter Defendants admit that they served as underwriters for the IPO, except deny that Paragraph 231 fully and accurately describes the Underwriter Defendants' role with respect to the IPO.

232.    The Underwriter Defendants deny the allegation in Paragraph 232.

233.    The Underwriter Defendants deny the allegations in Paragraph 233.

234.     The Underwriter Defendants deny the allegations in Paragraph 234.

235.     The Underwriter Defendants deny the allegations of Paragraph 235, except aver that the first four sentences of Paragraph 235 contain legal conclusions to which no response in required.  To the extent a response to those allegations is required, the Underwriter Defendants deny the allegations in Paragraph 235, and that the allegations in Paragraph 235 fully and accurately describe the Underwriter Defendants' role with respect to the IPO, except admit that the Underwriter Defendants served as underwriters for the IPO.

236.     The Underwriter Defendants deny the allegations in Paragraph 236.

237.     Paragraph 237 contains no factual allegations and therefore no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 237 and reject Plaintiffs' offer to tender common stock to the Underwriter Defendants.

238.     The Underwriter Defendants deny the allegations in Paragraph 238.

239.     The Underwriter Defendants deny the allegations in Paragraph 239, except admit that this suit was brought less than three years after the IPO.

### COUNT III

**For Violation of Section 15 of the Securities Act Against Defendants Gilchrist, Payne, the Director Defendants, and the Controlling Entity Defendants**

240.     Paragraph 240 is not alleged against the Underwriter Defendants, and therefore no response is required.  Further, no response to Paragraph 240 is required since Plaintiffs' Section 15 claim was dismissed by the Court.  *See* ECF No. 111 at 73.

241.     Paragraph 241 is not alleged against the Underwriter Defendants, and therefore no response is required.  Further, no response to Paragraph 241 is required since Plaintiffs' Section 15 claim was dismissed by the Court.  *See* ECF No. 111 at 73.

242.    Paragraph 242 is not alleged against the Underwriter Defendants, and therefore no response is required.  Further, no response to Paragraph 242 is required since Plaintiffs' Section 15 claim was dismissed by the Court.  *See* ECF No. 111 at 73.

243.    Paragraph 243 is not alleged against the Underwriter Defendants, and therefore no response is required.  Further, no response to Paragraph 243 is required since Plaintiffs' Section 15 claim was dismissed by the Court.  *See* ECF No. 111 at 73.

244.    Paragraph 244 is not alleged against the Underwriter Defendants, and therefore no response is required.  Further, no response to Paragraph 244 is required since Plaintiffs' Section 15 claim was dismissed by the Court.  *See* ECF No. 111 at 73.

245.    Paragraph 245 is not alleged against the Underwriter Defendants, and therefore no response is required.  Further, no response to Paragraph 245 is required since Plaintiffs' Section 15 claim was dismissed by the Court.  *See* ECF No. 111 at 73.

246.    Paragraph 246 is not alleged against the Underwriter Defendants, and therefore no response is required.  Further, no response to Paragraph 246 is required since Plaintiffs' Section 15 claim was dismissed by the Court.  *See* ECF No. 111 at 73.

247.    Paragraph 247 is not alleged against the Underwriter Defendants, and therefore no response is required.  Further, no response to Paragraph 247 is required since Plaintiffs' Section 15 claim was dismissed by the Court.  *See* ECF No. 111 at 73.

248.    Paragraph 248 is not alleged against the Underwriter Defendants, and therefore no response is required.  Paragraph 248 also contains a legal conclusion to which no response is required.  Further, no response to Paragraph 248 is required since Plaintiffs' Section 15 claim was dismissed by the Court.  *See* ECF No. 111 at 73.

249.    Paragraph 249 is not alleged against the Underwriter Defendants, and therefore no response is required.  Further, no response to Paragraph 249 is required since Plaintiffs' Section 15 claim was dismissed by the Court.  *See* ECF No. 111 at 73.

250.    Paragraph 250 and footnote 19 are not alleged against the Underwriter Defendants, and therefore no responses are required.  Further, no responses to Paragraph 250 and footnote 19 are required since Plaintiffs' Section 15 claim was dismissed by the Court.  *See* ECF No. 111 at 73.

