UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE F45 TRAINING HOLDINGS,
INC. SECURITIES LITIGATION

No. 1:22-CV-01291-DAE

**CONFIDENTIALITY AND PROTECTIVE ORDER**

Before the Court is the joint motion of the parties for the entry of a Confidentiality and Protective Order ("Protective Order"). Based on the parties' submissions and the record in this matter, the Court finds that disclosure and discovery activity in this action are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted. Accordingly, a protective order for such information is justified in this matter:

(a) To expedite the flow of information;

(b) To facilitate the prompt resolution of disputes over confidentiality of discovery materials;

(c) To adequately protect information the parties are entitled to keep confidential;

(d) To ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial;

(e) To address the handling of confidential materials at the end of the litigation; and

(f) To serve the ends of justice.

This Protective Order does not confer blanket confidentiality protections on all disclosures of responses to discovery, and the confidentiality protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to be treated as confidential.

After careful consideration, it is ORDERED that the motion is granted, and the Court ORDERS the following:

## I.      Confidential Information

"Confidential Information" means any information of any type, kind, or character that is designated as "Confidential" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during discovery, or otherwise.

"Confidential – Attorneys' Eyes Only Information" means any information of any type, kind, or character that is designated as "Confidential – Attorneys' Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during discovery, or otherwise.

"Designated Information" means either "Confidential Information" or "Confidential – Attorneys Eyes Only Information."

## II.      Qualified Persons

"Qualified Persons" means:

a.  For Confidential – Attorneys' Eyes Only Information:

   i.  Retained counsel for the parties in this litigation and their respective staff;

   ii.  Experts or consultants (and their administrative or clerical staff) engaged by a party's counsel of record in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who have signed the "Acknowledgment and Agreement to be Bound," attached hereto as Exhibit A;

iii. Any person who is or is identified as the author or recipient of such Confidential – Attorneys' Eyes Only Information (whether by the Confidential Information itself or any other discovery material, including testimony), or who had access to such Confidential – Attorneys' Eyes Only Information in the normal course of business, provided however that Confidential – Attorneys' Eyes Only Information shall not be disclosed to such person unless that person is first provided with a copy of this Order and agreed in writing to be bound by its terms by signing the "Acknowledgement and Agreement to be Bound," attached hereto as Exhibit A. Those persons, specified in this Paragraph, who are shown Confidential – Attorneys' Eyes Only Information shall not be allowed to retain copies of such material;

iv. Non-party mediators and/or third parties retained by the parties for settlement purposes or resolution of discovery disputes or mediation;

v. This Court and its staff and any other tribunal, special master, or dispute resolution officer duly appointed or assigned in connection with this litigation; and

vi. Litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel.

b. For Confidential Information:

i. The persons identified in subparagraph II(a);

ii. The party, if a natural person;

iii. If the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, by their receipt of Confidential Information, are bound by the terms of this Protective Order;

iv. Jury and trial consultants and their staff and mock jurors who have signed the "Acknowledgement and Agreement to be Bound," attached hereto as Exhibit A;

v. Noticed or subpoenaed deponents and witnesses (and their counsel) to the extent reasonably necessary in connection with their testimony in the action or the preparation thereof and to the extent such witnesses or deponents are reasonably believed to have or had access to the Confidential Information while employed by the producing party. Confidential Information shall not be disclosed to any witness or deponent unless such witness or deponent is first provided with a copy of this Protective Order and agrees to be bound by its terms by signing the "Acknowledgement and Agreement to be Bound," attached hereto as Exhibit A. Those witnesses or deponents, specified in this Paragraph, who are shown Confidential Information shall not be allowed to retain copies of such material;

vi. Any person who is or is identified as the author or recipient of such Confidential Information (whether by the Confidential Information itself or any other discovery material, including testimony), or who had access to such Confidential Information in the normal course of business, provided however that Confidential Information shall not be disclosed to such person unless that person is first provided with a copy of this Order and agreed in writing to be bound by its terms by signing the "Acknowledgement and Agreement to be Bound," attached hereto as Exhibit A. Those persons, specified in this Paragraph, who are shown Confidential Information shall not be allowed to retain copies of such material;

vii. Any insurer and such insurer's outside counsel participating in matters related to this action; and

4

viii.    Such other person or persons as this court may designate after notice and an opportunity to be heard.

