# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| IN RE F45 TRAINING HOLDINGS, INC. SECURITIES LITIGATION | Case No. 1:22-cv-1291-DAE |

### [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT

**WHEREAS:**

A.    As of February 13, 2026, Lead Plaintiff Pledge Capital LLC and named plaintiff Police and Fire Retirement System of the City of Detroit ("Plaintiffs"), on behalf of themselves and all other members of the Settlement Class, on the one hand, and defendant F45 Training Holdings, Inc. ("F45"); defendants Adam Gilchrist, Christopher E. Payne, Michael Raymond, Darren Richman, and Mark Wahlberg (the "Individual Defendants" and, together with F45, the "F45 Defendants"); and defendants Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Robert W. Baird & Co. Incorporated, Cowen and Company, LLC, Guggenheim Securities, LLC, Macquarie Capital (USA) Inc., MUFG Securities Americas Inc., and Roth Capital Partners, LLC (the "Underwriter Defendants" and, together with the F45 Defendants, the "Settling Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Second Amended Class Action Complaint for Violations of the Federal Securities Laws, filed on January 25, 2024 (the "Second Amended Complaint"), on the merits and with prejudice (the "Settlement");

B.      The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.      The Parties to the Stipulation have consented to the entry of this order; and

D.      All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2026 that:**

1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all Persons and entities who or which purchased or otherwise acquired F45 publicly traded common stock during the period from July 15, 2021 through August 14, 2023, inclusive, (the "Class Period") (including purchases or acquisitions pursuant and/or traceable to the Offering Documents for F45's IPO) and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Families of the Individual Defendants; (iii) any Person who was an officer, director, or control person of F45, the Underwriter Defendants, or the Controlling Entity Defendants (at all relevant times, and members of their Immediate Families); (iv) any entity in which any Defendant has or had a controlling or beneficial interest; and (v) the legal representatives, heirs, affiliates, successors, or assigns of any such excluded Person or entity.

2

However, any Investment Vehicle (as defined in the Stipulation),[1] except for the Controlling Entity Defendants, will not be excluded from the Settlement Class. Also excluded from the Settlement Class will be any Persons and entities who or which exclude themselves from the Settlement Class by submitting a timely and valid request for exclusion that is accepted by the Court.

3.    The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)    the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)    there are questions of law and fact common to the Settlement Class Members;

(c)    the claims of Plaintiffs are typical of the Settlement Class's claims;

(d)    Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)    the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

---

[1] The Stipulation defines "Investment Vehicle" to mean "any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any of their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest. The Controlling Entity Defendants are excluded from the definition of Investment Vehicle."

(f)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Plaintiffs are preliminarily certified as class representatives for the Settlement Class.  The law firm of Labaton Keller Sucharow LLP ("Labaton") is preliminarily appointed Class Counsel.

5.      A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, on _____, 2026, at __:____ _.m. for the following purposes:

(a)     to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)     to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)     to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Plaintiffs should be finally certified as class

representatives for the Settlement Class; and whether the law firm of Labaton should be finally appointed as Class Counsel for the Settlement Class;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Plaintiffs for reimbursement of its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website for the Settlement.

7.    The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form ("Claim Form"), and the Postcard Notice, substantially in the forms annexed hereto as Exhibits 1, 2, and 4, respectively, and finds they: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the

Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), and the Rules of this Court.

8.    The Court approves the retention of Strategic Claims Services ("Claims Administrator") as the Claims Administrator.  The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto as Exhibit 4, to be mailed, by first-class mail, postage prepaid, on or before twelve (12) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  The Claims Administrator may, alternatively, email the Postcard Notice (or Notice) or a link to the Postcard Notice (or Notice) to Settlement Class Members, to the extent it is provided with email addresses.  F45, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, at no cost to Lead Counsel or the Claims Administrator, as soon as practicable after entry of this Preliminary Approval Order, records from F45's transfer agent in electronic searchable form, to the extent readily available, containing the names, addresses, and emails (to the extent available) of Persons who purchased or otherwise acquired F45 publicly traded common stock during the Class Period.

9.    The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other Persons and entities that purchased or otherwise acquired publicly traded F45 common stock during the Class Period as record owners but not as beneficial owners.   Such nominees SHALL EITHER: (a) WITHIN FOURTEEN (14)

CALENDAR DAYS of receipt of the Postcard Notice or Notice, provide a list of the names, addresses, and emails of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners; or (b) WITHIN FOURTEEN (14) CALENDAR DAYS of receipt of the Postcard Notice or Notice (i) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and WITHIN FOURTEEN (14) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator mail them to all such beneficial owners or (ii) email the Postcard Notice or a link to the Postcard Notice to all such beneficial owners. Nominees that elect to mail or email the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the Postcard was sent and shall retain their records for use in connection with any further notices that may be provided in the Action. Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; $0.03 per Postcard Notice emailed by nominees; or $0.03 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with this order shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court.

10.     Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms

attached hereto as Exhibits 1 and 2, respectively, to be posted on a webpage to be developed for the Settlement, from which copies of the Notice and the Claim Form can be downloaded. The Claims Administrator shall also mail copies of the Notice and the Claim Form upon request. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of dissemination of the Postcard Notice, Notice, and Claim Form.

11.     The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons and entities entitled thereto.

13.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator: (a) at the address indicated in the

Claim Form, postmarked no later than fifteen (15) calendar days before the Settlement Hearing; or (b) submitted electronically through the website for the Settlement no later than fifteen (15) calendar days before the Settlement Hearing. Such deadline may be further extended by Court order or by Lead Counsel in their discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Claim Form. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b)     The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed (including name, address, phone number and email address (if any)), signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the Person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no

material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.     Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

15.     Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address, telephone number, and email address (if any) of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *In re F45 Training Holdings, Inc. Securities Litigation*, No. 22-cv-01291-DAE (W.D. Tex.)" and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information required in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of F45 common stock during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.     Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses.  Any objections must: (a) state the name, address, telephone number, and email address (if any) of the objector and must be signed by the objector; (b) state that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in "*In re F45 Training Holdings, Inc. Securities Litigation*, No. 22-cv-01291-DAE (W.D. Tex.)"; (c) state the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Settlement Class, such as the number of F45 common shares purchased or acquired during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale.  The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Alfred L. Fatale III, Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005; and Settling Defendants' Counsel: Craig Varnen, Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, 46th Floor, Los Angeles, CA 90071; Stephen Baldini, Akin Gump Strauss

Hauer & Feld LLP, One Bryant Park, New York, NY 10036; Shahzeb Lari, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004; Linda Imes, Blank Rome LLP, 1271 Avenue of the Americas, New York, NY 10020; and Jonathan Rosenberg, O'Melveny & Myers LLP, 1310 Avenue of the Americas, Suite 1700, New York, NY 10019; and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Western District of Texas, 501 West Fifth Street, Suite 1100, Austin, Texas 78701. Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the Settlement Hearing is not necessary, however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and Litigation Expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

18.     Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19.     Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the

Settlement.  Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

20.    All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

21.    No Person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

22.    All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

23.    Neither Settling Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Lead Counsel or Plaintiffs and such matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

24.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence

or used in any actions or proceedings by any Person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of November 25, 2025.

25.    Neither this Order, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (d) shall be construed against the Released Plaintiff Parties that any of their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages

recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

26.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this _____ day of _____, 2026

BY THE COURT:

_____
HON. DAVID A. EZRA
UNITED STATES DISTRICT JUDGE

# Exhibit 1

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

IN RE F45 TRAINING HOLDINGS, INC.
SECURITIES LITIGATION

Case No. 1:22-cv-1291-DAE

## NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

If you purchased or otherwise acquired the publicly traded common stock of F45 Training Holdings, Inc. ("F45") during the period from July 15, 2021 through August 14, 2023, inclusive (the "Class Period") (including purchases or acquisitions pursuant and/or traceable to the Offering Documents for F45's initial public offering ("IPO")), and were allegedly damaged thereby, you may be entitled to a payment from a class action settlement.

