# Exhibit 1

EXECUTION VERSION

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| IN RE F45 TRAINING HOLDINGS, INC. SECURITIES LITIGATION | Case No. 1:22-cv-1291-DAE |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is made and entered into by and between Lead Plaintiff Pledge Capital LLC ("Pledge Capital") and named plaintiff Police and Fire Retirement System of the City of Detroit ("Detroit P&F" and, together with Pledge Capital, "Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), on the one hand, and defendant F45 Training Holdings, Inc. ("F45"); defendants Adam Gilchrist, Christopher E. Payne, Michael Raymond, Darren Richman, and Mark Wahlberg (the "Individual Defendants" and, together with F45, the "F45 Defendants"); and defendants Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Robert W. Baird & Co. Incorporated, Cowen and Company, LLC,[1] Guggenheim Securities, LLC, Macquarie Capital (USA) Inc., MUFG Securities Americas Inc., and Roth Capital Partners, LLC (the "Underwriter Defendants" and, together with the F45 Defendants, the "Settling Defendants"), on the other, and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").

---

[1] TD Securities (USA) LLC is among the Released Defendant Parties, because it is the successor to Cowen and Company LLC ("Cowen"), which no longer exists as a separate entity, under (i) an acquisition completed on March 1, 2023, through which Cowen was acquired by Toronto Dominion Holdings (U.S.A.) Inc.; and (ii) a December 2024 merger, through which Cowen formally merged into TD Securities (USA) LLC.

EXECUTION VERSION

**WHEREAS:**

A.    All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶1 hereof entitled "Definitions."

B.    On December 8, 2022, this Action was commenced as a securities class action captioned *Goer v. F45 Training Holdings, Inc., et al.*, No. 1:22-cv-01291, in the U.S. District Court for the Western District of Texas (the "Court") asserting claims under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") for alleged misstatements and omissions in the offering documents for F45's July 15, 2021 initial public offering (the "IPO").  ECF No. 1.

C.    F45's common stock was registered with the U.S. Securities and Exchange Commission (the "SEC") pursuant to a registration statement filed with the SEC on Form S-1, which, following amendments, was declared effective by the SEC on July 14, 2021 (the "Form S-1").  On July 16, 2021, F45 filed with the SEC the final prospectus (the "Prospectus"), which forms part of the registration statement (the Prospectus and Form S-1, as amended, are referred to collectively as the "Offering Documents").

D.    On December 8, 2022, notice of the action was published pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), notifying eligible purchasers of F45's common stock about their right to move for appointment as lead plaintiff.  ECF No. 22-4.

E.    On February 27, 2023, Judge Robert Pitman appointed Pledge Capital as Lead Plaintiff and approved its selection of Labaton Sucharow LLP, now known as Labaton Keller Sucharow LLP, as Lead Counsel.  ECF No. 26.  That order also recaptioned the Action as *In re F45 Training Holdings, Inc. Securities Litigation*, No. 1:22-cv-01291.

F.    On April 21, 2023, the Action was reassigned to Judge David A. Ezra.  ECF No. 57.

EXECUTION VERSION

G.      On May 19, 2023, Plaintiffs filed an Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint").  ECF No. 59.  The Amended Complaint alleged violations of Sections 11, 12(a)(2) and 15 of the Securities Act and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of a class consisting of all Persons and entities who or which purchased or otherwise acquired the publicly traded common stock of F45 during the period from July 15, 2021 through July 26, 2022, inclusive.  In addition to Settling Defendants, the Amended Complaint also named as defendants the KLIM Entities (as defined below) and MWIG LLC (the "Controlling Entity Defendants" and, together with Settling Defendants, the "Defendants").

H.      On August 7, 2023, the Defendants filed a motion to dismiss the Amended Complaint (the "First Motion to Dismiss").  ECF No. 81.  Plaintiffs opposed the First Motion to Dismiss on October 6, 2023.  ECF No. 90.  On November 20, 2023, the Defendants filed a reply brief in further support of the First Motion to Dismiss.  ECF No. 91.

I.      During briefing on the First Motion to Dismiss, on October 23, 2023, F45 filed a Form 10-K for the year ended December 31, 2022, which included a restatement of the Company's consolidated financial statements for the year ended December 31, 2021, along with restated interim financial statements for the period ended March 31, 2022, June 30, 2022, and September 30, 2022 (the "Restatement").

J.      Following the Restatement, on January 25, 2024, Plaintiffs filed a Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Second Amended Complaint"), which is the operative complaint in the Action.  ECF No. 98.  The Second Amended Complaint alleges violations of Section 11, 12(a)(2) and 15 of the Securities Act and Section 10(b) and 20(a) of the Exchange Act on behalf of a class consisting of all Persons and

EXECUTION VERSION

entities who or which purchased or otherwise acquired the publicly traded common stock of F45 during the period from July 15, 2021 through July 26, 2022. In particular, the Second Amended Complaint added allegations related to the Restatement and asserted that Defendants made false or misleading statements about F45's prospects in the Offering Documents and in subsequent public statements.

K.    On March 11, 2024, Defendants filed a motion to dismiss the Second Amended Complaint (the "Second Motion to Dismiss"). ECF No. 101. Plaintiffs opposed the Second Motion to Dismiss on April 24, 2024. ECF No. 102. On May 24, 2024, Defendants filed a reply brief in further support of the Second Motion to Dismiss. ECF No. 103.

L.    On February 21, 2025, the Court issued an opinion granting in part, and denying in part, the motion to dismiss ("Motion to Dismiss Order"). ECF No. 111. The Court dismissed the Exchange Act claims based on its conclusion that the Second Amended Complaint failed to plead both scienter and loss causation, Motion to Dismiss Order at 47-62, and it dismissed Plaintiffs' claims for control-person liability, *id.* at 70-73. The Court also dismissed certain statements in the Offering Documents as protected forward-looking statements, inactionable opinion statements, inactionable corporate puffery, or not false when made. *Id.* at 12-34, 44-46. The Court, however, allowed Plaintiffs to proceed on their Securities Act claims concerning certain other statements. *Id.* at 12-47.

M.    On May 6, 2025, Settling Defendants filed their answers to the Second Amended Complaint, denying all allegations of wrongdoing or damages and asserting affirmative defenses. ECF Nos. 118-121.

N.    After the Court entered the Motion to Dismiss Order, Plaintiffs and Settling Defendants began engaging in discovery. On June 30, 2025, Plaintiffs and Settling Defendants

4

EXECUTION VERSION

filed with the Court a Joint Rule 26(f) Report outlining each side's competing views as to the scope of discovery in the Action.  ECF No. 126.

O.    On July 8, 2025, the Court entered a stipulated scheduling order that, among other things, set the deadline for completion of fact discovery as June 16, 2026, the completion of expert discovery as November 2, 2026, and the filing of dispositive motions as January 27, 2027. ECF No. 128.

P.    On July 25, 2025, Plaintiffs served Settling Defendants with their respective initial disclosures.  On July 28, 2025, Settling Defendants served Plaintiffs with their respective initial disclosures.

Q.    On August 22, 2025, Plaintiffs served on Settling Defendants Plaintiffs' First Request for Production of Documents to Defendants seeking the production of 98 categories of documents.

R.    On September 5, 2025, Plaintiffs noticed Settling Defendants of the issuance of third-party subpoenas to Evercore Group LLC and Jefferies Financial Group, Inc.

S.    On September 12, 2025, Settling Defendants served on Plaintiffs Defendants' First Set of Requests for Production of Document to Plaintiffs seeking the production of 35 categories of documents.

T.    In April 2025, counsel for Plaintiffs and F45 began discussing the possibility of exploring a mediated resolution of the Action.  To facilitate those discussions and subsequently assist them in reaching a potential negotiated resolution of the Action's claims against all Defendants, Plaintiffs and the Settling Defendants engaged David Murphy of Phillips ADR Enterprises (the "Mediator"), a well-respected and experienced mediator.

EXECUTION VERSION

U.    On September 2, 2025, Plaintiffs made a formal settlement demand in writing to Settling Defendants.

V.    On October 6, 2025, the Court entered an agreed to order staying the Action pending a mediation scheduled for November 18, 2025.  ECF No. 132.  Thereafter, Plaintiffs and Settling Defendants focused on preparing for the planned mediation.  These preparations included the F45 Defendants producing more than 2,300 pages of documents, which Lead Counsel reviewed, and the mutual exchange of thorough mediation statements and supporting material on November 4, 2025.

W.    On November 18, 2025, counsel for Plaintiffs and F45 met in person for a full-day mediation with the Mediator in an attempt to reach a settlement.  Despite extensive arm's length negotiations, Plaintiffs and F45 were unable to reach an agreement to settle the Action, but agreed to continue negotiations.

X.    On November 25, 2025, after several one-on-one discussions between counsel for Plaintiffs and F45, under the auspices of the Mediator, Plaintiffs and Settling Defendants came to an agreement to resolve all claims against all Defendants for a cash payment of $10.5 million.

Y.    On January 30, 2026, Plaintiffs and Settling Defendants jointly notified the Court of an agreement in principle to settle the Action and their expectations on the time necessary to finalize the documentation of the settlement's terms and Plaintiffs' filing of a motion for preliminary approval of the settlement.

Z.    This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between Plaintiffs and Settling Defendants.

AA.    Plaintiffs, through Lead Counsel, represent that they conducted an extensive investigation into the claims and the underlying events and transactions alleged in the Action.

EXECUTION VERSION

Based upon their investigation, prosecution, and mediation of the case, and taking into consideration the immediate monetary benefit the Settlement Class Members will receive from the Settlement, weighed against the significant risks of continued litigation and trial, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Settlement, as embodied herein, are fair, reasonable, and adequate to Plaintiffs and to the other Settlement Class Members, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and conditions of this Settlement.

BB.     Settling Defendants have denied and continue to deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  In addition, Settling Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

CC.     Settling Defendants are entering into this Stipulation and Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Settling Defendants have taken into account the expense, risks, and uncertainty inherent in any litigation and Settling Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.  The Stipulation, whether or not consummated, any proceedings relating to any settlement or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of any Settling Defendant with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted.

**NOW THEREFORE**, without any concession by Plaintiffs that the Action lacks merit, and without any admission or concession by Settling Defendants of any fault, damages, liability

7

EXECUTION VERSION

or wrongdoing or lack of merit in any of their defenses, it is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation (the "Parties"), through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the PSLRA, that, in consideration of the benefits flowing to the Parties hereto, all Released Plaintiffs' Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

## **DEFINITIONS**

1.      As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)      "Action" means the civil action captioned *In re F45 Training Holdings, Inc. Securities Litigation*, No. 1:22-cv-01291, pending in the United States District Court for the Western District of Texas before the Honorable David A. Ezra.

(b)      "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

(c)      "Authorized Claimant" means a Settlement Class Member who submits a valid Claim Form to the Claims Administrator that is accepted for payment.

(d)      "Claimant" means a Person who submits a Claim Form to the Claims Administrator in connection with the Settlement.

EXECUTION VERSION

      (e)    "Claims Administrator" means the firm to be retained by Lead Counsel, subject to Court approval, to provide all notices approved by the Court to potential Settlement Class Members, to process Proof of Claim and Release forms, and to administer the Settlement.

      (f)    "Class Period" means the period from July 15, 2021 through August 14, 2023, inclusive.

      (g)    "Controlling Entity Defendants" means the KLIM Entities and MWIG LLC.

      (h)    "Controlling Person" means a Person who holds a majority voting power in, or possesses the power to direct the actions of or to exercise control over, the general or daily operations of, a company or other business entity, and includes the Controlling Entity Defendants.

      (i)    "Court" means the Unites States District Court for the Western District of Texas.

      (j)    "Defendants" means the F45 Defendants, the Underwriter Defendants, and the Controlling Entity Defendants.

      (k)    "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶38 below.

      (l)    "Escrow Account" means the separate escrow account maintained at Citibank, N.A. (Private Bank), wherein the Settlement Amount shall be deposited and held for the benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

      (m)    "Escrow Agent" means Lead Counsel.

      (n)    "F45" means F45 Training Holdings, Inc.

      (o)    "F45 Defendants" means F45 and the Individual Defendants.

EXECUTION VERSION

(p)    "Fee and Expense Application" means Lead Counsel's application, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the case, including any expenses of Plaintiffs pursuant to 15 U.S.C. § 77z-1(a)(4) of the PSLRA.

(q)    "Final," with respect to a court order, including a judgment, means the later of: (i) if there is an appeal from a court order the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration, or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order, shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to the Plan of Allocation of the Net Settlement Fund (as submitted or subsequently modified), the Court's award of attorneys' fees or expenses, or the procedures for determining Authorized Claimants' recognized claims shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

(r)    "Immediate Family(ies)" means, as set forth in 17 C.F.R. § 229.404, children, stepchildren, parents, stepparents, Spouses, siblings, mothers-in-law, fathers-in-law,

EXECUTION VERSION

sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. "Spouse" as used in this definition means a husband, a wife, or a partner in a state-recognized domestic partnership, civil union, or marriage.

(s)    "Individual Defendants" means Adam Gilchrist, Christopher E. Payne, Michael Raymond, Darren Richman, and Mark Wahlberg.

(t)    "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any of their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest. The Controlling Entity Defendants are excluded from the definition of Investment Vehicle.

(u)    "Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

(v)    "KLIM Entities" means Kennedy Lewis Investment Management LLC and its affiliated entities, including Kennedy Lewis Management LP, Kennedy Lewis Capital Partners Master Fund LP, Kennedy Lewis Capital Partners Master Fund II LP, Kennedy Lewis GP LLC, Kennedy Lewis Investment Holdings LLC, Kennedy Lewis GP II LLC, and Kennedy Lewis Investment Holdings II LLC.

(w)    "Lead Counsel" means Labaton Keller Sucharow LLP, formerly known as Labaton Sucharow LLP.

(x)    "Lead Plaintiff" means Pledge Capital LLC.

EXECUTION VERSION

(y)     "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class pursuant to the PSLRA), for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(z)     "Mediator" means David M. Murphy of Phillips ADR Enterprises.

