**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| IN RE F45 TRAINING HOLDINGS, INC. SECURITIES LITIGATION | Case No. 1:22-cv-1291-DAE |

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF EXPENSES

# TABLE OF CONTENTS

**Page**


PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ........................................................................................................................ 3

I. THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION ........................ 3

II. THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF LEAD COUNSEL'S FEE AND EXPENSE APPLICATION ............... 4

III. CLAIM SUBMISSIONS TO DATE ................................................................... 4

CONCLUSION ................................................................................................................... 5

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Lead Plaintiff Pledge Capital LLC ("Pledge Capital" or "Lead Plaintiff") and named plaintiff Police and Fire Retirement System of the City of Detroit ("Detroit P&F" and, together with Pledge Capital, "Plaintiffs"), on behalf of themselves, the proposed Settlement Class, and Lead Counsel Labaton Keller Sucharow LLP ("Lead Counsel"), respectfully submit this reply memorandum of law in further support of (i) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 144) and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Expenses (ECF No. 145) (together, the "Motions").[1]

**PRELIMINARY STATEMENT**

Now that the July 24, 2026 deadline for objecting or seeking exclusion from the Settlement Class has passed, Plaintiffs and Lead Counsel respectfully submit that the reaction of the Settlement Class to the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application has been overwhelmingly positive. After a robust notice program, there have been ***no objections*** to any aspect of the Settlement and ***no requests for exclusion***.

Pursuant to the Court's Preliminary Approval Order, as of August 10, 2026, 127,693 potential Settlement Class Members and nominees have been notified of the Settlement by either mailed Postcard Notice or emailed direct link to the Postcard Notice. *See* Supplemental Declaration of Josephine Bravata Concerning: (A) Dissemination of the Postcard Notice; (B) Report on Requests for Exclusion and Objections Received to Date; and (C) Claims Received to Date, dated August 10, 2026, at ¶3, filed herewith ("Supp. Mailing Decl."). Additionally, the long-form Notice and Claim Form were posted on the website created for the Settlement on April 29, 2026, and the Summary Notice was published in *The Wall Street Journal* and transmitted over

[1] The terms of the Settlement are set forth in the Stipulation and Agreement of Settlement, dated February 13, 2026 (the "Stipulation", ECF No. 134-3). All capitalized terms used herein are defined in the Stipulation and have the same meanings as set forth therein. Unless otherwise noted, citations and internal quotations have been omitted.

*PR Newswire* on May 7, 2026. *See* Declaration of Josephine Bravata concerning: (A) Dissemination of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Requests for Exclusion Received to Date, dated July 9, 2026 ("Initial Mailing Decl.") at ¶¶10, 12; ECF No. 144-4. There have been ***no objections*** to the proposed Settlement, Plan of Allocation, or the Fee and Expense Application, and ***no requests for exclusion***.

Collectively, the notices provided important information about the Action and the Settlement and stated that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $200,000. *See* Initial Mailing Decl. Exs. A-C. The notices also apprised Settlement Class Members of their right to seek exclusion from the Settlement Class or object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application, and the July 24, 2026 deadline for doing so. The long-form Notice provided more detailed information about the Action and Settlement, including the Plan of Allocation.

On July 10, 2026, pursuant to the schedule set in the Preliminary Approval Order, Plaintiffs and Lead Counsel filed their opening papers in support of the Motions. Those papers—which are available on the public docket (*see* ECF Nos. 144-145), the case website (www.strategicclaims.net/case/F45/), and Lead Counsel's firm website—described Plaintiffs' and Lead Counsel's views of the Settlement, the Plan of Allocation, work performed in this litigation, and the fee and expense awards requested. In response, no objections have been filed with the Court or received by the Claims Administrator or Lead Counsel, and there have been no requests for exclusion from the Settlement Class.

Although the numbers are preliminary, to date, 15,583 claims have been received by the Claims Administrator. *See* Supp. Mailing Decl. at ¶8. The processing and review of claims are ongoing.

Accordingly, Plaintiffs and Lead Counsel respectfully submit that the reaction by the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's Fee and Expense Application.

## ARGUMENT

### I. THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION

Following a thorough notice program, no Settlement Class Member objected to any aspect of the Settlement or the Plan of Allocation. "This lack of objection from the class members supports the 'adequacy of the settlement.'" *Celeste Neely*, 2022 WL 17736350, at *7 (E.D. Tex. Dec. 16, 2022) (citing *Erica P. John Fund, Inc. v. Halliburton Co.*, 2018 WL 1942227, at *5 (N.D. Tex. Apr. 25, 2018)); *see also Billitteri v. Sec. Am., Inc.*, 2011 WL 3586217, at *14 (N.D. Tex. Aug. 4, 2011) (finding that the "very small number of objections" weigh "heavily in favor of approving the settlement.").

