**FILED**
August 31, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE F45 TRAINING HOLDINGS, INC. SECURITIES LITIGATION | § § § § § § § | No. 1:22-CV-1291-DAE |

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Lead Plaintiff Pledge Capital LLC ("Pledge Capital" or "Lead Plaintiff") and named Plaintiff Police and Fire Retirement System of the City of Detroit ("Detroit P&F") (collectively, "Plaintiffs") Unopposed Motion for Final Approval of Class Action Settlement, (Dkt. # 144), and Plaintiffs' Motion for Attorneys' Fees. (Dkt. # 145.) The Court held a hearing on this matter on August 27, 2026. Having considered the Settlement Agreement, both motions, and having conducted a Final Fairness Hearing, the Court makes the findings and **GRANTS** the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.[1] (Dkt. ## 144, 145.)

[1] In so ruling, the Court relies on its prior reasoning in its Order granting preliminary approval of the settlement. (Dkt. # 140.) Because there were no objections received from class members in the time since that Order was issued, the Court's reasoning and analysis still applies.

**WHEREAS**, this matter having come before the Court for a hearing on August 27, 2026, on the motion of Lead Plaintiff Pledge Capital LLC and named plaintiff Police and Fire Retirement System of the City of Detroit for final approval of the proposed class action Settlement, approval of the Plan of Allocation for the distribution of the proceeds of the Settlement, and the motion for an award of attorneys' fees and payment of expenses, the Court having considered all papers filed and proceedings had herein and otherwise being fully informed; and it appearing that notice of the motion and Settlement Hearing substantially in the form approved by the Court was mailed or emailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the motion and hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of February 13, 2026 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to Persons who are Settlement Class Members, who could be identified with reasonable effort, advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to Persons who are Settlement Class Members to be heard with respect to the Plan of Allocation. There were no objections to the Plan of Allocation.

4. The Court hereby finds and concludes that the Plan of Allocation for the calculation of the claims of Claimants that is set forth in the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), provides a fair and reasonable basis upon which to allocate and distribute the Net Settlement Fund among Settlement Class Members.

5. The Court hereby finds and concludes that the Plan of Allocation, as set forth in the Notice, is, in all respects, fair, reasonable, and adequate and the Court hereby **APPROVES** the Plan of Allocation.

6. Notice of Lead Counsel's motion for an award of attorneys' fees and payment of expenses was given to all Settlement Class Members who could be

identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and payment of Litigation Expenses satisfied the notice requirements of Rule 23 and 54 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

7. There have been no objections to Lead Counsel's request for attorneys' fees and Litigation Expenses.

8. Lead Counsel is hereby awarded, on behalf of Plaintiffs' Counsel, attorneys' fees in the amount of $2,940,000,[2] plus accrued interest at the same rate earned by the Settlement Fund (i.e., 28% of the Settlement Fund). Lead Counsel is also awarded $144,747.02 in Litigation Expenses, plus accrued interest. The Court finds these sums to be fair and reasonable under the circumstances of this case, and they are payable subject to the terms and conditions set forth in the Stipulation.

[2] Although Plaintiffs requested attorneys' fees in the amount of $3,150,000, or 30% of the settlement fund, the Court finds a slight reduction to 28% appropriate here to more closely align the percentage fee with the lodestar calculation.

9. Lead Plaintiff Pledge Capital LLC is hereby awarded $15,000 from the Settlement Fund pursuant to the PSLRA, as reimbursement for its reasonable costs and expenses directly related to its efforts on behalf of the Settlement Class.

10. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors set forth in the Fifth Circuit and found that:

(a) The Settlement has created a fund of $10,500,000 in cash, pursuant to the terms of the Stipulation, and numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of counsel;

(b) The requested fees and Litigation Expenses sought by Lead Counsel have been reviewed and approved as reasonable by Plaintiffs, sophisticated investors that oversaw the prosecution and resolution of the Action;

(c) 127,693 potential Settlement Class Members and nominees have been notified of the Settlement by either mailed Postcard Notice or emailed direct link to the Postcard Notice, stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 30% of the Settlement Fund and Litigation Expenses in an amount not to exceed $200,000, and there have been no objections;

(d) The Action raised a number of complex issues and, in the absence of settlement, would have involved lengthy proceedings whose resolution was uncertain;

(e) Had Lead Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(f) Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(g) The amount of attorneys' fees awarded and Litigation Expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases;

(h) Public policy concerns favor the award of attorneys' fees and expenses in securities class action litigation; and

(i) Lead Counsel expended more than 3,086 hours, with a lodestar value of $2,351,212.00, to achieve the Settlement.

11. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

12. Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to the Action, including the

administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

13. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

14. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Final Approval of Class Action Settlement is **GRANTED**. (Dkt. # 144.) Plaintiffs' Motion for Attorneys' Fees and Payment of Expenses is **GRANTED**. (Dkt. # 145.) A Final Judgment will be issued simultaneously with this Order. The Clerk is **DIRECTED** to **CLOSE THE CASE**.

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, August 31, 2026

David A. Ezra
Senior United States District Judge