**FILED**
August 31, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| IN RE F45 TRAINING HOLDINGS, INC. SECURITIES LITIGATION | Case No. 1:22-cv-1291-DAE |

# FINAL JUDGMENT

**WHEREAS:**

A. As of February 13, 2026, Lead Plaintiff Pledge Capital LLC and named plaintiff Police and Fire Retirement System of the City of Detroit ("Plaintiffs"), on behalf of themselves and all other members of the Settlement Class, on the one hand, and defendant F45 Training Holdings, Inc. ("F45"); defendants Adam Gilchrist, Christopher E. Payne, Michael Raymond, Darren Richman, and Mark Wahlberg (the "Individual Defendants" and, together with F45, the "F45 Defendants"); and defendants Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Robert W. Baird & Co. Incorporated, Cowen and Company, LLC, Guggenheim Securities, LLC, Macquarie Capital (USA) Inc., MUFG Securities Americas Inc., and Roth Capital Partners, LLC (the "Underwriter Defendants" and, together with the F45 Defendants, the "Settling Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action");

B. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered April 16, 2026 (the "Preliminary Approval Order"), the Court scheduled a hearing for August 27, 2026 at 1:30 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action and the Plan of Allocation on the terms

and conditions provided for in the Stipulation are fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C. The Court ordered that the Postcard Notice, substantially in the form attached to the Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, or emailed on or before twelve (12) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, that the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, be made available to Settlement Class Members; and that the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D. The notices advised potential Settlement Class Members of the date and purpose of the Settlement Hearing. The notices further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by July 24, 2026;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F. On July 10, 2026, Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on

August 27, 2026 at which time all interested Persons were afforded the opportunity to be heard; and

G. This Court has duly considered Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on February 17, 2026; and (ii) the notices, which were filed with the Court on July 10, 2026. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all Persons and entities who or which purchased or otherwise acquired F45 publicly traded common stock during the Class Period (including purchases or acquisitions pursuant and/or traceable to the Offering Documents for F45's IPO) and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Families of the Individual Defendants; (iii) any Person who was an officer, director, or control person of F45, the Underwriter Defendants, or the Controlling Entity

Defendants (at all relevant times, and members of their Immediate Families); (iv) any entity in which any Defendant has or had a controlling or beneficial interest; and (v) the legal representatives, heirs, affiliates, successors, or assigns of any such excluded Person or entity. However, any Investment Vehicle (as defined in the Stipulation),[1] except for the Controlling Entity Defendants, will not be excluded from the Settlement Class. No Settlement Class Member has sought exclusion from the Settlement Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Plaintiffs as class representatives for the Settlement Class; and finally appoints the law firm of Labaton Keller Sucharow LLP as Class Counsel for the Settlement Class.

5. The Court finds that the dissemination and publication of the Postcard Notice, Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorney's fees and payment of Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice

[1] The Stipulation defines "Investment Vehicle" to mean "any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any of their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest. The Controlling Entity Defendants are excluded from the definition of Investment Vehicle."

requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7).

6. There have been no objections to the Settlement.

7. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Second Amended Class Action Complaint for Violations of the Federal Securities Laws, filed on January 25, 2024 (the "Second Amended Complaint"), is dismissed in

its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. Upon the Effective Date, Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, estates, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties, (ii) covenanted not to sue any Released Defendant Parties with respect to all such Released Plaintiffs' Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

11. Upon the Effective Date, Settling Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, estates, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties, (ii) covenanted not to sue any Released Plaintiff Party with respect to all such Released Defendants'

Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

12. Notwithstanding paragraphs 10–11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

14. This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties or any Person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Released Defendant Parties, or against or to the prejudice of Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or other wrongdoing of any kind, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against any of the Released Defendant Parties, Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

15. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 46 of the Stipulation.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

19. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications

for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this 31st day of August 31, 2026

HON. DAVID A. EZRA
UNITED STATES DISTRICT JUDGE