251.    Paragraph 251 is not alleged against the Underwriter Defendants, and therefore no response is required.  Paragraph 251 also states a legal conclusion to which no response is required.  Further, no response to Paragraph 251 is required since Plaintiffs' Section 15 claim was dismissed by the Court.  *See* ECF No. 111 at 73.

252.    Paragraph 252 is not alleged against the Underwriter Defendants, and therefore no response is required.  Paragraph 252 also contains a legal conclusion to which no response is required.  Further, no response to Paragraph 252 is required since Plaintiffs' Section 15 claim was dismissed by the Court.  *See* ECF No. 111 at 73.

253.    Paragraph 253 is not alleged against the Underwriter Defendants, and therefore no response is required.  Further, no response to Paragraph 253 is required since Plaintiffs' Section 15 claim was dismissed by the Court.  *See* ECF No. 111 at 73.

IX.    **EXCHANGE ACT ALLEGATIONS**

254.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 254 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

65

A.    **Background of the Exchange Act claims**

255.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 255 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

256.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 256 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

257.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 257 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

258.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 258 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

259.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 259 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

260.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 260 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

261.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 261 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

262.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 262 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

263.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 263 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

264.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 264 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

265.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 265 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

266. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 266 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

267. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 267 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

268. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 268 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

269. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 269 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

270. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 270 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

271. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 271 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

272. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 272 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

273. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 273 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

274. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 274 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

1. **F45 Was Selling Franchises "to Anyone"**

275. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 275 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

276. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 276 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

277.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 277 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

2.    **F45 Prioritized Mult-Unit Franchisees**

278.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 278 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

279.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 279 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

280.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 280 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

281.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 281 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

282.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 282 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

283.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 283 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

284.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 284 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

285.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 285 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

286.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 286 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

3.    **F45 Inks Deal With Large Multi-Unit Franchisees Right Before IPO to Inflate Franchise Sales**

287.    By agreement between Plaintiffs and the Underwriter Defendants, no responses to the allegations of Paragraph 287 and footnote 20 are required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

288.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 288 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

289.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 289 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

290.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 290 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

291.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 291 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

292.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 292 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

293.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 293 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

294. By agreement between Plaintiffs and the Underwriter Defendants, no responses to the allegations of Paragraph 294 and footnote 21 are required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

295. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 295 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

296. By agreement between Plaintiffs and the Underwriter Defendants, no responses to the allegations of Paragraph 296 and footnote 22 are required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

297. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 297 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

298. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 298 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

299.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 299 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

4.    **F45 Changes Definition of "Initial Studio Openings" to Artificially Inflate Growth Metric**

300.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 300 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

301.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 301 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

302.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 302 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

303.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 303 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

304.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 304 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

> 5.    **F45 Obtains Additional Financing Facilities and Hosts "All Star" Event In Las Vegas to Squeeze Contingent Multi-Unit Franchise "Deals" Out of Current Franchisees**

305.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 305 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

306.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 306 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

307.    By agreement between Plaintiffs and the Underwriter Defendants, no responses to the allegations of Paragraph 307 and footnote 23 are required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

308.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 308 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

309.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 309 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

310.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 310 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

311.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 311 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

312.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 312 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

313.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 313 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

314.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 314 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

315.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 315 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

316.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 316 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

317.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 317 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

6.    **Fortress Financing Is Pulled and Multi-Unit "Deals" Made at All-Star Event Ultimately Evaporate**

318.    By agreement between Plaintiffs and the Underwriter Defendants, no responses to the allegations of Paragraph 318 and footnote 24 are required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

319.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 319 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

320.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 320 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

321.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 321 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

**B.    Nearly 15 Months After the End of the Class Period, F45 Issues a Restatement for Financial Quarters Within the Class Period**

1.    **Background on F45's Revenue**

322.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 322 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

323.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 323 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

2.    **The 2023 Restatement**

324.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 324 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

325.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 325 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

326. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 326 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

### 3.    GAAP Applicable to F45's Revenue Recognition

327. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 327 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

328. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 328 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

329. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 329 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

330. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 330 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

331. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 331 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

332. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 332 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

333. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 333 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

4. **F45 Also Boosted Earnings by Prematurely Recognizing Income from a Vendor Rebate**

334. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 334 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

335. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 335 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

5. **F45's Key Performance Metrics – Originally Issued Financial Statements**

336. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 336 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

337.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 337 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

6.    **The Restatement Reduced F45's Previously Reported Revenue and Earnings**

338.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 338 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

339.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 339 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

340.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 340 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

341.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 341 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

342. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 342 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

343. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 343 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

344. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 344 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

345. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 345 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

346. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 346 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

347. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 347 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

348.    By agreement between Plaintiffs and the Underwriter Defendants, no responses to the allegations of Paragraph 348 and footnote 25 are required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

349.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 349 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

X.    **DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS**

350.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 350 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

A.    **July 2021 Statements in the IPO Materials**

1.    **Misstatements and Omissions About F45's Unit-Economic Model**

351.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 351 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

352.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 352 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

353. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 353 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

354. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 354 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

355. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 355 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

356. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 356 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

357. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 357 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

358.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 358 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

359.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 359 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

360.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 360 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

361.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 361 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

362.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 362 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

363.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 363 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

364.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 364 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

365.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 365 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

2.    **Misstatements and Omissions Related to the Increasing Percentage of Multi-Unit Franchisee Systems Being Sold**

366.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 366 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

367.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 367 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

368.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 368 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

369.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 369 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

370.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 370 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

371.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 371 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

372.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 372 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

373.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 373 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

374.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 374 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the

Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

375.    By agreement between Plaintiffs and the Underwriter Defendants, no response to

the allegations of Paragraph 375 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the

Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

### 3.    **Misstatements and Omissions About F45's Potential for Growth in the U.S.**

376.    By agreement between Plaintiffs and the Underwriter Defendants, no response to

the allegations of Paragraph 376 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the

Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

377.    By agreement between Plaintiffs and the Underwriter Defendants, no response to

the allegations of Paragraph 377 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the

Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

378.    By agreement between Plaintiffs and the Underwriter Defendants, no response to

the allegations of Paragraph 378 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the

Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

379.    By agreement between Plaintiffs and the Underwriter Defendants, no response to

the allegations of Paragraph 379 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the

Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

380.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 380 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

381.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 381 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

382.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 382 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

383.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 383 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

384.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 384 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

385.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 385 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

386.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 386 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

387.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 387 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

4.    **Misstatements and Omissions About the Quality of F45's Franchisees**

388.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 388 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

389.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 389 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

390.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 390 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

391.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 391 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

392.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 392 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

393.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 393 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

394.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 394 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

     5.    **Misstatements and Omissions About F45's Deficient Internal Controls Over Financial Reporting**

395.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 395 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

396.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 396 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

397. By agreement between Plaintiffs and the Underwriter Defendants, no responses to the allegations of Paragraph 397 and footnote 26 are required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

### 6. **The IPO Risk Warnings Were Inadequate and Contained Material Misstatements and Omissions**

398. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 398 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

399. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 399 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

400. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 400 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

401. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 401 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

402.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 402 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

403.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 403 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

404.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 404 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

405.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 405 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

**B.    July 2021 Interviews**

406.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 406 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

407.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 407 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

408. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 408 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

409. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 409 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

410. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 410 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

411. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 411 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

412. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 412 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

413.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 413 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

414.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 414 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

**C.    2Q 2021 Results**

415.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 415 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

416.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 416 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

417.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 417 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

418.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 418 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

419. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 419 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

420. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 420 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

421. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 421 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

422. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 422 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

423. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 423 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

424.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 424 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

425.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 425 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

426.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 426 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

427.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 427 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

428.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 428 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

429.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 429 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

430.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 430 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

431.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 431 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

432.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 432 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

433.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 433 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

434.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 434 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

435.   By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 435 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

436.   By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of 436 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

437.   By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 437 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

**D.   3Q 2021 Results**

438.   By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 438 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

439.   By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 439 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

440.   By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 440 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

441.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 441 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

442.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 442 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