## III.    Designation Criteria

a.    A party shall designate as "Confidential" only such information that the party in good faith believes in fact is Confidential Information. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential.  Information and documents that may be designated as Confidential Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, sensitive personal information (including, but not limited to, Personally Identifying Information ("PII") and other personal information that is protected by law), any other information subject to a legally protected right of privacy or otherwise of a nature that is protected under Federal Rule of Civil Procedure 26(c), and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.  Correspondence and other communications between the parties or with nonparties may be designated as Confidential Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

b.    Confidential Information shall not include information that either:

1)    Is in the public domain at the time of disclosure, as evidenced by a written document;

2) Becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

3) The receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

4) Lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

c. A party shall designate as "Confidential – Attorneys' Eyes Only" only such information that the party in good faith believes in fact is Confidential – Attorneys' Eyes Only Information and requires such this additional designation. This designation shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party, including but not limited to, product formula information, design information, nonpublic financial information, pricing information, customer identification data, and certain proprietary methodologies, the disclosure of which to another party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**IV.    Use of Discovery**

All discovery materials (including, without limitation, documents, interrogatory responses, responses to requests for admissions, and deposition testimony) provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose.  Designated Information shall not be disclosed except in accordance with the terms of this Order.

## V.        Marking of Documents

Documents provided in this litigation may be designated by the producing person as Confidential Information or Confidential – Attorneys' Eyes Only Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Confidential – Attorneys' Eyes Only," respectively. The designation should be made in a fashion or form that is conspicuous yet allows the Confidential Information or Confidential – Attorneys' Eyes Only Information to remain legible. In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

## VI.       Disclosure at Depositions

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Confidential Information or Confidential – Attorneys' Eyes Only Information by indicating on the record at the deposition that the testimony is "Confidential" or "Confidential – Attorneys' Eyes Only."

Any party also may designate information disclosed at a deposition as Confidential Information or Confidential – Attorneys' Eyes Only Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Confidential Information or Confidential – Attorneys' Eyes Only Information. All deposition transcripts shall be treated as Confidential Information for a period of 30 days after initial receipt of the transcript.

If Confidential – Attorneys' Eyes Only Information is disclosed during a deposition, only those portions of the transcript disclosing such Confidential – Attorneys' Eyes Only Information shall be designated as Confidential – Attorneys' Eyes Only Information. To the extent possible, the court reporter shall segregate into separate transcripts information designated as Confidential – Attorneys' Eyes Only Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Confidential – Attorneys' Eyes Only Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Designated Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Designated Information is being used or discussed.

**VII.    Disclosure to Qualified Persons**

Designated Information shall not be disclosed or made available by the receiving party to persons other than the applicable Qualified Persons outlined in and pursuant to Section II except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction.

**VIII.    Designated Information Subpoenaed or Ordered Produced in another Matter**

If a party that received Designated Information is served with a subpoena or a court order of any kind issued in other litigation or regulatory or other proceedings that compels disclosure of any Designated Information that party must, unless prohibited by law, a regulator, or court order: (i) promptly notify in writing the designating party (such notification shall happen as soon as practicable, and in no event later than seven calendar days of the receiving party's receipt of the subpoena or order, and shall include a complete copy of the subpoena or court order); (ii) promptly

notify in writing the party who caused the subpoena or order to issue in the other litigation or proceeding that some or all of the material covered by the subpoena or order is subject to this Protective Order (such notification shall include a copy of this Protective Order); and (iii) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Designated Information may be affected.

If the designating party timely seeks a protective order, the receiving party served with the subpoena or court order shall not produce any information designated in this action as Designated Information before a determination by the court from which the subpoena or order issued, unless the receiving party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

## IX.    Nonparties

Any Party, in conducting discovery from nonparties in connection with this action, shall provide any nonparty from which it seeks discovery with a copy of this Protective Order so as to inform each such nonparty of his, her, or its rights herein. If a nonparty provides discovery to any party in connection with this action, the provisions of this Protective Order shall apply to such discovery as if such discovery were being provided by a "party." Under such circumstances, the nonparty shall have the same rights and obligations under the Protective Order as held by the parties to this action. Any nonparty producing discovery material or giving deposition testimony in this action may avail herself, himself, or itself of the provisions of this Protective Order available to "parties" for her, his, or its testimony and discovery material by agreeing in writing to the party

seeking discovery from such nonparty their agreement to be bound by the terms of this Protective Order.