***A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.***

- This Notice describes important rights you may have and what steps you must take if you wish to recover from the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $10,500,000 cash fund, plus earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved fees, expenses, and Taxes.  This is an average recovery of approximately $0.06 per allegedly damaged share before deductions for awarded attorneys' fees and Litigation Expenses, and $0.04 per allegedly damaged share after deductions for awarded attorneys' fees and Litigation Expenses.

- The Settlement resolves claims by Lead Plaintiff Pledge Capital LLC ("Pledge Capital") and named plaintiff Police and Fire Retirement System of the City of Detroit ("Detroit P&F" and, together with Pledge Capital, "Plaintiffs"), that have been asserted on behalf of the Settlement Class (defined below) against defendant F45; defendants Adam Gilchrist, Christopher E. Payne, Michael Raymond, Darren Richman, and Mark Wahlberg (the "Individual Defendants" and, together with F45, the "F45 Defendants"); and defendants Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Robert W. Baird & Co.

---

[1]    The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated February 13, 2026 (the "Stipulation"), which can be viewed at www.strategicclaims.net/case/F45/. All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

Incorporated, Cowen and Company, LLC,[2] Guggenheim Securities, LLC, Macquarie Capital (USA) Inc., MUFG Securities Americas Inc., and Roth Capital Partners, LLC (the "Underwriter Defendants" and, together with the F45 Defendants, the "Settling Defendants"). It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN _____, 2026** | The only way to get a payment. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS NO LATER THAN _____, 2026** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiffs' Claims. *See* Question 10 for details. |
| **OBJECT NO LATER THAN _____, 2026** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application. If you object, you will still be in the Settlement Class. *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON ____, 2026 AND FILE A NOTICE OF INTENTION TO APPEAR NO LATER THAN ____, 2026** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 18 for details. |
| **DO NOTHING** | Get no payment. Give up rights. Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

---

[2] TD Securities (USA) LLC is among the Released Defendant Parties (defined below), because it is the successor to Cowen and Company LLC ("Cowen"), which no longer exists as a separate entity, under (i) an acquisition completed on March 1, 2023, through which Cowen was acquired by Toronto Dominion Holdings (U.S.A.) Inc.; and (ii) a December 2024 merger, through which Cowen formally merged into TD Securities (USA) LLC.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement.  Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

| | |
|---|---|
| What Is this Notice About? | Page __ |
| How do I know if I am part of the Settlement Class? | Page |
| Are there exceptions to being included? | Page __ |
| Why is this a class action? | Page __ |
| What is this case about and what has happened so far? | Page |
| What are the reasons for the Settlement? | Page __ |
| What does the Settlement provide? | Page |
| How can I receive a payment? | Page __ |
| What am I giving up to receive a payment and by staying in the Settlement Class? | Page |
| How do I exclude myself from the Settlement Class? | Page __ |
| If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later? | Page |
| Do I have a lawyer in this case? | Page __ |
| How will the lawyers be paid? | Page __ |
| How do I tell the Court that I do not like something about the proposed Settlement? | Page __ |
| What is the difference between objecting and seeking exclusion? | Page __ |
| When and where will the Court decide whether to approve the Settlement? | Page __ |
| Do I have to come to the Settlement Hearing? | Page |
| May I speak at the Settlement Hearing? | Page __ |
| What happens if I do nothing at all? | Page __ |
| Are there more details about the Settlement? | Page |
| How will my claim be calculated? | Page __ |
| Special notice to securities brokers and nominees. | Page __ |

## SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1.      Plaintiffs have entered into the proposed Settlement with the Settling Defendants which, if approved by the Court, will resolve the Action in its entirety.  Subject to Court approval, Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $10,500,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Plaintiffs' consulting

damages expert's estimate of the number of shares of F45 common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.06 per allegedly damaged share.  If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.04 per allegedly damaged share.  **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates.**  A Settlement Class Member's actual recovery will depend on, for example: (i) the number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many shares of F45 common stock the Settlement Class Member purchased or acquired; and (iv) whether and when the Settlement Class Member sold F45 common stock.  *See* the Plan of Allocation beginning on page [___] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.     The Settling Defendants and Plaintiffs disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Plaintiffs were to prevail on each claim.  The issues that the Settling Defendants and Plaintiffs disagree about include, for example: (i) whether the Offering Documents contained untrue statements of material fact or omitted material facts necessary to make the statements in the documents not misleading; (ii) the extent to which external factors, such as general market, economic, and industry conditions, influenced the trading prices of F45 common stock at various times; (iii) the appropriate economic models for measuring damages; and (iv) whether class members suffered any damages.

3.     Settling Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission

giving rise to any liability or violation of law, and deny that Plaintiffs and the Settlement Class have suffered any loss attributable to defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel,[3] for attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund, which includes any accrued interest, or $3,150,000 plus accrued interest.  Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $200,000 plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Plaintiffs directly related to their representation of the Settlement Class. If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.02 per allegedly damaged share of F45 common stock.   A copy of the Fee and Expense Application will be posted on www.strategicclaims.net/case/F45/ after it has been filed with the Court.

**Reasons for the Settlement**

5.      For Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the Second Amended Complaint; the risk that the Court may grant some or all of the anticipated summary judgment motions to be filed by Settling Defendants; the uncertainty of having a class certified; the uncertainty inherent in the parties' various and competing theories

---

[3] "Plaintiffs' Counsel" means Labaton Keller Sucharow LLP, The Schall Law Firm, and Clark Hill PLC.

of liability, causation and damages; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in complex class action litigation.

6.        For the Settling Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.        Plaintiffs and the Settlement Class are represented by Lead Counsel, Alfred L. Fatale III, Esq., Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

8.        Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: *F45 Training Securities Settlement*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, (866) 274-4004, info@strategicclaims.net, www.strategicclaims.net/case/F45/.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| **1.  What Is this Notice About?** |
| --- |

9.        You may have received a Postcard Notice about the proposed Settlement.  This long-form Notice provides additional information about the Settlement and related procedures. The Court authorized that the Postcard Notice be sent to you because you or someone in your family may have purchased or otherwise acquired F45 publicly traded common stock during the Class Period.  **Receipt of this Notice or the Postcard Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  The Parties**

do not have access to your individual investment information.  **If you wish to be eligible for a payment, you are required to submit a Claim Form.**  *See* **Question 8 below.**

10.     The Court directed that notices be provided to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.     The Court in charge of the Action is the United States District Court for the Western District of Texas, and the case is known as *In re F45 Training Holdings, Inc. Securities* Litigation, No. 22-cv-1291.  The Action is assigned to the Honorable David A. Ezra, United States District Judge.