(aa)     "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

(bb)     "Notice" means the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 1 to Exhibit A hereto.

(cc)     "Notice and Administration Expenses" means all costs, fees, and expenses incurred by the Claims Administrator and/or Plaintiffs' Counsel in connection with providing notices to the Class and administering the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Settlement Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(dd)     "Offering Documents" means the documents filed by F45 with the SEC in connection with the IPO, including a registration statement on Form S-1, which, following

EXECUTION VERSION

amendments, was declared effective by the SEC on July 14, 2021, and a July 14, 2021 final prospectus on Form 424(b)(4), which forms part of the registration statement, filed with the SEC on July 16, 2021.

(ee)    "Parties" means Plaintiffs and the Settling Defendants.

(ff)    "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company or corporation, professional corporation, estate, legal representative, trust, trustee, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(gg)    "Plaintiffs" means Pledge Capital LLC and Police and Fire Retirement System of the City of Detroit.

(hh)    "Plaintiffs' Counsel" means Labaton Keller Sucharow LLP, The Schall Law Firm, and Clark Hill PLC.

(ii)    "Plan of Allocation" means the proposed Plan of Allocation of Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.

(jj)    "Postcard Notice" means the postcard notice of the pendency of the Action, the Settlement, and motion for attorneys' fees and expenses to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-4.

(kk)    "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and

EXECUTION VERSION

Setting Date for Hearing on Final Approval of Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(ll)    "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 2 to Exhibit A.

(mm)   "Related Parties" means each of a Defendant's respective past, present, or future direct or indirect parents, subsidiaries, divisions, branches, Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Defendant has or had a controlling interest, any Immediate Family Member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Settling Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of Defendants.

(nn)   "Released Defendants' Claims" mean all claims and causes of action of any nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that Settling Defendants

14

EXECUTION VERSION

could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

(oo)    "Released Defendant Parties" means Defendants and each and all of their Related Parties and Settling Defendants' Counsel.

(pp)    "Released Parties" mean the Released Defendant Parties and the Released Plaintiff Parties.

(qq)    "Released Plaintiffs' Claims" mean any and all claims and causes of action of every nature and description, whether known or Unknown (as defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action or (b) could have asserted in the Action, or in any forum, that arise out of or are based upon both: (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action or that could have been alleged as part of the Action, and (2) the purchase, acquisition, holding, sale or disposition of F45's publicly traded common stock (including all shares purchased or otherwise acquired in or traceable to F45's IPO) during the Class Period.  For the avoidance of doubt, Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims in any shareholder derivative action or demands; (iii) any claims brought on behalf of any regulatory or government agency; or (iv) any claims of Persons who submit a request for exclusion that is accepted by the Court.

EXECUTION VERSION

(rr)    "Released Plaintiff Parties" mean each and every Settlement Class Member, Plaintiffs, Plaintiffs' Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the Spouses, members of the Immediate Families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their Immediate Family members.  Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

(ss)    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(tt)    "Settlement Amount" means the total principal amount of ten million five hundred thousand U.S. dollars ($10,500,000) in cash.

(uu)    "Settlement Class" or "Settlement Class Member" means all Persons and entities who or which purchased or otherwise acquired F45 publicly traded common stock during the Class Period (including purchases or acquisitions pursuant and/or traceable to the Offering Documents for F45's IPO) and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Families of the Individual Defendants; (iii) any Person who was an officer, director, or control person of F45, the Underwriter Defendants, or the Controlling Entity Defendants (at all relevant times, and members of their Immediate Families); (iv) any entity in which any Defendant has or had a controlling or beneficial interest; and (v) the legal representatives, heirs, affiliates, successors, or assigns of any such excluded Person or entity.  However, any Investment Vehicle, except for the Controlling Entity Defendants, will not be

16

EXECUTION VERSION

excluded from the Settlement Class. Also excluded from the Settlement Class will be any Persons and entities who or which exclude themselves from the Settlement Class by submitting a timely and valid request for exclusion that is accepted by the Court.

(vv)    "Settlement Fund" means the Settlement Amount and any interest earned thereon.

(ww)    "Settlement Hearing" means the hearing to be held by the Court to determine whether (i) the proposed Settlement is fair, reasonable, and adequate and should be approved; (ii) the Plan of Allocation is fair, reasonable, and adequate; and (iii) Lead Counsel's request for an award of attorneys' fees and Litigation Expenses on behalf of Plaintiffs' Counsel, including an award to Plaintiffs pursuant to the PSLRA, is reasonable and should be approved.

(xx)    "Settling Defendants" means the F45 Defendants and the Underwriter Defendants.

(yy)    "Settling Defendants' Counsel" means the law firms of Gibson, Dunn & Crutcher LLP, Akin Gump Strauss Hauer & Feld LLP, O'Melveny & Myers LLP, Hughes Hubbard & Reed LLP, Blank Rome LLP, and RMWBH PC.

(zz)    "Stipulation" means this Stipulation and Agreement of Settlement.

(aaa)    "Summary Notice" means the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses for publication, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 3 to Exhibit A.

(bbb)    "Taxes" mean all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation

EXECUTION VERSION

of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

(ccc)    "Underwriter Defendants" means Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Robert W. Baird & Co. Incorporated, Cowen and Company, LLC, Guggenheim Securities, LLC, Macquarie Capital (USA) Inc., MUFG Securities Americas Inc., and Roth Capital Partners, LLC.

(ddd)    "Unknown Claims" means (i) any and all Released Plaintiffs' Claims against Released Defendant Parties which Plaintiffs or any Settlement Class Members do not know or suspect to exist in his, her, or its favor as of the Effective Date which, if known by such party, might have affected such party's settlement with and release of the Released Defendant Parties, or might have affected such party's decision not to object to this Settlement and (ii) any and all Released Defendants' Claims that any Settling Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, by operation of the Judgment or Alternative Judgment, upon the Effective Date, Plaintiffs and Settling Defendants shall have expressly waived, and each other Settlement Class Member shall be deemed to have waived, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of

18

EXECUTION VERSION

common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other Settlement Class Members, or Settling Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but Plaintiffs and Settling Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and Settling Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.     The obligations incurred pursuant to this Stipulation are: (i) subject to approval by the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final;

EXECUTION VERSION

and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Plaintiffs' Claims and Released Defendants' Claims.

3.      For purposes of this Settlement only, the Parties agree to: (i) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class as defined in ¶1(uu); (ii) the appointment of Plaintiffs as class representatives for the Settlement Class; and (iii) the appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

4.      By operation of the Judgment or Alternative Judgment, as of the Effective Date, Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, estates, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgement or Alternative Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties, (ii) covenanted not to sue any Released Defendant Parties with respect to all such Released Plaintiffs' Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

5.      By operation of the Judgment or Alternative Judgment, as of the Effective Date, Settling Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, estates, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgement or Alternative Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved,

EXECUTION VERSION

relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released

Defendants' Claims against each and every one of the Released Plaintiff Parties, (ii) covenanted

not to sue any Released Plaintiff Party with respect to all such Released Defendants' Claims, and

(iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing,

instituting, prosecuting or maintaining any and all of the Released Defendants' Claims against any

and all of the Released Plaintiff Parties.

## THE SETTLEMENT CONSIDERATION

6.      In full and complete settlement of the claims asserted in the Action against Settling

Defendants and in consideration of the releases specified in ¶¶4-5, above, all of which the Parties

agree are good and valuable consideration, F45 agrees to direct its insurance carriers to pay the

Settlement Amount into the Escrow Account, by check or wire, no later than forty-five (45)

calendar days following the later of (i) entry of the Preliminary Approval Order; or (ii) Lead

Counsel providing F45's Counsel the information necessary to effectuate a transfer of funds to the

Escrow Account, including but not limited to, wire transfer instructions on the letterhead of the

Escrow Agent, payment address, and a complete and executed Form W-9 for the Settlement Fund

that reflects a valid tax identification number.  No other Settling Defendant shall pay, or be

responsible to pay, any part of the Settlement Amount.

7.      With the sole exceptions of F45's obligation to secure payment of the Settlement

Amount into the Escrow Account as provided for in ¶6, F45's obligation pursuant to ¶20, and

F45's obligation pursuant to ¶36, Settling Defendants and Settling Defendants' Counsel shall have

no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or

determination by Lead Counsel or the Claims Administrator, or any of their respective designees

or agents, in connection with the administration of the Settlement or otherwise; (ii) the

EXECUTION VERSION

management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions, or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

8.    Other than F45's obligation to cause the payment of the Settlement Amount pursuant to ¶6, Settling Defendants shall have no obligation to make any other payments into the Escrow Account or to any Settlement Class Member pursuant to this Stipulation.

**USE AND TAX TREATMENT OF SETTLEMENT FUND**

9.    The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses awarded by the Court; (iv) to pay any other fees and expenses awarded by the Court; and (v) to pay the claims of Authorized Claimants.

10.    The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶21–34 hereof.  The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court.  The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation

EXECUTION VERSION

("FDIC") in amounts that are up to the limit of FDIC insurance. Settling Defendants and Settling Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund. After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Amount being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Lead Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 10, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur. Consistent with the foregoing:

(a)    For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Lead Counsel or their successors, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect

EXECUTION VERSION

that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this paragraph 10.

(b)    All Taxes shall be paid out of the Settlement Fund.  In all events, Settling Defendants and Settling Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority.  Settling Defendants shall have no liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount nor the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority.  In the event any Taxes are owed by any of Settling Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c)    Taxes with respect to the Settlement Amount and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by Lead Counsel out of the Settlement Fund without prior order from the Court or approval by Settling Defendants, subject to the limitations in ¶20.  Lead Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).  The Parties agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this paragraph 10.

EXECUTION VERSION

11.    This is not a claims-made settlement.  As of the Effective Date, Settling Defendants, and/or any other Person funding the Settlement on a Settling Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

12.    Lead Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the Action, including reimbursement to Plaintiffs pursuant to the PSLRA, plus earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.  The Fee and Expense Application is not the subject of any agreement between Plaintiffs and Settling Defendants other than what is set forth in this Stipulation.

13.    The amount of attorneys' fees and Litigation Expenses awarded by the Court is within the sole discretion of the Court.  Any attorneys' fees and Litigation Expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel immediately upon entry of an order awarding such attorneys' fees and Litigation Expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof.  Lead Counsel shall allocate any Court-awarded attorneys' fees and Litigation Expenses among Plaintiffs' Counsel.

14.    Any payment of attorneys' fees and Litigation Expenses pursuant to ¶¶12–13 above shall be subject to Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same net rate as is earned by the Settlement Fund, if the Judgment approving the Settlement does not become Final and/or the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the

EXECUTION VERSION

award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order. Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order. Lead Counsel, as a condition of receiving any such award of attorneys' fees and Litigation Expenses, agree that they are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this paragraph and ¶¶12–13 above.

15.    With the sole exception of F45's obligation to direct payment of the Settlement Amount into the Escrow Account as provided for in ¶6, Settling Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Lead Counsel in the Action that may occur at any time.

16.    Settling Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

17.    Settling Defendants shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members, whether or not paid from the Escrow Account. The Settlement Fund will be the sole source of payment for any award of attorneys' fees and expenses ordered by the Court.

18.    The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and are separate

EXECUTION VERSION

from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein. Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶39 or otherwise based on the Court's or any appellate court's ruling with respect to any Fee and Expense Application in the Action.

## NOTICE AND ADMINISTRATION EXPENSES

19.     Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

20.     Prior to the Effective Date, without further approval from Settling Defendants or further order of the Court, Lead Counsel may expend up to five hundred thousand U.S. dollars ($500,000) from the Settlement Fund to pay Notice and Administration Expenses actually incurred.  Additional sums for this purpose prior to the Effective Date may be paid from the Settlement Fund upon agreement of the Parties or order of the Court.  The foregoing notwithstanding, fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred and Taxes may be paid when due, without further approval of the Settling Defendants or further order of the Court.  After the Effective Date, without approval of Settling Defendants or further order of the Court, Notice and Administration Expenses may be paid as incurred. F45 shall be responsible for and shall pay for, at no cost to the Settlement Class, timely

EXECUTION VERSION

service of any notice that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), and the costs of providing F45's transfer agent records, pursuant to ¶36, below.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

21. Except as otherwise provided herein, the Settlement Fund shall be held in the Escrow Account until the Effective Date.

22. The Claims Administrator, subject to such supervision and direction of Lead Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court. None of the Released Defendant Parties shall have responsibility (except as stated in ¶¶6 and 36 hereof) for, interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to any Person, including, but not limited to, Plaintiffs, any member of the Settlement Class, and Lead Counsel in connection with such administration.

23. The Claims Administrator shall receive claims and determine, *inter alia*, whether the claim is valid, in whole or part, and each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

24. Settling Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation. Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of the Settlement or this Stipulation and it is not a condition of the Settlement or this Stipulation that any particular plan of allocation be approved by the Court.

EXECUTION VERSION

Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶39 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action. Settling Defendants and Settling Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

25.    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

26.    If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to Consumer Federation of America, a non-sectarian, not-for-profit charitable organization serving the public interest, or such other non-sectarian, not-for-profit charitable organization approved by the Court.

<u>**ADMINISTRATION OF THE SETTLEMENT**</u>

27.    Any Settlement Class Member who fails to timely submit a valid Claim Form (substantially in the form of Exhibit 2 to Exhibit A) will not be entitled to receive any distribution

29

EXECUTION VERSION

from the Net Settlement Fund, except as otherwise ordered by the Court or allowed by Lead Counsel in their discretion, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and will be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

28.    Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deems to be *de minimis* or formal or technical defects in any Claim Form submitted.  Released Defendant Parties shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of claims.  Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

29.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Lead Counsel in their discretion or by Order of the Court.  Any Settlement Class Member who fails to

30

EXECUTION VERSION

submit a Claim Form by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Lead Counsel, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment and all releases provided for herein, and will be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.  A Claim Form shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)    Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

EXECUTION VERSION

(e)     If any Claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.  Claimants bear the burden of establishing the sufficiency of their claim.