The absence of objections from institutional investors or pension funds is also noteworthy. That these sophisticated Settlement Class Members—which have the resources to carefully evaluate the Settlement and object if it were appropriate to do so—have not objected to the Settlement (or the Plan of Allocation or Fee and Expense Application) provides further evidence of the fairness of the Settlement.

The lack of objections also supports approval of the proposed Plan of Allocation. *See*, *e.g.*, *City of Omaha Police & Fire Ret. Sys. v. LHC Grp.*, 2015 WL 965693, at *15 (W.D. La. Mar. 3, 2015) (finding the fact that "there have been no objections to the Plan of Allocation" supports approval); *Schwartz v. TXU Corp.*, 2005 WL 3148350, at *23 (N.D. Tex. Nov. 8, 2005) (finding that only eight objections total, including one meritless objection to the proposed plan of allocation, strongly supported approval of the settlement and plan of allocation).

Similarly, the lack of requests for exclusion (*see* Supp. Mailing Decl. at ¶6) reflects favorably on approval of the Settlement and offers clear support for the Court's final approval.

*See, e.g.*, *Celeste Neely*, 2022 WL 17736350, at *7 (noting support of settlement where no class members validly sought exclusion); *Billitteri*, 2011 WL 3586217, at *14 ("The extremely small number of opt-outs suggests a favorable opinion by the absent class members."); *LHC Grp.*, 2015 WL 965693, at *10 (finding that lack of any requests for exclusion "supports a finding that the settlement should be approved").

## II. THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF LEAD COUNSEL'S FEE AND EXPENSE APPLICATION

Not one Settlement Class Member has objected to Lead Counsel's Fee and Expense Application. The fact that there have been no objections is strong evidence that the fee and expense request is fair and reasonable. *See, e.g.*, *Celeste Neely*, 2022 WL 17736350, at *11 ("the reasonableness of the fee award is supported further by the lack of any objection to the request and by counsel's competence and diligence in prosecuting the case"); *see also In re EZCORP, Inc. Sec. Litig.*, 2019 WL 6649017, at *2 (W.D. Tex. Dec. 6, 2019) ("In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that … [t]here were no objections to the requested attorneys' fees and expenses.").

* * *

Accordingly, Plaintiffs and Lead Counsel respectfully submit that this reaction by the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's Fee and Expense Application.

## III. CLAIM SUBMISSIONS TO DATE

The notices and Claim Form notified Settlement Class Members that, in order to qualify for a payment from the Net Settlement Fund, a Claim Form must be submitted to the Claims Administrator by August 1, 2026. As of August 10, 2026, the Claims Administrator has received 15,583 claims, which collectively represent approximately 294,000,000 shares of F45 common stock purchased during the Class Period. *See* Supp. Mailing Decl. at ¶8

These figures are preliminary and provided for informational purposes only. *Id.* at ¶9.

Although the claim submission deadline has passed, claims processing and review is still ongoing, and subject to further analysis, quality assurance reviews, audits, and change as Claimants are notified of deficiencies in their Claims and given an opportunity to cure the deficiencies and conditions of ineligibility. *Id*.

## CONCLUSION

For the reasons set forth herein and the opening papers filed in support of the Motions, Plaintiffs and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation as fair, reasonable, and adequate, and approve the Fee and Expense Application. Three proposed orders are submitted herewith: a proposed Final Order and Judgment, negotiated by the Parties; a proposed Order Approving Plan of Allocation; and a proposed Order Awarding Attorneys' Fees and Expenses.

DATED: August 11, 2026

Respectfully submitted,

**LABATON KELLER SUCHAROW LLP**

*/s/ Alfred L. Fatale III*
Alfred L. Fatale III (*pro hac vice*)
Joseph N. Cotilletta (*pro hac vice*)
Jessica N. Goudreault (*pro hac vice*)
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
afatale@labaton.com
jcotilletta@labaton.com
jgoudreault@labaton.com

*Lead Counsel for Lead Plaintiff Pledge Capital LLC, Additional Plaintiff Police and Fire Retirement System of the City of Detroit, and the Proposed Class*

Brian Schall (*pro hac vice*)
Rina Restaino (*pro hac vice*)

SCHALL, BROWN & SCHWARTZ LLP
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Tel: (310) 301-3335
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Lead Plaintiff Pledge Capital LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system. I certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 11, 2026.

/s/ *Alfred L. Fatale III*
Alfred L. Fatale III