443.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 443 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

444.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 444 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

445.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 445 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

446. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 446 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

447. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 447 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

448. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 448 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

449. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 449 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

450. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 450 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

451. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 451 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

452.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 452 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

453.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 453 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

454.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 454 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

### E.    ICR Conference: January 10, 2022

455.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 455 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

456.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 456 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

457.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 457 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73

458.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 458 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

459.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 459 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

460.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 460 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

461.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 461 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

462.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 462 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

      **F.**       **4Q and Full Year 2022 Results**

463. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 463 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

464. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 464 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

465. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 465 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

466. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 466 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

467. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 467 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

468.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 468 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

469.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 469 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

470.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 470 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

471.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 471 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

472.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 472 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

473.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 473 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

474.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 474 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

475.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 475 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

476.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 476 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

477.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 477 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

478.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 478 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

479.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 479 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

480.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 480 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

481.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 481 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

482.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 482 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

483.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 483 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

484.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 484 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

485.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 485 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

486.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 486 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

G.    1Q 2022 Results

487.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 487 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

488.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 488 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

489.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 489 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

490.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 490 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

491.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 491 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

492.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 492 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

493.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 493 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

494.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 494 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

495.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 495 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

496. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 496 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

497. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 497 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

498. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 498 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

499. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 499 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

500. By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 500 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

501.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 501 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

502.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 502 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

503.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 503 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

504.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 504 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

505.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 505 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

506.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 506 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

507.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 507 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

508.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 508 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

509.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 509 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

## XI.    THE TRUTH IS DISCLOSED

510.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 510 is required from the Underwriter Defendants (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

511.    By agreement between Plaintiffs and the Underwriter Defendants, no responses to the allegations of Paragraph 511 and footnotes 27 and 28 are required from the Underwriter Defendants  because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

512.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 512 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

513.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 513 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

514.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 514 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

515.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 515 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

## XII.    SUBSEQUENT EVENTS

516.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 516 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

517.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 517 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

518.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 518 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

519.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 519 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

520.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 520 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

521.    By agreement between Plaintiffs and the Underwriter Defendants, no responses to the allegations of Paragraph 521 and footnote 29 are required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

522.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 522 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

523.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 523 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

524.    By agreement between Plaintiffs and the Underwriter Defendants, no responses to the allegations of Paragraph 524 and footnote 30 are required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

525.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 525 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

526.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 526 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

527.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 527 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

528.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 528 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

529.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 529 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

530.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 530 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

## XIII.    ADDITIONAL ALLEGATIONS OF SCIENTER

531.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 531 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

532.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 532 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

533.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 533 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

534.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 534 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

**A.    Defendants Gilchrist and Payne Controlled the Company's Messaging to the Investing Public**

535.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 535 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

536.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 536 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

537.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 537 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

538.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 538 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

539.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 539 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

540.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 540 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

**B.    Defendants' Ability to Maintain Substantial Growth by Selling Franchises and Opening New Studios Was Critical to the Company's Core Operations**

541.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 541 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

542.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 542 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

543.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 543 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

544.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 544 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

545.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 545 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

546.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 546 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

547.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 547 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

### C.    F45, Gilchrist, and Payne Closely Monitored Franchise Sales, Studio Openings, and the Performance of Opened Studios

548.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 548 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

549.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 549 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

550.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 550 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

551.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 551 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

552.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 552 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

553.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 553 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

554.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 554 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

555.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 555 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

556.   By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 556 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

557.   By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 557 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

558.   By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 558 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

559.   By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 559 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

560.   By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 560 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

561.   By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 561 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

**D.    Defendants Gilchrist And Payne Spoke Repeatedly To Investors About The Sustainability of F45's Business Model And The Company's Ability To Maintain Substantial And Rapid Growth**

562.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 562 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

563.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 563 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

564.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 564 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

**E.    The Departures of Defendants Gilchrist and Payne Support a Strong Inference of Scienter**

565.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 565 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

566.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 566 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

567.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 567 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

568.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 568 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

## XIV.   LOSS CAUSATION

569.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 569 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

570.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 570 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

571.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 571 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

## XV.     INAPPLICABILITY OF THE STATUTORY SAFE HARBOR

572.     By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 572 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

573.     By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 573 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

574.     By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 574 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

## XVI.     PRESUMPTION OF RELIANCE

575.     By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 575 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

576.     By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 576 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

577.     By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 577 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

## XVII. CLASS ACTION ALLEGATIONS

578.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 578.