### X.    Unintentional Disclosures

Documents unintentionally produced without designation as Confidential Information or Confidential – Attorneys' Eyes Only Information later may be designated and shall be treated as Confidential Information or Confidential – Attorneys' Eyes Only Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Designated Information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

### XI.    Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as Confidential – Attorneys' Eyes Only Information during inspection. At the time of copying for the receiving parties, Designated Information shall be marked prominently "Confidential" or "Confidential – Attorneys' Eyes Only Information" by the producing party.

### XII.    Consent to Disclosure

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Designated Information consents in writing to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure.

### XIII. Challenging the Designation of Confidential Information or Confidential – Attorneys' Eyes Only Information

A party shall not be obligated to challenge the propriety of a designation of Designated Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Designated Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Designated Information. The designating party shall then have 14 days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential Information or Confidential – Attorneys' Eyes Only Information, as designated, unless the court orders otherwise. Once a written objection to a designation is received, failure to move for an order preserving the designated status of the disputed information shall constitute a termination of the status of such item as Confidential Information. The designating party bears the burden of proving confidential treatment is warranted.

### XIV. Challenging Release of Designated Information to Qualified Persons

In the event that any party in good faith believes that a particular Qualified Person (or the disclosure of particular Designated Information to such person) should be precluded, the objecting party shall give written notice to the opposing party and the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 21 days from the date of the written notice to move the court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Designated Information.

11

The objecting party shall demonstrate that disclosure to the disputed person would expose the objecting party to a substantial risk of harm. Upon the timely filing of such a motion, no disclosure of the Designated Information shall be made to the disputed person until the Court rules on the motion. The objecting party bears the burden of proof.

### XV. Manner of Use in Proceedings

In the event a party wishes to use any Designated Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (*e.g.*, in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.

Nothing in this Order shall limit the parties' rights or ability to offer evidence at a hearing or trial. The manner of using any Designated Information at a hearing or trial and the status of Designated Information resulting from any such use will be determined by the Court.

### XVI. Filing Under Seal

The clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Designated Information by any party to this litigation consistent with the sealing requirements of the Court.

### XVII. Return of Designated Information

After the final disposition of this Action by entry of a final judgment no longer subject to appeal on the merits, within 120 calendar days, each party that received Designated Information shall use commercially reasonable efforts to return all Designated Information or destroy such

material and certify that fact in writing. As used in this subdivision, "all Designated Information" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Designated Information. Notwithstanding this provision, counsel to the parties are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Designated Information. Any such archival copies that contain or constitute Designated Information remain subject to this Protective Order. Nothing in this Protective Order shall require any party to violate any duty or obligation that it has under law to preserve documents or other materials.

### XVIII. Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

### XIX. Duty to Ensure Compliance

Any party providing Designated Information to a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

## XX.   Waiver

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the parties that received such material are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d), if a producing party discloses information (including both paper documents and electronically stored information) subject to protection by the attorney-client privilege, the work-product, joint defense, or other similar doctrine, or by another legal privilege protecting information from discovery, such disclosure shall not constitute a waiver of any privilege or other protection. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Rule 502(b) do not apply.

## XXI.   Modification and Exceptions

The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an order of this Court modifying this Protective Order.  To promote judicial efficiency, the parties may modify any time period specified within this Protective Order at any time through a stipulation signed by all parties, without further order of the Court.

It is SO ORDERED this 25th day of            July    , 2025

_____
David Alan Ezra
Senior United States District Judge

14

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I,_____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Confidentiality and Protective Order (the "Protective Order") provided to me by counsel that was issued by the United States District Court for the Western District of Texas in *In Re F45 Training Holdings, Inc. Securities Litigation*, Case No. 1:22-CV-01291-DAE. I agree to comply with and to be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any document, information, or other item that is subject to this Protective Order to any person or entity except in strict and precise compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Texas for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of the aforementioned action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Address: _____

_____

Email Address: _____

Signature: _____

15