---

**2.  How do I know if I am part of the Settlement Class?**

---

12.     The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

> **All Persons and entities who or which purchased or otherwise acquired F45 publicly traded common stock during the period from July 15, 2021 through August 14, 2023, inclusive, (including purchases or acquisitions pursuant and/or traceable to the Offering Documents for F45's IPO) and were allegedly damaged thereby.**

13.     If one of your mutual funds purchased or otherwise acquired publicly traded F45 common stock during the Class Period (including pursuant and/or traceable to the Offering Documents for the IPO) that does not make you a Settlement Class Member, although your mutual fund may be.  You are a Settlement Class Member only if you individually purchased or otherwise acquired publicly traded F45 common stock during the Class Period.  Check your investment

records or contact your broker to see if you have any eligible purchases or acquisitions.  The Parties do not independently have access to your trading information.

| **3.  Are there exceptions to being included?** |
| --- |

14.    Yes.   There are some individuals and entities who are excluded from the Settlement Class by definition.   Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Families of the Individual Defendants; (iii) any Person who was an officer, director, or control person of F45, the Underwriter Defendants, or the Controlling Entity Defendants (at all relevant times, and members of their Immediate Families); (iv) any entity in which any Defendant has or had a controlling or beneficial interest; and (v) the legal representatives, heirs, affiliates, successors, or assigns of any such excluded Person or entity.  However, any Investment Vehicle, except for the Controlling Entity Defendants, will not be excluded from the Settlement Class.[4]

15.    Also excluded from the Settlement Class will be any person or entity who or which excludes themselves from the Settlement Class by submitting a timely and valid request for exclusion in accordance with the procedures described in Question 10 below.

| **4.  Why is this a class action?** |
| --- |

16.    In a class action, one or more persons or entities (in this case, Plaintiffs), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case,

---

[4] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any of their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his, or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.  The Controlling Entity Defendants are excluded from the definition of Investment Vehicle.

many similar claims that, if brought separately by individual people, might be too small economically to litigate. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class. In this Action, the Court has appointed Pledge Capital to serve as Lead Plaintiff and has appointed Labaton Keller Sucharow LLP to serve as Lead Counsel.

---

**5. What is this case about and what has happened so far?**

---

17.    The operative complaint in the Action is the Second Amended Class Action Complaint for Violations of the Federal Securities Laws, filed by Plaintiffs on January 25, 2025 (the "Second Amended Complaint"), which alleges violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") relating to F45's IPO of 21,851,944 shares of common stock, including the Underwriter Defendants' overallotment, for $16.00 per share to the investing public on or about July 15, 2021, and alleged violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of a class consisting of all Persons and entities who or which purchased or otherwise acquired the publicly traded common stock of F45 during the Class Period. As described below, the Exchange Act claims were dismissed by the Court. F45's common stock was registered with the U.S. Securities and Exchange Commission (the "SEC") pursuant to a registration statement filed with the SEC on Form S-1, which following amendments, was declared effective by the SEC on July 14, 2021 (the "Form S-1"). On July 16, 2021, F45 filed with the SEC the final prospectus (the "Prospectus"), which forms part of the registration statement (the Prospectus and Form S-1, as amended, are referred to collectively as the "Offering Documents").

18.     The initial complaint filed in the action was filed in the United States District Court for the Western District of Texas on December 8, 2022 and was captioned *Goer v. F45 Training Holdings, Inc., et al.*, No. 22-cv-1291.

19.     On February 27, 2023, Judge Robert Pitman of the Western District of Texas appointed Pledge Capital as Lead Plaintiff and approved its selection of Labaton Sucharow LLP, now known as Labaton Keller Sucharow LLP, as Lead Counsel.  That order also recaptioned the Action as *In re F45 Training Holdings, Inc. Securities Litigation*, No. 22-cv-1291.

20.     On April 21, 2023, the Action was reassigned to Judge David A. Ezra of the Western District of Texas.

21.     On May 19, 2023, Plaintiffs filed an Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint").  The Amended Complaint alleged violations of Sections 11, 12(a)(2) and 15 of the Securities Act and Sections 10(b) and 20(a) of the Exchange Act on behalf of a class consisting of all Persons and entities who or which purchased or otherwise acquired the publicly traded common stock of F45 during the Class Period. In addition to the Settling Defendants, the Amended Complaint also named as defendants the KLIM Entities (as defined below) and MWIG LLC (the "Controlling Entity Defendants" and, together with Settling Defendants, the "Defendants").

22.     On August 7, 2023, Defendants filed a motion to dismiss the Amended Complaint (the "First Motion to Dismiss").  Plaintiffs opposed the First Motion to Dismiss on October 6, 2023.  On November 20, 2023, Defendants filed a reply brief in further support of the First Motion to Dismiss.

23.     During briefing on the First Motion to Dismiss, on October 23, 2023, F45 filed a Form 10-K for the year ended December 31, 2022, which included a restatement of the Company's

consolidated financial statements for the year ended December 31, 2021, along with restated interim financial statements for the period ended March 31, 2022, June 30, 2022, and September 30, 2022 (the "Restatement").

24.     Following the Restatement, on January 25, 2024, Plaintiffs filed the Second Amended Complaint, which is the operative complaint in the Action.  In particular, the Second Amended Complaint alleges violations of Sections 11, 12(a)(2) and 15 of the Securities Act and alleged Sections 10(b) and 20(a) of the Exchange Act on behalf of a class consisting of all Persons and entities who or which purchased or otherwise acquired the publicly traded common stock of F45 during the period from July 15, 2021 through July 26, 2022.[5]  In particular, the Second Amended Complaint added allegations related to the Restatement and asserted that Defendants made false or misleading statements about F45's business prospects in the Offering Documents and in subsequent public statements.

25.     On March 11, 2024, Defendants filed a motion to dismiss the Second Amended Complaint (the "Second Motion to Dismiss").  Plaintiffs opposed the Second Motion to Dismiss on April 24, 2024.  On May 24, 2024, Defendants filed a reply brief in further support of the Second Motion to Dismiss.

26.     On February 21, 2025, the Court issued an opinion granting in part, and denying in part, the motion to dismiss ("Motion to Dismiss Order").  The Court dismissed the Exchange Act claims based on its conclusion that the Second Amended Complaint failed to plead both scienter and loss causation, and it dismissed Plaintiffs' claims for control-person liability.  The

---

[5] For purposes of the Settlement, the Class Period has been extended to August 14, 2023, the date F45 common stock was voluntarily delisted from the New York Stock Exchange.  The Class Period affords Defendants a full release of all claims in the Second Amended Complaint given certain allegations about events beyond July 26, 2022.

Court also dismissed certain statements in the Offering Documents as protected forward-looking statements, inactionable opinion statements, inactionable corporate puffery, or not false when made. The Court, however, allowed Plaintiffs to proceed on their Securities Act claims concerning certain other statements.

27.     On May 6, 2025, Settling Defendants filed their answers to the Second Amended Complaint, denying all allegations of wrongdoing or damages and asserting affirmative defenses.

28.     After the Court entered the Motion to Dismiss Order, Plaintiffs and Settling Defendants began engaging in discovery. On June 30, 2025, Plaintiffs and Settling Defendants filed with the Court a Joint Rule 26(f) Report outlining each side's competing views as to the scope of discovery in the Action. On July 25, 2025, Plaintiffs served Settling Defendants with their respective initial disclosures. On July 28, 2025, Settling Defendants served Plaintiffs with their respective initial disclosures. On August 22, 2025, Plaintiffs served on Settling Defendants Plaintiffs' First Request for Production of Documents to Defendants seeking the production of 98 categories of documents. On September 5, 2025, Plaintiffs noticed Settling Defendants of the issuance of third-party subpoenas to Evercore Group LLC and Jefferies Financial Group, Inc. On September 12, 2025, Settling Defendants served on Plaintiffs Defendants' First Set of Requests for Production of Document to Plaintiffs seeking the production of 35 categories of documents.

29.     In April 2025, counsel for Plaintiffs and F45 began discussing the possibility of exploring a mediated resolution of the Action. To facilitate those discussions and subsequently assist them in reaching a potential negotiated resolution of the Action's claims against all Defendants, Plaintiffs and the Settling Defendants engaged David Murphy of Phillips ADR Enterprises (the "Mediator"), a well-respected and experienced mediator.