30.     Each Claimant who submits a Claim Form shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim.  In connection with processing the Claim Forms, no discovery shall be allowed on the merits of the Action or the Settlement.

31.     Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all Claimants.  All Settlement Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or

EXECUTION VERSION

maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

32.     All proceedings with respect to the administration, processing, and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

33.     No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in this section (*i.e.*, ¶¶27–34) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions; review, determination, calculation, investment or distribution of the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, processing, review or payment of any claim; nonperformance of the Claims Administrator; the payment or withholding of Taxes (including interest and penalties) owed by the Net Settlement Fund; or any losses incurred in connection therewith.

34.     No Person shall have any claim against Plaintiffs, Lead Counsel, or the Claims Administrator, or other agent designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

35.     Plaintiffs shall use best efforts to file this Stipulation and move for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A, within five (5) business days of the execution of this Stipulation.  The Preliminary Approval

EXECUTION VERSION

Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

36.     F45, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, at no cost, as soon as practicable after entry of the Preliminary Approval Order, records from F45's transfer agents in electronic searchable form, to the extent readily available, showing the names and addresses of Persons who purchased or otherwise acquired F45 common stock during the Class Period.

## TERMS OF THE JUDGMENT

37.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel shall request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT

38.     The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)     entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b)     payment of the Settlement Amount into the Escrow Account;

(c)     F45 has not exercised its option to terminate the Settlement pursuant to ¶40 and the Supplemental Agreement (as defined below), and the option to do so has expired in accordance with the terms of this Stipulation and the Supplemental Agreement;

EXECUTION VERSION

(d)      approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(e)      a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final; or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

## WAIVER OR TERMINATION

39.      Each of the Settling Defendants and each of the Plaintiffs, through their respective counsel, shall, in each of their separate discretions, have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect and the Parties' failure, following a good-faith meet and confer process overseen by the Mediator, to agree on any modifications or amendments to the Stipulation or other papers to address any issues identified by the Court in its order denying preliminary approval of the Settlement; (ii) the Court's Final refusal to approve this Stipulation or any material part thereof; (iii) the Court's Final refusal to enter (a) the Judgment in any material respect or (b) an Alternative Judgment; or (iv) the date upon which the Judgment or Alternative Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals for the Fifth Circuit, or the Supreme Court of the United States.  For the avoidance of doubt, Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application, the Plan of Allocation, or any other plan of allocation.  For the further avoidance of doubt, Settling Defendants shall deem

EXECUTION VERSION

any decision, ruling, or order that purports to limit the scope of the Released Plaintiffs' Claims or the Released Defendant Parties to constitute a material change for purposes of the foregoing.

40.    In addition to the foregoing, F45 shall also have the right to terminate the Settlement in the event the Opt-Out Threshold (defined below) has been reached.

(a)    Simultaneously herewith, Settling Defendants' Counsel and Lead Counsel are executing a Confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement").  The Supplemental Agreement sets forth certain conditions under which F45 shall have the sole option to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Opt-Out Threshold").  The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Opt-Out Threshold submitted to the Court *in camera* or under seal.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶45–47, which shall continue to apply.

41.    The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Upon receiving any request for exclusion pursuant to the notices, Lead Counsel shall promptly, and in no event later than three (3) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier,

EXECUTION VERSION

notify Settling Defendants' Counsel of such request for exclusion, or written retraction of a request for exclusion, and provide copies of such request for exclusion or retraction and any documentation accompanying it by email.

42.     In addition to all of the rights and remedies that Plaintiffs have under the terms of this Stipulation, Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶6 above, but only if Plaintiffs have first provided written notice of the election to terminate to all other Parties and, thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

43.     If, before the Effective Date, any Settling Defendant files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, or any similar law, and in the event of the entry of a Final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of such Settling Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the release given and the Judgment or Alternative Judgment entered in favor of that Settling Defendant and that Settling Defendant and Plaintiffs and the members of the Settlement Class shall be restored to their litigation positions as of November 25, 2025.  All releases and the Judgment or Alternative Judgment as to other Settling Defendants shall remain unaffected.

44.     F45 warrants, as to the payments it makes as to itself and the payments made on its behalf or on behalf of the Settling Defendants, pursuant to this Stipulation, that, at the time of such

EXECUTION VERSION

payment, F45 will not be insolvent, nor will payment render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof. If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶39–43 above: (i) neither Settling Defendants nor Plaintiffs (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Settling Defendants or Plaintiffs, as applicable.

45.    With the exception of the provisions of ¶¶45–47, which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of November 25, 2025; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered.  In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action or any other action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Plaintiffs, in any court filing, deposition, at trial, or otherwise.

46.    In the event the Settlement is terminated, as provided herein, or fails to become effective for any reason, any portion of the Settlement Amount previously paid into the Escrow Account, together with any earnings thereon, less any Taxes actually paid or due and less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount pursuant to ¶20, above, shall be returned to those who funded the Settlement Amount within thirty (30) calendar days after written notification of such event in accordance with instructions provided

EXECUTION VERSION

by Settling Defendants' Counsel to Lead Counsel.  Lead Counsel or their designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to those who funded the Settlement or as otherwise directed by Settling Defendants.

## NO ADMISSION

47.    Except as set forth in ¶48 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, drafts, or agreement relating to the mediation, the Stipulation, the Settlement, the Supplemental Agreement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Plaintiffs or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Released Defendant Parties or any Person or entity whatsoever;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written

EXECUTION VERSION

document approved or made by the Released Defendant Parties, or against or to the prejudice of

Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims

of Plaintiffs, or the other members of the Settlement Class;

(c)    do not constitute, and shall not be offered or received against or to the

prejudice of any of the Released Defendant Parties, Plaintiffs, any other member of the Settlement

Class, or their respective counsel, as evidence of a presumption, concession, or admission with

respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way

referred to for any other reason against or to the prejudice of any of the Released Defendant

Parties, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other

civil, criminal, or administrative action or proceeding, other than such proceedings as may be

necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed against any of the Released

Defendant Parties, Plaintiffs, or any other member of the Settlement Class, as an admission or

concession that the consideration to be given hereunder represents the amount that could be or

would have been recovered after trial;

(e)    do not constitute, and shall not be construed as or received in evidence as

an admission, concession, or presumption against Plaintiffs or any other member of the Settlement

Class that any of their claims are without merit or infirm or that damages recoverable under the

Complaint would not have exceeded the Settlement Amount; and

(f)    without limiting the generality of the foregoing, all of Settling Defendants

expressly have denied, and continue to deny, that they have committed any act or omission giving

rise to any liability or violation of law, including the U.S. securities laws.  Specifically, Settling

Defendants expressly have denied, and continue to deny, among other things, each and all of the

EXECUTION VERSION

claims alleged by Plaintiffs in the Action, including without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action or that any alleged misstatements or omissions were made. Settling Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiffs or the Settlement Class have suffered any damages, or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action.

48.     Notwithstanding ¶47 above, the Parties, and their respective counsel, and the other Released Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them hereunder or under any applicable insurance policy. The Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

49.     Nothing contained herein shall bar the Parties from bringing any action or claim to enforce the terms of this Stipulation, the Judgment, or the Alternative Judgment.

50.     All of the exhibits to the Stipulation (except any plan of allocation to the extent incorporated in those exhibits), and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

EXECUTION VERSION

51.    The Parties intend this Stipulation and the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties and any other member of the Settlement Class with respect to the Released Plaintiffs' Claims and Released Defendants' Claims.  Accordingly, the Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis.  The Parties and their respective counsel agree not to argue that any Party or counsel violated Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel, including through a mediation process, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

52.    This Stipulation, along with its exhibits and the Supplemental Agreement, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiffs and Settling Defendants (or their successors-in-interest), who would be materially and adversely affected by the modification, amendment, or waiver, by counsel for the Parties hereto.

53.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

54.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the

EXECUTION VERSION

purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses and implementing and enforcing the terms of this Stipulation, including any Plan of Allocation and the distribution of the Net Settlement Fund to Authorized Claimants. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

55.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party, or a waiver by any Party of any other prior or subsequent breach of this Stipulation.

56.    This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement and this Stipulation and its exhibits supersede any prior or contemporaneous written or oral agreements, statements, or understandings between the Parties. All Parties acknowledge that no representation, warranty, or inducement has been made by any Party concerning the Settlement or this Stipulation and its exhibits other than those contained and memorialized in such documents.

57.    For the avoidance of doubt, this Stipulation shall not release any insurer, co-insurer, excess insurer, or re-insurer from any obligation owed to any Defendant in the Action for indemnity or coverage under or relating to any policy of liability or other insurance policy. Nothing in this Stipulation, the Judgment, or the Settlement shall affect any Defendant's entitlement to advancement or indemnification in connection with the Action, the Settlement, and/or any claim that any Defendant may have against any of his, her, their, or its insurers. Nor will it affect the Underwriter Defendants' obligations to each other under the agreement among underwriters for the IPO.

EXECUTION VERSION

58.    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

59.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

60.    All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

61.    This Stipulation may be executed in one or more counterparts.  No party shall be bound unless and until it has been executed and delivered by all Parties.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent by facsimile or via e-mail in pdf format shall be deemed originals.

62.    The Released Parties who do not appear on the signature lines below are acknowledged and agreed to be third-party beneficiaries with respect to the releases in this Stipulation and Settlement.

63.    This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

64.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties, including the Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

65.    The construction, interpretation, operation, effect, and validity of this Stipulation, including the Supplemental Agreement, and all documents necessary to effectuate the Settlement,

EXECUTION VERSION

shall be governed by the laws of the State of Texas without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

66.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

67.    All counsel and any other Person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

68.    The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for and seeking preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement.  The Parties and their respective counsel also agree to agree promptly upon and execute all such other documentation as reasonably may be required to obtain preliminary approval, schedule the Settlement Hearing, and obtain Final approval by the Court of the Settlement.

69.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notices shall be provided as follows:

    If to Plaintiffs:                        Labaton Keller Sucharow LLP
                                                  Attn:  Alfred L. Fatale III
                                                    140 Broadway
                                                    New York, NY  10005
                                                    Telephone: (212) 907-0700
                                                    afatale@labaton.com

EXECUTION VERSION

| | |
|---|---|
| If to Defendant F45: | Gibson, Dunn & Crutcher LLP<br>Attn: Craig Varnen<br>333 South Grand Avenue, 46th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 229-7922<br>cvarnen@gibsondunn.com |
| If to Defendants Richman, Wahlberg, or Raymond: | Akin Gump Strauss Hauer & Feld LLP<br>Attn: Stephen Baldini<br>One Bryant Park<br>New York, NY 10036<br>Telephone: (212) 872-1000<br>sbaldini@akingump.com |
| If to Defendant Gilchrist: | Hughes Hubbard & Reed LLP<br>Attn: Shahzeb Lari<br>One Battery Park Plaza<br>New York, NY 10004<br>Telephone: (212) 837-6267<br>shahzeb.lari@hugheshubbard.com |
| If to Defendant Payne: | Blank Rome LLP<br>Attn: Linda Imes<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telpehone: (212) 885-5537<br>linda.imes@blankrome.com |
| If to the Underwriter Defendants: | O'Melveny & Myers LLP<br>Attn: Jonathan Rosenberg<br>1310 Avenue of the Americas<br>Suite 1700<br>New York, NY 10019<br>Telephone: (212) 326-2000 |

70.    If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself prior to joint submission to the Court of the application for preliminary approval of the Settlement as set forth in ¶35 above, those disputes (after good faith attempts at resolution between the Parties) will be resolved by the Mediator first by way of expedited telephonic mediation and, if unsuccessful, then by final, binding, non-appealable resolution by the Mediator.

EXECUTION VERSION

71.     Except as otherwise provided herein, each Party shall bear its own costs.

72.     To the extent they choose to do so, Settling Defendants shall determine the form of notice to be provided pursuant to CAFA and identify those who will receive the CAFA Notice. F45, on behalf of all Settling Defendants, shall be responsible for mailing the CAFA Notice within ten (10) calendar days of the filing of this Stipulation with the Court and for all expenses and costs related thereto.  If F45 chooses to send a CAFA Notice, it shall inform the Court that the CAFA Notice has been sent within a reasonable period of time.

73.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, drafts, and proceedings in connection with negotiating the Stipulation confidential, unless disclosure is compelled by the Court or required under applicable laws, rules, or regulations.

74.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

75.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties to the Settlement or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

76.     The Parties further understand and agree that Settling Defendants deny all of the Settlement Class and Plaintiffs' claims and material allegations asserted in this proceeding; and

EXECUTION VERSION

that the Parties shall, in good faith, communicate the terms of the Settlement in a manner that is consistent with the fact that no adjudication of fault was made by any court or jury.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of February 13, 2026.

**LABATON KELLER SUCHAROW LLP**

Alfred L. Fatale III
Jessica N. Goudreault
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
afatale@labaton.com

*Lead Counsel for Lead Plaintiff Pledge Capital, LLC, Plaintiff Police & Retirement System of the City of Detroit, and the Proposed Class*

**GIBSON, DUNN & CRUTCHER LLP**

Gregg J. Costa
Texas Bar No. 24028160
811 Main Street Suite 3000
Houston, TX 77002
Telephone: (346) 718-6600
Facsimile: (346) 718-6620
gcosta@gibsondunn.com

Craig Varnen (*pro hac vice*)
California Bar. No. 170263
333 South Grand Avenue, 46th Floor
Los Angeles, CA 90071
Telephone: (213) 229-7922
Fax: (213) 229-6922
cvarnen@gibsondunn.com

48

EXECUTION VERSION

that the Parties shall, in good faith, communicate the terms of the Settlement in a manner that is consistent with the fact that no adjudication of fault was made by any court or jury.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of February 13, 2026.