579.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 579.

580.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 580.

581.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 581.

582.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 582.

## XVIII. CLAIMS FOR RELIEF

### COUNT IV

**For Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against the Corporate Defendants**

583.    The Underwriter Defendants incorporate by reference their responses to every allegation contained above as if fully set forth herein.

584.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 584 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

585.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 585 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

586.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 586 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

587.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 587 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

588.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 588 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

589.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 589 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

590.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 590 is required from the Underwriter Defendants because (i) the

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

591.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 591 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

592.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 592 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

593.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 593 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

594.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 594 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

595.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 595 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

## COUNT V

**For Violation of Section 20(a) of the Exchange Act Against the Corporate Defendants, Director Defendants, and Controlling Entity Defendants**

596.    The Underwriter Defendants incorporate by reference their responses to every allegation contained above as if fully set forth herein.

597.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 597 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

598.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 598 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

599.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 599 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

600.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 600 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

601.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 601 is required from the Underwriter Defendants because (i) the

128

Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

602.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 602 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

603.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 603 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

604.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 604 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

605.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 605 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

606.    By agreement between Plaintiffs and the Underwriter Defendants, no responses to the allegations of Paragraph 606 and footnote 31 are required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

607.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 607 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

608.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 608 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

609.    By agreement between Plaintiffs and the Underwriter Defendants, no response to the allegations of Paragraph 609 is required from the Underwriter Defendants because (i) the Underwriter Defendants are not named as defendants in the Exchange Act claims and (ii) the Exchange Act claims have been dismissed, *see* ECF No. 111 at 73.

## XIX.    PRAYER FOR RELIEF

The Underwriter Defendants deny that Plaintiffs or the putative class are entitled to any relief against the Underwriter Defendants, and the Underwriter Defendants respectfully request that the Court dismiss the claim against them with prejudice and order such further relief as the Court deems just and proper.

## XX.    JURY DEMAND

610.    The Underwriter Defendants state that no response to Plaintiffs' demand for trial by jury is required.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Section 11 and 12(a)(2) claims asserted against the Underwriter Defendants fail to allege facts sufficient to state a claim for which relief can be granted.

130

**SECOND DEFENSE**

The Underwriter Defendants are not liable to Plaintiffs or the putative class because the Offering Documents did not contain any false or misleading statements of material fact or omissions of material fact, and the Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any statement not contained in the Offering Documents and materials incorporated therein.

**THIRD DEFENSE**

Named plaintiffs Pledge Capital LLC and Detroit P&F lack standing to bring their claims against the Underwriter Defendants.

**FOURTH DEFENSE**

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because the alleged omissions of fact in the Offering Documents were not material to the investment decisions of a reasonable investor.

**FIFTH DEFENSE**

Plaintiffs and the putative class are not entitled to any recovery under the Securities Act because any allegedly material information allegedly omitted from the Offering Documents was already disclosed and/or publicly known.

**SIXTH DEFENSE**

Plaintiffs and the putative class are not entitled to any recovery under the Securities Act from the Underwriter Defendants because, at all relevant times, the Underwriter Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe, at the time the Offering Documents became effective, that the statements in the Offering Documents were true and that there were no misstatements of material fact or omissions of

131

material fact that were necessary to make the statements therein not misleading.

## SEVENTH DEFENSE

Any damages or injuries suffered by Plaintiffs or the putative class, if any, were not legally caused by any act or omission on the part of the Underwriter Defendants.

## EIGHTH DEFENSE

Damages or injuries suffered by Plaintiffs or the putative class, if any, are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than the Underwriter Defendants.