30.     On September 2, 2025, Plaintiffs made a formal settlement demand in writing to Settling Defendants.

31.     On October 6, 2025, the Court entered an agreed to order staying the Action pending a mediation scheduled for November 18, 2025.  Thereafter, Plaintiffs and Settling Defendants focused on preparing for the planned mediation.  These preparations included the F45 Defendants producing more than 2,300 pages of documents, which Lead Counsel reviewed, and the mutual exchange of thorough mediation statements and supporting material on November 4, 2025.

32.     On November 18, 2025, counsel for Plaintiffs and F45 met in person for a full-day mediation with the Mediator in an attempt to reach a settlement.  Despite extensive arm's-length negotiations, Plaintiffs and F45 were unable to reach an agreement to settle the Action, but agreed to continue negotiations.

33.     On November 25, 2025, after several one-on-one discussions between counsel for Plaintiffs and F45, under the auspices of the Mediator, Plaintiffs and Settling Defendants came to an agreement to resolve all claims against all Defendants for a cash payment of $10.5 million.

34.     Before agreeing to a settlement, Plaintiffs, through Lead Counsel, conducted a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing:  (i) regulatory filings made by F45 with the SEC, (ii) public reports and news articles; (iii) research reports by securities and financial analysts; (iv) press releases, transcripts of earnings calls, and other public statements issued by the Company; (v) other publicly available material and data; (vi) interviews with former F45 employees; (vii) consultation with relevant consulting experts in the fields of damages and causation; and (viii) the applicable law governing the claims and potential defenses.

35.     On January 30, 2026, Plaintiffs and Settling Defendants jointly notified the Court of an agreement in principle to settle the Action.

---

**6.  What are the reasons for the Settlement?**

---

36.     The Court did not finally decide in favor of Plaintiffs or the Settling Defendants. Instead, both sides agreed to a settlement.  Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit.  They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability.  Assuming the claims proceeded to trial, the parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Plaintiffs and the Settlement Class.  In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

37.     Settling Defendants have denied and continue to deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Settling Defendants expressly have denied, and continue to deny, that they have committed any act or omission giving rise to any liability under the securities laws or otherwise.  Specifically, Settling Defendants expressly have denied and continue to deny, among other things, each and all of the claims alleged in the Action, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action or that any alleged misstatements or omissions were made.  Settling Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiffs or the Settlement Class have suffered any damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that

they could have alleged as part of the Action. In addition, Settling Defendants maintain that they have meritorious defenses to all claims alleged in the Action. Nonetheless, Settling Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

## THE SETTLEMENT BENEFITS

| 7. What does the Settlement provide? |
|---|

38.    In exchange for the Settlement and the release of the Released Plaintiffs' Claims against the Released Defendant Parties (*see* Question 9 below), F45 has agreed to direct that a ten million, five hundred thousand dollar ($10,500,000) cash payment be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

| 8. How can I receive a payment? |
|---|

39.    To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. You may obtain a Claim Form from the website for the Settlement, www.strategicclaims.net/case/F45/, or from Lead Counsel's website, www.labaton.com, or submit a claim online at www.strategicclaims.net/case/F45. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (866) 274-4004.

40.     Please read the instructions in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than ____, 2026.**

---

**9.  What am I giving up to receive a payment and by staying in the Settlement Class?**

41.     If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the "Released Defendant Parties."  All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)     **"Released Plaintiffs' Claims"** means any and all claims and causes of action of every nature and description, whether known or Unknown (as defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action or (b) could have asserted in the Action, or in any forum, that arise out of or are based upon both: (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action or that could have been alleged as part of the Action, and (2) the purchase, acquisition, holding, sale, or disposition of F45's publicly traded common stock (including all shares purchased or otherwise acquired in or traceable to F45's IPO) during the Class Period.  For the avoidance of doubt, Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims in any shareholder derivative action or demands; (iii) any claims brought on behalf of any

16

regulatory or government agency; or (iv) any claims of Persons who submit a request for exclusion that is accepted by the Court.

(b)    **"Released Defendant Parties"** means Settling Defendants and each and all of their Related Parties and Settling Defendants' Counsel.

(c)    **"Related Parties"** means each of a Defendant's respective past, present, or future direct or indirect parents, subsidiaries, divisions, branches, Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Defendant has or had a controlling interest, any Immediate Family Member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Settling Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of Defendants.

(d)    **"Unknown Claims"** means (i) any and all Released Plaintiffs' Claims against Released Defendant Parties which Plaintiffs or any Settlement Class Members do not know or suspect to exist in his, her, or its favor as of the Effective Date which, if known by such party, might have affected such party's settlement with and release of the Released Defendant Parties, or

17

might have affected such party's decision not to object to this Settlement and (ii) any and all Released Defendants' Claims that any Settling Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, by operation of the Judgment or Alternative Judgment, upon the Effective Date, Plaintiffs and Settling Defendants shall have expressly waived, and each other Settlement Class Member shall be deemed to have waived, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

(e)     Plaintiffs, other Settlement Class Members, or Settling Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but Plaintiffs and Settling Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and

release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Settling Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

42. The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.

43. Upon the "Effective Date," Settling Defendants will also provide a release of any claims against Plaintiffs and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

44. If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note:** If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time period required for

filing suit.  F45 has the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

| **10.  How do I exclude myself from the Settlement Class?** |
|---|

45.    To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *In re F45 Training Holdings, Inc. Securities Litigation*, No. 22-cv-1291-DAE (W.D. Tex.)."  You cannot exclude yourself by telephone or email.  Each request for exclusion must also: (i) state the name, address, telephone number, and email address (if any) of the Person or entity requesting exclusion; (ii) state the number of shares of publicly traded F45 common stock the Person or entity purchased or acquired during the Class Period, as well as the dates and prices of each purchase, acquisition, and sale of such shares; and (iii) be signed by the Person or entity requesting exclusion.  A request for exclusion must be mailed so that it is **received no later than _____ , 2026** at:

*F45 Training Securities Settlement*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

46.    This information is needed to determine whether you are a member of the Settlement Class.  Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.

47.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you.  If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action,

20

and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

> **11.    If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later?**

48.    No.  Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is **_____, 2026.**

### THE LAWYERS REPRESENTING YOU

> **12.  Do I have a lawyer in this case?**

49.    Labaton Keller Sucharow LLP is Lead Counsel in the Action and represents all Settlement Class Members.  You will not be separately charged for these lawyers.  The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

> **13.  How will the lawyers be paid?**

50.    Plaintiffs' Counsel have been prosecuting the Action on a contingent basis and have not been paid for any of their work.  Lead Counsel will seek, on behalf of Plaintiffs' Counsel, an attorneys' fee award of no more than 30% of the Settlement Fund, or $3,150,000, plus accrued interest.  Lead Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $200,000, plus accrued interest, which may include an application by Plaintiffs for their reasonable costs and expenses (including lost wages) related to their

representation of the Settlement Class, pursuant to the PSLRA.  Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**14.  How do I tell the Court that I do not like something about the proposed Settlement?**

51.     If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application.  You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

52.     To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*In re F45 Training Holdings, Inc. Securities Litigation*, No. 22-cv-1291-DAE (W.D. Tex.)."  The objection must also state: (i) the name, address, telephone number, and email address (if any) of the objector and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Settlement Class, such as the number of F45 common shares purchased or acquired during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the

manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.  Your objection must be filed with the Court **no later than _____, 2026 and** be mailed or delivered to the following counsel so that it is **received no later than _____, 2026**:

<table>
<tr><td align="center">**Court**</td><td align="center">**Lead Counsel**</td></tr>
<tr><td align="center">**Clerk of the Court**<br>United States District Court<br>for the Western District of Texas<br>501 West Fifth Street, Suite 1100<br>Austin, Texas 78701</td><td align="center">**Labaton Keller Sucharow LLP**<br>Alfred L. Fatale, III Esq.<br>140 Broadway<br>New York, NY 10005</td></tr>
</table>

**Settling Defendants' Counsel**

<table>
<tr><td align="center">**Gibson, Dunn & Crutcher LLP**<br>Craig Varnen<br>333 South Grand Avenue, 46th Floor<br>Los Angeles, CA 90071</td><td align="center">**Akin Gump Strauss Hauer & Feld LLP**<br>Stephen Baldini<br>One Bryant Park<br>New York, NY 10036</td></tr>
<tr><td align="center">**Hughes Hubbard & Reed LLP**<br>Shahzeb Lari<br>One Battery Park Plaza<br>New York, NY 10004</td><td align="center">**Blank Rome LLP**<br>Linda Imes<br>1271 Avenue of the Americas<br>New York, NY 10020</td></tr>
</table>

**O'Melveny & Myers LLP**
Jonathan Rosenberg
1310 Avenue of the Americas, Suite 1700
New York, NY 10019

53.    You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may appear in person or

arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

| 15. What is the difference between objecting and seeking exclusion? |
| :--- |

54.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

| 16. When and where will the Court decide whether to approve the Settlement? |
| :--- |

55.     The Court will hold the Settlement Hearing on **_____ , 2026 at __:__ __.m.** in Courtroom 2 at the United States District Court for the Western District of Texas, United States District Courthouse, 501 West 5th Street, Austin, Texas 78701.

56.     At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

57.     The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without an individual notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the

date and/or time has not changed, or periodically check the Settlement website at www.strategicclaims.net/case/F45/ to see if the Settlement Hearing stays as scheduled or is changed.

| **17.  Do I have to come to the Settlement Hearing?** |
| --- |

58.    No.  Lead Counsel will answer any questions the Court may have, but you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2026**.

| **18.  May I speak at the Settlement Hearing?** |
| --- |

59.    You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than _____, 2026**, submit a statement that you, or your attorney, intend to appear in "*In re F45 Training Holdings, Inc. Securities Litigation*, No. 22-cv-1291-DAE (W.D. Tex.)."  If you intend to present evidence at the Settlement Hearing, you must also include in your objections (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

## IF YOU DO NOTHING

| 19.  What happens if I do nothing at all? |
| --- |

60.     If you do nothing and you are a member of the Settlement Class, you will receive

no money from this Settlement and you will be precluded from starting a lawsuit, continuing with

a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant

Parties concerning the Released Plaintiffs' Claims.  To share in the Net Settlement Fund, you must

submit a Claim Form (*see* Question 8 above).  To start, continue, or be a part of any other lawsuit

against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs'

Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

| 20.  Are there more details about the Settlement? |
| --- |

61.     This Notice summarizes the proposed Settlement.  More details are contained in

the Stipulation.  You may review the Stipulation and other documents filed in the case during

business hours at the U.S. District Clerk's Office, Western District of Texas, United States District

Courthouse, 501 West Fifth Street, Suite 1100, Austin, Texas 78701.  (Please check the Court's

website, www.txwd.uscourts.gov, for information about Court closures before visiting.)

Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action

through the Court's online Case Management/Electronic Case Files System at

https://www.pacer.gov.

62.     You can also get a copy of the Stipulation, and other documents related to the

Settlement, as well as additional information about the Settlement by visiting the website for the

Settlement, www.strategicclaims.net/case/F45/, or the website of Lead Counsel,

www.labaton.com.  You may also call the Claims Administrator toll-free at (866) 274-4004 or

write to the Claims Administrator at *F45 Training Securities Settlement*, c/o Strategic Claims

Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, info@strategicclaims.net. **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

| **21. How will my claim be calculated?** |
| --- |

63.     The Plan of Allocation below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Plaintiffs and Lead Counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website at www.strategicclaims.net/case/F45/ and at www.labaton.com.

64.     The $10,500,000 Settlement Amount and the interest it earns is the Settlement Fund.  The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund.  The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a "Recognized Claim" according to the Plan of Allocation approved by the Court ("Authorized Claimants"). Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the Settlement.

65.     The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants that allegedly suffered economic losses as a result of the alleged violations of the federal securities laws asserted in the Action and, more specifically, with respect to shares of F45 common stock purchased or otherwise acquired during the Class Period from July 15, 2021 through August 14, 2023, inclusive (including purchases or acquisitions pursuant or traceable to the Offering Documents for F45's IPO).

66.    To design this Plan of Allocation, Lead Counsel conferred with Plaintiffs' consulting damages expert.  This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Plaintiffs and Lead Counsel believe were recoverable in the Action.  The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  The calculations pursuant to the Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants.  An individual Settlement Class Member's recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) when the Claimant purchased or acquired F45 common stock; and (iii) whether and when the Claimant sold his, her, or its shares of F45 common stock.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.  The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

67.    Claims asserted in the Action under Section 11 of the Securities Act ("Section 11") and Section 10(b) of the Exchange Act ("Section 10(b)") serve as the basis for the calculation of the "Recognized Loss Amounts" in this Plan of Allocation.

68.    Section 11 of the Securities Act provides a statutory formula for the calculation of damages.  The Section 11 formulas stated below, which were developed by Plaintiffs' consulting damages expert, generally track the statutory formula.  The Section 11 formulas will apply to F45

publicly traded common stock purchased or otherwise acquired from July 15, 2021 through December 7, 2022, both dates inclusive (the "Section 11 Period").[6]

69.    With respect to F45 publicly traded common stock purchased or otherwise acquired from December 8, 2022 through August 14, 2023, both dates inclusive (the "Section 10(b) Period"), the calculation is different. Pursuant to Section 10(b), for losses to be compensable, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue. In this case, Plaintiffs allege that Defendants issued false statements and omitted material facts during the Class Period that allegedly artificially inflated the price of F45 common stock. The Section 10(b) formulas calculate losses based on corrective information released after market close on March 16, 2023, after market close on May 22, 2023, and after market close on August 14, 2023, which impacted the market price of F45 common stock on March 17, 2023, May 23, 2023, and August 15, 2023 and removed the artificial inflation from the F45 common stock share price on those days. Accordingly, in order to have a compensable Section 10(b) loss in this Settlement, shares of F45 common stock must have been purchased or otherwise

---

[6] The Class Period has been divided into a Section 11 Period and a Section 10(b) Period because the damages formula under Section 11 relies upon the date of suit, *i.e.*, the date on which the claim was first asserted, when calculating damages. The statutory formula does not function properly for purchases made after the date of suit. Here, for example, because the price of F45 common stock after February 16, 2023 never trades above the stock price on the date of suit, all purchases or acquisitions after that date would have zero damages. Furthermore, Section 11 limits damages to only purchasers who did not know of the alleged falsity in the Offering Documents at the time of their purchase or acquisition. Because the Section 11 claims in this Action became publicly known when the first complaint was filed on December 8, 2022, those who purchased or acquired shares on or after that date could be deemed to have had knowledge of the Offering Documents' alleged falsity. Thus, it is unlikely they would have been able to recover any damages if this Action proceeded to trial. To address this issue, Settlement Class Members who purchased or acquired F45 common stock on or after December 8, 2022 through, and including, August 14, 2023, will have their Recognized Loss Amount calculated under Section 10(b).

acquired during the Section 10(b) Period and held through at least one of these corrective disclosure dates.