**LABATON KELLER SUCHAROW LLP**

Alfred L. Fatale III
Jessica N. Goudreault
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
afatale@labaton.com

*Lead Counsel for Lead Plaintiff Pledge Capital,*
*LLC, Plaintiff Police & Retirement System of the*
*City of Detroit, and the Proposed Class*

**GIBSON, DUNN & CRUTCHER LLP**

Gregg J. Costa
Texas Bar No. 24028160
811 Main Street Suite 3000
Houston, TX 77002
Telephone: (346) 718-6600
Facsimile: (346) 718-6620
gcosta@gibsondunn.com

Craig Varnen (*pro hac vice*)
California Bar. No. 170263
333 South Grand Avenue, 46th Floor
Los Angeles, CA 90071
Telephone: (213) 229-7922
Fax: (213) 229-6922
cvarnen@gibsondunn.com

Lissa M. Percopo (*pro hac vice*)
Washington, D.C. Bar No. 985736
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Fax: (202) 530-9528
lpercopo@gibsondunn.com

*Counsel for Defendant F45 Training Holdings, Inc.*

**AKIN GUMP STRAUSS HAUER & FELD
LLP**

_____

M. Scott Barnard
2300 N. Field St., Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
sbarnard@akingump.com

Stephen Baldini
Andrew McWhorter
1 Bryant Park
New York, NY 10036
Telephone: (212) 872-1000

*Counsel for Defendants Darren Richman, Mark
Wahlberg, and Michael Raymond*

**O'MELVENY & MYERS LLP**


_____

Danny S. Ashby
2501 N. Harwood Street, Suite 1700
Dallas, TX 75201
Telephone: (972) 360-1900
Facsimile: (972) 360-1901
dashby@omm.com

Jonathan Rosenberg
William J. Sushon
1301 Avenue of the Americas, Suite 1700
New York, NY 10019

EXECUTION VERSION

Lissa M. Percopo (*pro hac vice*)
Washington, D.C. Bar No. 985736
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Fax: (202) 530-9528
lpercopo@gibsondunn.com

*Counsel for Defendant F45 Training Holdings, Inc.*

**AKIN GUMP STRAUSS HAUER & FELD LLP**

_____

M. Scott Barnard
2300 N. Field St., Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
sbarnard@akingump.com

Stephen Baldini
Andrew McWhorter
1 Bryant Park
New York, NY 10036
Telephone: (212) 872-1000

*Counsel for Defendants Darren Richman, Mark Wahlberg, and Michael Raymond*

**O'MELVENY & MYERS LLP**

_____

Danny S. Ashby
2501 N. Harwood Street, Suite 1700
Dallas, TX 75201
Telephone: (972) 360-1900
Facsimile: (972) 360-1901
dashby@omm.com

Jonathan Rosenberg
William J. Sushon
1301 Avenue of the Americas, Suite 1700
New York, NY 10019

49

EXECUTION VERSION

Telephone: (212) 326-2000
Facsimile: (212) 326-2061
jrosenberg@omm.com
wsushon@omm.com

*Counsel for Defendants Goldman Sachs & Co.
LLC, J.P. Morgan Securities LLC, Robert W.
Baird & Co. Incorporated, Cowen and Company
LLC ,Guggenheim Securities, LLC, Macquarie
Capital (USA) Inc., MUFG Securities Americas
Inc., Roth Capital Partners, LLC*

**HUGHES HUBBARD & REED LLP**

_____
Eric Blumenfeld
Shahzeb Lari (admitted *pro hac vice*)
One Battery Park Plaza
New York, NY 10004
Tel: (212) 837-6118
Fax: (212) 422-4726
Email: eric.blumenfeld@hugheshubbard.com
Email: shahzeb.lari@hugheshubbard.com

*Counsel for Defendant Adam Gilchrist*

**BLANK ROME LLP**

_____
Linda Imes (*pro hac vice*)
Rebecca Orel (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Phone: (212) 885-5537
Linda.Imes@blankrome.com

**RMWBH PC**
Gregory Godkin
317 Grace Lane
Austin, TX 78746
Phone: (512) 279-7344
ggodkin@rmwbh.com

*Counsel for Defendant Christopher Payne*

50

EXECUTION VERSION

Telephone: (212) 326-2000
Facsimile: (212) 326-2061
jrosenberg@omm.com
wsushon@omm.com

*Counsel for Defendants Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Robert W. Baird & Co. Incorporated, Cowen and Company LLC ,Guggenheim Securities, LLC, Macquarie Capital (USA) Inc., MUFG Securities Americas Inc., Roth Capital Partners, LLC*

**HUGHES HUBBARD & REED LLP**

Eric Blumenfeld
Shahzeb Lari (admitted *pro hac vice*)
One Battery Park Plaza
New York, NY 10004
Tel: (212) 837-6118
Fax: (212) 422-4726
Email: eric.blumenfeld@hugheshubbard.com
Email: shahzeb.lari@hugheshubbard.com

*Counsel for Defendant Adam Gilchrist*

**BLANK ROME LLP**

Linda Imes (*pro hac vice*)
Rebecca Orel (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Phone: (212) 885-5537
Linda.Imes@blankrome.com

**RMWBH PC**
Gregory Godkin
317 Grace Lane
Austin, TX 78746
Phone: (512) 279-7344
ggodkin@rmwbh.com

*Counsel for Defendant Christopher Payne*

50

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| IN RE F45 TRAINING HOLDINGS, INC. SECURITIES LITIGATION | Case No. 1:22-cv-1291-DAE |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

**WHEREAS:**

A.      On February 13, 2026, Lead Plaintiff Pledge Capital LLC and named plaintiff Police and Fire Retirement System of the City of Detroit ("Plaintiffs"), on behalf of themselves and all other members of the Settlement Class, on the one hand, and defendant F45 Training Holdings, Inc. ("F45"); defendants Adam Gilchrist, Christopher E. Payne, Michael Raymond, Darren Richman, and Mark Wahlberg (the "Individual Defendants" and, together with F45, the "F45 Defendants"); and defendants Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Robert W. Baird & Co. Incorporated, Cowen and Company, LLC, Guggenheim Securities, LLC, Macquarie Capital (USA) Inc., MUFG Securities Americas Inc., and Roth Capital Partners, LLC (the "Underwriter Defendants" and, together with the F45 Defendants, the "Settling Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Second Amended Class Action Complaint for Violations of the Federal Securities Laws, filed on January 25, 2024 (the "Second Amended Complaint"), on the merits and with prejudice (the "Settlement");

B.      The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.      The Parties to the Stipulation have consented to the entry of this order; and

D.      All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2026 that:**

1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all Persons and entities who or which purchased or otherwise acquired F45 publicly traded common stock during the period from July 15, 2021 through August 14, 2023, inclusive, (the "Class Period") (including purchases or acquisitions pursuant and/or traceable to the Offering Documents for F45's IPO) and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Families of the Individual Defendants; (iii) any Person who was an officer, director, or control person of F45, the Underwriter Defendants, or the Controlling Entity Defendants (at all relevant times, and members of their Immediate Families); (iv) any entity in which any Defendant has or had a controlling or beneficial interest; and (v) the legal representatives, heirs, affiliates, successors, or assigns of any such excluded Person or entity.

2

However, any Investment Vehicle (as defined in the Stipulation),[1] except for the Controlling Entity Defendants, will not be excluded from the Settlement Class.  Also excluded from the Settlement Class will be any Persons and entities who or which exclude themselves from the Settlement Class by submitting a timely and valid request for exclusion that is accepted by the Court.

3.    The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)    the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)    there are questions of law and fact common to the Settlement Class Members;

(c)    the claims of Plaintiffs are typical of the Settlement Class's claims;

(d)    Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)    the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

---

[1] The Stipulation defines "Investment Vehicle" to mean "any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any of their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.  The Controlling Entity Defendants are excluded from the definition of Investment Vehicle."

(f)    a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Plaintiffs are preliminarily certified as class representatives for the Settlement Class.  The law firm of Labaton Keller Sucharow LLP ("Labaton") is preliminarily appointed Class Counsel.

5.    A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, on _____, 2026, at __:____ _.m. for the following purposes:

(a)    to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)    to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)    to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Plaintiffs should be finally certified as class

4

representatives for the Settlement Class; and whether the law firm of Labaton should be finally appointed as Class Counsel for the Settlement Class;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Plaintiffs for reimbursement of its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website for the Settlement.

7.    The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form ("Claim Form"), and the Postcard Notice, substantially in the forms annexed hereto as Exhibits 1, 2, and 4, respectively, and finds they: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the

Settlement and to apprise Settlement Class Members of their right to object to the proposed

Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute

due, adequate, and sufficient notice to all Persons entitled to receive such notice; and (d) satisfy

all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)),

the Due Process Clause of the United States Constitution, Section 27 of the Securities Act of 1933,

15 U.S.C. §77z-1(a)(7), and the Rules of this Court.

8.    The Court approves the retention of Strategic Claims Services ("Claims

Administrator") as the Claims Administrator.  The Claims Administrator shall cause the Postcard

Notice, substantially in the form annexed hereto as Exhibit 4, to be mailed, by first-class mail,

postage prepaid, on or before twelve (12) business days after entry of this Preliminary Approval

Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable

effort.  The Claims Administrator may, alternatively, email the Postcard Notice (or Notice) or a

link to the Postcard Notice (or Notice) to Settlement Class Members, to the extent it is provided

with email addresses.  F45, to the extent it has not already done so, shall use its best efforts to

obtain and provide to Lead Counsel, or the Claims Administrator, at no cost to Lead Counsel or

the Claims Administrator, as soon as practicable after entry of this Preliminary Approval Order,

records from F45's transfer agent in electronic searchable form, to the extent readily available,

containing the names, addresses, and emails (to the extent available) of Persons who purchased

or otherwise acquired F45 publicly traded common stock during the Class Period.

9.    The Claims Administrator shall use reasonable efforts to give notice to nominee

purchasers such as brokerage firms and other Persons and entities that purchased or otherwise

acquired publicly traded F45 common stock during the Class Period as record owners but not as

beneficial owners.    Such nominees SHALL EITHER: (a) WITHIN FOURTEEN (14)

CALENDAR DAYS of receipt of the Postcard Notice or Notice, provide a list of the names, addresses, and emails of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners; or (b) WITHIN FOURTEEN (14) CALENDAR DAYS of receipt of the Postcard Notice or Notice (i) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and WITHIN FOURTEEN (14) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator mail them to all such beneficial owners or (ii) email the Postcard Notice or a link to the Postcard Notice to all such beneficial owners.  Nominees that elect to mail or email the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the Postcard was sent and shall retain their records for use in connection with any further notices that may be provided in the Action.  Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; $0.03 per Postcard Notice emailed by nominees; or $0.03 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with this order shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court.

      10.    Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms

attached hereto as Exhibits 1 and 2, respectively, to be posted on a webpage to be developed for the Settlement, from which copies of the Notice and the Claim Form can be downloaded.  The Claims Administrator shall also mail copies of the Notice and the Claim Form upon request.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of dissemination of the Postcard Notice, Notice, and Claim Form.

11.    The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12.    The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons and entities entitled thereto.

13.    In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Claimant shall take the following actions and be subject to the following conditions:

(a)    A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator: (a) at the address indicated in the

Claim Form, postmarked no later than fifteen (15) calendar days before the Settlement Hearing; or (b) submitted electronically through the website for the Settlement no later than fifteen (15) calendar days before the Settlement Hearing. Such deadline may be further extended by Court order or by Lead Counsel in their discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Claim Form. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b)     The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed (including name, address, phone number and email address (if any)), signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the Person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no

material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.     Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

15.     Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address, telephone number, and email address (if any) of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *In re F45 Training Holdings, Inc. Securities Litigation*, No. 22-cv-01291-DAE (W.D. Tex.)" and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information required in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of F45 common stock during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.    Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.    Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses.  Any objections must: (a) state the name, address, telephone number, and email address (if any) of the objector and must be signed by the objector; (b) state that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in "*In re F45 Training Holdings, Inc. Securities Litigation*, No. 22-cv-01291-DAE (W.D. Tex.)"; (c) state the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Settlement Class, such as the number of F45 common shares purchased or acquired during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale.  The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Alfred L. Fatale III, Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005; and Settling Defendants' Counsel: Craig Varnen, Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, 46th Floor, Los Angeles, CA 90071; Stephen Baldini, Akin Gump Strauss

Hauer & Feld LLP, One Bryant Park, New York, NY 10036; Shahzeb Lari, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004; Linda Imes, Blank Rome LLP, 1271 Avenue of the Americas, New York, NY 10020; and Jonathan Rosenberg, O'Melveny & Myers LLP, 1310 Avenue of the Americas, Suite 1700, New York, NY 10019; and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Western District of Texas, 501 West Fifth Street, Suite 1100, Austin, Texas 78701. Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the Settlement Hearing is not necessary, however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and Litigation Expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

18.     Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19.     Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the

Settlement. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

20.    All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

21.    No Person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

22.    All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

23.    Neither Settling Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Lead Counsel or Plaintiffs and such matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

24.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence

or used in any actions or proceedings by any Person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of November 25, 2025.

25.    Neither this Order, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs,  or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (d) shall be construed against the Released Plaintiff Parties that any of their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages

14

recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

      26.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this _____ day of _____, 2026

BY THE COURT:


_____
HON. DAVID A. EZRA
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE F45 TRAINING HOLDINGS, INC. SECURITIES LITIGATION | Case No. 1:22-cv-1291-DAE |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

      If you purchased or otherwise acquired the publicly traded common stock of F45 Training Holdings, Inc. ("F45") during the period from July 15, 2021 through August 14, 2023, inclusive (the "Class Period") (including purchases or acquisitions pursuant and/or traceable to the Offering Documents for F45's initial public offering ("IPO")), and were allegedly damaged thereby, you may be entitled to a payment from a class action settlement.

      *A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.*

- This Notice describes important rights you may have and what steps you must take if you wish to recover from the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $10,500,000 cash fund, plus earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved fees, expenses, and Taxes.  This is an average recovery of approximately $0.06 per allegedly damaged share before deductions for awarded attorneys' fees and Litigation Expenses, and $0.04 per allegedly damaged share after deductions for awarded attorneys' fees and Litigation Expenses.