## NINTH DEFENSE

To the extent the Offering Documents and materials incorporated therein are determined to have contained false or misleading statements or material omissions (which the Underwriter Defendants deny), Plaintiffs and the putative class either knew or should have known about the matters alleged in the Complaint, and their own negligence or other fault proximately contributed to the injuries allegedly suffered by Plaintiffs and the putative class from the purchase and sale of the offered securities, and bars any recovery to the extent thereof.

## TENTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants under the Securities Act because the damages alleged represent something other than the depreciation in value of the offered securities resulting from such part of the Offering Documents, with respect to which liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## ELEVENTH DEFENSE

The damages or injuries suffered by Plaintiffs, if any, were not legally caused by any act or omission on the part of the Underwriter Defendants, because any loss or diminution in value of F45 stock, or any alleged damages or injuries suffered by Plaintiffs, are not the result of any alleged misrepresentations or omissions in the Offering Documents, and instead are the result of a superseding, intervening, or independent cause unrelated to any act or omission on the part of the Underwriter Defendants, and are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than the Underwriter Defendants.

## TWELFTH DEFENSE

Plaintiffs' and the putative class's claims against the Underwriter Defendants are barred in whole or in part by laches, estoppel, waiver, unclean hands, Plaintiffs' inequitable conduct, Plaintiffs' actions, omissions, or negligence, or other equitable doctrine.

## THIRTEENTH DEFENSE

Plaintiffs' and the putative class's claims against the Underwriter Defendants are barred in whole or in part because the alleged damages or other injuries were caused solely by the acts or omissions of Plaintiffs, the putative class, or others over which the Underwriter Defendants had no control.

## FOURTEENTH DEFENSE

The Underwriter Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Securities Act claims against the Underwriter Defendants.

## FIFTEENTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter

133

Defendants because Plaintiffs and the putative class purchased F45 securities with actual or constructive knowledge of the risks involved in an investment in F45 securities, and thus assumed the risk that the value of the securities would decline if such risks materialized.

## SIXTEENTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because Plaintiffs and the putative class purchased F45 securities with actual or constructive knowledge of the facts that they now allege were misrepresented or omitted, and thus waived any claim related thereto.

## SEVENTEENTH DEFENSE

The putative class is not certifiable under Federal Rule of Civil Procedure 23.

## EIGHTEENTH DEFENSE

Plaintiffs do not meet the adequacy or typicality requirements of Federal Rule of Civil Procedure 23.

## NINETEENTH DEFENSE

Plaintiffs and the putative class are not entitled to recovery attorneys' fees, experts' fees, or other costs and disbursements.

## TWENTIETH DEFENSE

Plaintiffs and the putative classes would be unjustly enriched if they were permitted to obtain any recovery in this action.

## TWENTY-FIRST DEFENSE

The Underwriter Defendants adopt by reference any applicable defense pleaded by any other Defendant not expressly set forth herein.

## TWENTY-SECOND DEFENSE

Any amounts to which Plaintiffs or the putative class may be entitled must be set off by any amounts received or benefits gained.

## TWENTY-THIRD DEFENSE

The Underwriter Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, the Underwriter Defendants invoke their right to a trial by jury for the allegations in Plaintiffs' Complaint, any other claim that may later be included by amendment within the pleadings, and any other issue raised by any party so triable in a jury trial.

Dated:  May 6, 2025

/s/ *Danny S. Ashby*

**O'MELVENY & MYERS LLP**

Danny S. Ashby
Texas Bar No. 01370960
dashby@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
Telephone: (972) 360-1900
Facsimile: (972) 360-1901

Jonathan Rosenberg
jrosenberg@omm.com
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Attorneys for Defendants Goldman Sachs
& Co. LLC, J.P. Morgan Securities LLC,
Robert W. Baird & Co. Incorporated,
Cowen and Company, LLC, Guggenheim
Securities, LLC, Macquarie Capital (USA)
Inc., MUFG Securities Americas Inc.,
Roth Capital Partners, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 6, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

 /s/ *Danny S. Ashby*
Danny S. Ashby

*Attorney for Defendants Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Robert W. Baird & Co. Incorporated, Cowen and Company, LLC, Guggenheim Securities, LLC, Macquarie Capital (USA) Inc., MUFG Securities Americas Inc., Roth Capital Partners, LLC*