70.    Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  Plaintiffs, Lead Counsel, and anyone acting on their behalf likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

71.    A "Recognized Loss Amount" will be calculated by the Claims Administrator, as set forth below, for each purchase or acquisition of a share of F45 publicly traded common stock during the Class Period that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number (a gain), that number shall be set to zero.  The sum of a Claimant's Recognized Loss Amounts will be their "Recognized Claim."  An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.

72.    For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of eligible F45 publicly traded common stock will first be matched on a First In/First Out ("FIFO") basis. If a Settlement Class Member has more than one purchase or acquisition or sale of F45 common stock during the relevant time periods, all purchases or acquisitions and sales shall be matched on a FIFO basis. Sales will be matched against purchases or acquisitions in chronological order, beginning with the earliest purchase or acquisition made during the relevant time periods.

73.     Any transactions in F45 common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### SECTION 11 PERIOD

74.     **For each share of F45's publicly traded common stock purchased or otherwise acquired from July 15, 2021 through, and including, December 7, 2022, and**:

A. Sold before the opening of trading on December 8, 2022,[7] the Recognized Loss Amount for each such share shall be the purchase price (not to exceed $16.00, the IPO price) ***minus*** the sale price.

B. Sold after the opening of trading on December 8, 2022, through the close of trading on February 16, 2023,[8] the Recognized Loss Amount for each such share shall be the purchase price (not to exceed $16.00, the IPO price) ***minus*** the sale price (not to be less than $2.96, the closing share price on December 8, 2022).

C. Retained after the close of trading on February 16, 2023, the Recognized Loss Amount for each such share shall be the purchase price (not to exceed $16.00, the IPO price) ***minus*** $2.96, the closing share price on December 8, 2022.

### SECTION 10(b) PERIOD

75.     **For each share of F45 common stock purchased or otherwise acquired from December 8, 2022 through, and including, August 14, 2023, and:**

A. Sold before the opening of trading on March 17, 2023, the Recognized Loss Amount for each such share will be $0.00.

B. Sold after the opening of trading on March 17, 2023, through the close of trading on August 14, 2023, the Recognized Loss Amount for each such share shall be ***the lesser of***: (i) the amount of artificial inflation per such share on the date of purchase or acquisition as stated in **Table A** below ***minus*** the amount of artificial inflation per such share on the date of sale as stated in **Table A** below; or (ii) the purchase or acquisition price ***minus*** the sale price.

---

[7] For purposes of the statutory calculations, December 8, 2022 is the date of suit.

[8] For purposes of the statutory calculations, February 16, 2023 is the proxy for the date of judgment because after February 16, 2023, the price of F45 common stock did not trade above $2.96, the closing price on the date of suit, December 8, 2022.

C.  Sold from August 15, 2023, through the close of trading on November 10, 2023, the Recognized Loss Amount for each such share shall be ***the least of***: (i) the amount of artificial inflation per such share on the date of purchase/acquisition, as stated in **Table A** below; (ii) the purchase or acquisition price ***minus*** the average closing price between August 15, 2023 and the date of sale, as stated in **Table B** below; or (iii) the purchase or acquisition price ***minus*** the sale price.

D.  Retained as of the close of trading on November 10, 2023, the Recognized Loss Amount for each such share shall be ***the lesser of***: (i) the amount of artificial inflation per such share on the date of purchase/acquisition as stated in **Table A** below; or (ii) the purchase or acquisition price ***minus*** $0.04, the average closing price between August 15, 2023 and November 10, 2023, as stated in **Table B** below.[9]

### TABLE A

**F45 Common Stock Artificial Inflation for Purposes of Calculating Purchase and Sale Inflation During the Section 10(b) Period**

| Transaction Date | Artificial Inflation Per Share |
| --- | --- |
| 7/15/2021 - 12/7/2022 | $0.00 |
| 12/8/2022 - 3/16/2023 | $0.59 |
| 3/17/2023 - 5/22/2023 | $0.56 |
| 5/23/2023 - 6/26/2023 | $0.54 |
| 6/27/2023 | $0.54 |
| 6/28/2023 | $0.52 |

---

[9] Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Section 10(b) Period Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of F45 common stock during the "90-day look-back period," November 8, 2023 through and including February 5, 2024. The mean (average) closing price for F45 common stock during this 90-day look-back period was $0.05.

| | |
|---|---|
| 6/29/2023 | $0.51 |
| 6/30/2023 - 7/2/2023 | $0.50 |
| 7/3/2023 - 7/4/2023 | $0.53 |
| 7/5/2023 | $0.50 |
| 7/6/2023 | $0.54 |
| 7/7/2023 | $0.52 |
| 7/10/2023 - 8/14/2023 | $0.54 |
| 8/15/2023 - Present | $0.00 |

## **TABLE B**

### **90-Day Look-Back Period Prices**

| Date | Closing Price | Average Closing Price Between August 15, 2023 and Date Shown | Date | Closing Price | Average Closing Price Between August 15, 2023 and Date Shown |
|---|---|---|---|---|---|
| 8/15/2023 | $0.17 | $0.17 | 9/29/2023 | $0.02 | $0.05 |
| 8/16/2023 | $0.12 | $0.15 | 10/2/2023 | $0.02 | $0.05 |
| 8/17/2023 | $0.15 | $0.15 | 10/3/2023 | $0.02 | $0.05 |
| 8/18/2023 | $0.12 | $0.14 | 10/4/2023 | $0.02 | $0.05 |
| 8/21/2023 | $0.12 | $0.14 | 10/5/2023 | $0.02 | $0.05 |
| 8/22/2023 | $0.12 | $0.13 | 10/6/2023 | $0.02 | $0.05 |
| 8/23/2023 | $0.10 | $0.13 | 10/9/2023 | $0.02 | $0.05 |
| 8/24/2023 | $0.10 | $0.12 | 10/10/2023 | $0.02 | $0.05 |
| 8/28/2023 | $0.11 | $0.12 | 10/11/2023 | $0.02 | $0.05 |
| 8/29/2023 | $0.05 | $0.12 | 10/12/2023 | $0.02 | $0.05 |
| 8/30/2023 | $0.08 | $0.11 | 10/13/2023 | $0.02 | $0.05 |
| 8/31/2023 | $0.05 | $0.11 | 10/16/2023 | $0.02 | $0.05 |
| 9/1/2023 | $0.04 | $0.10 | 10/17/2023 | $0.02 | $0.05 |
| 9/5/2023 | $0.03 | $0.10 | 10/18/2023 | $0.02 | $0.05 |
| 9/6/2023 | $0.03 | $0.09 | 10/19/2023 | $0.02 | $0.04 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 9/7/2023 | $0.03 | $0.09 | | 10/20/2023 | $0.02 | $0.04 |
| 9/8/2023 | $0.02 | $0.08 | | 10/23/2023 | $0.02 | $0.04 |
| 9/11/2023 | $0.02 | $0.08 | | 10/24/2023 | $0.02 | $0.04 |
| 9/12/2023 | $0.02 | $0.08 | | 10/25/2023 | $0.03 | $0.04 |
| 9/13/2023 | $0.02 | $0.08 | | 10/26/2023 | $0.03 | $0.04 |
| 9/14/2023 | $0.02 | $0.07 | | 10/27/2023 | $0.03 | $0.04 |
| 9/15/2023 | $0.02 | $0.07 | | 10/30/2023 | $0.04 | $0.04 |
| 9/18/2023 | $0.02 | $0.07 | | 10/31/2023 | $0.05 | $0.04 |
| 9/19/2023 | $0.02 | $0.07 | | 11/1/2023 | $0.05 | $0.04 |
| 9/20/2023 | $0.02 | $0.06 | | 11/2/2023 | $0.05 | $0.04 |
| 9/21/2023 | $0.02 | $0.06 | | 11/3/2023 | $0.05 | $0.04 |
| 9/22/2023 | $0.02 | $0.06 | | 11/6/2023 | $0.05 | $0.04 |
| 9/25/2023 | $0.02 | $0.06 | | 11/7/2023 | $0.05 | $0.04 |
| 9/26/2023 | $0.02 | $0.06 | | 11/8/2023 | $0.05 | $0.04 |
| 9/27/2023 | $0.02 | $0.06 | | 11/9/2023 | $0.05 | $0.04 |
| 9/28/2023 | $0.02 | $0.06 | | 11/10/2023 | $0.05 | $0.04 |

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

76.    Purchases, acquisitions, and sales of F45 publicly traded common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement," "payment," or "sale" date.