- The Settlement resolves claims by Lead Plaintiff Pledge Capital LLC ("Pledge Capital") and named plaintiff Police and Fire Retirement System of the City of Detroit ("Detroit P&F" and, together with Pledge Capital, "Plaintiffs"), that have been asserted on behalf of the Settlement Class (defined below) against defendant F45; defendants Adam Gilchrist, Christopher E. Payne, Michael Raymond, Darren Richman, and Mark Wahlberg (the "Individual Defendants" and, together with F45, the "F45 Defendants"); and defendants Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Robert W. Baird & Co.

---

[1]    The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated February 13, 2026 (the "Stipulation"), which can be viewed at www.strategicclaims.net/case/F45/. All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

Incorporated, Cowen and Company, LLC,[2] Guggenheim Securities, LLC, Macquarie Capital (USA) Inc., MUFG Securities Americas Inc., and Roth Capital Partners, LLC (the "Underwriter Defendants" and, together with the F45 Defendants, the "Settling Defendants"). It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN _____, 2026** | The only way to get a payment. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS NO LATER THAN _____, 2026** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiffs' Claims. *See* Question 10 for details. |
| **OBJECT NO LATER THAN _____, 2026** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application. If you object, you will still be in the Settlement Class. *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON ____, 2026 AND FILE A NOTICE OF INTENTION TO APPEAR NO LATER THAN ____, 2026** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 18 for details. |
| **DO NOTHING** | Get no payment. Give up rights. Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

---

[2] TD Securities (USA) LLC is among the Released Defendant Parties (defined below), because it is the successor to Cowen and Company LLC ("Cowen"), which no longer exists as a separate entity, under (i) an acquisition completed on March 1, 2023, through which Cowen was acquired by Toronto Dominion Holdings (U.S.A.) Inc.; and (ii) a December 2024 merger, through which Cowen formally merged into TD Securities (USA) LLC.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

What Is this Notice About?                                                        Page __
How do I know if I am part of the Settlement Class?                               Page
Are there exceptions to being included?                                          Page __
Why is this a class action?                                                      Page __
What is this case about and what has happened so far?                            Page
What are the reasons for the Settlement?                                         Page __
What does the Settlement provide?                                                Page
How can I receive a payment?                                                      Page __
What am I giving up to receive a payment and by staying in the
  Settlement Class?                                                              Page
How do I exclude myself from the Settlement Class?                               Page __
If I do not exclude myself, can I sue Defendants and the other
  Released Defendant Parties for the same reasons later?                         Page
Do I have a lawyer in this case?                                                 Page __
How will the lawyers be paid?                                                    Page __
How do I tell the Court that I do not like something about the
  proposed Settlement?                                                           Page __
What is the difference between objecting and seeking exclusion?                  Page __
When and where will the Court decide whether to approve the
  Settlement?                                                                    Page __
Do I have to come to the Settlement Hearing?                                     Page
May I speak at the Settlement Hearing?                                           Page __
What happens if I do nothing at all?                                             Page __
Are there more details about the Settlement?                                     Page
How will my claim be calculated?                                                 Page __
Special notice to securities brokers and nominees.                               Page __

## SUMMARY OF THE NOTICE

<u>**Statement of the Settlement Class's Recovery**</u>

1.     Plaintiffs have entered into the proposed Settlement with the Settling Defendants which, if approved by the Court, will resolve the Action in its entirety. Subject to Court approval, Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $10,500,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). Based on Plaintiffs' consulting

damages expert's estimate of the number of shares of F45 common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.06 per allegedly damaged share. If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.04 per allegedly damaged share. **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates.** A Settlement Class Member's actual recovery will depend on, for example: (i) the number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many shares of F45 common stock the Settlement Class Member purchased or acquired; and (iv) whether and when the Settlement Class Member sold F45 common stock. *See* the Plan of Allocation beginning on page [___] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.    The Settling Defendants and Plaintiffs disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Plaintiffs were to prevail on each claim. The issues that the Settling Defendants and Plaintiffs disagree about include, for example: (i) whether the Offering Documents contained untrue statements of material fact or omitted material facts necessary to make the statements in the documents not misleading; (ii) the extent to which external factors, such as general market, economic, and industry conditions, influenced the trading prices of F45 common stock at various times; (iii) the appropriate economic models for measuring damages; and (iv) whether class members suffered any damages.

3.    Settling Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission

giving rise to any liability or violation of law, and deny that Plaintiffs and the Settlement Class have suffered any loss attributable to defendants' actions or omissions.

**<u>Statement of Attorneys' Fees and Expenses Sought</u>**

4.    Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel,[3] for attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund, which includes any accrued interest, or $3,150,000 plus accrued interest.  Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $200,000 plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Plaintiffs directly related to their representation of the Settlement Class. If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.02 per allegedly damaged share of F45 common stock.    A copy of the Fee and Expense Application will be posted on www.strategicclaims.net/case/F45/ after it has been filed with the Court.

**<u>Reasons for the Settlement</u>**

5.    For Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the Second Amended Complaint; the risk that the Court may grant some or all of the anticipated summary judgment motions to be filed by Settling Defendants; the uncertainty of having a class certified; the uncertainty inherent in the parties' various and competing theories

---

[3] "Plaintiffs' Counsel" means Labaton Keller Sucharow LLP, The Schall Law Firm, and Clark Hill PLC.

of liability, causation and damages; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in complex class action litigation.

6.     For the Settling Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.     Plaintiffs and the Settlement Class are represented by Lead Counsel, Alfred L. Fatale III, Esq., Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

8.     Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: *F45 Training Securities Settlement*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, (866) 274-4004, info@strategicclaims.net, www.strategicclaims.net/case/F45/.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

**1.  What Is this Notice About?**

9.     You may have received a Postcard Notice about the proposed Settlement.  This long-form Notice provides additional information about the Settlement and related procedures. The Court authorized that the Postcard Notice be sent to you because you or someone in your family may have purchased or otherwise acquired F45 publicly traded common stock during the Class Period.  **Receipt of this Notice or the Postcard Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  The Parties**

do not have access to your individual investment information.  **If you wish to be eligible for a payment, you are required to submit a Claim Form.**  *See* **Question 8 below.**

10.     The Court directed that notices be provided to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.     The Court in charge of the Action is the United States District Court for the Western District of Texas, and the case is known as *In re F45 Training Holdings, Inc. Securities* Litigation, No. 22-cv-1291.  The Action is assigned to the Honorable David A. Ezra, United States District Judge.

---

**2.  How do I know if I am part of the Settlement Class?**

---

12.     The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

> **All Persons and entities who or which purchased or otherwise acquired F45 publicly traded common stock during the period from July 15, 2021 through August 14, 2023, inclusive, (including purchases or acquisitions pursuant and/or traceable to the Offering Documents for F45's IPO) and were allegedly damaged thereby.**

13.     If one of your mutual funds purchased or otherwise acquired publicly traded F45 common stock during the Class Period (including pursuant and/or traceable to the Offering Documents for the IPO) that does not make you a Settlement Class Member, although your mutual fund may be.  You are a Settlement Class Member only if you individually purchased or otherwise acquired publicly traded F45 common stock during the Class Period.  Check your investment

records or contact your broker to see if you have any eligible purchases or acquisitions.  The Parties do not independently have access to your trading information.

| **3.  Are there exceptions to being included?** |
|---|

14.     Yes.   There are some individuals and entities who are excluded from the Settlement Class by definition.   Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Families of the Individual Defendants; (iii) any Person who was an officer, director, or control person of F45, the Underwriter Defendants, or the Controlling Entity Defendants (at all relevant times, and members of their Immediate Families); (iv) any entity in which any Defendant has or had a controlling or beneficial interest; and (v) the legal representatives, heirs, affiliates, successors, or assigns of any such excluded Person or entity.  However, any Investment Vehicle, except for the Controlling Entity Defendants, will not be excluded from the Settlement Class.[4]

15.     Also excluded from the Settlement Class will be any person or entity who or which excludes themselves from the Settlement Class by submitting a timely and valid request for exclusion in accordance with the procedures described in Question 10 below.

| **4.  Why is this a class action?** |
|---|

16.     In a class action, one or more persons or entities (in this case, Plaintiffs), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case,

---

[4] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any of their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his, or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.  The Controlling Entity Defendants are excluded from the definition of Investment Vehicle.

many similar claims that, if brought separately by individual people, might be too small economically to litigate. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class. In this Action, the Court has appointed Pledge Capital to serve as Lead Plaintiff and has appointed Labaton Keller Sucharow LLP to serve as Lead Counsel.

| 5.  What is this case about and what has happened so far? |
| --- |

17.     The operative complaint in the Action is the Second Amended Class Action Complaint for Violations of the Federal Securities Laws, filed by Plaintiffs on January 25, 2025 (the "Second Amended Complaint"), which alleges violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") relating to F45's IPO of 21,851,944 shares of common stock, including the Underwriter Defendants' overallotment, for $16.00 per share to the investing public on or about July 15, 2021, and alleged violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of a class consisting of all Persons and entities who or which purchased or otherwise acquired the publicly traded common stock of F45 during the Class Period. As described below, the Exchange Act claims were dismissed by the Court. F45's common stock was registered with the U.S. Securities and Exchange Commission (the "SEC") pursuant to a registration statement filed with the SEC on Form S-1, which following amendments, was declared effective by the SEC on July 14, 2021 (the "Form S-1"). On July 16, 2021, F45 filed with the SEC the final prospectus (the "Prospectus"), which forms part of the registration statement (the Prospectus and Form S-1, as amended, are referred to collectively as the "Offering Documents").

18.     The initial complaint filed in the action was filed in the United States District Court for the Western District of Texas on December 8, 2022 and was captioned *Goer v. F45 Training Holdings, Inc., et al.*, No. 22-cv-1291.

19.     On February 27, 2023, Judge Robert Pitman of the Western District of Texas appointed Pledge Capital as Lead Plaintiff and approved its selection of Labaton Sucharow LLP, now known as Labaton Keller Sucharow LLP, as Lead Counsel.  That order also recaptioned the Action as *In re F45 Training Holdings, Inc. Securities Litigation*, No. 22-cv-1291.

20.     On April 21, 2023, the Action was reassigned to Judge David A. Ezra of the Western District of Texas.

21.     On May 19, 2023, Plaintiffs filed an Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint").  The Amended Complaint alleged violations of Sections 11, 12(a)(2) and 15 of the Securities Act and Sections 10(b) and 20(a) of the Exchange Act on behalf of a class consisting of all Persons and entities who or which purchased or otherwise acquired the publicly traded common stock of F45 during the Class Period. In addition to the Settling Defendants, the Amended Complaint also named as defendants the KLIM Entities (as defined below) and MWIG LLC (the "Controlling Entity Defendants" and, together with Settling Defendants, the "Defendants").

22.     On August 7, 2023, Defendants filed a motion to dismiss the Amended Complaint (the "First Motion to Dismiss").  Plaintiffs opposed the First Motion to Dismiss on October 6, 2023.  On November 20, 2023, Defendants filed a reply brief in further support of the First Motion to Dismiss.

23.     During briefing on the First Motion to Dismiss, on October 23, 2023, F45 filed a Form 10-K for the year ended December 31, 2022, which included a restatement of the Company's

consolidated financial statements for the year ended December 31, 2021, along with restated interim financial statements for the period ended March 31, 2022, June 30, 2022, and September 30, 2022 (the "Restatement").

24.     Following the Restatement, on January 25, 2024, Plaintiffs filed the Second Amended Complaint, which is the operative complaint in the Action.  In particular, the Second Amended Complaint alleges violations of Sections 11, 12(a)(2) and 15 of the Securities Act and alleged Sections 10(b) and 20(a) of the Exchange Act on behalf of a class consisting of all Persons and entities who or which purchased or otherwise acquired the publicly traded common stock of F45 during the period from July 15, 2021 through July 26, 2022.[5]  In particular, the Second Amended Complaint added allegations related to the Restatement and asserted that Defendants made false or misleading statements about F45's business prospects in the Offering Documents and in subsequent public statements.

25.     On March 11, 2024, Defendants filed a motion to dismiss the Second Amended Complaint (the "Second Motion to Dismiss").  Plaintiffs opposed the Second Motion to Dismiss on April 24, 2024.  On May 24, 2024, Defendants filed a reply brief in further support of the Second Motion to Dismiss.

26.     On February 21, 2025, the Court issued an opinion granting in part, and denying in part, the motion to dismiss ("Motion to Dismiss Order").  The Court dismissed the Exchange Act claims based on its conclusion that the Second Amended Complaint failed to plead both scienter and loss causation, and it dismissed Plaintiffs' claims for control-person liability.  The

---

[5] For purposes of the Settlement, the Class Period has been extended to August 14, 2023, the date F45 common stock was voluntarily delisted from the New York Stock Exchange.  The Class Period affords Defendants a full release of all claims in the Second Amended Complaint given certain allegations about events beyond July 26, 2022.

Court also dismissed certain statements in the Offering Documents as protected forward-looking statements, inactionable opinion statements, inactionable corporate puffery, or not false when made.  The Court, however, allowed Plaintiffs to proceed on their Securities Act claims concerning certain other statements.

27.    On May 6, 2025, Settling Defendants filed their answers to the Second Amended Complaint, denying all allegations of wrongdoing or damages and asserting affirmative defenses.

28.    After the Court entered the Motion to Dismiss Order, Plaintiffs and Settling Defendants began engaging in discovery.  On June 30, 2025, Plaintiffs and Settling Defendants filed with the Court a Joint Rule 26(f) Report outlining each side's competing views as to the scope of discovery in the Action.  On July 25, 2025, Plaintiffs served Settling Defendants with their respective initial disclosures. On July 28, 2025, Settling Defendants served Plaintiffs with their respective initial disclosures. On August 22, 2025, Plaintiffs served on Settling Defendants Plaintiffs' First Request for Production of Documents to Defendants seeking the production of 98 categories of documents. On September 5, 2025, Plaintiffs noticed Settling Defendants of the issuance of third-party subpoenas to Evercore Group LLC and Jefferies Financial Group, Inc.  On September 12, 2025, Settling Defendants served on Plaintiffs Defendants' First Set of Requests for Production of Document to Plaintiffs seeking the production of 35 categories of documents.