77.    The receipt or grant by gift, inheritance, or operation of law of F45 publicly traded common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of shares of F45 common stock for the calculation of a Claimant's Recognized Claim, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such F45 common stock, unless (i) the donor or decedent purchased or otherwise acquired such shares during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of F45; and (iii) it is specifically so provided in the instrument of gift or assignment.

78.     The Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.  In the event that a Claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

79.     F45 publicly traded common stock is the only security eligible for a recovery under this Plan of Allocation.  With respect to F45 publicly traded common stock purchased or sold through the exercise of an option, the purchase/sale date of such F45 common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

80.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's proportional *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

81.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant

calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

82.     Settlement Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund; however, they will nevertheless be bound by the Settlement and the Final Judgment of the Court dismissing this Action, unless they have timely and validly sought exclusion.

83.     Distributions of the Net Settlement Fund will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund at least six months after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their initial distributions in an economical manner, after payment of any unpaid Notice and Administration Expenses and Taxes.  Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of any unpaid Notice and Administration Expenses and Taxes, shall be contributed to Consumer Federation of America, a non-sectarian, not-for-profit charitable organization serving the public interest, or such other non-sectarian, not-for-profit charitable organization approved by the Court.

84.     Payment pursuant to this Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, their damages expert, or other agent designated by Lead Counsel, arising from determinations or distributions to Claimants made substantially in accordance with

the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Plaintiffs, Defendants and their respective counsel, and all other Released Defendant Parties, shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

85.    If you purchased or acquired F45 publicly traded common stock during the period from July 15, 2021 through August 14, 2023, inclusive, for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN FOURTEEN (14) CALENDAR DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE OR NOTICE OF THE SETTLEMENT**, **YOU MUST EITHER**: (a) provide a list of the names, addresses, and emails (if available) of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send a Postcard Notice promptly to such identified beneficial owners; or (b) **WITHIN FOURTEEN (14) CALENDAR DAYS** of receipt of notice (i) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and **WITHIN FOURTEEN (14) CALENDAR DAYS** of receipt of those Postcard Notices from the Claims Administrator, mail them to all such beneficial owners or (ii) email the Postcard Notice or a link to the Postcard Notice to all such beneficial owners.  Nominees who elect to mail or email the Postcard Notice to their beneficial owners **SHALL ALSO** send a statement to the Claims Administrator confirming that the Postcard Notice was sent and shall retain their records for use in connection with any further notices that may be provided in the Action.  Upon **FULL AND TIMELY** compliance with these directions, nominees may seek reimbursement of

their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; $0.03 per Postcard Notice emailed by nominees; or $0.03 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court.

86.    All communications concerning the foregoing should be addressed to the Claims Administrator:

*F45 Training Securities Settlement*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
(866) 274-4004
info@strategicclaims.net
www.strategicclaims.net/case/F45/


Dated: _____, 2026              BY ORDER OF THE U.S. DISTRICT COURT
                                   WESTERN DISTRICT OF TEXAS

# Exhibit 2

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| IN RE F45 TRAINING HOLDINGS, INC. SECURITIES LITIGATION | Case No. 1:22-cv-1291-DAE |

**PROOF OF CLAIM AND RELEASE FORM**

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Settlement Class based on your claims in the class action entitled *In re F45 Training Holdings, Inc. Sec. Litig.*, No. 22-cv-1291 (W.D. Tex.) (the "Action"), you must complete and, on page ____ below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.[1]

2.    **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/CASE/F45/ NO LATER THAN _____, 2026 OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2026, ADDRESSED AS FOLLOWS:**

*F45 Training Securities Settlement*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

3.    If you are a member of the Settlement Class and you have not requested exclusion from the Settlement Class, you will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

---

[1] All capitalized terms not defined in this Claim Form have the meanings given in the Stipulation and Agreement of Settlement, dated as of February 13, 2026 (the "Stipulation"), available at www.strategicclaims.net/case/F45/.

## II.    CLAIMANT IDENTIFICATION

4.    If you purchased or otherwise acquired F45 Training Holdings, Inc. ("F45") publicly traded common stock during the period from July 15, 2021 through August 14, 2023, both dates inclusive (the "Class Period"), and held the stock in your name, you are the beneficial and record owner of the shares. If, however, the F45 shares were purchased or acquired through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5.    Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of F45 publicly traded common stock that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

6.    All joint owners must sign this claim. Executors, administrators, guardians, conservators, legal representatives, and trustees filing this claim must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    IDENTIFICATION OF TRANSACTIONS

7.    Use **Part II** of this form entitled "Schedule of Transactions in F45 Publicly Traded Common Stock" to supply all required details of the transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

8.      On the schedules, provide all of the requested information with respect to the purchases or acquisitions of F45 publicly traded common stock, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

9.      The date of covering a "short sale" is deemed to be the date of purchase or acquisition of F45 common stock. The date of a "short sale" is deemed to be the date of sale.

10.      Claims must be accompanied by adequate supporting documentation for the transactions reported in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel. Self-generated emails or spreadsheets are not sufficient. Failure to provide sufficient documentation could delay verification of your claim or result in rejection of your claim. Claimants bear the burden of establishing their right to a recovery from the Net Settlement Fund.

**THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN F45 PUBLICLY TRADED COMMON STOCK.**

11.      NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be asked, to submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Settlement website.) All such Claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at (866) 274-4004 to obtain the required file layout or visit www.strategicclaims.net/case/F45/. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name        MI   Beneficial Owner's Last Name

Co-Beneficial Owner's First Name      MI   Co-Beneficial Owner's Last Name

Entity Name (if Claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                                            State   ZIP/Postal Code

Foreign Country (only if not USA)           Foreign County (only if not USA)

Social Security No. (last four digits only)     Taxpayer Identification No. (last four digits only)

_____             _____

Telephone Number (home)      Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):

| | |
|---|---|
| Individual (includes joint owner accounts) | Pension Plan         Trust |
| Corporation | Estate |
| IRA/401K | Other _____ (please specify) |

**PART II:   SCHEDULE OF TRANSACTIONS IN F45 PUBLICLY
TRADED COMMON STOCK**

| **1.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD**– Separately list each and every purchase and acquisition of F45 publicly traded common stock beginning on July 15, 2021 through, and including, August 14, 2023. (Must submit documentation.) | | | |
|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) MM/DD/YY | Number of Shares | Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

| **2.  PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOK BACK PERIOD**– State the total number of shares of F45 publicly traded common stock purchased/acquired from August 15, 2023 through the close of trading on November 10, 2023.[2] (Must submit documentation.) _____ |
|---|

| **3.  SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD.**  Separately list each and every sale of F45 publicly traded common stock from July 15, 2021 through, and including, the close of trading on November 10, 2023. (Must submit documentation.) | | | |
|---|---|---|---|
| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

| **4.  ENDING HOLDINGS**– State the total number of shares of F45 publicly traded common stock held as of the close of trading on November 10, 2023. If none, write "0" or "Zero." (Must submit documentation.) _____ |
|---|

| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐ |
|---|

---

[2] Information requested in this Claim Form with respect to purchases/acquisitions from August 15, 2023 through November 10, 2023 is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases/acquisitions during this period, however, are not eligible for a recovery because they are outside the Class Period and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

## IV.    SUBMISSION TO JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS

12.    By signing and submitting this Claim Form, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation described in the Notice. I (We) submit to the jurisdiction of the United States District Court for the Western District of Texas with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that, once the Settlement reaches its Effective Date, I (we) will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in F45 publicly traded common stock and other F45 securities, if required to do so. I (We) have not submitted any other claim covering the same transactions in F45 publicly traded common stock during the time periods herein and know of no other person having done so on my (our) behalf.