29.    In April 2025, counsel for Plaintiffs and F45 began discussing the possibility of exploring a mediated resolution of the Action.  To facilitate those discussions and subsequently assist them in reaching a potential negotiated resolution of the Action's claims against all Defendants, Plaintiffs and the Settling Defendants engaged David Murphy of Phillips ADR Enterprises (the "Mediator"), a well-respected and experienced mediator.

30.     On September 2, 2025, Plaintiffs made a formal settlement demand in writing to Settling Defendants.

31.     On October 6, 2025, the Court entered an agreed to order staying the Action pending a mediation scheduled for November 18, 2025.  Thereafter, Plaintiffs and Settling Defendants focused on preparing for the planned mediation.  These preparations included the F45 Defendants producing more than 2,300 pages of documents, which Lead Counsel reviewed, and the mutual exchange of thorough mediation statements and supporting material on November 4, 2025.

32.     On November 18, 2025, counsel for Plaintiffs and F45 met in person for a full-day mediation with the Mediator in an attempt to reach a settlement.  Despite extensive arm's-length negotiations, Plaintiffs and F45 were unable to reach an agreement to settle the Action, but agreed to continue negotiations.

33.     On November 25, 2025, after several one-on-one discussions between counsel for Plaintiffs and F45, under the auspices of the Mediator, Plaintiffs and Settling Defendants came to an agreement to resolve all claims against all Defendants for a cash payment of $10.5 million.

34.     Before agreeing to a settlement, Plaintiffs, through Lead Counsel, conducted a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing:  (i) regulatory filings made by F45 with the SEC, (ii) public reports and news articles; (iii) research reports by securities and financial analysts; (iv) press releases, transcripts of earnings calls, and other public statements issued by the Company; (v) other publicly available material and data; (vi) interviews with former F45 employees; (vii) consultation with relevant consulting experts in the fields of damages and causation; and (viii) the applicable law governing the claims and potential defenses.

35.    On January 30, 2026, Plaintiffs and Settling Defendants jointly notified the Court of an agreement in principle to settle the Action.

| 6.  What are the reasons for the Settlement? |
| --- |

36.    The Court did not finally decide in favor of Plaintiffs or the Settling Defendants. Instead, both sides agreed to a settlement.  Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit.  They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability.  Assuming the claims proceeded to trial, the parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Plaintiffs and the Settlement Class.  In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

37.    Settling Defendants have denied and continue to deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Settling Defendants expressly have denied, and continue to deny, that they have committed any act or omission giving rise to any liability under the securities laws or otherwise.  Specifically, Settling Defendants expressly have denied and continue to deny, among other things, each and all of the claims alleged in the Action, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action or that any alleged misstatements or omissions were made.  Settling Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiffs or the Settlement Class have suffered any damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that

they could have alleged as part of the Action.  In addition, Settling Defendants maintain that they have meritorious defenses to all claims alleged in the Action.  Nonetheless, Settling Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

## THE SETTLEMENT BENEFITS

| 7.  What does the Settlement provide? |
| --- |

38.    In exchange for the Settlement and the release of the Released Plaintiffs' Claims against the Released Defendant Parties (*see* Question 9 below), F45 has agreed to direct that a ten million, five hundred thousand dollar ($10,500,000) cash payment be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

| 8.  How can I receive a payment? |
| --- |

39.    To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. You may obtain a Claim Form from the website for the Settlement, www.strategicclaims.net/case/F45/, or from Lead Counsel's website, www.labaton.com, or submit a claim online at www.strategicclaims.net/case/F45.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (866) 274-4004.

40.    Please read the instructions in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than _____, 2026.**

| 9.  What am I giving up to receive a payment and by staying in the Settlement Class? |
| --- |

41.    If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the "Released Defendant Parties."  All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)    **"Released Plaintiffs' Claims"** means any and all claims and causes of action of every nature and description, whether known or Unknown (as defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action or (b) could have asserted in the Action, or in any forum, that arise out of or are based upon both: (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action or that could have been alleged as part of the Action, and (2) the purchase, acquisition, holding, sale, or disposition of F45's publicly traded common stock (including all shares purchased or otherwise acquired in or traceable to F45's IPO) during the Class Period.  For the avoidance of doubt, Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims in any shareholder derivative action or demands; (iii) any claims brought on behalf of any

regulatory or government agency; or (iv) any claims of Persons who submit a request for exclusion that is accepted by the Court.

      (b)    **"Released Defendant Parties"** means Settling Defendants and each and all of their Related Parties and Settling Defendants' Counsel.

      (c)    **"Related Parties"** means each of a Defendant's respective past, present, or future direct or indirect parents, subsidiaries, divisions, branches, Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Defendant has or had a controlling interest, any Immediate Family Member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Settling Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of Defendants.

      (d)    **"Unknown Claims"** means (i) any and all Released Plaintiffs' Claims against Released Defendant Parties which Plaintiffs or any Settlement Class Members do not know or suspect to exist in his, her, or its favor as of the Effective Date which, if known by such party, might have affected such party's settlement with and release of the Released Defendant Parties, or

might have affected such party's decision not to object to this Settlement and (ii) any and all Released Defendants' Claims that any Settling Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, by operation of the Judgment or Alternative Judgment, upon the Effective Date, Plaintiffs and Settling Defendants shall have expressly waived, and each other Settlement Class Member shall be deemed to have waived, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

(e)    Plaintiffs, other Settlement Class Members, or Settling Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but Plaintiffs and Settling Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and

release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and Settling Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

42.    The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.

43.    Upon the "Effective Date," Settling Defendants will also provide a release of any claims against Plaintiffs and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

44.    If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note:** If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time period required for

filing suit.  F45 has the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

| **10.  How do I exclude myself from the Settlement Class?** |
|---|

45.    To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *In re F45 Training Holdings, Inc. Securities Litigation*, No. 22-cv-1291-DAE (W.D. Tex.)."  You cannot exclude yourself by telephone or email.  Each request for exclusion must also: (i) state the name, address, telephone number, and email address (if any) of the Person or entity requesting exclusion; (ii) state the number of shares of publicly traded F45 common stock the Person or entity purchased or acquired during the Class Period, as well as the dates and prices of each purchase, acquisition, and sale of such shares; and (iii) be signed by the Person or entity requesting exclusion.  A request for exclusion must be mailed so that it is **received no later than _____ , 2026** at:

*F45 Training Securities Settlement*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

46.    This information is needed to determine whether you are a member of the Settlement Class.  Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.

47.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you.  If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action,

and you may be able to sue (or continue to sue) Defendants and the other Released Defendant

Parties in the future.

| 11. | If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later? |
|---|---|

48.　　No.　Unless you properly exclude yourself, you will give up any rights to sue

Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims.

If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer**

**in that case immediately**.　You must exclude yourself from this Settlement Class to continue your

own lawsuit.　Remember, the exclusion deadline is **_____, 2026.**

## THE LAWYERS REPRESENTING YOU

| 12. Do I have a lawyer in this case? |
|---|

49.　　Labaton Keller Sucharow LLP is Lead Counsel in the Action and represents all

Settlement Class Members.　You will not be separately charged for these lawyers.　The Court will

determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the

Settlement Fund.　If you want to be represented by your own lawyer, you may hire one at your

own expense.

| 13. How will the lawyers be paid? |
|---|

50.　　Plaintiffs' Counsel have been prosecuting the Action on a contingent basis and

have not been paid for any of their work.　Lead Counsel will seek, on behalf of Plaintiffs' Counsel,

an attorneys' fee award of no more than 30% of the Settlement Fund, or $3,150,000, plus accrued

interest.　Lead Counsel will also seek payment of Litigation Expenses incurred in the prosecution

of the Action of no more than $200,000, plus accrued interest, which may include an application

by Plaintiffs for their reasonable costs and expenses (including lost wages) related to their

representation of the Settlement Class, pursuant to the PSLRA.  Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**14.  How do I tell the Court that I do not like something about the proposed Settlement?**

51.    If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application.  You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

52.    To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*In re F45 Training Holdings, Inc. Securities Litigation*, No. 22-cv-1291-DAE (W.D. Tex.)."  The objection must also state: (i) the name, address, telephone number, and email address (if any) of the objector and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Settlement Class, such as the number of F45 common shares purchased or acquired during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the

manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.  Your objection must be filed with the Court **no later than _____, 2026 and** be mailed or delivered to the following counsel so that it is **received no later than _____, 2026:**

|  |  |
|:---:|:---:|
| **Court** | **Lead Counsel** |
| **Clerk of the Court** | **Labaton Keller Sucharow LLP** |
| United States District Court | Alfred L. Fatale, III Esq. |
| for the Western District of Texas | 140 Broadway |
| 501 West Fifth Street, Suite 1100 | New York, NY 10005 |
| Austin, Texas 78701 |  |

### Settling Defendants' Counsel

|  |  |
|:---:|:---:|
| **Gibson, Dunn & Crutcher LLP** | **Akin Gump Strauss Hauer & Feld LLP** |
| Craig Varnen | Stephen Baldini |
| 333 South Grand Avenue, 46th Floor | One Bryant Park |
| Los Angeles, CA 90071 | New York, NY 10036 |
| **Hughes Hubbard & Reed LLP** | **Blank Rome LLP** |
| Shahzeb Lari | Linda Imes |
| One Battery Park Plaza | 1271 Avenue of the Americas |
| New York, NY 10004 | New York, NY 10020 |

**O'Melveny & Myers LLP**
Jonathan Rosenberg
1310 Avenue of the Americas, Suite 1700
New York, NY 10019

53.     You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may appear in person or

arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

| 15.  What is the difference between objecting and seeking exclusion? |

54.    Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

### THE SETTLEMENT HEARING

| 16.  When and where will the Court decide whether to approve the Settlement? |

55.    The Court will hold the Settlement Hearing on _____ , 2026 at __:__ __.m. in Courtroom 2 at the United States District Court for the Western District of Texas, United States District Courthouse, 501 West 5th Street, Austin, Texas 78701.

56.    At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

57.    The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without an individual notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the

date and/or time has not changed, or periodically check the Settlement website at www.strategicclaims.net/case/F45/ to see if the Settlement Hearing stays as scheduled or is changed.

| **17.  Do I have to come to the Settlement Hearing?** |
|---|

58.     No.  Lead Counsel will answer any questions the Court may have, but you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2026**.

| **18.  May I speak at the Settlement Hearing?** |
|---|

59.     You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than _____, 2026**, submit a statement that you, or your attorney, intend to appear in "*In re F45 Training Holdings, Inc. Securities Litigation*, No. 22-cv-1291-DAE (W.D. Tex.)."  If you intend to present evidence at the Settlement Hearing, you must also include in your objections (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

**IF YOU DO NOTHING**

| 19.  What happens if I do nothing at all? |
| --- |

60.     If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

**GETTING MORE INFORMATION**

| 20.  Are there more details about the Settlement? |
| --- |

61.     This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation and other documents filed in the case during business hours at the U.S. District Clerk's Office, Western District of Texas, United States District Courthouse, 501 West Fifth Street, Suite 1100, Austin, Texas 78701.  (Please check the Court's website, www.txwd.uscourts.gov, for information about Court closures before visiting.)  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's online Case Management/Electronic Case Files System at https://www.pacer.gov.

62.     You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website for the Settlement, www.strategicclaims.net/case/F45/, or the website of Lead Counsel, www.labaton.com.  You may also call the Claims Administrator toll-free at (866) 274-4004 or write to the Claims Administrator at *F45 Training Securities Settlement*, c/o Strategic Claims

Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, info@strategicclaims.net. **Please do not call the Court with questions about the Settlement.**

### PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

**21. How will my claim be calculated?**

63.     The Plan of Allocation below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Plaintiffs and Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website at www.strategicclaims.net/case/F45/ and at www.labaton.com.

64.     The $10,500,000 Settlement Amount and the interest it earns is the Settlement Fund. The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund. The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a "Recognized Claim" according to the Plan of Allocation approved by the Court ("Authorized Claimants"). Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the Settlement.

65.     The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants that allegedly suffered economic losses as a result of the alleged violations of the federal securities laws asserted in the Action and, more specifically, with respect to shares of F45 common stock purchased or otherwise acquired during the Class Period from July 15, 2021 through August 14, 2023, inclusive (including purchases or acquisitions pursuant or traceable to the Offering Documents for F45's IPO).

66.     To design this Plan of Allocation, Lead Counsel conferred with Plaintiffs' consulting damages expert.  This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Plaintiffs and Lead Counsel believe were recoverable in the Action.  The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  The calculations pursuant to the Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants.  An individual Settlement Class Member's recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) when the Claimant purchased or acquired F45 common stock; and (iii) whether and when the Claimant sold his, her, or its shares of F45 common stock.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.  The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

67.     Claims asserted in the Action under Section 11 of the Securities Act ("Section 11") and Section 10(b) of the Exchange Act ("Section 10(b)") serve as the basis for the calculation of the "Recognized Loss Amounts" in this Plan of Allocation.