## V.    RELEASES, WARRANTIES, AND CERTIFICATION

13.    I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the notices, and that I am (we are) not excluded from the Settlement Class.

14.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Released Defendant Parties (as these terms are defined in the Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

15.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

16.    I (We) hereby warrant and represent that I (we) have included information about all purchases, acquisitions, and sales of F45 publicly traded common stock that occurred during the relevant time periods and the number of shares held by me (us), to the extent requested.

17.    I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)


I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2026

_____           _____
Signature of Claimant                                      Type or print name of Claimant


_____           _____
Signature of Joint Claimant, if any                 Type or print name of Joint Claimant


_____           _____
Signature of person signing on behalf          Type or print name of person signing
of Claimant                                                      on behalf of Claimant


_____
Capacity of person signing on behalf of Claimant/Joint Claimant, if other than an individual (*e.g.,* Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

**REMINDER CHECKLIST:**

1.      Sign this Claim Form.

2.      DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.      Attach only copies of supporting documentation as these documents will not be returned to you.

4.      Keep a copy of your Claim Form for your records.

5.      The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment postcard.** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (866) 274-4004 or email at info@strategicclaims.net.

6.      If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

# Exhibit 3

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE F45 TRAINING HOLDINGS, INC.
SECURITIES LITIGATION

Case No. 1:22-cv-1291-DAE

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED**
**SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

To:     **All Persons and entities who or which purchased or otherwise acquired F45**
        **Trading Holdings, Inc. ("F45") publicly traded common stock during the period**
        **from July 15, 2021 through August 14, 2023, inclusive, ("Class Period") (including**
        **purchases and acquisitions pursuant and/or traceable to the Offering Documents**
        **for F45's initial public offering) and were allegedly damaged thereby (the**
        **"Settlement Class")**

        YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an Order of the United States District Court for the Western District of Texas, that

Plaintiffs Pledge Capital LLC and Police and Fire Retirement System of the City of Detroit

("Plaintiffs"), on behalf of themselves and all other members of the Settlement Class; and

defendant F45, Adam Gilchrist, Christopher E. Payne, Michael Raymond, Darren Richman,

Mark Wahlberg, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Robert W. Baird &

Co. Incorporated, Cowen and Company, LLC, Guggenheim Securities, LLC, Macquarie Capital

(USA) Inc., MUFG Securities Americas Inc., and Roth Capital Partners, LLC ("Settling

Defendants"), have reached a proposed settlement of the claims in the above-captioned class

action (the "Action") and related claims in the amount of $10,500,000 (the "Settlement").

        A hearing will be held before the Court on ____, 2026 at __:__ _.m. in Courtroom 2 at

the United States District Court for the Western District of Texas, United States District

Courthouse, 501 West Fifth Street, Austin, Texas 78701 (the "Settlement Hearing") to determine

whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate;

(ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated February 13, 2026; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a Postcard Notice, you may obtain a copy, and the more detailed long-form Notice and Claim Form, by visiting the website for the Settlement, www.strategicclaims.net/case/F45/, or by contacting the Claims Administrator at:

*F45 Training Securities Settlement*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
(866) 274-4004
info@strategicclaims.net

Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:

**LABATON KELLER SUCHAROW LLP**
Alfred Fatale III, Esq.
140 Broadway
New York, NY 10005
settlementquestions@labaton.com
(888) 219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than _____, 2026.* If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions in the long-form Notice so that it is *received no later than _____, 2026.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court, whether favorable or unfavorable, but you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the parties in accordance with the instructions in the long-form Notice so that they are *received no later than _____, 2026.*

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE**

DATED: _____, 2026          BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         WESTERN DISTRICT OF TEXAS

# Exhibit 4

*PLEASE VISIT WWW.STRATEGICCLAIMS.NET/CASE/F45/ FOR MORE INFORMATION.*

Plaintiffs in the class action *In re F45 Training Holdings, Inc. Sec. Litig.,* No. 22-cv-1291-DAE (W.D. Tex.) have reached a proposed settlement of the claims against Defendants. If approved, the Settlement will resolve alleged violations of the federal securities laws, including the Securities Act of 1933. Settling Defendants deny any liability or wrongdoing. You received this Postcard because you, or an investment account for which you serve as a custodian, may be a member of the Settlement Class: **all Persons and entities who or which purchased or otherwise acquired F45 publicly traded common stock during the period from July 15, 2021 through Aug. 14, 2023, inclusive, (including purchases or acquisitions pursuant and/or traceable to the Offering Documents for F45's IPO) and were damaged thereby.**

Pursuant to the Settlement, F45 will direct the payment of $10,500,000 in exchange for the settlement of the Action and the release of all claims asserted and related claims. This amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes, will be allocated among Settlement Class Members who submit valid claims. Your *pro rata* share of the Settlement proceeds will depend on the number of valid claims submitted, and when you purchased shares of F45 common stock. If all Settlement Class Members participate, the estimated average recovery will be $0.06 per allegedly damaged share before deduction of Court-approved attorneys' fees and expenses and approximately $0.04 after. Your share of the Settlement proceeds will be determined by the plan of allocation in the long-form Notice, or such other plan that may be approved by the Court.

**To qualify for payment, you must submit a timely and valid Claim Form. Receipt of this Postcard does not mean you are eligible.** The Claim Form can be found at www.strategicclaims.net/case/F45/, or you can request that one be mailed to you. You can also submit a claim online via the website. Claim Forms must be postmarked (if mailed), or submitted online, **on or before ____, 2026**. If you do not want to be legally bound by any releases, judgments or orders in the Action, you must exclude yourself from the Settlement Class **on or before ___, 2026.** If you exclude yourself, you may be able to sue Defendants about the claims being settled, but you cannot get money from the Settlement. If you want to object to any aspect of the Settlement, you must file and serve an objection **on or before ____, 2026**. **The Notice provides instructions on how to submit a Claim Form, exclude yourself, or object, and you must comply with all of the instructions in the Notice.**

The Court will hold a hearing on **_____ , 2026 at __:__ __.m.**, to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 30% of the Settlement Fund in attorneys' fees, plus expenses of no more than $200,000. You may attend the hearing and ask to be heard by the Court, but you do not have to.

*[RETURN ADDRESS]*

### *COURT-ORDERED LEGAL NOTICE*

*In re F45 Training Holdings, Inc. Sec. Litig.*
Case No. 22-cv-1291-DAE. (W.D. Tex.).

**Your legal rights may be affected by this securities class action settlement. You may be eligible for a cash payment. Please read this postcard carefully.**

**The postcard provides only limited information. For more information, please:**

visit -     www.strategicclaims.net/case/F45/ and read
            the Notice
call -      (866) 274-4004
email -     info@strategicclaims.net

[ADD QR Code]