68.     Section 11 of the Securities Act provides a statutory formula for the calculation of damages.  The Section 11 formulas stated below, which were developed by Plaintiffs' consulting damages expert, generally track the statutory formula.  The Section 11 formulas will apply to F45

publicly traded common stock purchased or otherwise acquired from July 15, 2021 through December 7, 2022, both dates inclusive (the "Section 11 Period").[6]

69.     With respect to F45 publicly traded common stock purchased or otherwise acquired from December 8, 2022 through August 14, 2023, both dates inclusive (the "Section 10(b) Period"), the calculation is different. Pursuant to Section 10(b), for losses to be compensable, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue. In this case, Plaintiffs allege that Defendants issued false statements and omitted material facts during the Class Period that allegedly artificially inflated the price of F45 common stock. The Section 10(b) formulas calculate losses based on corrective information released after market close on March 16, 2023, after market close on May 22, 2023, and after market close on August 14, 2023, which impacted the market price of F45 common stock on March 17, 2023, May 23, 2023, and August 15, 2023 and removed the artificial inflation from the F45 common stock share price on those days. Accordingly, in order to have a compensable Section 10(b) loss in this Settlement, shares of F45 common stock must have been purchased or otherwise

---

[6] The Class Period has been divided into a Section 11 Period and a Section 10(b) Period because the damages formula under Section 11 relies upon the date of suit, *i.e.*, the date on which the claim was first asserted, when calculating damages. The statutory formula does not function properly for purchases made after the date of suit. Here, for example, because the price of F45 common stock after February 16, 2023 never trades above the stock price on the date of suit, all purchases or acquisitions after that date would have zero damages. Furthermore, Section 11 limits damages to only purchasers who did not know of the alleged falsity in the Offering Documents at the time of their purchase or acquisition. Because the Section 11 claims in this Action became publicly known when the first complaint was filed on December 8, 2022, those who purchased or acquired shares on or after that date could be deemed to have had knowledge of the Offering Documents' alleged falsity. Thus, it is unlikely they would have been able to recover any damages if this Action proceeded to trial. To address this issue, Settlement Class Members who purchased or acquired F45 common stock on or after December 8, 2022 through, and including, August 14, 2023, will have their Recognized Loss Amount calculated under Section 10(b).

acquired during the Section 10(b) Period and held through at least one of these corrective disclosure dates.

70.     Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  Plaintiffs, Lead Counsel, and anyone acting on their behalf likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

71.     A "Recognized Loss Amount" will be calculated by the Claims Administrator, as set forth below, for each purchase or acquisition of a share of F45 publicly traded common stock during the Class Period that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number (a gain), that number shall be set to zero.  The sum of a Claimant's Recognized Loss Amounts will be their "Recognized Claim."  An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.

72.     For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of eligible F45 publicly traded common stock will first be matched on a First In/First Out ("FIFO") basis. If a Settlement Class Member has more than one purchase or acquisition or sale of F45 common stock during the relevant time periods, all purchases or acquisitions and sales shall be matched on a FIFO basis. Sales will be matched against purchases or acquisitions in chronological order, beginning with the earliest purchase or acquisition made during the relevant time periods.

73.     Any transactions in F45 common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## SECTION 11 PERIOD

74.     **For each share of F45's publicly traded common stock purchased or otherwise acquired from July 15, 2021 through, and including, December 7, 2022, and**:

A. Sold before the opening of trading on December 8, 2022,[7] the Recognized Loss Amount for each such share shall be the purchase price (not to exceed $16.00, the IPO price) ***minus*** the sale price.

B. Sold after the opening of trading on December 8, 2022, through the close of trading on February 16, 2023,[8] the Recognized Loss Amount for each such share shall be the purchase price (not to exceed $16.00, the IPO price) ***minus*** the sale price (not to be less than $2.96, the closing share price on December 8, 2022).

C. Retained after the close of trading on February 16, 2023, the Recognized Loss Amount for each such share shall be the purchase price (not to exceed $16.00, the IPO price) ***minus*** $2.96, the closing share price on December 8, 2022.

## SECTION 10(b) PERIOD

75.     **For each share of F45 common stock purchased or otherwise acquired from December 8, 2022 through, and including, August 14, 2023, and:**

A. Sold before the opening of trading on March 17, 2023, the Recognized Loss Amount for each such share will be $0.00.

B. Sold after the opening of trading on March 17, 2023, through the close of trading on August 14, 2023, the Recognized Loss Amount for each such share shall be ***the lesser of***: (i) the amount of artificial inflation per such share on the date of purchase or acquisition as stated in **Table A** below ***minus*** the amount of artificial inflation per such share on the date of sale as stated in **Table A** below; or (ii) the purchase or acquisition price ***minus*** the sale price.

---

[7] For purposes of the statutory calculations, December 8, 2022 is the date of suit.

[8] For purposes of the statutory calculations, February 16, 2023 is the proxy for the date of judgment because after February 16, 2023, the price of F45 common stock did not trade above $2.96, the closing price on the date of suit, December 8, 2022.

C. Sold from August 15, 2023, through the close of trading on November 10, 2023, the Recognized Loss Amount for each such share shall be ***the least of***: (i) the amount of artificial inflation per such share on the date of purchase/acquisition, as stated in **Table A** below; (ii) the purchase or acquisition price ***minus*** the average closing price between August 15, 2023 and the date of sale, as stated in **Table B** below; or (iii) the purchase or acquisition price ***minus*** the sale price.

D. Retained as of the close of trading on November 10, 2023, the Recognized Loss Amount for each such share shall be ***the lesser of***: (i) the amount of artificial inflation per such share on the date of purchase/acquisition as stated in **Table A** below; or (ii) the purchase or acquisition price ***minus*** $0.04, the average closing price between August 15, 2023 and November 10, 2023, as stated in **Table B** below.[9]

### TABLE A

**F45 Common Stock Artificial Inflation for Purposes of Calculating Purchase and Sale Inflation During the Section 10(b) Period**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| 7/15/2021 - 12/7/2022 | $0.00 |
| 12/8/2022 - 3/16/2023 | $0.59 |
| 3/17/2023 - 5/22/2023 | $0.56 |
| 5/23/2023 - 6/26/2023 | $0.54 |
| 6/27/2023 | $0.54 |
| 6/28/2023 | $0.52 |

---

[9] Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Section 10(b) Period Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of F45 common stock during the "90-day look-back period," November 8, 2023 through and including February 5, 2024. The mean (average) closing price for F45 common stock during this 90-day look-back period was $0.05.

| | |
|---|---|
| 6/29/2023 | $0.51 |
| 6/30/2023 - 7/2/2023 | $0.50 |
| 7/3/2023 - 7/4/2023 | $0.53 |
| 7/5/2023 | $0.50 |
| 7/6/2023 | $0.54 |
| 7/7/2023 | $0.52 |
| 7/10/2023 - 8/14/2023 | $0.54 |
| 8/15/2023 - Present | $0.00 |

## **TABLE B**

### **90-Day Look-Back Period Prices**

| Date | Closing Price | Average Closing Price Between August 15, 2023 and Date Shown | Date | Closing Price | Average Closing Price Between August 15, 2023 and Date Shown |
|---|---|---|---|---|---|
| 8/15/2023 | $0.17 | $0.17 | 9/29/2023 | $0.02 | $0.05 |
| 8/16/2023 | $0.12 | $0.15 | 10/2/2023 | $0.02 | $0.05 |
| 8/17/2023 | $0.15 | $0.15 | 10/3/2023 | $0.02 | $0.05 |
| 8/18/2023 | $0.12 | $0.14 | 10/4/2023 | $0.02 | $0.05 |
| 8/21/2023 | $0.12 | $0.14 | 10/5/2023 | $0.02 | $0.05 |
| 8/22/2023 | $0.12 | $0.13 | 10/6/2023 | $0.02 | $0.05 |
| 8/23/2023 | $0.10 | $0.13 | 10/9/2023 | $0.02 | $0.05 |
| 8/24/2023 | $0.10 | $0.12 | 10/10/2023 | $0.02 | $0.05 |
| 8/28/2023 | $0.11 | $0.12 | 10/11/2023 | $0.02 | $0.05 |
| 8/29/2023 | $0.05 | $0.12 | 10/12/2023 | $0.02 | $0.05 |
| 8/30/2023 | $0.08 | $0.11 | 10/13/2023 | $0.02 | $0.05 |
| 8/31/2023 | $0.05 | $0.11 | 10/16/2023 | $0.02 | $0.05 |
| 9/1/2023 | $0.04 | $0.10 | 10/17/2023 | $0.02 | $0.05 |
| 9/5/2023 | $0.03 | $0.10 | 10/18/2023 | $0.02 | $0.05 |
| 9/6/2023 | $0.03 | $0.09 | 10/19/2023 | $0.02 | $0.04 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 9/7/2023 | $0.03 | $0.09 | | 10/20/2023 | $0.02 | $0.04 |
| 9/8/2023 | $0.02 | $0.08 | | 10/23/2023 | $0.02 | $0.04 |
| 9/11/2023 | $0.02 | $0.08 | | 10/24/2023 | $0.02 | $0.04 |
| 9/12/2023 | $0.02 | $0.08 | | 10/25/2023 | $0.03 | $0.04 |
| 9/13/2023 | $0.02 | $0.08 | | 10/26/2023 | $0.03 | $0.04 |
| 9/14/2023 | $0.02 | $0.07 | | 10/27/2023 | $0.03 | $0.04 |
| 9/15/2023 | $0.02 | $0.07 | | 10/30/2023 | $0.04 | $0.04 |
| 9/18/2023 | $0.02 | $0.07 | | 10/31/2023 | $0.05 | $0.04 |
| 9/19/2023 | $0.02 | $0.07 | | 11/1/2023 | $0.05 | $0.04 |
| 9/20/2023 | $0.02 | $0.06 | | 11/2/2023 | $0.05 | $0.04 |
| 9/21/2023 | $0.02 | $0.06 | | 11/3/2023 | $0.05 | $0.04 |
| 9/22/2023 | $0.02 | $0.06 | | 11/6/2023 | $0.05 | $0.04 |
| 9/25/2023 | $0.02 | $0.06 | | 11/7/2023 | $0.05 | $0.04 |
| 9/26/2023 | $0.02 | $0.06 | | 11/8/2023 | $0.05 | $0.04 |
| 9/27/2023 | $0.02 | $0.06 | | 11/9/2023 | $0.05 | $0.04 |
| 9/28/2023 | $0.02 | $0.06 | | 11/10/2023 | $0.05 | $0.04 |

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

76.     Purchases, acquisitions, and sales of F45 publicly traded common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement," "payment," or "sale" date.

77.     The receipt or grant by gift, inheritance, or operation of law of F45 publicly traded common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of shares of F45 common stock for the calculation of a Claimant's Recognized Claim, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such F45 common stock, unless (i) the donor or decedent purchased or otherwise acquired such shares during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of F45; and (iii) it is specifically so provided in the instrument of gift or assignment.

78.     The Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.  In the event that a Claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

79.     F45 publicly traded common stock is the only security eligible for a recovery under this Plan of Allocation.  With respect to F45 publicly traded common stock purchased or sold through the exercise of an option, the purchase/sale date of such F45 common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

80.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's proportional *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

81.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant

calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

82.      Settlement Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund; however, they will nevertheless be bound by the Settlement and the Final Judgment of the Court dismissing this Action, unless they have timely and validly sought exclusion.

83.      Distributions of the Net Settlement Fund will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund at least six months after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their initial distributions in an economical manner, after payment of any unpaid Notice and Administration Expenses and Taxes.  Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of any unpaid Notice and Administration Expenses and Taxes, shall be contributed to Consumer Federation of America, a non-sectarian, not-for-profit charitable organization serving the public interest, or such other non-sectarian, not-for-profit charitable organization approved by the Court.

84.      Payment pursuant to this Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, their damages expert, or other agent designated by Lead Counsel, arising from determinations or distributions to Claimants made substantially in accordance with

the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Plaintiffs, Defendants and their respective counsel, and all other Released Defendant Parties, shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

85.     If you purchased or acquired F45 publicly traded common stock during the period from July 15, 2021 through August 14, 2023, inclusive, for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN FOURTEEN (14) CALENDAR DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE OR NOTICE OF THE SETTLEMENT**, **YOU MUST EITHER**: (a) provide a list of the names, addresses, and emails (if available) of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send a Postcard Notice promptly to such identified beneficial owners; or (b) **WITHIN FOURTEEN (14) CALENDAR DAYS** of receipt of notice (i) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and **WITHIN FOURTEEN (14) CALENDAR DAYS** of receipt of those Postcard Notices from the Claims Administrator, mail them to all such beneficial owners or (ii) email the Postcard Notice or a link to the Postcard Notice to all such beneficial owners.  Nominees who elect to mail or email the Postcard Notice to their beneficial owners **SHALL ALSO** send a statement to the Claims Administrator confirming that the Postcard Notice was sent and shall retain their records for use in connection with any further notices that may be provided in the Action.  Upon **FULL AND TIMELY** compliance with these directions, nominees may seek reimbursement of

their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; $0.03 per Postcard Notice emailed by nominees; or $0.03 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court.

86.    All communications concerning the foregoing should be addressed to the Claims Administrator:

*F45 Training Securities Settlement*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
(866) 274-4004
info@strategicclaims.net
www.strategicclaims.net/case/F45/


Dated: _____, 2026                    BY ORDER OF THE U.S. DISTRICT COURT
                                          WESTERN DISTRICT OF TEXAS

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| IN RE F45 TRAINING HOLDINGS, INC. SECURITIES LITIGATION | Case No. 1:22-cv-1291-DAE |

## PROOF OF CLAIM AND RELEASE FORM

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Settlement Class based on your claims in the class action entitled *In re F45 Training Holdings, Inc. Sec. Litig*., No. 22-cv-1291 (W.D. Tex.) (the "Action"), you must complete and, on page _____ below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.[1]

2.    **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/CASE/F45/ NO LATER THAN _____, 2026 OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2026, ADDRESSED AS FOLLOWS:**

*F45 Training Securities Settlement*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

3.    If you are a member of the Settlement Class and you have not requested exclusion from the Settlement Class, you will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

---

[1] All capitalized terms not defined in this Claim Form have the meanings given in the Stipulation and Agreement of Settlement, dated as of February 13, 2026 (the "Stipulation"), available at www.strategicclaims.net/case/F45/.

## II.    CLAIMANT IDENTIFICATION

4.    If you purchased or otherwise acquired F45 Training Holdings, Inc. ("F45") publicly traded common stock during the period from July 15, 2021 through August 14, 2023, both dates inclusive (the "Class Period"), and held the stock in your name, you are the beneficial and record owner of the shares. If, however, the F45 shares were purchased or acquired through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5.    Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of F45 publicly traded common stock that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

6.    All joint owners must sign this claim. Executors, administrators, guardians, conservators, legal representatives, and trustees filing this claim must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    IDENTIFICATION OF TRANSACTIONS

7.    Use **Part II** of this form entitled "Schedule of Transactions in F45 Publicly Traded Common Stock" to supply all required details of the transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

8.    On the schedules, provide all of the requested information with respect to the purchases or acquisitions of F45 publicly traded common stock, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

9.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of F45 common stock. The date of a "short sale" is deemed to be the date of sale.

10.    Claims must be accompanied by adequate supporting documentation for the transactions reported in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel. Self-generated emails or spreadsheets are not sufficient. Failure to provide sufficient documentation could delay verification of your claim or result in rejection of your claim. Claimants bear the burden of establishing their right to a recovery from the Net Settlement Fund.

**THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN F45 PUBLICLY TRADED COMMON STOCK.**

11.    NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be asked, to submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Settlement website.) All such Claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at (866) 274-4004 to obtain the required file layout or visit www.strategicclaims.net/case/F45/. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name          MI   Beneficial Owner's Last Name

Co-Beneficial Owner's First Name       MI   Co-Beneficial Owner's Last Name

Entity Name (if Claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                                              State   ZIP/Postal Code

Foreign Country (only if not USA)              Foreign County (only if not USA)

Social Security No. (last four digits only)     Taxpayer Identification No. (last four digits only)

_____                          _____

Telephone Number (home)          Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):

    Individual (includes joint owner accounts)   Pension Plan                Trust
    Corporation                                  Estate
    IRA/401K                                     Other _____ (please specify)

**PART II:   SCHEDULE OF TRANSACTIONS IN F45 PUBLICLY
TRADED COMMON STOCK**

| **1.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD**– Separately list each and every purchase and acquisition of F45 publicly traded common stock beginning on July 15, 2021 through, and including, August 14, 2023. (Must submit documentation.) | | | |
|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) MM/DD/YY | Number of Shares | Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

| **2.  PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOK BACK PERIOD**– State the total number of shares of F45 publicly traded common stock purchased/acquired from August 15, 2023 through the close of trading on November 10, 2023.[2] (Must submit documentation.) _____ |
|---|

| **3.  SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD.**  Separately list each and every sale of F45 publicly traded common stock from July 15, 2021 through, and including, the close of trading on November 10, 2023. (Must submit documentation.) | | | |
|---|---|---|---|
| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

| **4.  ENDING HOLDINGS**– State the total number of shares of F45 publicly traded common stock held as of the close of trading on November 10, 2023. If none, write "0" or "Zero." (Must submit documentation.) _____ |
|---|

| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐ |
|---|

---

[2] Information requested in this Claim Form with respect to purchases/acquisitions from August 15, 2023 through November 10, 2023 is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases/acquisitions during this period, however, are not eligible for a recovery because they are outside the Class Period and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

## IV.    SUBMISSION TO JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS

12.    By signing and submitting this Claim Form, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation described in the Notice. I (We) submit to the jurisdiction of the United States District Court for the Western District of Texas with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that, once the Settlement reaches its Effective Date, I (we) will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in F45 publicly traded common stock and other F45 securities, if required to do so. I (We) have not submitted any other claim covering the same transactions in F45 publicly traded common stock during the time periods herein and know of no other person having done so on my (our) behalf.

## V.    RELEASES, WARRANTIES, AND CERTIFICATION

13.    I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the notices, and that I am (we are) not excluded from the Settlement Class.

14.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Released Defendant Parties (as these terms are defined in the Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

15.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

16.    I (We) hereby warrant and represent that I (we) have included information about all purchases, acquisitions, and sales of F45 publicly traded common stock that occurred during the relevant time periods and the number of shares held by me (us), to the extent requested.

17.    I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)


I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2026

_____          _____
Signature of Claimant                                        Type or print name of Claimant


_____          _____
Signature of Joint Claimant, if any                     Type or print name of Joint Claimant


_____          _____
Signature of person signing on behalf           Type or print name of person signing
of Claimant                                                      on behalf of Claimant


_____
Capacity of person signing on behalf of Claimant/Joint Claimant, if other than an individual (*e.g.,* Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

**REMINDER CHECKLIST:**

1.      Sign this Claim Form.

2.      DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.      Attach only copies of supporting documentation as these documents will not be returned to you.

4.      Keep a copy of your Claim Form for your records.

5.      The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  **Your claim is not deemed submitted until you receive an acknowledgment postcard.**  If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (866) 274-4004 or email at info@strategicclaims.net.

6.      If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| IN RE F45 TRAINING HOLDINGS, INC. SECURITIES LITIGATION | Case No. 1:22-cv-1291-DAE |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED**
**SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To:**   **All Persons and entities who or which purchased or otherwise acquired F45 Trading Holdings, Inc. ("F45") publicly traded common stock during the period from July 15, 2021 through August 14, 2023, inclusive, ("Class Period") (including purchases and acquisitions pursuant and/or traceable to the Offering Documents for F45's initial public offering) and were allegedly damaged thereby (the "Settlement Class")**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an Order of the United States District Court for the Western District of Texas, that

Plaintiffs Pledge Capital LLC and Police and Fire Retirement System of the City of Detroit

("Plaintiffs"), on behalf of themselves and all other members of the Settlement Class; and

defendant F45, Adam Gilchrist, Christopher E. Payne, Michael Raymond, Darren Richman,

Mark Wahlberg, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Robert W. Baird &

Co. Incorporated, Cowen and Company, LLC, Guggenheim Securities, LLC, Macquarie Capital

(USA) Inc., MUFG Securities Americas Inc., and Roth Capital Partners, LLC ("Settling

Defendants"), have reached a proposed settlement of the claims in the above-captioned class

action (the "Action") and related claims in the amount of $10,500,000 (the "Settlement").

A hearing will be held before the Court on ____, 2026 at __:__ _.m. in Courtroom 2 at

the United States District Court for the Western District of Texas, United States District

Courthouse, 501 West Fifth Street, Austin, Texas 78701 (the "Settlement Hearing") to determine

whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate;

(ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated February 13, 2026; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a Postcard Notice, you may obtain a copy, and the more detailed long-form Notice and Claim Form, by visiting the website for the Settlement, www.strategicclaims.net/case/F45/, or by contacting the Claims Administrator at:

*F45 Training Securities Settlement*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
(866) 274-4004
info@strategicclaims.net

Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:

**LABATON KELLER SUCHAROW LLP**
Alfred Fatale III, Esq.
140 Broadway
New York, NY 10005
settlementquestions@labaton.com
(888) 219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than _____, 2026.* If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions in the long-form Notice so that it is *received no later than _____, 2026.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court, whether favorable or unfavorable, but you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the parties in accordance with the instructions in the long-form Notice so that they are *received no later than _____, 2026*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE**

DATED: _____, 2026          BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         WESTERN DISTRICT OF TEXAS

# EXHIBIT 4

*PLEASE VISIT WWW.STRATEGICCLAIMS.NET/CASE/F45/ FOR MORE INFORMATION.*

Plaintiffs in the class action *In re F45 Training Holdings, Inc. Sec. Litig.,* No. 22-cv-1291-DAE (W.D. Tex.) have reached a proposed settlement of the claims against Defendants. If approved, the Settlement will resolve alleged violations of the federal securities laws, including the Securities Act of 1933. Settling Defendants deny any liability or wrongdoing. You received this Postcard because you, or an investment account for which you serve as a custodian, may be a member of the Settlement Class: **all Persons and entities who or which purchased or otherwise acquired F45 publicly traded common stock during the period from July 15, 2021 through Aug. 14, 2023, inclusive, (including purchases or acquisitions pursuant and/or traceable to the Offering Documents for F45's IPO) and were damaged thereby.**

Pursuant to the Settlement, F45 will direct the payment of $10,500,000 in exchange for the settlement of the Action and the release of all claims asserted and related claims. This amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes, will be allocated among Settlement Class Members who submit valid claims. Your *pro rata* share of the Settlement proceeds will depend on the number of valid claims submitted, and when you purchased shares of F45 common stock. If all Settlement Class Members participate, the estimated average recovery will be $0.06 per allegedly damaged share before deduction of Court-approved attorneys' fees and expenses and approximately $0.04 after. Your share of the Settlement proceeds will be determined by the plan of allocation in the long-form Notice, or such other plan that may be approved by the Court.

**To qualify for payment, you must submit a timely and valid Claim Form. Receipt of this Postcard does not mean you are eligible.** The Claim Form can be found at www.strategicclaims.net/case/F45/, or you can request that one be mailed to you. You can also submit a claim online via the website. Claim Forms must be postmarked (if mailed), or submitted online, **on or before ____, 2026**. If you do not want to be legally bound by any releases, judgments or orders in the Action, you must exclude yourself from the Settlement Class **on or before ___, 2026.** If you exclude yourself, you may be able to sue Defendants about the claims being settled, but you cannot get money from the Settlement. If you want to object to any aspect of the Settlement, you must file and serve an objection **on or before ____, 2026**. **The Notice provides instructions on how to submit a Claim Form, exclude yourself, or object, and you must comply with all of the instructions in the Notice.**

The Court will hold a hearing on **_____ , 2026 at __:__ __.m.**, to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 30% of the Settlement Fund in attorneys' fees, plus expenses of no more than $200,000. You may attend the hearing and ask to be heard by the Court, but you do not have to.

*[RETURN ADDRESS]*

### *COURT-ORDERED LEGAL NOTICE*

*In re F45 Training Holdings, Inc. Sec. Litig.*
Case No. 22-cv-1291-DAE. (W.D. Tex.).

**Your legal rights may be affected by this securities class action settlement. You may be eligible for a cash payment. Please read this postcard carefully.**

**The postcard provides only limited information. For more information, please:**

visit -   www.strategicclaims.net/case/F45/ and read
          the Notice
call -    (866) 274-4004
email -   info@strategicclaims.net

[ADD QR Code]

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| IN RE F45 TRAINING HOLDINGS, INC. SECURITIES LITIGATION | Case No. 1:22-cv-1291-DAE |

## [PROPOSED] FINAL JUDGMENT

**WHEREAS:**

A.      As of February 13, 2026, Lead Plaintiff Pledge Capital LLC and named plaintiff Police and Fire Retirement System of the City of Detroit ("Plaintiffs"), on behalf of themselves and all other members of the Settlement Class, on the one hand, and defendant F45 Training Holdings, Inc. ("F45"); defendants Adam Gilchrist, Christopher E. Payne, Michael Raymond, Darren Richman, and Mark Wahlberg (the "Individual Defendants" and, together with F45, the "F45 Defendants"); and defendants Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Robert W. Baird & Co. Incorporated, Cowen and Company, LLC, Guggenheim Securities, LLC, Macquarie Capital (USA) Inc., MUFG Securities Americas Inc., and Roth Capital Partners, LLC (the "Underwriter Defendants" and, together with the F45 Defendants, the "Settling Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action");

B.      Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered _____, 2026 (the "Preliminary Approval Order"), the Court scheduled a hearing for _____, 2026 at __:___ __.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action and the Plan of Allocation on

1

the terms and conditions provided for in the Stipulation are fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C.      The Court ordered that the Postcard Notice, substantially in the form attached to the Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, or emailed on or before twelve (12) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, that the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, be made available to Settlement Class Members; and that the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D.      The notices advised potential Settlement Class Members of the date and purpose of the Settlement Hearing.  The notices further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by _____, 2026;

E.      The provisions of the Preliminary Approval Order as to notice were complied with;

F.      On _____, 2026, Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court

2

on _____, 2026 at which time all interested Persons were afforded the opportunity to be heard; and

G.    This Court has duly considered Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.    This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on _____, 2026; and (ii) the notices, which were filed with the Court on _____, 2026.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.    This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3.    The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of:  all Persons and entities who or which purchased or otherwise acquired F45 publicly traded common stock during the Class Period (including purchases or acquisitions pursuant and/or traceable to the Offering Documents for F45's IPO) and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Families of the Individual Defendants; (iii) any Person who was an officer, director, or control person of F45, the Underwriter Defendants, or the Controlling Entity

3

Defendants (at all relevant times, and members of their Immediate Families); (iv) any entity in which any Defendant has or had a controlling or beneficial interest; and (v) the legal representatives, heirs, affiliates, successors, or assigns of any such excluded Person or entity. However, any Investment Vehicle (as defined in the Stipulation),[1] except for the Controlling Entity Defendants, will not be excluded from the Settlement Class.  Also excluded from the Settlement Class are any Persons and entities who or which excluded themselves from the Settlement Class by submitting a timely and valid request for exclusion.  [Exhibit A attached hereto lists the requests for exclusion that are timely and valid, according to the requirements identified in this Court's Order preliminarily approving the settlement.]

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Plaintiffs as class representatives for the Settlement Class; and finally appoints the law firm of Labaton Keller Sucharow LLP as Class Counsel for the Settlement Class.

5.      The Court finds that the dissemination and publication of the Postcard Notice, Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorney's fees and payment of Litigation Expenses incurred in connection with the prosecution of the Action, of

---

[1] The Stipulation defines "Investment Vehicle" to mean "any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any of their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.  The Controlling Entity Defendants are excluded from the definition of Investment Vehicle."

Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7).

6.      [There have been no objections to the Settlement.]

7.      Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.      The Second Amended Class Action Complaint for Violations of the Federal Securities Laws, filed on January 25, 2024 (the "Second Amended Complaint"), is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.      The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.      Upon the Effective Date, Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, estates, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties, (ii) covenanted not to sue any Released Defendant Parties with respect to all such Released Plaintiffs' Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

11.      Upon the Effective Date, Settling Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, estates, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of

the Released Defendants' Claims against each and every one of the Released Plaintiff Parties, (ii) covenanted not to sue any Released Plaintiff Party with respect to all such Released Defendants' Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

12.    Notwithstanding paragraphs 10–11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.    Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

14.    This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages,

negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties or any Person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Released Defendant Parties, or against or to the prejudice of Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or other wrongdoing of any kind, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against any of the Released Defendant Parties, Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, or any other member of the Settlement

8

Class that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

15.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 46 of the Stipulation.

17.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     The Parties are hereby directed to consummate the Stipulation and to perform its terms.

19.     A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance,

or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this _____ day of  _____, 2026

BY THE COURT:

_____
HON. DAVID A. EZRA
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**